| | |
|---|---|
| LATHAM & WATKINS LLP<br>Steven M. Bauer (Bar No. 135067)<br>  steven.bauer@lw.com<br>Sadik Huseny (Bar No. 224659)<br>  sadik.huseny@lw.com<br>Amit Makker (Bar No. 280747)<br>  amit.makker@lw.com<br>Shannon D. Lankenau (Bar No. 294263)<br>  shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>Richard P. Bress (admitted *pro hac vice*)<br>  rick.bress@lw.com<br>Melissa Arbus Sherry (admitted *pro hac vice*)<br>  melissa.sherry@lw.com<br>Anne W. Robinson (admitted *pro hac vice*)<br>  anne.robinson@lw.com<br>Tyce R. Walters (admitted *pro hac vice*)<br>  tyce.walters@lw.com<br>Genevieve P. Hoffman (admitted *pro hac vice*)<br>  genevieve.hoffman@lw.com<br>Gemma Donofrio (admitted *pro hac vice*)<br>  gemma.donofrio@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>Kristen Clarke (*pro hac vice*<br>forthcoming)<br>  kclarke@lawyerscommittee.org<br>Jon M. Greenbaum (Bar No. 166733)<br>  jgreenbaum@lawyerscommittee.org<br>Ezra D. Rosenberg (admitted *pro hac vice*)<br>  erosenberg@lawyerscommittee.org<br>Dorian L. Spence (*pro hac vice*<br>forthcoming)<br>  dspence@lawyerscommittee.org<br>Ajay P. Saini (admitted *pro hac vice*)<br>  asaini@lawyerscommittee.org<br>Maryum Jordan (Bar No. 325447)<br>  mjordan@lawyerscommittee.org<br>Pooja Chaudhuri (Bar No. 314847)<br>  pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation<br>information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>  Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

## I. INTRODUCTION

Yesterday, Defendants responded to the question the Court posed on August 26 to determine, practically speaking, how far in advance of the September 30 deadline the Court needed to rule on Plaintiffs' motion for a stay and preliminary injunction. Defendants' answer—after waiting a full week—was a three-sentence, non-explanation: immediately. According to Defendants, they have already started shutting down the Census count a month before the already accelerated deadline, and in the middle of litigation challenging the legitimacy of that accelerated deadline. In light of this information, Plaintiffs have no recourse but to ask this Court to enter a temporary restraining order ("TRO") to maintain the status quo and to prevent Defendants from taking any further actions to implement the shortened timelines in the August 3, 2020 Rush Plan,[1] until the September 17 hearing on Plaintiffs' pending preliminary injunction motion. Otherwise, Plaintiffs and the public interest will be irreparably harmed by Defendants' unilateral actions even before the parties' mutually agreed briefing schedule is complete.

## II. DISCUSSION

During the August 26, 2020 Case Management Conference ("CMC"), the Court asked the parties when a ruling on the pending motion for a preliminary injunction was needed in order to provide meaningful relief. Plaintiffs explained that their answer necessarily would depend, in part, on whether and when the Census Bureau intended to wind down its field operations in advance of the September 30, 2020 deadline imposed by the Rush Plan. And counsel for Defendants was unable to provide an answer to that question. The Court accordingly asked Defendants to provide the answer promptly in a separate filing, rejecting their request to delay answering until their opposition brief on Friday, September 4. The Court's order required Defendants to "file a statement identifying when the Census Bureau will begin taking steps to conclude its field operations" by September 2, 2020. Dkt. 45 at 2.

---

[1] The Court asked Defendants what terminology the Census Bureau uses to refer to the April 13 and August 3 Plans, but allowed them to answer that question in their opposition filing due later this week. Plaintiffs accordingly continue to refer to the April 13, 2020 Plan as the "COVID-19 Plan" and the August 3, 2020 Plan as the "Rush Plan," for ease of reference and to remain consistent with prior filings.

1       Yesterday, Defendants filed a Statement purporting to respond to the Court's question. Dkt. 63 ("Statement"). Defendants' response is a single, three-sentence paragraph telling the Court that (1) "the Census Bureau has already begun taking steps to conclude field operations"; (2) "[t]hose operations are scheduled to be wound-down throughout September by geographic regions based on response rates within those regions"; and (3) "any order by the Court to extend field operations, regardless of whether those operations in a particular geographic location are scheduled to be wound-down by September 30 or by a date before then, could not be implemented at this point without significant costs and burdens to the Census Bureau." *Id.*

      Defendants' response is lacking in detail and clarity in crucial respects. But the one thing it makes clear is that the irreparable harm detailed in Plaintiffs' preliminary injunction motion has already begun and, accordingly, more immediate relief is needed.

      Defendants admit that, sometime before September 2, they had "already" started to conclude field operations. As explained in Plaintiffs' pending motion for a stay and preliminary injunction, those field operations did not even begin in the vast majority of this country until August 9. *See* Dkt. 36, Pls.' Mot. for Stay & Prelim. Injunc. at 10, 18; *see also* Dkt. 36-2, Thompson Decl. ¶ 19. So, according to Defendants, they began taking steps to end field operations in some geographic regions after *only three weeks*. And Defendants say they fully intend to continue winding down such operations "throughout September." Dkt. 63. Immediate relief is needed to prevent the irreparable harm Plaintiffs and the public interest will suffer as a result. *See* Dkt. 36 at 12-13, 17-21, 25-27, 29-32; *see also* Dkt. 36-2, Thompson Decl. ¶¶ 15-20; Dkt. 36-3, Hillygus Decl. ¶¶ 5, 13, 20; Dkt. 36-4, Louis Decl. ¶¶ 16, 18, 20.

      The urgency of this motion is entirely of Defendants' making. The parties had agreed to an expedited preliminary injunction schedule with the September 30 deadline front of mind. Defendants waited a full week after the CMC to inform the Court that they had already started to shut down operations. Defendants presumably knew that before yesterday. And they also knew why the Court was asking: to determine when a decision was needed. If Defendants' answer was essentially going to be "now," they should have informed the Court and Plaintiffs immediately.

   Nor can Defendants rely on their own failure to provide crucial details to avoid the remedy necessitated by the time crunch they created. The Statement says merely that the Bureau is winding down field operations "by geographic regions based on response rates within those regions." Dkt. 63. But which regions, exactly? What response rate triggers the decision to shut down operations early?[2] How is that response rate calculated? How many visits does an enumerator have to make to a household before the Bureau marks it as complete? Is the Bureau already starting to substitute administrative records and proxy responses for the enumerator contact attempts they ordinarily would make in order to achieve the response rates that will enable it to shut down operations?[3] Defendants provide no answers.

   All Plaintiffs know is that Defendants are already starting to close down field operations *a full month* before the already accelerated September 30 deadline. This leaves Plaintiffs with no choice but to ask the Court for a TRO to maintain the status quo during the pendency of the preliminary injunction motion. *See Lamon v. Pliler*, No. CIVS03-0423FCD-CMK-P, 2006 WL 120088, at *1 (E.D. Cal. Jan. 12, 2006) ("The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing."); *Whitman v. Hawaiian Tug & Barge Corp./Young Bros. Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998) ("A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction."). The reasons preliminary relief is warranted have been briefed, and the standard for issuing a TRO is the same as the standard for a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Nacio Sys., Inc. v. Gottlieb*, No. C 07-3481 PJH, 2007 WL

---

[2] For example, San Diego has been reported as one of the regions in which the Bureau intends to shut down field operations weeks early. *See* Exs. A, B. Yet, as of today, the non-response follow up completion rate for the San Diego area census office is only 66.0%. *See* Ex. C. The Bureau's own data suggests that most regions are less than 60% complete, and not a single region is marked as "complete." *See* Ex. C.

[3] For example, according to an internal Bureau document recently released by the House Committee on Oversight and Reform, the Bureau intended to make certain "adjustments" to non-response follow up operations in order to meet the Rush Plan's new deadline. *See* Ex. D at 7. This document also underscores that each passing day intensifies the harm caused by the Bureau's early termination of non-response follow up operations.

2238210, at *1 (N.D. Cal. Aug. 1, 2007).  In the interest of time, and to avoid duplicative filings, Plaintiffs incorporate their preliminary injunction briefing (Dkts. 36, 37) here as the required memorandum of points and authorities (Local Rule 65-1(a)(2)), and remain available for a hearing or any further proceeding at the Court's convenience.

   Plaintiffs' counsel provided Defendants' counsel with notice earlier today that Plaintiffs would be filing this TRO motion.[4]

Dated: September 3, 2020       LATHAM & WATKINS LLP

               By:   /s/ Melissa Arbus Sherry
                 Melissa Arbus Sherry

               Steven M. Bauer (Bar No. 135067)
               steven.bauer@lw.com
               Sadik Huseny (Bar No. 224659)
               sadik.huseny@lw.com
               Amit Makker (Bar No. 280747)
               amit.makker@lw.com
               Shannon D. Lankenau (Bar. No. 294263)
               shannon.lankenau@lw.com
               **LATHAM & WATKINS LLP**
               505 Montgomery Street, Suite 2000
               San Francisco, CA 94111
               Telephone:  415.391.0600
               Facsimile:  415.395.8095

               Richard P. Bress (admitted *pro hac vice*)
               rick.bress@lw.com
               Melissa Arbus Sherry (admitted *pro hac vice*)
               melissa.sherry@lw.com
               Anne W. Robinson (admitted *pro hac vice*)
               anne.robinson@lw.com
               Tyce R. Walters (admitted *pro hac vice*)
               tyce.walters@lw.com
               Genevieve P. Hoffman (admitted *pro hac vice*)
               genevieve.hoffman@lw.com
               Gemma Donofrio (admitted *pro hac vice*)
               gemma.donofrio@lw.com
               **LATHAM & WATKINS LLP**
               555 Eleventh Street NW, Suite 1000
               Washington, D.C. 20004
               Telephone:  202.637.2200
               Facsimile:  202.637.2201

---

[4] The New Parties added in the First Amended Complaint are signatories to this TRO motion but, consistent with the parties' joint stipulation, Plaintiffs do not and will not rely on them for allegations of harm or injury or for any other purpose.

|   |   |   |
|---|---|---|
| | | *Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| Dated: September 3, 2020 | | By: /s/ Jon M. Greenbaum |

Kristen Clarke (*pro hac vice* forthcoming)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (admitted *pro hac vice*)
erosenberg@lawyerscommittee.org
Dorian L. Spence (*pro hac vice* forthcoming)
dspence@lawyerscommittee.org
Maryum Jordan (*pro hac vice* forthcoming)
mjordan@lawyerscommittee.org
Ajay Saini (admitted *pro hac vice*)
asaini@lawyerscommitee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (admitted *pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (admitted *pro hac vice*)
wolf@brennan.law.nyu.edu
Kelly M. Percival (admitted *pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County,*

*Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice* forthcoming)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

| | |
|---|---|
| Dated: September 3, 2020 | By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529)<br>mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289)<br>kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486)<br>danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930)<br>mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**<br>200 N. Main Street, 8th Floor<br>Los Angeles, CA 90012<br>Telephone: 213.473.3231<br>Facsimile: 213.978.8312<br><br>*Attorneys for Plaintiff City of Los Angeles* |
| Dated: September 3, 2020 | By: /s/ Michael Mutalipassi<br>Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us<br>Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us<br>**CITY OF SALINAS**<br>200 Lincoln Avenue |

|   |   |   |
|---|---|---|
| 1 |   | Salinas, CA 93901 |
| 2 |   | Telephone: 831.758.7256<br>Facsimile: 831.758.7257 |
| 3 |   | *Attorneys for Plaintiff City of Salinas* |
| 4 | Dated: September 3, 2020 | By: */s/ Rafey S. Balabanian*<br>Rafey S. Balabanian (Bar No. 315962) |
| 5 |   | rbalabanian@edelson.com<br>Lily E. Hough (Bar No. 315277) |
| 6 |   | lhough@edelson.com<br>**EDELSON P.C.** |
| 7 |   | 123 Townsend Street, Suite 100<br>San Francisco, CA 94107 |
| 8 |   | Telephone: 415.212.9300<br>Facsimile: 415.373.9435 |
| 9 |   |   |
| 10 |   | Rebecca Hirsch (*pro hac vice* forthcoming)<br>rebecca.hirsch2@cityofchicago.org |
| 11 |   | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 12 |   | Mark A. Flessner<br>Stephen J. Kane |
| 13 |   | 121 N. LaSalle Street, Room 600<br>Chicago, IL 60602 |
| 14 |   | Telephone: (312) 744-8143<br>Facsimile: (312) 744-5185 |
| 15 |   |   |
| 16 |   | *Attorneys for Plaintiff City of Chicago* |
| 17 | Dated: September 3, 2020 | By: */s/ Donald R. Pongrace* |
| 18 |   | Donald R. Pongrace (*pro hac vice* pending)<br>dpongrace@akingump.com |
| 19 |   | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 20 |   | 2001 K St., N.W.<br>Washington, D.C. 20006 |
| 21 |   | Telephone: (202) 887-4000<br>Facsimile: 202-887-4288 |
| 22 |   |   |
| 23 |   | Dario J. Frommer (Bar No. 161248)<br>dfrommer@akingump.com |
| 24 |   | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 25 |   | 1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA  90067-6022 |
| 26 |   | Phone:  213.254.1270<br>Fax: 310.229.1001 |
| 27 |   |   |
| 28 |   | *Attorneys for Plaintiff Gila River Indian Community* |

| | |
|---|---|
| Dated: September 3, 2020 | By: _/s/ David I. Holtzman_<br>David I. Holtzman (Bar No. 299287)<br>David.Holtzman@hklaw.com<br>**HOLLAND & KNIGHT LLP**<br>Daniel P. Kappes<br>Jacqueline N. Harvey<br>50 California Street, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 743-6970<br>Fax: (415) 743-6910<br><br>*Attorneys for Plaintiff County of Los Angeles* |

## **ATTESTATION**

I, Melissa Arbus Sherry, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

| | |
|---|---|
| Dated: September 3, 2020 | **LATHAM & WATKINS LLP**<br><br>By: _/s/ Melissa Arbus Sherry_<br>        Melissa Arbus Sherry |