LATHAM & WATKINS LLP
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Amit Makker (Bar No. 280747)
    amit.makker@lw.com
  Shannon D. Lankenau (Bar No. 294263)
    shannon.lankenau@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

LATHAM & WATKINS LLP
  Richard P. Bress (*pro hac vice*)
    rick.bress@lw.com
  Melissa Arbus Sherry (*pro hac vice*)
    melissa.sherry@lw.com
  Anne W. Robinson (*pro hac vice*)
    anne.robinson@lw.com
  Tyce R. Walters (*pro hac vice*)
    tyce.walters@lw.com
  Genevieve P. Hoffman (*pro hac vice*)
    genevieve.hoffman@lw.com
  Gemma Donofrio (*pro hac vice*)
    gemma.donofrio@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
  Kristen Clarke (*pro hac vice* forthcoming)
    kclarke@lawyerscommittee.org
  Jon M. Greenbaum (Bar No. 166733)
    jgreenbaum@lawyerscommittee.org
  Ezra D. Rosenberg (admitted *pro hac vice*)
    erosenberg@lawyerscommittee.org
  Dorian L. Spence (*pro hac vice* forthcoming
    dspence@lawyerscommittee.org
  Ajay P. Saini (admitted *pro hac vice*)
    asaini@lawyerscommittee.org
  Maryum Jordan (Bar No. 325447)
    mjordan@lawyerscommittee.org
  Pooja Chaudhuri (Bar No. 314847)
    pchaudhuri@lawyerscommittee.org
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Additional counsel and representation information listed in signature block*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

NATIONAL URBAN LEAGUE et al.,

  Plaintiffs,

v.

WILBUR L. ROSS, JR., et al.,

  Defendants.

CASE NO. 5:20-cv-05799-LHK

**PLAINTIFFS' SUBMISSION REGARDING ADMINISTRATIVE RECORD**

Date: TBD
Time: TBD
Place: Courtroom 8
Judge: Hon. Lucy H. Koh

## I. INTRODUCTION

At the September 8 conference, Defendants raised three arguments against producing an administrative record for the Census Bureau's Replan ("AR"): (1) any such AR does not exist, and it is "Plaintiffs' fiction that there is an administrative record"; (2) Defendants could not, of a sudden, produce an AR in the space of a few short days; and (3) the Court is foreclosed by law from ordering Defendants to produce the AR before ruling on certain "threshold" issues raised in Opposition to Plaintiffs' pending Motion for Stay and Preliminary Injunction (Dkt. 36).

Defendants' first and second arguments should be afforded no weight. As made plain by Defendants' various submissions and statements to the Court to date, the Replan was not created in a vacuum but as part of a broader set of discussions and materials, and is itself a document or series of documents from which the Census Bureau is relying in conducting field operations and complying with the Court's TRO. Moreover, given that this Court first stated, at the August 26 conference, that Defendants should produce the AR, there can be no legitimate claim that Defendants are not prepared to submit the AR in this case on short notice.

Plaintiffs' final and third argument, the focus of this submission, is equally meritless.

Bedrock administrative law principles mandate that review of APA claims proceed on the administrative record and the contemporaneous explanations of the agency's decision-making related therein—and "not [on] some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) (rejecting affidavits filed during litigation as "'post hoc' rationalizations, which have traditionally been found to be an inadequate basis for review"). For courts to perform the review required under the APA, Defendants must produce the administrative record underlying the agency decision. Indeed, in a matter arising on a preliminary injunction motion, the Supreme Court in *Overton* expressly held that the district court should have required the FDA to file the administrative record. *Id.*

Defendants' suggestion that the Court here should instead consider only the Fontenot declaration (Dkt. 81-1) and potentially oral testimony from Mr. Fontenot at an evidentiary hearing—and nothing from the AR—is thus contrary to law. Declarations from the government

may be used to provide background information or to explain the administrative record, but they cannot be used to provide post-hoc explanations. *See Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *Asarco v. EPA,* 616 F.2d 1153, 1159 (9th Cir. 1980); *see also Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001); *AT&T Info. Sys. v. Gen. Services Administration*, 810 F.2d 1233, 1236 (DC Cir. 1987).

A few examples are illustrative. In *Doe #1 v. Trump*, 423 F. Supp.3d 1040 (D. Ore. 2019), the district court ordered the defendants to produce a partial administrative record so that the court could consider the then-pending motion for a PI, holding that "[w]ithout production of the administrative record, it will be difficult conclusively to determine whether the agency action was final." *Id.* at 1046. The court rejected the defendants' argument that they need not produce until after filing their answer, relying on *Overton Park* to conclude that "the administrative record may be necessary in the context of a preliminary injunction." *Id.* at 1046. Similarly, in *East Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922 (N.D. Cal. 2019), the plaintiffs filed a TRO and then, at a scheduling conference, *the government* suggested that the parties proceed directly to a hearing on a preliminary injunction on the administrative record. *Id.* at 936, *order reinstated*, 391 F. Supp. 3d 974 (N.D. Cal. 2019), *aff'd*, 964 F.3d 832 (9th Cir. 2020), and *aff'd*, 964 F.3d 832 (9th Cir. 2020). The court ordered defendants to produce the administrative record shortly after briefing on the TRO was complete, and the government did, without objection. Other cases make equally clear that the government has produced voluntarily, or the courts have compelled production of, an AR even when threshhold issues are still in question.[1]

Defendants claimed, at the conference today, that two cases show that Defendants have the

---

[1] *See, e.g.*, Order, *Center for Popular Democracy Action v. Bureau of the Census*, No. 1:19-cv-10917-AKH (S.D.N.Y. Jan. 9, 2020), ECF No. 34 (hereinafter "CPD Order") (granting motion to expedite production of administrative record prior to filing of motions for PI and dismissal; rejecting government argument that threshold issues should be addressed before the administrative record was completed); *Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977 (9th Cir. 2006) (finding on a motion to dismiss, but after reviewing the full administrative record, that the defendant's policies were final within the meaning of the APA); *Friends of the River v. U.S. Army Corps of Engineers*, 870 F. Supp. 2d 966, 976 (E.D. Cal. 2012) ("Determining whether the ETL, PGL, and White Paper are final agency actions in the instant case requires a review of the full administrative record because, as discussed supra, 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of [the] action." (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004)); *Friends of the Earth v. EPA*, 934 F. Supp. 2d 40, 44 (D.D.C. 2013) (holding that the court would "resolve the question of its own jurisdiction" before considering whether discovery was necessary *beyond* the already-filed record).

Court is precluded from ordering production of the AR until it first rules on their threshold justiciability arguments: *Regents of University of California v. United States Department of Homeland Security*, 279 F. Supp. 3d 1011 (N.D. Cal. Jan. 9, 2018) (referred to as the "DACA case"), and *NAACP v. Bureau of the Census*, 945 F.3d 183 (4th Cir. 2019). Neither does. The *Regents* case is easily distinguishable on three grounds, as the Court correctly noted. <u>First</u>, the federal government in *Regents* had already produced an initial administrative record "without any condition that it be done before any decision on its threshold jurisdictional motion"; <u>second</u>, there were issues of deliberate process privilege that had not yet been adjudicated; and <u>third</u>, there were serious concerns that the district court's order to *complete* the initial administrative record by including among other things "all materials considered directly or indirectly by the Acting Secretary in reaching her decision to rescind DACA," was "overly broad." *Id*. at 1028. It is also worth noting that the district court in *Regents* did consider what administrative record it had, on remand, as evidenced by its repeated references to the record over the course of its opinion. *See, e.g.*, 279 F. Supp. 3d at 1037, 1040-41, 1043-46.

And in *NAACP*, although the Fourth Circuit ruled on threshold questions of APA reviewability before the federal government had produced an administrative record in the underlying district court litigation, the *NAACP* court had already ordered extensive discovery on the plaintiffs' Enumeration Clause claim before they had filed an amended complaint to include APA claims, *see, e.g.*, *id*. at 188-92, and the public record in that case was robust, and offered the *NAACP* plaintiffs far more insight into the Final Operational Plan subject of their challenge.

Defendants have identified no decision by any court holding, as a categorical matter, that a district court is precluded from ordering production of the administrative record before first resolving threshold issues. This is not a motion to supplement the record, or seek extra-record discovery. And the administrative record would assist this Court in resolving the pending PI motion—including the question of whether there has been final agency action. To the extent the Court has any lingering doubt, it has already considered these threshold issues on the TRO motion and found at least "serious questions" as to whether they have any merit. That, paired with the need asserted here, is more than sufficient for this Court to order production of the AR.

| | | |
|---|---|---|
| 1 | Dated: September 8, 2020 | LATHAM & WATKINS LLP |
| 2 | | By: /s/ Sadik Huseny |
| 3 | | Sadik Huseny |
| 4 | | Steven M. Bauer (Bar No. 135067)<br>steven.bauer@lw.com |
| 5 | | Sadik Huseny (Bar No. 224659)<br>sadik.huseny@lw.com |
| 6 | | Amit Makker (Bar No. 280747)<br>amit.makker@lw.com |
| 7 | | Shannon D. Lankenau (Bar. No. 294263)<br>shannon.lankenau@lw.com |
| 8 | | **LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000 |
| 9 | | San Francisco, CA 94111<br>Telephone: 415.391.0600 |
| 10 | | Facsimile: 415.395.8095 |
| 11 | | Richard P. Bress (admitted *pro hac vice*)<br>rick.bress@lw.com |
| 12 | | Melissa Arbus Sherry (admitted *pro hac vice*)<br>melissa.sherry@lw.com |
| 13 | | Anne W. Robinson (admitted *pro hac vice*)<br>anne.robinson@lw.com |
| 14 | | Tyce R. Walters (admitted *pro hac vice*)<br>tyce.walters@lw.com |
| 15 | | Genevieve P. Hoffman (admitted *pro hac vice*)<br>genevieve.hoffman@lw.com |
| 16 | | Gemma Donofrio (admitted *pro hac vice*)<br>gemma.donofrio@lw.com |
| 17 | | **LATHAM & WATKINS LLP**<br>555 Eleventh Street NW, Suite 1000 |
| 18 | | Washington, D.C. 20004<br>Telephone: 202.637.2200 |
| 19 | | Facsimile: 202.637.2201 |
| 20 | | *Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for* |
| 21 | | *Just Immigration; Harris County, Texas; King County, Washington; City of San Jose,* |
| 22 | | *California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| 23 | Dated: September 8, 2020 | By: /s/ Jon M. Greenbaum |
| 24 | | Kristen Clarke (*pro hac vice* forthcoming)<br>kclarke@lawyerscommittee.org |
| 25 | | Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org |
| 26 | | Ezra D. Rosenberg (admitted *pro hac vice*)<br>erosenberg@lawyerscommittee.org |
| 27 | | Dorian L. Spence (*pro hac vice* forthcoming)<br>dspence@lawyerscommittee.org |
| 28 | | Maryum Jordan (*pro hac vice* forthcoming) |

mjordan@lawyerscommittee.org
Ajay Saini (admitted *pro hac vice*)
asaini@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (admitted *pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (admitted *pro hac vice*)
wolf@brennan.law.nyu.edu
Kelly M. Percival (admitted *pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

|   |   |
|---|---|
|   | Doreen McPaul, Attorney General<br>dmcpaul@nndoj.org<br>Jason Searle (*pro hac vice* forthcoming)<br>jasearle@nndoj.org<br>**NAVAJO NATION DEPARTMENT OF JUSTICE**<br>P.O. Box 2010<br>Window Rock, AZ 86515<br>Telephone: (928) 871-6345<br><br>*Attorneys for Navajo Nation* |
| Dated: September 8, 2020 | By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529)<br>mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289)<br>kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486)<br>danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930)<br>mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**<br>200 N. Main Street, 8th Floor<br>Los Angeles, CA 90012<br>Telephone: 213.473.3231<br>Facsimile: 213.978.8312<br><br>*Attorneys for Plaintiff City of Los Angeles* |
| Dated: September 8, 2020 | By: /s/ Michael Mutalipassi<br>Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us<br>Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us<br>**CITY OF SALINAS**<br>200 Lincoln Avenue<br>Salinas, CA 93901<br>Telephone: 831.758.7256<br>Facsimile: 831.758.7257<br><br>*Attorneys for Plaintiff City of Salinas* |

| | | |
|---|---|---|
| 1 | Dated: September 8, 2020 | By: */s/ Rafey S. Balabanian* |
| 2 | | Rafey S. Balabanian (Bar No. 315962) |
| | | rbalabanian@edelson.com |
| 3 | | Lily E. Hough (Bar No. 315277) |
| | | lhough@edelson.com |
| 4 | | **EDELSON P.C.** |
| | | 123 Townsend Street, Suite 100 |
| 5 | | San Francisco, CA 94107 |
| | | Telephone: 415.212.9300 |
| 6 | | Facsimile: 415.373.9435 |
| 7 | | Rebecca Hirsch (*pro hac vice* forthcoming) |
| | | rebecca.hirsch2@cityofchicago.org |
| 8 | | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 9 | | Mark A. Flessner |
| | | Stephen J. Kane |
| 10 | | 121 N. LaSalle Street, Room 600 |
| | | Chicago, IL 60602 |
| 11 | | Telephone: (312) 744-8143 |
| 12 | | Facsimile: (312) 744-5185 |
| 13 | | *Attorneys for Plaintiff City of Chicago* |
| 14 | | |
| 15 | Dated: September 8, 2020 | By: */s/ Donald R. Pongrace* |
| | | Donald R. Pongrace (*pro hac vice* pending) |
| 16 | | dpongrace@akingump.com |
| | | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 17 | | 2001 K St., N.W. |
| 18 | | Washington, D.C. 20006 |
| | | Telephone: (202) 887-4000 |
| 19 | | Facsimile: 202-887-4288 |
| 20 | | Dario J. Frommer (Bar No. 161248) |
| | | dfrommer@akingump.com |
| 21 | | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 22 | | 1999 Avenue of the Stars, Suite 600 |
| | | Los Angeles, CA  90067-6022 |
| 23 | | Phone:  213.254.1270 |
| | | Fax: 310.229.1001 |
| 24 | | |
| 25 | | *Attorneys for Plaintiff Gila River Indian Community* |
| 26 | | |
| 27 | | |
| 28 | | |

Dated: September 8, 2020

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

### **ATTESTATION**

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: September 8, 2020

**LATHAM & WATKINS LLP**

By: /s/ Sadik Huseny
Sadik Huseny