LATHAM & WATKINS LLP
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Amit Makker (Bar No. 280747)
    amit.makker@lw.com
  Shannon D. Lankenau (Bar No. 294263)
    shannon.lankenau@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

LATHAM & WATKINS LLP
  Richard P. Bress (*pro hac vice*)
    rick.bress@lw.com
  Melissa Arbus Sherry (*pro hac vice*)
    melissa.sherry@lw.com
  Anne W. Robinson (*pro hac vice*)
    anne.robinson@lw.com
  Tyce R. Walters (*pro hac vice*)
    tyce.walters@lw.com
  Genevieve P. Hoffman (*pro hac vice*)
    genevieve.hoffman@lw.com
  Gemma Donofrio (*pro hac vice*)
    gemma.donofrio@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
  Kristen Clarke (*pro hac vice* forthcoming)
    kclarke@lawyerscommittee.org
  Jon M. Greenbaum (Bar No. 166733)
    jgreenbaum@lawyerscommittee.org
  Ezra D. Rosenberg (admitted *pro hac vice*)
    erosenberg@lawyerscommittee.org
  Dorian L. Spence (*pro hac vice* forthcoming
    dspence@lawyerscommittee.org
  Ajay P. Saini (admitted *pro hac vice*)
    asaini@lawyerscommittee.org
  Maryum Jordan (Bar No. 325447)
    mjordan@lawyerscommittee.org
  Pooja Chaudhuri (Bar No. 314847)
    pchaudhuri@lawyerscommittee.org
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Additional counsel and representation information listed in signature block*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., et al., <br><br> Defendants. | CASE NO. 5:20-cv-05799-LHK <br><br> **PLAINTIFFS' RESPONSE TO ORDER RE: BRIEFING AND DEADLINE FOR PRODUCTION** <br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom 8 <br> Judge: Hon. Lucy H. Koh |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLTFS.' RESPONSE TO ORDER RE: BRIEFING AND
DEADLINE FOR PRODUCTION

Plaintiffs respectfully respond to the two questions raised in the Court's September 12, 2020 Order re: Briefing and Deadline for Production (ECF No. 101) ("Order").

## I. THE COURT HAS DISCRETION TO REVIEW ADMINISTRATIVE RECORD PRIVILEGE LOG DOCUMENTS *IN CAMERA* AND SHOULD EXERCISE THAT DISCRETION HERE

As a general matter, "in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 405-06 (1976). District courts in the Ninth Circuit regularly exercise their discretion to conduct *in camera* review when assessing deliberative process privilege in an administrative record ("AR") context. *See, e.g.*, *In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) (explaining "many district courts within this circuit have required a privilege log and *in camera* analysis of assertedly deliberative materials in APA cases," and finding no clear error on mandamus review), *vacated on other grounds by*, 138 S. Ct. 443 (2017); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 2007 WL 3049869, at *6 (N.D. Cal. Oct. 18, 2007) (conducting AR *in camera* privilege review); *Trout Unlimited v. Lohn*, 2006 WL 1207901, at *5 (W.D. Wash. May 4, 2006) (same); *Fisherman's Finest, Inc. v. Gutierrez*, 2008 WL 2782909, at *5 (W.D. Wash. July 15, 2008) (same).[1]

The government has the burden to justify any deliberative process privilege assertions. *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). To do so, the government must provide: "(1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation of why it properly falls within the scope of the privilege." *Coleman v. Schwarzenegger*, 2008 WL 2237046, at *4 (E.D. Cal. May 29, 2008) (citation omitted); *see City of Laguna Niguel v. FEMA*, 2009 WL 10687971, at *5 n.1 (C.D. Cal. Nov. 20, 2009) (same requirements in AR context). The privilege is very narrowly construed,

---

[1] In *United States v. Zolin*, 491 U.S. 554, 571-72 (1989), the Court considered whether *in camera* review was required in the context of the crime-fraud *exception* to the attorney-client privilege. In that distinct context, the Court held that the court must find a factual basis adequate to support a good faith belief that the review may reveal evidence to establish the applicability of the exception. That standard, which is itself not "stringent," is not applicable here.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLTFS.' RESPONSE TO ORDER RE: BRIEFING AND
DEADLINE FOR PRODUCTION

applicable only to particular documents that are "predecisional" and "deliberative in nature." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984); *N. Pacifica*, 274 F. Supp. 2d at 1122 ("[T]he [deliberative process] privilege is strictly confined within the narrowest possible limits consistent with the logic of its principles."). The privilege does not apply to "factual material"; ultimate adoption by the agency obviates any claim of deliberative process privilege; and "[a] document that was prepared to support a decision already made is not predecisional."[2] And the privilege is not absolute, meaning that even when properly invoked, it can be overcome by a sufficient showing of need outweighing any claimed harm. *Warner Commc'n*, 742 F. 2d at 1161.

Defendants fail to meet their burden here—they barely even try. They have filed no declaration by the head of the relevant department, and their only declarant (the Assistant General Counsel for Employment, Litigation, and Information) does not even claim to have personally reviewed or considered the purportedly privileged documents. Nor does their privilege log (Dkt. 106, Att. 2) provide a detailed specification of the information for which the privilege is claimed, along with an explanation of why it properly falls within the scope of the privilege. *See Cal. Native Plant Soc'y v. EPA*, 251 F.R.D. 408, 413 (N.D. Cal. 2008) ("Conclusory statements that a document is deliberative do not suffice"); *Fishermen's Finest*, 2008 WL 2782909, at *2 (need to "identify specific decision to which the document is predecisional").

A brief review of just one portion of Defendants' log is illustrative:

| Date | Author | Subject | Privilege | Description | Status |
|---|---|---|---|---|---|
| 8/3/2020 13:39 | Christopher Denno | operational and processing options to meet september 30 final.pdf | Predecisional and Deliberative | Document reflecting information provided to facilitate deliberative discussions internal briefing materials on proposed Department action/decision/policy. | Withheld in full |
| 8/3/2020 13:39 | Christopher Denno | operational and processing options to meet september 30 final.pdf | Predecisional and Deliberative | Document containing pre-decisional deliberations a draft report on proposed Department action/decision/policy. | Withheld in full |
| 8/3/2020 13:39 | Christopher Denno | operational and processing options to meet september 30 final.pdf | Predecisional and Deliberative | Document containing pre-decisional deliberations a draft report on proposed Department action/decision/policy. | Withheld in full |
| 8/3/2020 13:39 | Christopher Denno | operational and processing options to meet september 30 final.pdf | Predecisional and Deliberative | Document containing pre-decisional deliberations a draft report on proposed Department action/decision/policy. | Withheld in full |
| 8/3/2020 15:56 | Burris, Meghan (Federal) | Draft Census Statement | Predecisional and Deliberative | Email communication reflecting information provided to facilitate deliberative discussions a draft public statement on proposed Department action/decision/policy. | Withheld in full |
| 8/3/2020 15:56 | Ali Mohammad Ahmad (CENSUS/ADCOM FED) | FOR REVIEW- Draft Director Dillingham Statement_cd.docx | Predecisional and Deliberative | Draft document reflecting information provided to facilitate deliberative discussions a draft public statement on proposed Department action/decision/policy. | Withheld in full |
| 8/4/2020 0:11 | Ali Mohammad Ahmad (CENSUS/ADCOM FED) | Embargoed Till Posting- Statement from Director Dillingham on 2020 Census Updates.docx | Predecisional and Deliberative | Draft document containing pre-decisional deliberations a draft public statement on proposed Department action/decision/policy. | Withheld in full |
| 8/4/2020 0:11 | Ali Mohammad Ahmad (CENSUS/ADCOM FED) | Embargoed Till Posting- Statement from Director Dillingham on 2020 Census Updates.docx | Predecisional and Deliberative | Draft document containing pre-decisional deliberations a draft public statement on proposed Department action/decision/policy. | Withheld in full |
| 9/10/2020 20:17 | Ali Mohammad Ahmad (CENSUS/ADCOM FED) | FOR REVIEW- Draft Director Dillingham Statement (f).docx | Predecisional and Deliberative | Draft document containing pre-decisional deliberations a draft public statement on proposed Department action/decision/policy. | Withheld in full |
| 9/10/2020 20:17 | Ali Mohammad Ahmad (CENSUS/ADCOM FED) | FOR REVIEW- Draft Director Dillingham Statement (f).docx | Predecisional and Deliberative | Draft document containing pre-decisional deliberations a draft public statement on proposed Department action/decision/policy. | Withheld in full |
| 9/10/2020 20:21 | Christopher Denno | Operational and Processing Options to meet September 30 Final.pdf | Predecisional and Deliberative | Document containing pre-decisional deliberations a draft report on proposed Department action/decision/policy. | Withheld in full |
| 9/10/2020 20:21 | Christopher Denno | Operational and Processing Options to meet September 30 Final.pdf | Predecisional and Deliberative | Document containing pre-decisional deliberations a draft report on proposed Department action/decision/policy. | Withheld in full |

---

[2] *See Dominguez v. Schwarzenegger*, 2010 WL 3341038, at *5 (N.D. Cal. Aug. 25, 2010); *Nat'l Res. Def. Council v. U.S. Dep't of Defense*, 388 F. Supp. 2d 1086, 1098 (C.D. Cal. 2005); *Fisherman's Finest*, 2008 WL 2782909, at *5 (W.D. Wash. July 15, 2008).

Dkt. 106.  Here, among other things, Defendants claim "predecisional" deliberative privilege over various versions of the important August 3, 2020 "final.pdf" presentation that was first revealed by Congress and highlighted in Plaintiffs' TRO—even though Defendants produced three other versions of that document (Dkt. 105-3 at DOC_0000870-910), even though they come after and reflect the July 29 decision to cut short census operations, and even though some versions of it (September 10, 2020) are dated long after even the August 3 press release.  Plaintiffs respectfully submit that this log affirmatively shows that many of the claimed privileged documents are nothing of the sort.  *In camera* review "is not a substitute for the government's burden of proof."  *Coleman*, 2008 WL 2237046, at *3.  The Court should accordingly order production of the vast majority of these documents now.  But at a minimum, the Court should conduct an *in camera* review.

## II. THE COURT MAY EXTEND THE TRO FOR A BRIEF TIME WHILE CONSIDERING THE MOTION FOR PRELIMINARY INJUNCTION

"[T]here is no time limit or other requirements clearly set in the Federal Rules for the court to set the hearing on the motion for preliminary injunction where," as here, "the TRO was issued *with notice*."  *Fid. Brokerage Servs. LLC v. Rocine*, 2017 WL 3917216, at *6 (N.D. Cal. Sept. 7, 2017); *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 868 n.23 (N.D. Cal. 2018).  Whatever the outer limits, the Court clearly has ample discretion to follow the rules that govern *ex parte* motions.  That is, the Court may extend "for good cause" and "for a like period" (here, up to an additional 12 days).  Fed. R. Civ. P. 65(b)(2).

Here, the record demonstrates good cause to extend the TRO for two independent reasons. *First*, good cause exists because Defendants have not complied with the Court's order requiring production of the AR in this case.  Dkt. 96.  Due to space and time constraints, Plaintiffs will highlight only a few of Defendants' many failings in this respect:

- Defendants ignored the Court's Order to provide the critical materials at the heart of this case:  the "documents comprising the Replan and its various components for conducting the 2020 Census in a shortened time period."  Dkt. 96 at 21.
- Defendants unilaterally decided they would stop reviewing and producing AR materials at approximately 11:00 AM on Sunday, September 13, rather than use the full day to comply with the Order.  Notice 1 (Dkt. 104).
- Defendants' collection efforts involved only a half-hearted attempt to identify relevant documents from the Bureau Director and Deputy Director.  *See* DiGiacomo

Decl. ¶ 5 (acknowledging that, unlike approach to the Department of Commerce, no search terms were used to identify potentially responsive Bureau documents).

- Defendants failed to produce materials from their *own* recent production to the OIG covering largely identical issues.  On August 13, 2020, the OIG sought essentially the same documents ordered by this Court, and gave Defendants **4 days** to comply.  *See* **Annex A**.  Defendants did so, as Mr. Fontenot attests.  Fontenot Decl. ¶ 103.  But to this Court, Defendants simply say they are still "reviewing" this already-identified set of critical, responsive materials.  DiGiacomo Decl. ¶ 5.b.

These problems are readily evidenced by Defendants' non-production production: a total of 72 documents, comprised almost entirely of (1) the 2018 Operational Plan (which everyone has, and covers approximately 23% of the total pages of the production); (2) a series of "Reports" on census operations which begin in April 13 and end on July 27; (3) a set of emails almost entirely redacted for alleged deliberate process privilege; and (4) a few versions of the August 3 presentation previously revealed by Congress.  Defendants themselves admit their production is neither complete nor compliant with this Court's order.  DiGiacomo Decl. ¶ 11.

*Second*, good cause exists if the Court needs "more time" to "fully . . . consider the parties' arguments and motions."  *Costa v. Bazron*, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) (extending TRO "because parties need time to brief, and the Court needs time to consider" PI motion); *see Castellanos v. Countrywide Bank NA*, 2015 WL 914436, at *3 (N.D. Cal. Feb. 27, 2015); *SEC v. AriseBank*, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018).  The parties have submitted extensive briefing and evidentiary submissions already; additional briefs, and (hopefully) a more robust AR, are still to come; and a PI hearing is currently scheduled for the day the TRO is set to expire.

These are independently sufficient reasons to find good cause and extend the TRO.  Viewed together, extending the TRO for a short additional period so that Defendants can comply with the Court's order would be eminently reasonable.

///

| | | |
|---|---|---|
| 1 | Dated: September 14, 2020 | LATHAM & WATKINS LLP |
| 2 | | By:  /s/ Anne Robinson |
| 3 | | Anne Robinson |

Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  415.391.0600
Facsimile:  415.395.8095

Richard P. Bress (admitted *pro hac vice*)
rick.bress@lw.com
Melissa Arbus Sherry (admitted *pro hac vice*)
melissa.sherry@lw.com
Anne W. Robinson (admitted *pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (admitted *pro hac vice*)
tyce.walters@lw.com
Genevieve P. Hoffman (admitted *pro hac vice*)
genevieve.hoffman@lw.com
Gemma Donofrio (admitted *pro hac vice*)
gemma.donofrio@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201

*Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP*

Dated: September 14, 2020     By: /s/ Jon M. Greenbaum
Kristen Clarke (*pro hac vice* forthcoming)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (admitted *pro hac vice*)
erosenberg@lawyerscommittee.org
Dorian L. Spence (*pro hac vice* forthcoming)
dspence@lawyerscommittee.org
Maryum Jordan (*pro hac vice* forthcoming)

mjordan@lawyerscommittee.org
Ajay Saini (admitted *pro hac vice*)
asaini@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (admitted *pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (admitted *pro hac vice*)
wolf@brennan.law.nyu.edu
Kelly M. Percival (admitted *pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: 213.385.2977
Facsimile: 213.385.9089

*Attorneys for Plaintiff City of San Jose*

|   |   |   |
|---|---|---|
| 1 |   | Doreen McPaul, Attorney General |
| 2 |   | dmcpaul@nndoj.org<br>Jason Searle (*pro hac vice* forthcoming) |
| 3 |   | jasearle@nndoj.org<br>**NAVAJO NATION DEPARTMENT OF** |
| 4 |   | **JUSTICE**<br>P.O. Box 2010 |
| 5 |   | Window Rock, AZ 86515<br>Telephone: (928) 871-6345 |
| 6 |   |   |
| 7 |   | *Attorneys for Navajo Nation* |
| 8 | Dated: September 14, 2020 | By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529) |
| 9 |   | mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289) |
| 10 |   | kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486) |
| 11 |   | danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930) |
| 12 |   | mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF** |
| 13 |   | **LOS ANGELES**<br>200 N. Main Street, 8th Floor |
| 14 |   | Los Angeles, CA 90012<br>Telephone: 213.473.3231 |
| 15 |   | Facsimile: 213.978.8312 |
| 16 |   | *Attorneys for Plaintiff City of Los Angeles* |
| 17 | Dated: September 14, 2020 | By: /s/ Michael Mutalipassi |
| 18 |   | Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us |
| 19 |   | Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us |
| 20 |   | **CITY OF SALINAS**<br>200 Lincoln Avenue |
| 21 |   | Salinas, CA 93901<br>Telephone: 831.758.7256 |
| 22 |   | Facsimile: 831.758.7257 |
| 23 |   | *Attorneys for Plaintiff City of Salinas* |
| 24 |   |   |
| 25 |   |   |
| 26 |   |   |
| 27 |   |   |
| 28 |   |   |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLTFS.' RESPONSE TO ORDER RE: BRIEFING AND
DEADLINE FOR PRODUCTION

| | |
|---|---|
| Dated: September 14, 2020 | By: */s/ Rafey S. Balabanian*<br>Rafey S. Balabanian (Bar No. 315962)<br>rbalabanian@edelson.com<br>Lily E. Hough (Bar No. 315277)<br>lhough@edelson.com<br>**EDELSON P.C.**<br>123 Townsend Street, Suite 100<br>San Francisco, CA 94107<br>Telephone: 415.212.9300<br>Facsimile: 415.373.9435<br><br>Rebecca Hirsch (*pro hac vice* forthcoming)<br>rebecca.hirsch2@cityofchicago.org<br>**CORPORATION COUNSEL FOR THE CITY OF CHICAGO**<br>Mark A. Flessner<br>Stephen J. Kane<br>121 N. LaSalle Street, Room 600<br>Chicago, IL 60602<br>Telephone: (312) 744-8143<br>Facsimile: (312) 744-5185<br><br>*Attorneys for Plaintiff City of Chicago* |
| Dated: September 14, 2020 | By: */s/ Donald R. Pongrace*<br>Donald R. Pongrace (*pro hac vice* pending)<br>dpongrace@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2001 K St., N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 887-4000<br>Facsimile: 202-887-4288<br><br>Dario J. Frommer (Bar No. 161248)<br>dfrommer@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA  90067-6022<br>Phone:  213.254.1270<br>Fax: 310.229.1001<br><br>*Attorneys for Plaintiff Gila River Indian Community* |


Dated: September 14, 2020

By: */s/ David I. Holtzman*
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## **ATTESTATION**

I, Anne Robinson, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: September 14, 2020

**LATHAM & WATKINS LLP**

By: */s/ Anne Robinson*
Anne Robinson