UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WILBUR L. ROSS, et al.,<br><br>  Defendants. | Case No. 20-CV-05799-LHK<br><br>**ORDER RE: PRODUCTION OF INSPECTOR GENERAL DOCUMENT PRODUCTION** |

Before 3 a.m. Pacific Time on Thursday, September 10, 2020, the Court issued an Order to Produce Administrative Record, ECF No. 96, that ordered Defendants to produce the following on September 13, 2020 ("September 13 Production"):

> By September 13, 2020, Defendants Bureau Director Steven Dillingham and Secretary of Commerce Wilbur Ross and all of their direct reports/subordinates shall file the following, and a privilege log for any privileged documents: All documents comprising the Replan and its various components for conducting the 2020 Census in a shortened time period, including guidance, directives, and communications regarding same. The date range of the documents is April 13, 2020 to August 3, 2020. These custodians can limit their review to documents and materials directly or indirectly considered during these four months.

ECF No. 96 at 21. The Court also ordered Defendants to produce the following on September 16, 2020 ("September 16 Production"):

> By September 16, 2020, Associate Director Fontenot, his subordinates, and the individuals engaged with Fontenot to consider and prepare the Replan shall file the following, and a privilege log for any privileged documents: All documents and materials directly or indirectly considered when making the decision to replace the COVID-19 Plan with the Replan. The date range of the documents is April 13, 2020 to August 3, 2020. These

1

Case No. 20-CV-05799-LHK
ORDER RE: PRODUCTION OF INSPECTOR GENERAL DOCUMENT PRODUCTION

custodians can limit their review to documents and materials directly or indirectly considered during these four months.

*Id.*

On September 13, 2020 at 11:45 a.m. Pacific Time, twelve hours before the production deadline, Defendants filed a notice stating that they had identified more than 8,800 documents as responsive for the September 13 Production, but that Defendants had reviewed only 2,484 of those documents. ECF No. 104 at 2. Defendants stated that "[r]eview of the remaining documents remains ongoing" and that "[b]ecause review of the remaining documents remains ongoing, and due to the volume of documents involved, Defendants will be unable to produce or log any additional documents today." *Id*. Moreover, Defendants did not identify when they would complete the September 13 Production.

At the September 14, 2020 case management conference ("CMC"), Defendants stated that their next production would be on September 16, 2020, but that they would not complete the September 13, 2020 Production on September 16, 2020. Moreover, Defendants stated that they are still collecting documents for the September 16 Production and did not know how many documents would be responsive.

At the CMC, Defendants stated that they would be unable to comply with the Court's Order to Produce the Administrative Record because compliance would not be physically feasible and would be an impossibility.

In response to Defendant's failure to comply with the Court's order on September 13, 2020, Plaintiffs filed the Department of Commerce Inspector General's August 13, 2020 Information Memorandum for Secretary of Commerce Wilbur Ross, which included the following Request for Information:

> To assist the OIG in its oversight responsibilities, please provide all documents or communications, including but not limited to email, instant messages, and text messages:
>
> 1. Discussing or referring in any manner to the decision to accelerate the 2020 Census schedule as described in the August 3, 2020 press release.
>
> 2. Detailing the persons involved, and their respective involvement, in the

2

        decision to accelerate the 2020 Census schedule.

        3. Detailing the reasons for the decision to accelerate the 2020 Census schedule.

Please provide all requested documents and communications by close of business Monday, August 17, 2020. You may also produce any additional documentation or information you deem relevant to this request for information.

ECF No. 111-2 at 5.

At the September 14, 2020 CMC, Defendants could not state whether Defendants had complied with the Inspector General's Request for Information. Defendants will confirm whether they complied in whole or in part with the Request for Information on Monday, September 14, 2020.

To ease the burden on the Defendants, the Court requests that Defendants produce *in camera* the documents Defendant's produced to the Inspector General that would constitute the administrative record or would be included in the administrative record. The Court would treat all such documents as privileged and conduct an *in camera* review. If the Court determines that a document is not privileged, Defendants shall have an opportunity to object to the Court's determination. The Court would not consider in its determination of Plaintiff's motion for stay and preliminary injunction any privileged documents.

Defendants shall respond to the Court's proposal on Monday, September 14, 2020.

**IT IS SO ORDERED.**

Dated: September 14, 2020

                                                        LUCY H. KOH
                                                        United States District Judge

Case No. 20-CV-05799-LHK
ORDER RE: PRODUCTION OF INSPECTOR GENERAL DOCUMENT PRODUCTION