1  LATHAM & WATKINS LLP
      Steven M. Bauer (Bar No. 135067)
2        steven.bauer@lw.com
      Sadik Huseny (Bar No. 224659)
3        sadik.huseny@lw.com
      Amit Makker (Bar No. 280747)
4        amit.makker@lw.com
      Shannon D. Lankenau (Bar No. 294263)
5        shannon.lankenau@lw.com
   505 Montgomery Street, Suite 2000
6  San Francisco, CA 94111
   Telephone: 415.391.0600
7  Facsimile: 415.395.8095

8  LATHAM & WATKINS LLP
      Richard P. Bress (pro hac vice)
9        rick.bress@lw.com
      Melissa Arbus Sherry (pro hac vice)
10       melissa.sherry@lw.com
      Anne W. Robinson (pro hac vice)
11       anne.robinson@lw.com
      Tyce R. Walters (pro hac vice)
12       tyce.walters@lw.com
      Genevieve P. Hoffman (pro hac vice)
13       genevieve.hoffman@lw.com
      Gemma Donofrio (pro hac vice)
14       gemma.donofrio@lw.com
   555 Eleventh Street NW, Suite 1000
15 Washington, D.C. 20004
   Telephone: 202.637.2200
16 Facsimile: 202.637.2201

   LAWYERS' COMMITTEE FOR
   CIVIL RIGHTS UNDER LAW
      Kristen Clarke (pro hac vice forthcoming)
         kclarke@lawyerscommittee.org
      Jon M. Greenbaum (Bar No. 166733)
         jgreenbaum@lawyerscommittee.org
      Ezra D. Rosenberg (admitted pro hac vice)
         erosenberg@lawyerscommittee.org
      Dorian L. Spence (pro hac vice forthcoming
         dspence@lawyerscommittee.org
      Ajay P. Saini (admitted pro hac vice)
         asaini@lawyerscommittee.org
      Maryum Jordan (Bar No. 325447)
         mjordan@lawyerscommittee.org
      Pooja Chaudhuri (Bar No. 314847)
         pchaudhuri@lawyerscommittee.org
   1500 K Street NW, Suite 900
   Washington, D.C. 20005
   Telephone: 202.662.8600
   Facsimile: 202.783.0857

   *Additional counsel and representation
   information listed in signature block*

17                 UNITED STATES DISTRICT COURT
18        FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN JOSE DIVISION

19 NATIONAL URBAN LEAGUE, et al.,          CASE NO.  5:20-cv-05799-LHK

20                          Plaintiffs,    **PLAINTIFFS' SUBMISSION
                                           REGARDING PRODUCTION OF OIG
21        v.                               DOCUMENTS**

22 WILBUR L. ROSS, JR., et al.,
                                           Date:   TBD
23                          Defendants.    Time:   TBD
                                           Place:  Courtroom 8
24                                         Judge:  Hon. Lucy H. Koh

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

## I.   INTRODUCTION

Plaintiffs concur with the Court's analysis and proposal to conduct an *in camera* review of the production Defendants provided in response to the Office of Inspector General's ("OIG") August 13, 2020 Information Memorandum for Secretary Ross ("OIG Documents").  The Court has clear authority to order immediate production of the OIG Documents.  Those documents fall squarely within the scope of the Court's Order to Produce the Administrative Record ("AR") (Dkt. 96) that Defendants have violated, and the Court has authority to order *in camera* review of documents withheld as privileged.  Defendants have now agreed to make a full production of the OIG documents directly to the Court for *in camera* review (*see* Dkt. 122), and should submit those materials forthwith.  But Defendants should not be permitted to remain in violation of this Court's orders for all time.  Nor should this replace their legal obligation to produce the complete administrative record as this Court ordered.  The time constraints of this case make the OIG production an acceptable compromise production in the immediate term—for purposes of resolving the PI as expeditiously as possible.  But, as discussed below, Defendants' defiance of the Court's order is sanctionable and they should not be permitted to use this Court's largesse as a starting point for further negotiations.

## II.   THE COURT HAS AMPLE AUTHORITY TO RESPOND TO DEFENDANTS' VIOLATION OF THE COURT'S ORDER TO PRODUCE THE ADMINISTRATIVE RECORD

During the September 14 CMC, the Court found that Defendants failed to comply with the Court's Order to Produce the AR (Dkt. 96).  In fact, as of 11:00 a.m. on September 13, Defendants conceded that they had only reviewed a fraction of the 8,800 potentially relevant documents.  *See* Giacomo Decl. ¶ 11 (Dkt. 104).  Defendants thus clearly violated the Court's Order to produce all "documents comprising the Replan and its various components for conducting the 2020 Census in a shortened time period" by September 13, 2020.  Dkt. 96 at 21; *see also* Dkt. 119.  Furthermore, Defendants' claims of impossibility are belied by the fact that at the August 26 CMC, the Court told Defendants that an AR should be produced—and by the fact that, with respect to the OIG materials, Defendants already had gathered, reviewed, and produced a relevant set of materials squarely in line with the Court's ruling here.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

1    As this Court has noted, "a district court's finding that one of its orders was violated 'is
2    entitled to considerable weight' because the district judge is 'best equipped to assess the
3    circumstances of non-compliance.'" *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 390
4    (N.D. Cal. 2012) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)). And the Court
5    has authority to address the violation here via both its inherent authority and Federal Rule of Civil
6    Procedure 37.

7    *First*, the Court has inherent authority "to fashion . . . appropriate sanction[s] for conduct
8    which abuses the judicial process" *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–46 (1991) (citations
9    and internal quotation marks omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct.
10   1178, 1186 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or
11   statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of
12   cases.") (internal citations and quotation marks omitted); *Primus Automotive Financial Services,*
13   *Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) ("[t]he district court has 'broad fact-finding
14   powers' with respect to sanctions, and its findings warrant 'great deference'" (internal citation
15   omitted)); *Penthouse Int'l, Ltd. v. Playboy Enters*., 663 F.2d 371, 386 (2d Cir. 1981) (federal courts
16   "possess[] broad inherent power to protect the administration of justice by levying sanctions in
17   response to abusive litigation practices.")   This extends to the issuance of orders to redress
18   inappropriate conduct when "foot-dragging" results in plaintiffs not getting records relevant to their
19   claims in the case. *Penthouse*, 663 F.2d at 392; *Residential Funding Corp. v. DeGeorge Fin. Corp.*,
20   306 F.3d 99, 106-07 (2d Cir. 2002) (courts may use their inherent authority to "impose sanctions on
21   a party for misconduct in discovery."); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
22   1987) (district courts may impose sanctions for failing to comply with a court order).

23   *Second*, Rule 37(b)(2) authorizes additional orders or sanctions against a party that fails to
24   comply with a discovery order, and applies to the government's failure to produce the AR in an APA
25   case. Rule 37(b)(2) provides in relevant part that "[i]f a party . . . fails to obey an order to provide
26   or permit discovery . . . , the court where the action is pending may issue a broad swath of further
27   orders or sanctions." Fed. R. Civ. P. 37(b)(2)(A). Indeed, a district court has "wide discretion" in
28   fashioning sanctions under Rule 37. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

1    (9th Cir. 2017).  Under Federal Rule of Civil Procedure 37, this Court and other courts have entered

2    sanctions where a party's "production is incomplete, in violation of [the] Court's order."  *Guifu Li*,

3    281 F.R.D. at 391; *see also Logtale, Ltd. v. IKOR, Inc.*, No. C-11-5452, 2015 WL 581513, at *1, *4

4    (N.D. Cal. Feb. 11, 2015).  Failure to produce or complete an administrative record can be the basis

5    for Rule 37 sanctions.  *See Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 26 (1st Cir. 2006); *New York*

6    *v. Dep't of Commerce*, No. 18-CV-2921, 2020 WL 2564933 (S.D.N.Y. May 21, 2020).  As Judge

7    Furman stated in *Dep't of Commerce*, in granting sanctions against defendants for failing to produce

8    an adequate administrative record: "Provided that there is a clearly articulated order of the court

9    requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for

10   noncompliance with that order."  *Id.*  at *8 (quoting *Daval Steel Prods.*, 951 F.2d 1357, 1363 (2d

11   Cir. 1991)).

12          Given "Defendant's failure to comply with the Court's order on September 13, 2020," the

13   Court has the authority to enter sanctions against Defendants pursuant to Rule 37.[1]   Order Re:

14   Production of Inspector General Documents (Dkt. 119) at 2.

15   **III.     ALLOWING A MORE LIMITED *IN CAMERA* PRODUCTION IS AN
            APPROPRIATE IMMEDIATE-TERM COMPROMISE BUT DOES NOT
16          EXCUSE DEFENDANTS' NON-COMPLIANCE**

17          To be clear, Plaintiffs are not asking this Court to sanction Defendants for their non-

18   compliance at this time.  But the fact that this Court has authority to sanction Defendants for their

19   non-compliance certainly suggests that it has authority to propose a compromise production that

20   inures entirely to Defendants' benefit.  Plaintiffs fully appreciate and agree with the Court's

21   willingness to move this case forward by suggesting a short-term solution.  To mitigate the claimed

22   burdens Defendants articulated at the case management conference, the Court volunteered to allow

23   them to focus on the OIG Documents, assert privilege over the entire production, and review those

24   documents in camera.  The Court also agreed to allow Defendants to expeditiously object to any

25   finding that certain documents were not privileged.  And the Court agreed not to rely on any

26

27   _____

[1] It bears noting that a party's willfulness in disobeying the court order is not a prerequisite to
Rule 37 sanctions; incompetence suffices equally well. *See Cine Forty-Second St. Theatre Corp.
28   v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067-68 (2d Cir. 1979) (professional
incompetence sanctionable as well as deliberate intransigence).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

1   privileged documents in deciding the PI motion.   These were significant accommodations to

2   Defendants.   Although Plaintiffs expect that the OIG Documents do not encompass the complete

3   AR, Plaintiffs agree that the OIG production the Court proposes is an appropriate path forward at

4   this time.

5           Plaintiffs cannot, however, agree to Defendants' condition that such production satisfies all

6   of their obligations to produce the complete AR in this case for all time.  *See* Dkt. 122 at 1:11-15.

7   Defendants cannot refuse to comply with the Court's order regarding production, and then offer to

8   "fix" their defiance if the Court gives them something in return.  Plaintiffs reserve their right to seek

9   the complete AR from Defendants in the normal course of this case—and any other sanctions or

10  orders as appropriate—for Defendants' failure to meet their production and Court-ordered

11  obligations to date.  But, for now, the Court should proceed as planned and order immediate

12  production of the OIG Documents for *in camera* review.

13          Finally, it is worth reiterating that Court's proposed *in camera* review is more than

14  appropriate in these circumstances.  As stated in Plaintiffs' Response to Order re: Briefing and

15  Deadline Production (Dkt. 111), district courts in the Ninth Circuit regularly exercise their discretion

16  to conduct *in camera* review when assessing privilege in an AR context, and courts may even

17  conduct such review when a privilege log with a declaration from an agency official *is* properly

18  produced.  *See Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C-06-4884, 2007

19  WL 3049869, at *6 (N.D. Cal. Oct. 18, 2007).

20          During the CMC, Defendants represented that compliance with the Court's Order to Produce

21  the AR "would not be physically feasible and would be an impossibility." Dkt. 119 at 2.  And based

22  on the inadequacy of Defendants' privilege log for the portion of the AR they have produced thus

23  far, it appears Defendants will not be able to produce an AR and a privilege log for all privileged

24  documents as required by the Court.  Dkt. 96 at 21.  In light of Defendants' deficient September 13

25  Production and representations regarding the deficiency of future productions, the Court can

26  certainly exercise its discretion to conduct *in camera* review.  *See, e.g.*, *In re United States*, 875 F.3d

27  1200, 1210 (9th Cir. 2017) (district courts may conduct *in camera* review of assertedly privileged

28  materials); *Karnoski v. Trump*, No. C17-1297, 2020 WL 4747847, at *4 (W.D. Wash. Aug. 17, 2020)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

1  (describing discovery procedure where documents outside of decisional timeframe would be

2  presumptively not covered by deliberative process privilege, but adopting proposal to allow

3  Government to submit documents for *in camera* review without motion practice); *Bergeron v. Dep't*

4  *of Justice-Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:13-cv-00625, 2015 WL

5  3935032 (D. Nev. June 26, 2015) (reviewing withheld document *in camera* in the absence of any

6  privilege log or affidavit); *see also Smith v Rogers*, No. 3:15-cv-264, 2017 WL 2937957, at *1 (W.D.

7  Penn. July 10, 2017) (describing order of withheld document provided for *in camera* review despite

8  prior unspecific claims of privilege).

9

10  Dated: September 14, 2020                    LATHAM & WATKINS LLP

11                                              By: /s/ Sadik Huseny
                                                    Sadik Huseny
12

13                                              Steven M. Bauer (Bar No. 135067)
                                                steven.bauer@lw.com
14                                              Sadik Huseny (Bar No. 224659)
                                                sadik.huseny@lw.com
15                                              Amit Makker (Bar No. 280747)
                                                amit.makker@lw.com
16                                              Shannon D. Lankenau (Bar. No. 294263)
                                                shannon.lankenau@lw.com
17                                              **LATHAM & WATKINS LLP**
                                                505 Montgomery Street, Suite 2000
18                                              San Francisco, CA 94111
                                                Telephone: 415.391.0600
19                                              Facsimile: 415.395.8095

20                                              Richard P. Bress (admitted *pro hac vice*)
                                                rick.bress@lw.com
21                                              Melissa Arbus Sherry (admitted *pro hac vice*)
                                                melissa.sherry@lw.com
22                                              Anne W. Robinson (admitted *pro hac vice*)
                                                anne.robinson@lw.com
23                                              Tyce R. Walters (admitted *pro hac vice*)
                                                tyce.walters@lw.com
24                                              Genevieve P. Hoffman (admitted *pro hac vice*)
                                                genevieve.hoffman@lw.com
25                                              Gemma Donofrio (admitted *pro hac vice*)
                                                gemma.donofrio@lw.com
26                                              **LATHAM & WATKINS LLP**
                                                555 Eleventh Street NW, Suite 1000
27                                              Washington, D.C. 20004
                                                Telephone: 202.637.2200
28                                              Facsimile: 202.637.2201

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

1

2

3

4

*Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP*

Dated: September 14, 2020

5

6

7

8

9

10

11

12

13

14

15

By: /s/ Jon M. Greenbaum
Kristen Clarke (*pro hac vice* forthcoming)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (admitted *pro hac vice*)
erosenberg@lawyerscommittee.org
Dorian L. Spence (*pro hac vice* forthcoming)
dspence@lawyerscommittee.org
Maryum Jordan (*pro hac vice* forthcoming)
mjordan@lawyerscommittee.org
Ajay Saini (admitted *pro hac vice*)
asaini@lawyerscommitee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

16

17

18

19

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

20

21

22

23

24

25

26

Wendy R. Weiser (admitted *pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (admitted *pro hac vice*)
wolf@brennan.law.nyu.edu
Kelly M. Percival (admitted *pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

27

28

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just*

| | |
|---|---|
| 1 | *Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |
| 2 | |
| 3 | Mark Rosenbaum (Bar No. 59940) mrosenbaum@publiccounsel.org **PUBLIC COUNSEL** |
| 4 | 610 South Ardmore Avenue |
| 5 | Los Angeles, California 90005 Telephone: 213.385.2977 |
| 6 | Facsimile: 213.385.9089 |
| 7 | *Attorneys for Plaintiff City of San Jose* |
| 8 | Doreen McPaul, Attorney General dmcpaul@nndoj.org |
| 9 | Jason Searle (*pro hac vice* forthcoming) jasearle@nndoj.org |
| 10 | **NAVAJO NATION DEPARTMENT OF JUSTICE** |
| 11 | P.O. Box 2010 |
| 12 | Window Rock, AZ 86515 Telephone: (928) 871-6345 |
| 13 | |
| 14 | *Attorneys for Navajo Nation* |
| 15 | Dated: September 14, 2020      By: /s/ Rafey S. Balabanian Rafey S. Balabanian (Bar No. 315962) |
| 16 | rbalabanian@edelson.com Lily E. Hough (Bar No. 315277) |
| 17 | lhough@edelson.com **EDELSON P.C.** |
| 18 | 123 Townsend Street, Suite 100 |
| 19 | San Francisco, CA 94107 Telephone: 415.212.9300 |
| 20 | Facsimile: 415.373.9435 |
| 21 | Rebecca Hirsch (*pro hac vice* forthcoming) rebecca.hirsch2@cityofchicago.org |
| 22 | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 23 | Mark A. Flessner Stephen J. Kane |
| 24 | 121 N. LaSalle Street, Room 600 Chicago, IL 60602 |
| 25 | Telephone: (312) 744-8143 Facsimile: (312) 744-5185 |
| 26 | |
| 27 | *Attorneys for Plaintiff City of Chicago* |
| 28 | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLTFS.' SUBMISSION REGARDING PRODUCTION OF
OIG DOCUMENTS

1

**ATTESTATION**

2          I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this

3    document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred

4    in this filing.

5

6    Dated: September 14, 2020                     **LATHAM & WATKINS** LLP

7                                                  By:  */s/ Sadik Huseny*
                                                        Sadik Huseny
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8          CASE NO. 5:20-CV-05799-LHK
           PLTFS.' SUBMISSION REGARDING PRODUCTION OF
           OIG DOCUMENTS