JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DEFENDANTS' RESPONSE TO THE COURT'S SEPTEMBER 14, 2020, ORDER, ECF No. 113** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

Defendants respectfully submit this response to the Court's Order dated September 14, 2020, ECF No. 113, and the questions the Court directed Defendants to address during the September 14, 2020, case management conference.

**I.      Investigation of Various Allegations**

As explained in the attached declaration of James T. Christy, Assistant Director for Field Operations in the Census Bureau, Defendants have investigated the allegations that the Court and the Plaintiffs have brought to Defendants' attention. *See* Christy Decl. ¶¶ 1, 12-21. This investigation reveals that there has been no violation of the Court's September 5, 2020, Order. *See id.* To the contrary, the Census Bureau's investigation reveals that the specific grievances identified by the Court and the Plaintiffs reflect, at most, a misunderstanding on the part of individual employees concerning the scope of their work and obligations.

Specifically, after investigating the allegation by an enumerator in Austin, Texas, (which the enumerator submitted to the Court) the Census Bureau determined that the screenshot the enumerator provided reflected an individual manager's miscommunication regarding how enumerators are to log hours in the system to receive assignments. *Id.* ¶ 13. Notwithstanding that miscommunication, other enumerators supervised by that manager appear to have understood the proper way to operate the system. *Id.* Further, the area in which the enumerator works has nearly completed its enumeration, and enumerators from the completed area are travelling to other, less complete, areas. *Id.* ¶¶ 14-15.

Similarly, in investigating the individual complaints raised by Plaintiffs, the Census Bureau determined that the potential offices at issue had reached over 90% completion, and thus the complaints identified (which are, in any event, hard to make out without specifics) are likely the result of there not being enough work remaining to be completed in the area. *Id.* ¶¶ 16-18. To the extent that a news article alleged that enumerators were being assigned grades for their performance (ostensibly with some kind of employment implication), the Census Bureau determined, consistent with what it indicated publicly to the reporter who wrote the story, that "there was no [such] instruction given, nor was there evidence of [it] taking place." *Id.* ¶ 20.

The Census Bureau has likewise considered the allegation that the "Optimizer" software had been malfunctioning prior to the issuance of the September 5, 2020, Order. *Id.* ¶¶ 17. The information available to the Census Bureau indicates that these allegations are inaccurate. *Id.* As Mr. Christy states, "staff who monitor and manage this system [] confirmed [that] the logs which monitor system 'up time' reflect no unexpected outages." *Id.* As far as the Census Bureau is aware, the software is fully operational, and any malfunctions on individual devices do not represent a widespread pattern. *Id.* ¶¶ 17, 19.

Finally, the Census Bureau considered the individual employee grievance that Plaintiffs identify as having taken place in Tennessee, and determined that it was solely a personnel matter that was being handled through the appropriate channels. *Id.* ¶ 21. Again, the alleged technological malfunctions which Plaintiffs allege the employee suffered do not appear to be replicated on any apparent scale. *Id.*

These findings confirm what should have been obvious from the face of Plaintiffs' submissions: Plaintiffs' allegations have nothing to do with the Census Bureau's compliance with the September 5, 2020, Order, and are, in any event, self-defeating. Plaintiffs cannot plausibly believe that alleged malfunctioning of software "*days before* the Court entered the TRO" implicates compliance. Pl. Resp. at 2, ECF 108 (emphasis added). Nor can Plaintiffs reasonably suggest that an order directing the Census Bureau to cease implementing the Replan somehow implicates individual personnel disputes with supervisors over hours worked and pay. *Id.* at 3.

As Defendants previously noted, any reading of the September 5, 2020, Order that would place the Court in the position of supervising the daily hours and pay of individual staff serves only to highlight the radical remedy that Plaintiffs are seeking in this action: the placement of the entire census operation into judicial receivership, under which the Court would exercise "supervisory control over the execution of the 2020 Census." *NAACP v. Bureau of the Census*, 399 F. Supp. 3d 406, 416 (D. Md. 2019) (citing 13 U.S.C. § 141(a)), *aff'd in part, rev'd on other grounds,* 945 F.3d 183 (4th Cir. 2019). But "[t]hat is not a remedy that a court has the authority, expertise, or time to provide. Rather, Congress determined that it was the Bureau that was best

1  equipped to complete this task." *Id.* (citing 13 U.S.C. § 141(a)).  *See also* Chirsty Decl.  ¶¶ 3-4
2  (detailing the number of employees involved in the conduct of the census).

3  Mr. Christy's declaration again details the steps that the Census Bureau took, hour by hour,
4  to comply with the Court's September 5, 2020, Order after that Order was issued.  Chirsty Decl.
5  ¶¶ 5-11; *see also* Defs' Notice of Compliance, ECF No. 86.  Neither the Plaintiffs nor the Court
6  have raised concerns about those steps or otherwise indicated that they are inadequate.  As nothing
7  the Plaintiffs have brought to the Court's attention implicates these compliance efforts, Defendants
8  believe that no further attention to Plaintiffs' allegations, which Plaintiffs themselves failed to
9  "independently investigate[]", Pls. Resp. at 2, is warranted.  And the direction to investigate
10 individual employee disputes in the guise of compliance issues distracts the people charged with
11 running the census from the very real work of conducting the kind of accurate census that Plaintiffs
12 claim to want.

## II. Census Bureau's Efforts to Address Wildfires and Other Natural Disasters

Pursuant to the Court's request during the case management conference on September 14, 2020, Mr. Christy's declaration further addresses the efforts that the Census Bureau is making to enumerate households in areas affected by wildfires or other natural disasters.  Christy Decl. ¶ 22. Defendants respectfully submit that the Census Bureau has expertise in making contingency plans and are employing that expertise as appropriate.  *Id.*  Defendants share the Court's and the parties' interest conducting an accurate census under difficult and trying circumstances, and are doing what is in their power to do.  *Id.*  Moreover, the Census Bureau is transparent about its efforts, and will continue to provide information on its website as it goes forward.  *Id.* ¶ 23.

DEFENDANTS' RESPONSE TO THE COURT'S
SEPTEMBER 14, 2020, ORDER, ECF No. 113
Case No. 5:20-cv-05799-LHK

3

1 | DATED: September 15, 2020 | Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
   (New York Bar No. 4918793)
M. ANDREW ZEE (SBN 272510)
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV