**JEFF LANDRY**
  **ATTORNEY GENERAL OF LOUISIANA**
JOSEPH S. ST. JOHN (*pro hac vice pending*)
  *Deputy Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov

BRADLEY A. BENBROOK (CA 177786)
STEPHEN M. DUVERNAY (CA 250957)
BENBROOK LAW GROUP, P.C.
400 Capitol Mall, Suite 2530
Sacramento, CA 95814
Tel: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Counsel for the State of Louisiana*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS,<br><br>Defendants. | No. 5:20-cv-05799-LHK<br><br>**NOTICE OF INTENT TO INTERVENE AND REQUEST TO PARTICIPATE IN STATUS CONFERENCE**<br><br>Hr'g Date: Sept. 18, 2020<br>Hr'g Time: 10:00 a.m.<br>Judge: Hon. Lucy H. Koh<br>Action Filed: Aug. 18, 2020 |

1

LOUISIANA'S NOTICE OF INTENT TO INTERVENE AND REQUEST TO PARTICIPATE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the State of Louisiana ("Louisiana") has received notice of and intends to promptly file a motion to intervene in the above-captioned action pursuant to Federal Rule of Civil Procedure 24. In the interim, until a ruling on that motion, and particularly in light of the nature of the action, Louisiana requests permission to participate in the Status Conference set for September 18, 2020, and any subsequent hearings or conferences. In support thereof, Louisiana states as follows:

1. This action was filed one month ago, on August 18, 2020.

2. Louisiana is a sovereign State that has significant protectable interests in connection with the census, including the size of Louisiana's Congressional delegation and Louisiana's proportionate allocation of limited federal resources, *see* Compl. ¶¶ 300-318. Not surprisingly, federal Courts have repeatedly permitted States to intervene in disputes over the census. *See, e.g.*, *Utah v. Evans*, 536 U.S. 452, 459 (2002).

3. According to the Census Bureau, Louisiana's self-response rate as of September 16, 2020, is only 59.2% (placing Louisiana 46th of the 50 States) and Louisiana's overall enumeration rate is only 86.9% (tied for 48th place). The Census Bureau estimates that Louisiana's population is 32.8% African American, with 19.0% of Louisiana's population living in poverty and 35% of its population living in hard-to-count neighborhoods.[1] Plaintiffs allege those populations are underrepresented in administrative records, such that using administrative data to fill in missing information for non-responsive households will produce a less accurate census. *See* Compl. ¶ 106. Further, Plaintiffs argue that jurisdictions — like Louisiana — with high numbers of hard-to-count citizens suffer disproportionately when compared to areas with low numbers of these same groups. Reply (ECF 130) at ECF p.11.

4. On September 5, 2020, the Court granted Plaintiffs' motion for a TRO until a September 17, 2020, hearing on Plaintiffs' motion for a PI. Order (ECF 84). That TRO enjoined the federal defendants from implementing their current plan for the census. *Id.* at 6-7.

---

[1] https://www.census.gov/quickfacts/LA

5. The status quo would have been an orderly wind-down of census operations in many jurisdictions, with Census Bureau resources re-directed to jurisdictions — like Louisiana — that have lagging enumeration rates, followed by cessation of data collection so as to facilitate post-processing of the collected data. Fontenot Decl. (ECF 81-1) ¶¶ 66-67, 95-97. That status quo has been upended. *See id.* at ¶¶ 93-97. Time has marched toward the Census Bureau's statutory deadlines, and Census Bureau resources have been expended in jurisdictions that have acceptable enumeration rates rather than redirected to Louisiana.

6. Last-minute interference with large government undertakings creates disruption and harm. Not surprisingly, the Supreme Court has repeatedly rejected last-minute judicial disruption, especially on a PI or TRO record, even when fundamental rights are affected. *See, e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006); *Williams v. Rhodes*, 393 U.S. 23, 34-35 (1968). The COVID-19 pandemic has not changed that rule. *See Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205 (2020). And the census is a vastly larger and more complex operation than the elections where the rule is most commonly applied. *See* Fontenot Decl. (ECF 81-1) ¶ 66-67, 101. Indeed, Louisiana respectfully submits that the relief demanded by the Plaintiffs (and to an extent granted by the TRO) will largely serve to deplete Census Bureau resources that could otherwise be expended finalizing the census in Louisiana, and that continued micromanagement and delay harm Louisiana.

7. Plaintiffs demanding court-enforced allocation of Census Bureau resources and changes to complex census-taking logistics plainly do not represent Louisiana's interests. Neither do the federal Defendants, whose powers may be affected by the outcome of this litigation, but who — unlike Louisiana — suffer no risk of losing representation or federal resource allocations.

8. Louisiana could partially protect its interests by filing a separate action to compel compliance with the statutory deadline for completing the census and the existing enumeration plan. *See Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 599-600 (2020) (Gorsuch, J., concurring) (reviewing multiple district court litigations and noting that "[u]niversal injunctions have little basis in traditional equitable practice"). But such relief would inherently be partial given the effect of the TRO on other localities, which necessarily depletes Census Bureau resources. Additionally, the delay

inherent in pursuing a separate action would adversely affect Louisiana's interests while census resources continue to be reallocated or depleted.

9.      A September 30, 2020, census Re-plan deadline is approaching. If data collection is extended beyond September 30, "the Census Bureau would be unable to meet its statutory deadlines to produce apportionment counts prior to December 31, 2020 and redistricting data prior to April 1, 2021." (ECF 81-1) at ¶ 100. Nevertheless, on September 17, this Court continued the PI hearing to September 22, 2020, and extended its TRO until "until the Court issues its decision on the preliminary injunction motion or through September 24, 2020, whichever is sooner." Order (ECF 142) at 3. In doing so, the Court noted "the complexity of the issues and the fact that 1,800 documents may be produced three days before the hearing," at least some of which may require resolution of privilege disputes. *Id.* at 2-3, 14-15.

10.     In view of the above, the disposition of this action is highly likely to impede Louisiana's ability to protect its interests. And in view of this Court's September 17 Order, the likelihood of that impediment is becoming increasingly certain. Accordingly, upon learning of this Court's September 17 Order, Louisiana promptly retained local counsel and appeared. *Cf. United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1182-83 (3d Cir. 1994). Recognizing the fast pace of this litigation, Louisiana provides this abbreviated Notice of Intent to Intervene. Louisiana respectfully requests permission to participate in today's Status Conference and any subsequent conferences or hearings.

| | |
|---|---|
| Dated: September 18, 2020 | Respectfully submitted, |
| | **BENBROOK LAW GROUP, P.C.** |
| | /s/ Bradley A. Benbrook |
| | _____ |
| | BRADLEY A. BENBROOK (CA 177786) |
| | STEPHEN M. DUVERNAY (CA 250957) |
| | BENBROOK LAW GROUP, P.C. |
| | 400 Capitol Mall, Suite 2530 |
| | Sacramento, CA 95814 |
| | Tel: (916) 447-4900 |
| | brad@benbrooklawgroup.com |
| | steve@benbrooklawgroup.com |
| | **JEFF LANDRY** |
| |   **ATTORNEY GENERAL OF LOUISIANA** |
| | /s/ Joseph S. St. John |
| | _____ |
| | JOSEPH S. ST. JOHN (*pro hac vice pending*) |
| |   *Deputy Solicitor General* |
| | LOUISIANA DEPARTMENT OF JUSTICE |
| | 1885 N. Third Street |
| | Baton Rouge, LA 70804 |
| | Tel: (225) 326-6766 |
| | stjohnj@ag.louisiana.gov |
| | *Attorneys for the State of Louisiana* |