JEFFREY B. CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DECLARATION OF MICHAEL A. CANNON** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

I, Michael A. Cannon, make the following Declaration pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. I am the Chief Counsel for Economic Affairs in the Office of the General Counsel, U.S. Department of Commerce (DOC). In my capacity as the Chief Counsel for Economic Affairs, I and my office provide legal counsel to the Census Bureau and the Bureau of Economic Analysis. I submit this declaration in connection with Defendants' production of documents produced to the DOC Office of Inspector General (OIG) (the "OIG Production") and to comply with the Court's September 15, 2020, order [ECF 132], and that order's specific requests for information. The information in this declaration is based upon my personal knowledge and information I obtained in the course of my official duties.

2. DOC's OIG requested files from the Secretary of Commerce and Census Bureau personnel related to Census Director Dillingham's August 3, 2020, statement noting that field data collection would end by September 30, 2020.

3. DOC's OIG sent a letter to the Secretary dated August 13, 2020, requesting that he provide all documents or communications, including but not limited to email, instant messages, and text messages: 1. Discussing or referring in any manner to the decision to accelerate the 2020 Census schedule as described in the August 3, 2020 press release; 2. Detailing the persons involved, and their respective involvement, in the decision to accelerate the 2020 Census schedule; and 3. Detailing the reasons for the decision to accelerate the 2020 Census schedule. The letter requested that all communications and documents be provided by close of business Monday, August 17, 2020. The Secretary's response was coordinated by the Department's Office of Special Projects (OSP), which responded directly to DOC's OIG with responses.

4. DOC's OIG sent similar letters to the Census Director (dated August 13, 2020) and the five additional Census Bureau employees (dated August 12, 2020) identified below, requesting the same information, with a due date also by close of business on August 17, 2020. The search for documents from these Census Bureau personnel was conducted by Census's Office of

Information Security, and my office coordinated responses to DOC's OIG through the Census Bureau's OIG Audit Liaison.

    5.    The responses below address the specific issues the Court raised in its September 15, 2020 order [ECF 132].

    a. Whether the production included materials from the Secretary and his subordinates, in addition to the Census Bureau.

        i. The production to the DOC OIG did include materials from the Secretary. Since the request to the Secretary for documents was specific to him, the Secretary's subordinates did not make any independent productions to the OIG. However, responsive documents that were in the Secretary's custody but generated by his subordinates were included in the production to the OIG.

    b. What time frame was searched for these documents.

        i. March 1 – August 3, 2020.

    c. What custodians were searched.

        i. Wilbur Ross, Secretary of Commerce

        ii. Steven Dillingham, Director, Census Bureau

        iii. Ron Jarmin, Deputy Director and Chief Operating Officer, Census Bureau

        iv. Albert Fontenot, Associate Director for Decennial Census Programs, Census Bureau

        v. Christa Jones, Chief of Staff, Office of the Director, Census Bureau

        vi. Tim Olson, Associate Director for Field Operations, Census Bureau

        vii. Victoria Velkoff, Associate Director for Demographic Programs, Census Bureau

    d. Whether the Department complied fully with the scope of the OIG Request for Information;

        i. One document, discussed below, remains outstanding. The Department has otherwise complied fully with the scope of the document request.

   e. The exact date on which the documents were produced to the OIG;

     i. The documents were provided to the DOC OIG on a rolling basis on the following dates: 8/17/2020; 8/18/2020; 8/19/2020; 8/20/2020; 8/21/2020; 8/24/2020; 8/26/2020; 8/27/2020; 8/28/2020.

   f. What documents remain outstanding to produce to the OIG;

     i. A single document remains outstanding and that document is discussed in the next paragraph.

   g. When outstanding documents, if any, will be produced to the OIG and the Court.

     i. Timing of production to the DOC OIG of the outstanding document remains unresolved. For purposes of Defendants' production in this litigation, however, the document is included on the privilege log and will be provided to the Court for *in camera* review.

  6. The electronic documents requested by the DOC OIG from the Secretary and the above Census officials were provided to a DOC contractor who loaded the documents into the Relativity software platform for processing and review. As I understand it, the manner in which these documents were loaded into Relativity rendered them black-and-white PDFs, which precludes us from re-producing the documents, as they were produced to the DOC OIG, in color format. I additionally understand that due to the inherent limitations of the Relativity software platform, transferring the PDF documents into an OCR format would have increased the time required to produce the documents by at least 12 hours; therefore, it is not feasible that we can provide the documents to the Court in a machine-readable OCR format by the Court-ordered deadline.

  7. Accompanying this declaration is an index and privilege log covering the OIG Production. This index and privilege log lists all documents in the OIG Production, identifies documents by Bates page ranges, and where applicable indicates privilege. This declaration is not intended to formally assert any applicable privilege.

I have read the foregoing and it is all true and correct.

1  DATED this 18th day of September, 2020

6  _____
   Michael A. Cannon