UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>Defendants. | Case No. 20-cv-05799 LHK<br><br>**ORDER ON PROCEDURES FOR IN CAMERA PRIVILEGE REVIEW BY MAGISTRATE JUDGES** |

The presiding judge has referred to the undersigned magistrate judges in camera review of documents that the defendants assert are privileged. District Court Judge Lucy H. Koh's orders at ECF 119, 128, 132, 140, and 153 set forth this process. The parties have consented to having the Magistrate Judges' privilege rulings be final and appealable to the Ninth Circuit or the U.S. Supreme Court. ECF 140.

This order supplements Judge Koh's orders on the privilege dispute process.

1. By 11:00 p.m. Pacific time on September 19, 2020, plaintiffs must identify no more than 75 documents as "highest priority" for privilege review from among the documents on defendants' privilege logs. This should be part of their objection filed in ECF. *See* ECF 140.

2. By 11:00 a.m. Pacific time on September 20, 2020, defendants may identify no more than 75 documents as "highest priority" for privilege review from among the documents on defendants' privilege logs. This should be part of defendants' response filed in ECF. *See* ECF 140.

3. The Court intends to address these "highest priority" category documents first.

4. There are hundreds of documents listed on defendants' September 18 privilege log at ECF 154-2 that do not have a privilege identified under the column for "Privilege". The Court interprets that for each of these documents, no privilege is asserted and therefore no objection needs to be made by plaintiffs. The Court therefore orders the defendants to produce and ECF-file each of these non-privileged documents by September 20 at 11:00 a.m. Pacific time. It may be that these documents are already produced in the voluminous filings at ECF 154-157, but the Court has not had time to cross-check the logs. Defendants' September 20 response must clarify and confirm that these documents have been produced and filed.

5. Defendants assert the attorney-client privilege for some documents on their logs. The logs, however, often do not explicitly identify who the attorney(s) are who are claimed to be part of the privileged communication. By September 20 at 11:00 a.m. Pacific time, defendants must supplement the logs as to any documents with an attorney-client privilege claim by explicitly identifying every attorney that is part of the communication chain.

6. Pursuant to Judge Koh's order, defendants provided the declaration of Allyson Deitrick (ECF 158) and the declaration of Megan Heller (ECF 159) ("Declarations") in support of the deliberative process privilege. In describing the categories of documents over which the privilege is asserted, the Declarations are identical except in the identification of bates numbers in each category. *Compare*, Declarations paragraphs 5(a), (b), (c) and (d). By 4:00 p.m. Pacific time today, September 19, defendants are to confirm which bates ranges

2

are correct and to file amended declarations as necessary.

7. Finally, both parties in their filings must address the applicability of the four-factor test from *FTC v. Warner Communications, Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984). The second *Warner* factor is the availability of other evidence. If defendants assert that "other evidence" is available, they must cite to specific evidence in the record.

**IT IS SO ORDERED.**

Dated:  September 19, 2020    _____
NATHANAEL M. COUSINS
United States Magistrate Judge


_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge


_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge

3