UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>  Plaintiffs,<br><br>  v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>  Defendants. | Case No. 20-cv-05799 LHK<br><br>**ORDER AFTER IN CAMERA REVIEW AS TO ATTORNEY-CLIENT PRIVILEGE ASSERTED BY DEFENDANTS** |

Upon referral from the presiding judge, this order sets forth rulings on the attorney-client privilege asserted by defendants in two privilege logs (ECF 106, 154-2), with supplemental information (ECF 172) provided by defendants in response to a request for additional information by the Court (ECF 163 ¶ 5). To be clear, this order only addresses the attorney-client privilege. Separate orders will address the deliberative process privilege asserted by defendants.

The privilege logs were filed on September 13 (ECF 106) and September 18, 2020 (ECF 154-2). In response to an order from District Court Judge Lucy H. Koh, the parties on September 18 filed legal briefs explaining their positions on the possible evidentiary privileges asserted. ECF 149, 150. At the time of the briefs, the parties discussed four

United States District Court
Northern District of California

1  privileges.  But in the logs, defendants only asserted two privileges: (1) attorney-client;
2  and (2) deliberative process.  They dropped the "White House Privilege" and attorney
3  work product privilege.  *See* ECF 150.  Defendants lodged the documents identified on the
4  privilege logs with the undersigned Magistrate Judges on September 19 before noon.  The
5  documents were provided ex parte in an electronic format.  Plaintiffs objected to the
6  privilege assertions in a filing at approximately 11:00 p.m. later the same day.  ECF 170.
7  Defendants filed a reply brief at approximately 11:00 a.m. on September 20.  ECF 172.  In
8  an attachment to the reply, ECF 172-2, defendants withdrew their attorney-client assertion
9  as to five documents and sought to add an assertion as to one document, Doc. 1717.  This
10  order is made after considering all the privilege-related submissions and conducting an in
11  camera review of the documents provided by defendants.  The parties have agreed that any
12  review of this discovery order will go to the Ninth Circuit Court of Appeals or U.S.
13  Supreme Court.  ECF 140.

14  In the September 13 log, defendants asserted the attorney-client privilege as to 4
15  documents and withheld all of these documents.  ECF 106.  In the September 18 log,
16  defendants asserted the attorney-client privilege as to 17 documents, with most of the
17  privilege assertions applying to redactions to only part of a document.  As mentioned
18  above, in their reply today ECF 172-2 defendants seek to add a privilege claim as to Doc.
19  1717.  Defendants produced many redacted documents in their September 18 production.
20  ECF 154-157.  Where there is a redaction, the face of the document is marked with the
21  privilege(s) asserted.

22  In total, there are 3 redacted documents in which defendants have asserted only the
23  attorney-client privilege and no other privilege.  Those documents are bates-stamped
24  numbers 6130, 8390, and 14728.  As to the other 18 documents, defendants additionally
25  claim the deliberative process privilege.

26  The parties do not present any strenuous dispute about the legal standard the Court
27  should apply in evaluating the attorney-client privilege.  ECF 149, 150.  They agree that

the asserting party bears the burden of establishing the privilege. Under Fed. R. Civ. P. 26(b)(5)(A), the asserting party must "expressly make the claim" and "describe the nature of the documents, communication, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice . . . as well as an attorney's advice in response to such disclosures." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). The Ninth Circuit applies an eight-factor test for determining the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *In re Grand Jury Investigation*, 974 F.2d at 1071 n.2); *FTC v. Qualcomm Inc.*, Case No. 17-cv-0220 LHK (NC) Dkt. No. 750, 2018 WL 2317835, at *2-3 (N.D. Cal. May 22, 2018).

The purpose of the attorney-client privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Clients must be able to consult their lawyers candidly, and the lawyers in turn must be able to provide candid legal advice." *United States v. Christensen*, 828 F.3d 763, 802 (9th Cir. 2015).

On the other hand, "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Ruehle*, 583 F.3d at 607 (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)). "The fact that a person is a lawyer does not make all communications with that person privileged." *Martin*, 278 F.3d at 999

3

(9th Cir. 2002).  The asserting party "bears the burden of showing that the information exchanged [with its attorney] was confidential" and privileged.  *Nat. Res. Def. Council v. U.S. Dep't of Def.*, 388 F. Supp. 2d 1086, 1099. (C.D. Cal. 2005) (citation omitted).  "The privilege protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege" and "does not exempt a document from disclosure simply because the communication involves the government's counsel."  *Elec. Privacy Info. Ctr. v. Dept't of Justice*, 584 F. Supp. 2d 65, 79 (D.D.C. 2008) (internal citations omitted); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) ("A vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged."); *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 514 n.5 (N.D. Cal. 2012) ("these communications are not attorney-client privileged, as they contain no communication between client and attorney"), *aff'd*, *Rep. of Ecuador v. Mackay*, 742 F.3d 360 (9th Cir. 2014).

We finally turn to analyze the particular communications logged as attorney-client privileged by the defendants.  First, we consider the three documents for which defendants raise *only* the attorney-client privilege as a basis for redactions: documents with first bates number 6130, 8390, and 14728 on the September 18 log, ECF 154-2.  As to those documents we find:

Doc. 6130: privilege sustained.  Redacted communication contains legal advice.

Doc. 8390: privilege overruled.  No legal advice.

Doc. 14728: privilege overruled. No legal advice.

Defendants are therefore ordered to produce and file unredacted versions of Docs. 8390 and 14728 by September 20 at 3:00 p.m. Pacific time.

Next, we consider the four documents on the September 13 log.  ECF 106.  As to the attorney-client privilege for those documents we find:

Doc. 262: privilege sustained.

      Doc. 263: privilege sustained.

      Doc. 264: privilege sustained.

      Doc. 371: privilege overruled.  Does not contain legal advice and defendants have not established communication with counsel.

      Next, we assess the attorney-client privilege asserted in the September 18 privilege log, ECF 154-2.  We find:

      Doc. 1149: AC privilege assertion withdrawn in ECF 172-2.

      Doc. 1302: AC privilege assertion withdrawn in ECF 172-2.

      Doc. 1353: AC privilege assertion withdrawn in ECF 172-2.

      Doc. 1366: AC privilege assertion withdrawn in ECF 172-2.

      Doc. 1605: privilege overruled.  Does not contain legal advice.

      Doc. 1637: privilege overruled.  Does not contain legal advice.

      Doc. 1685: privilege overruled.  Does not contain legal advice.

      Doc. 1749: privilege overruled.  Does not contain legal advice.

      Doc. 5070: privilege overruled.  Does not contain legal advice.

      Doc. 6504: privilege sustained.  Like Doc. 6130, redacted communication contains legal advice.

      Doc. 6515 (full document): AC privilege assertion withdrawn in ECF 172-2.

      Doc. 14731: privilege overruled. For same reasons as Doc. 14728: no legal advice.

      Doc. 14765: privilege sustained. Contains legal advice.

      Doc. 14766 (full document): privilege overruled.  Document contains advice, but defendants do not establish that it is legal advice.  And defendants seek to withhold the entire document, when portions are obviously not privileged legal advice.

      Finally, we assess the one document, Doc. 1717, that defendants assert they mistakenly omitted from the privilege logs until today in their reply at ECF 172-2.  Even crediting the late assertion, the asserted AC privilege is overruled.  Similar to Doc. 1685 addressed above, this document does not contain legal advice.

In conclusion, this order rules on the attorney-client privilege asserted by the defendants in two privilege logs and a supplement.  Further orders will address the deliberative process privilege.   Defendants are ordered to produce and file unredacted versions of Docs. 8390 and 14728 by September 20 at 3:00 p.m. Pacific time.

**IT IS SO ORDERED.**

Dated:  September 20, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge


_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge


_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge