| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Steven M. Bauer (Bar No. 135067)<br>    steven.bauer@lw.com<br>  Sadik Huseny (Bar No. 224659)<br>    sadik.huseny@lw.com<br>  Amit Makker (Bar No. 280747)<br>    amit.makker@lw.com<br>  Shannon D. Lankenau (Bar No. 294263)<br>    shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>  Richard P. Bress (*pro hac vice*)<br>    rick.bress@lw.com<br>  Melissa Arbus Sherry (*pro hac vice*)<br>    melissa.sherry@lw.com<br>  Anne W. Robinson (*pro hac vice*)<br>    anne.robinson@lw.com<br>  Tyce R. Walters (*pro hac vice*)<br>    tyce.walters@lw.com<br>  Genevieve P. Hoffman (*pro hac vice*)<br>    genevieve.hoffman@lw.com<br>  Gemma Donofrio (*pro hac vice*)<br>    gemma.donofrio@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>  Kristen Clarke (*pro hac vice* forthcoming)<br>    kclarke@lawyerscommittee.org<br>  Jon M. Greenbaum (Bar No. 166733)<br>    jgreenbaum@lawyerscommittee.org<br>  Ezra D. Rosenberg (admitted *pro hac vice*)<br>    erosenberg@lawyerscommittee.org<br>  Dorian L. Spence (*pro hac vice* forthcoming<br>    dspence@lawyerscommittee.org<br>  Ajay P. Saini (admitted *pro hac vice*)<br>    asaini@lawyerscommittee.org<br>  Maryum Jordan (Bar No. 325447)<br>    mjordan@lawyerscommittee.org<br>  Pooja Chaudhuri (Bar No. 314847)<br>    pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>                              Plaintiffs,<br><br>     v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>                              Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PRELIMINARY INJUNCTION FOLLOWING DEFENDANTS' SEPTEMBER 18, 2020 PRODUCTION**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

On September 18, 2020—after denying for weeks that any administrative record existed in this case at all, and after defying the Court's earlier order to produce that record—Defendants submitted a long privilege log identifying thousands of pages of documents related to the adoption of the Replan, the vast bulk of which were redacted or entirely withheld on questionable grounds of privilege. As the Court knows, Plaintiffs have challenged some of those privilege calls—focusing on improperly withheld materials in the key two-week time period from July 21 to August 3—and are awaiting full judicial determination of those objections. In the interim, Plaintiffs submit this filing to note that what is and, critically, what is not, in the current Administrative Record ("AR") thus far only confirms that Defendants failed to meet the APA's minimum standards of reasoned decisionmaking, and the demands of the Enumeration Clause.

### A. The Documents Show That The Decision To Accelerate Was Made Days After The Apportionment Exclusion Order, Without Consultation With Bureau Officials, And With No Analysis Of The Statutory Deadline

The materials produced confirm that the Secretary's directive to radically shorten the census timelines—resulting in the announced August 3, 2020 Replan challenged in this action—was made by the Secretary days prior to the announcement, and shortly after the President issued the July 21, 2020 Apportionment Exclusion Order. As Plaintiffs previously explained, Mr. Fontenot's declaration *admitted* that, on July 29, several days before the announcement of the Replan on August 3, 2020, the Secretary of Commerce "directed" the Bureau to "present a plan" to "accelerate the remaining operations" to meet the December 31 deadline. Fontenot Decl. ¶ 81; PI Reply 13. And from the partial AR, it does not appear that there was *any* meaningful consultation with the Bureau before the Secretary issued that directive. For instance:

- In a heavily redacted July 30, 2020 email chain between James Christy (Assistant Director for Field Operations), Tim Olson (Associate Director for Field Operations), and Ali Ahmad (Associate Director Communications Directorate), Mr. Christy states: "It's out. Discussion is taking place across HQ about [REDACTED] and it came up on the call with all regional managers this morning." DOC_0011974-77, at DOC_0011975. In response to concerns about "Behler" being "caught at a public event and Hansi [] quoting him in his most recent story," Mr. Christy responded, "I think Behler's quote was before the discussion about September 30. He was speaking from the latest updates on our website, which I think just changed. We provided new operational guidance this morning. *Our 'acceleration' essentially has been taking place in the last 12 hours*." DOC_0011974 (emphasis added).

- By July 30, 2020, the Government Accountability Office was already requesting materials from the Bureau on the Replan. *See* DOC_0008554-89. Yet on this same day, Bureau officials such as Ron Jarmin were well-aware that news outlets were still reporting that the "Census self-response deadline [was] extended to Oct. 31" and that there were extremely low self-response rates across the country. DOC_0008536-53.

- A July 30-31, 2020 heavily redacted email chain between numerous Census Bureau personnel, including Albert Fontenot, and attaching three documents titled, "Delivering Apportionment by 12-31-20 Backend Proc," indicates that, by July 30, 2020, the Census Bureau was already deciding how to execute Back-end processing in order to deliver apportionment data by December 31, 2020. *See* DOC_0008683-88; DOC_0008928-42.

- In a July 31, 2020 email titled, "Replan" with an attachment titled, "Options to meet September 30_v11." Albert Fontenot writes, "Fantastic job!!! *Please pass on thanks to the teams that sweated and toiled to negotiate this plan. We probably are going to putting it into a deck over the weekend - I have some ideas but I want to see how KDK wants us to present this*." DOC_0010066-67 (emphasis added).

Should Plaintiffs' challenges to Defendants' broad privilege assertions be sustained in part, the heavily redacted and withheld materials will no doubt show more. But the documents thus far establish that Bureau officials were given no more than a few days to determine how best to implement a directive previously made, *without any apparent deliberation at all*.

Plaintiffs must pause here for a moment to address Defendants' recent response to these striking revelations. Defendants now claim that if July 29 was the date of the final agency action in this case, then Plaintiffs are not entitled to any documents post-dating July 29, because those should not be considered part of the AR. Dkt 172 at 1.

This argument makes no sense. The August 3 announcement of the Replan is and has always been the final agency action Plaintiffs are challenging. That was Defendants' "last word" that the census timelines had been accelerated, and it is the moment at which the change in schedule had a direct impact on the Bureau, Plaintiffs, and the public. The Secretary's July 29 directive to the Bureau to revise the operational plan to meet the December 31 deadline does not change any of that. The decision, at the time it was made behind closed doors, had no immediate or direct operational consequences. It was only after the Bureau retrofitted a plan to fit within the Secretary's directive, and announced the revised timelines as binding on August 3, that the agency action became final.

But the July 29 date *does* have consequences for this action. First, it supports Plaintiffs' claim that Defendants failed to engage in reasoned decisionmaking under the APA because the decisionmaking process was deficient—indeed, it was backwards. The Secretary directed the Bureau to revise the timeline to meet the deadline without considering the important factors that would bear on that decision, and then directed Bureau experts to, effectively, make it happen. That falls far short of what the APA demands. Second, it supports Plaintiffs' claim that documents that post-date the July 29 decision, but pre-date the August 3 final agency action, are not protected by the deliberate process privilege because they are not "pre-decisional" and "deliberative" in the relevant sense. In arguing otherwise, Defendants act as if the scope of the deliberate process privilege is co-extensive with the scope of the administrative record. It is not. *See Fisherman's Finest, Inc. v. Gutierrez*, No. C07-1574MJP, 2008 WL 2782909, at *4-5 (W.D. Wash. July 15, 2008); *cf. Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 39 (D.C. Cir. 2002) (explaining, in FOIA context, that "a document is predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made" (citation omitted)). The critical question for the post-July 29 documents is whether they reflect the give-and-take of the decisionmaking process. With respect to the Secretary's decision to accelerate the deadlines (as opposed to how to accelerate the deadlines), they do not.

**B.    The Documents Make Clear That Complying With the Secretary's Directive to Meet a December 31 Deadline Was Impossible If the Census Was to Provide A Complete and Accurate Count**

Before the Bureau was directed to create the Replan to meet the December 31, 2020 date for apportionment, the record shows Bureau officials were still pushing for the extension of that deadline. In a July 23, 2020 document titled "Elevator Speech," the Bureau explained that "[c]urtailing census operations will result in a census *that is of unacceptable quality*." DOC_0008021-24 (emphasis added). The documents explain that "[s]hortening field data collection operations will diminish data quality and introduce risk," and "[s]hortening post processing operations will diminish data quality and introduce risk"—both of which happened in the Replan. *Id.* The takeaway just days before the Replan directive was that "[s]hortening the

time period to meet the original statutory deadlines for apportionment and redistricting data will result in a census that has fatal data quality that are *unacceptable for a Constitutionally-mandated national activity.*" *Id.* (emphasis added).  Similarly, a document about "Apportionment Data Processing" said that "[t]he time spent on data processing *is essential to ensuring an accurate and complete count*." DOC_0008019-20 (emphasis added).  These documents were shared with the Government Accountability Office at that time. *See* DOC_0008025-28; DOC_0008056-65.

As late as a July 27, 2020 hearing before the House Committee on Oversight and Reform, the Bureau's line was still that "[t]he current methodology that has been researched, developed and tested over the decade based on proven processes used in prior Census' and upgraded with improved current technology and processes will not enable us to meet the statutory deadlines based on projected current field completion dates." DOC_0008148-58 at 58.  And the concerns did not go away, just because of the Secretary's directive.  In an early iteration of the August 3 presentation, the effects of that directive on accuracy are spelled out: "[a]ccelerating the schedule by 30 days introduces significant risk to the accuracy of the census data.  In order *to achieve an acceptable level of accuracy, at least 99%* of Housing Units in every state *must be resolved*." DOC_0010274-302.  This was apparently deemed too telling, and the final presentation noted the Bureau would proceed with only a "goal" of reaching 99%.  *See* PI Reply Ex. 22.  And as previously discussed, that "goal" has since eroded further.  PI Reply __..

Defendants' counsel recently told this Court that accuracy is "meaningless" for this case.  That is a remarkable statement.  But it is also dead wrong.  To the hardworking women and men of the Census Bureau, accuracy—a full and complete count—was *everything*—until they were told that they had a different job.

C. **The Documents Reaffirm That The Decision To Adopt The Replan Was Unlawful**

What the documents produced to date *fail* to show is in many ways more telling.  There is no indication whatsoever that in light of the COVID-19 pandemic, the notion of sacrificing the accuracy of the Census in order to meet any particular deadline was ever on the table.  From what is available in the AR, it appears that in none of the documents produced prior to the time

of President Trump's July 21 Apportionment Exclusion Order includes *any* discussion of the potential need to curtail the count. The documents are also devoid of any discussion of the need to comply with the statutory deadline, any suggestion that compliance with the preexisting COVID-19 Plan had somehow become unlawful or would become unlawful as of December 31, or any analysis of whether it would or would not have been lawful for Defendants to prioritize their constitutional and statutory duty to conduct an accurate count over the statutory duty to deliver that count by December 31. *See* PI Reply 15-16.

These *absences* belie Defendants' *post hoc* reliance on the statutory deadline. Although Defendants have claimed in this litigation that the statutory deadline is more important than "meaningless" accuracy, the documents in the AR do not support that. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (affirming "fundamental rule . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency").

Relatedly, the complete absence of contemporaneous reliance on any statutory duty to complete the count by December 31 means that Defendants cannot now "offer post-hoc rationalizations" based on that deadline. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971). The reality is that the statutory deadline is mere pretext. It is clear from the documents, and the timing, that the real motivation for the Replan was the desire to ensure that this President will have the opportunity to implement the Apportionment Exclusion Order. PI Mot. 23-25. But a justification that is "contrived" and "incongruent with what the record reveals about the agency's priorities and decision-making process" provides only further grounds to stay the Replan. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2575 (2019).

| | | |
|---|---|---|
| 1 | Dated: September 20, 2020 | LATHAM & WATKINS LLP |
| 2 | | By:  /s/ Sadik Huseny |
| 3 | | Sadik Huseny |
| 4 | | Steven M. Bauer (Bar No. 135067)<br>steven.bauer@lw.com |
| 5 | | Sadik Huseny (Bar No. 224659)<br>sadik.huseny@lw.com |
| 6 | | Amit Makker (Bar No. 280747)<br>amit.makker@lw.com |
| 7 | | Shannon D. Lankenau (Bar. No. 294263)<br>shannon.lankenau@lw.com |
| 8 | | **LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000 |
| 9 | | San Francisco, CA 94111<br>Telephone: 415.391.0600 |
| 10 | | Facsimile: 415.395.8095 |
| 11 | | Richard P. Bress (admitted *pro hac vice*)<br>rick.bress@lw.com |
| 12 | | Melissa Arbus Sherry (admitted *pro hac vice*)<br>melissa.sherry@lw.com |
| 13 | | Anne W. Robinson (admitted *pro hac vice*)<br>anne.robinson@lw.com |
| 14 | | Tyce R. Walters (admitted *pro hac vice*)<br>tyce.walters@lw.com |
| 15 | | Genevieve P. Hoffman (admitted *pro hac vice*)<br>genevieve.hoffman@lw.com |
| 16 | | Gemma Donofrio (admitted *pro hac vice*)<br>gemma.donofrio@lw.com |
| 17 | | **LATHAM & WATKINS LLP**<br>555 Eleventh Street NW, Suite 1000 |
| 18 | | Washington, D.C. 20004<br>Telephone: 202.637.2200 |
| 19 | | Facsimile: 202.637.2201 |
| 20 | | *Attorneys for Plaintiffs National Urban League;* |
| 21 | | *League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose,* |
| 22 | | *California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| 23 | Dated: September 20, 2020 | By: /s/ Jon M. Greenbaum |
| 24 | | Kristen Clarke (*pro hac vice* forthcoming)<br>kclarke@lawyerscommittee.org |
| 25 | | Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org |
| 26 | | Ezra D. Rosenberg (admitted *pro hac vice*)<br>erosenberg@lawyerscommittee.org |
| 27 | | Dorian L. Spence (*pro hac vice* forthcoming)<br>dspence@lawyerscommittee.org |
| 28 | | Maryum Jordan (*pro hac vice* forthcoming) |

mjordan@lawyerscommittee.org
Ajay Saini (admitted *pro hac vice*)
asaini@lawyerscommitee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (admitted *pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (admitted *pro hac vice*)
wolf@brennan.law.nyu.edu
Kelly M. Percival (admitted *pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

| | |
|---|---|
| 1 | Doreen McPaul, Attorney General |
| 2 | dmcpaul@nndoj.org |
|   | Jason Searle (*pro hac vice* forthcoming) |
| 3 | jasearle@nndoj.org |
|   | **NAVAJO NATION DEPARTMENT OF** |
| 4 | **JUSTICE** |
|   | P.O. Box 2010 |
| 5 | Window Rock, AZ 86515 |
|   | Telephone: (928) 871-6345 |

*Attorneys for Navajo Nation*

Dated: September 20, 2020          By: /s/ Danielle Goldstein
                                    Michael N. Feuer (Bar No. 111529)
                                    mike.feuer@lacity.org
                                    Kathleen Kenealy (Bar No. 212289)
                                    kathleen.kenealy@lacity.org
                                    Danielle Goldstein (Bar No. 257486)
                                    danielle.goldstein@lacity.org
                                    Michael Dundas (Bar No. 226930)
                                    mike.dundas@lacity.org
                                    **CITY ATTORNEY FOR THE CITY OF LOS ANGELES**
                                    200 N. Main Street, 8th Floor
                                    Los Angeles, CA 90012
                                    Telephone: 213.473.3231
                                    Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: September 20, 2020          By: /s/ Michael Mutalipassi
                                    Christopher A. Callihan (Bar No. 203010)
                                    legalwebmail@ci.salinas.ca.us
                                    Michael Mutalipassi (Bar No. 274858)
                                    michaelmu@ci.salinas.ca.us
                                    **CITY OF SALINAS**
                                    200 Lincoln Avenue
                                    Salinas, CA 93901
                                    Telephone: 831.758.7256
                                    Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

| | | |
|---|---|---|
| 1 | Dated: September 20, 2020 | By: */s/ Rafey S. Balabanian* |
| 2 | | Rafey S. Balabanian (Bar No. 315962) |
| | | rbalabanian@edelson.com |
| 3 | | Lily E. Hough (Bar No. 315277) |
| | | lhough@edelson.com |
| 4 | | **EDELSON P.C.** |
| | | 123 Townsend Street, Suite 100 |
| 5 | | San Francisco, CA 94107 |
| | | Telephone: 415.212.9300 |
| 6 | | Facsimile: 415.373.9435 |
| 7 | | Rebecca Hirsch (admitted *pro hac vice*) |
| | | rebecca.hirsch2@cityofchicago.org |
| 8 | | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 9 | | Mark A. Flessner |
| | | Stephen J. Kane |
| 10 | | 121 N. LaSalle Street, Room 600 |
| | | Chicago, IL 60602 |
| 11 | | Telephone: (312) 744-8143 |
| 12 | | Facsimile: (312) 744-5185 |
| 13 | | *Attorneys for Plaintiff City of Chicago* |
| 14 | Dated: September 20, 2020 | By: */s/ Donald R. Pongrace* |
| | | Donald R. Pongrace (admitted *pro hac vice*) |
| 15 | | dpongrace@akingump.com |
| | | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 16 | | |
| 17 | | 2001 K St., N.W. |
| | | Washington, D.C. 20006 |
| 18 | | Telephone: (202) 887-4000 |
| | | Facsimile: 202-887-4288 |
| 19 | | |
| 20 | | Dario J. Frommer (Bar No. 161248) |
| | | dfrommer@akingump.com |
| 21 | | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 22 | | 1999 Avenue of the Stars, Suite 600 |
| | | Los Angeles, CA 90067-6022 |
| 23 | | Phone: 213.254.1270 |
| | | Fax: 310.229.1001 |
| 24 | | |
| 25 | | *Attorneys for Plaintiff Gila River Indian Community* |

| | |
|---|---|
| Dated: September 20, 2020 | By: /s/ *David I. Holtzman*<br>David I. Holtzman (Bar No. 299287)<br>David.Holtzman@hklaw.com<br>**HOLLAND & KNIGHT LLP**<br>Daniel P. Kappes<br>Jacqueline N. Harvey<br>50 California Street, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 743-6970<br>Fax: (415) 743-6910<br><br>*Attorneys for Plaintiff County of Los Angeles* |

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: September 20, 2020

**LATHAM & WATKINS** LLP

By: /s/ Sadik Huseny
     Sadik Huseny