UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>    Defendants. | Case No. 20-cv-05799 LHK<br><br>**FIRST ORDER AFTER IN CAMERA REVIEW AS TO DELIBERATIVE PROCESS PRIVILEGE ASSERTED BY DEFENDANTS** |

Upon referral from the presiding judge, this order sets forth the first of several rulings on the deliberative process privilege asserted by defendants in two privilege logs (ECF 106, 154-2), with supplemental information and argument (ECF 172) provided by defendants in response to a request for additional information by the Court (ECF 163).  To be clear, this order only addresses the deliberative process privilege.  A separate order at ECF 174 ruled on the attorney-client privilege asserted by defendants.

This is the first of what will be several orders addressing the deliberative process privilege.  Additional orders are expected today and tomorrow.  We are prioritizing documents the parties identified as highest priority.  *See* ECF 163, 170.  Subsequent orders will not repeat the legal analysis or procedural history.  In our discovery orders in this case,

where the deliberative process privilege is "Sustained" that means the defendants have met their burden and the document or redaction is found to be appropriate. Where the privilege is "Overruled" that means the defendants have not met their burden and the document must be produced without privilege redaction.[1]

The privilege logs were filed on September 13 (ECF 106) and September 18, 2020 (ECF 154-2). In response to an order from District Court Judge Lucy H. Koh, the parties on September 18 filed legal briefs explaining their positions on the possible evidentiary privileges asserted. ECF 149, 150. At the time of the briefs, the parties discussed four privileges. But in the logs, defendants only asserted two privileges: (1) attorney-client; and (2) deliberative process. They dropped the "White House Privilege" and attorney work product privilege. *See* ECF 150. Defendants lodged the documents identified on the privilege logs with the undersigned Magistrate Judges on September 19 before noon. The documents were provided ex parte in an electronic format. Plaintiffs objected to the privilege assertions in a filing at approximately 11:00 p.m. later the same day. ECF 170. Defendants filed a reply brief on September 20. ECF 172. This order is made after considering all the privilege-related submissions and conducting an in camera review of the documents provided by defendants. The parties have agreed that any review of this discovery order will go to the Ninth Circuit Court of Appeals or U.S. Supreme Court. ECF 140.

Defendants have asserted the deliberative process privilege as to a substantial portion of the responsive documents in this case. As determined by Judge Koh, ECF 169:

For the September 13, 2020 production:

Defendants produced to Plaintiffs 58 documents.

Defendants withheld in full on the basis of an asserted privilege 67 documents.

---

[1] Defendants also made redactions of Personal Identification Information (PII) in the documents of things such as personal cell phone numbers. Plaintiffs have not raised objection to the PII redactions. In the Court's review, the PII redactions were narrowly and properly made and are sustained. The PII redactions therefore will not be separately addressed in each ruling on a privileged document.

Defendants redacted on the basis of an asserted privilege 14 documents.

The combined total for September 13, 2020 was 139 documents.

For the September 18, 2020 production:

Defendants produced to Plaintiffs 657 documents.

Defendants withheld in full on the basis of an asserted privilege 433 documents.

Defendants redacted on the basis of an asserted privilege 568 documents.

The combined total for the September 18 production was 1,658 documents.

Where defendants asserted a privilege, there are just 3 redacted documents where the only privilege asserted was the attorney-client privilege. *See* Order on Attorney-Client Privilege, ECF 174. There are 19 documents in which defendants asserted both the attorney-client and deliberative process privilege. For the approximately 1063 other privilege assertions, the *only* privilege asserted is the deliberative process privilege. In other words, the deliberative process privilege is far and away the most important evidentiary issue before the Court at this phase of the case.

The parties set forth their views on the applicable legal standard in briefs at ECF 149, 150, 170, and 172. In the interest of time, this order will not repeat each side's statement.

As a general principle, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Defendants' claims of privilege are governed by principles of federal common law. *See* Fed. R. Evid. 501; *see also Kerr v. United States District Court for the N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir.1975). It is well-established that the federal "policy favoring open discovery requires that privileges must be 'strictly construed.'" *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425 (9th Cir.1992) (quoting *University of Pennsylvania. v. EEOC*, 493 U.S. 182, 189 (1990)). The United States Supreme Court has made it clear that an evidentiary privilege is not applied "unless it 'promotes sufficiently

3

important interests to outweigh the need for probative evidence....'" *University of Pennsylvania*, 493 U.S. at 198 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980). "Inasmuch as '[t]estimonial exclusionary rules and privileges contravene the fundamental principles that "the public . . . has a right to every man's evidence,"' *id.* at 50 [internal citation omitted], any such privilege must 'be strictly construed.' 445 U.S. at 50." *University of Pennsylvania*, 493 U.S. at 198.  The deliberative process privilege "'must be strictly confined within the narrowest possible limits consistent with the logic of its principles.'" *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601 (N.D. Cal. 2009) (quoting *K.L. v. Edgar*, 964 F.Supp. 1206, 1208 (N.D. Ill. 1997)).

The deliberative process privilege is a qualified privilege.  *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)); *Desert Survivors v. U.S. Dep't of Interior*, Case No. 16-cv-1165 JCS, 2017 WL 1549374, at *2-3 (N.D. Cal. May 1, 2017).  To qualify for protection under the deliberative process privilege, a document must be both (1) "predecisional," that is, "generated before to the adoption of agency's policy or decision" and (2) "deliberative," meaning that it contains opinions, recommendations or advice about agency policies.  *Warner*, 742 F.2d at 1161.  The privilege does not cover "[p]urely factual material that does not reflect the deliberative process." *Id.* (citation omitted).  On the other hand, the privilege applies where the "factual material is so interwoven with the deliberative material that it is not severable." *Id.* (citing *Binion v. Department of Justice*, 695 F.2d 1189, 1193 (9th Cir. 1983)).

In *Coastal States*, the court described the purposes of the deliberative process privilege as follows:
> The privilege has a number of purposes: it serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and

4

> misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Coastal States*, 617 F.2d at 854, 866 (D.C. Cir. 1980).

Because the deliberative process privilege is a qualified privilege, a party may obtain disclosure of deliberative materials if it can establish that the need for the materials to allow for accurate fact-finding outweighs the government's interest in non-disclosure. *Warner*, 742 F.2d at 1161 (citing *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976)); *United States v. American Telephone and Telegraph Co.*, 524 F. Supp. 1381, 1386 n.14 (D.D.C. 1981)). The Ninth Circuit in *Warner* set forth four non-exclusive factors that may be considered in determining whether the litigant has met this requirement: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* (citations omitted). "Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

The parties generally agree that the following requirements must be met by the party asserting the privilege: "(1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation of why it properly falls within the scope of the privilege.'" *See Coleman v. Schwarzenegger*, Case No. 01-cv-1351, 2008 WL 2237046, at *4 (N.D. Cal., E.D. Cal. May 29, 2008).

We finally turn to discuss the disputed deliberative process documents asserted by the defendants and challenged by the plaintiffs in this case. There are two central issues in dispute: (1) are the documents "predecisional"; and (2) are the documents "deliberative"?

As to predicisional, the key question is the date of the decision. Communications made after that date would not be predecisional. Materials are considered "predecisional" if "prepared in order to assist an agency decisionmaker in arriving at his decision." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (citation omitted). A document prepared to support a decision already made is by definition not "predecisional." *See Fishermen's Finest, Inc. v. Gutierrez*, 2008 WL 2782909, at *2 (W.D. Wash. July 14, 2008).

Here, we find that anything after July 29, 2020, was mere implementation of the Secretary of Commerce's decision and, thus, does not fall within the deliberative process privilege. We reach this conclusion after considering all the information submitted, but with particular focus on Defendants' admission in the declaration of Albert E. Fontenot, Jr., Associate Director of the Decennial Census Programs, filed in opposition to the motion for a temporary restraining order, ECF 81-1, filed Sept. 4, 2020. In the Fontenot declaration, ¶ 81, he testified that on or before July 29, the Secretary made the decision to complete the count by December 31, and "directed" the Census Bureau staff to "present a plan" to "meet th[at] deadline." Fontenot Decl. ¶ 81, ECF 81-1. The limited documents produced corroborate Fontenot's testimony as to the timing of the decision. *See, e.g.*, Doc. 11974 (July 30 email referencing "September 30" and the change to the website, and that Bureau "provided new operational guidance this morning" and that "'acceleration' essentially has been taking place in the last 12 hours"); Doc. 10066-67 (Fontenot indicating that "Replan" was negotiated by July 31 and merely reduced to "a deck over the weekend"); Doc. 8554-89 (July 30 email chain and attachments regarding "GAO request around our replan"). Defendants argue that these documents are not relevant if they came after the Secretary's July 29 call to action. ECF 172. That is an argument that they may seek to present to Judge Koh at the preliminary injunction hearing. For purposes of our in camera privilege review, we find that the post-July 29 documents are not privileged.

As to deliberation, communications strategies and other factual material that do not

6

reveal the decision maker's predecisional, deliberative mental processes are not protected by the deliberative process privilege and must be segregated and released. *Nat'l Res. Def. Council v. U.S. Dep't of Def.*, 388 F. Supp. 2d 1086, 1106 (C.D. Cal. 2005). Here, many of the documents over which the defendants have claimed privilege are not deliberative in the relevant sense, meaning they do not reflect any deliberation by the Census Bureau on agency decisionmaking. Consider document 7501-06. This is an internal discussion within the Census Bureau in July about a request for information from GAO concerning the reasons for the extension of the census deadlines in the Covid 19 plan that was adopted earlier in the year. There is discussion back and forth in the email thread about what the participants remembered and who needs to approve a response to GAO before it goes out. But the discussion among the participants concerns what to tell GAO about a decision that had already been made. None of the discussion relates to potential decisionmaking by the Census Bureau. The participants are responding to a request for information. This does not satisfy the asserted privilege.

Similarly, in document 1123-1127, pages 1123-1126 are overwhelmingly statements of facts as to the status of operations as of the date of the document. Although the status of operations at this time may be fluid and subject to change, that does not render the facts "deliberative" within the meaning of the privilege. To the extent there are random questions as to potential actions the Bureau may take, the government's interest in protecting those questions in this document is negligible. By contrast, page 1127 is reflective of deliberations as to potential agency action.

Entry by entry rulings on the asserted deliberative process privilege assertions will soon follow. Effective now, this order overrules the defendants' deliberative process privilege assertions as to all documents dated after July 29, 2020, as they are not predecisional. On the annotated September 18 privilege log filed by plaintiffs at ECF 170-1, that means all documents in rows 823 (Doc. 8353) to the last row, 1659, must be produced, except for Doc. 14765, which is shielded by the attorney-client privilege. ECF

7

174. On the annotated September 13 log filed at ECF 170-2, defendants must produce all documents from Doc. 869 to the end of the log.

As time is of the essence with the Census and in preparation for the preliminary injunction hearing, the Court sets a short deadline for defendants' production of these materials. All documents ordered to be produced in this order must be produced and filed in unredacted form (except for redacted PII) by 5:00 p.m. Pacific time today, September 20.

**IT IS SO ORDERED.**

Dated: September 20, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge

_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge