JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
450 Golden Gate Ave., Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION; RENEWED MOTION TO STAY PENDING APPEAL** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants, Commerce Secretary Wilbur L. Ross, Jr., the U.S. Department of Commerce, the Director of the U.S. Census Bureau Steven Dillingham, and the U.S. Census Bureau, by and through undersigned counsel, hereby renew their motion to stay the preliminary injunction entered against Defendants pending their appeal to the U.S. Court of Appeals for the Ninth Circuit and any further review by the U.S. Supreme Court.

## RENEWED MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL

The Acting Solicitor General has authorized an appeal of this Court's Order Granting Plaintiffs' Motion for Stay and Preliminary Injunction ("Order"), ECF No. 208, and Defendants have accordingly filed a Notice of Appeal, ECF No. 210. Defendants had previously requested a stay of any injunction "pending a determination whether to appeal and, if appeal is authorized, a stay pending appeal." ECF No. 196 at 11; *see also* Tr. 9/22/2020 Hr'g at 86:1-5 ("[I]t would be helpful . . . if the Court ruled on a stay at the same time that it issued its decision."). Because the Court did not address that request in its Order, Defendants understand their request to have been implicitly denied. Nevertheless, in an abundance of caution, Defendants now renew their request that the Court stay the preliminary injunction pending a decision from the Ninth Circuit and, if necessary, the Supreme Court, on Defendants' appeal.

Federal Rule of Civil Procedure 62(c) grants district courts discretion to "'suspend, modify, restore, or grant an injunction' during the pendency of the defendant's interlocutory appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (quoting Fed. R. Civ. P. 62(c)). "Deciding whether to grant a stay of a preliminary injunction pending an appeal is an equitable inquiry." *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846, 2012 WL 2527044, at *2 (N.D. Cal. July 2, 2012). In determining whether to grant such a stay, district courts consider four factors: (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (*Nken* requires a showing of irreparable harm, but applies a balancing test showing "that irreparable harm is probable and either: (a) a strong likelihood of success on the

merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor").

Defendants' prior briefing, including their second supplemental brief filed on September 22, 2020, ECF No. 196, and the accompanying supplemental declaration from Associate Director Albert E. Fontenot, ECF No. 196-1, already establishes that Defendants are likely to satisfy each of those factors. In particular, Defendants' second supplemental brief and Mr. Fontenot's declaration detail the serious harms that would come from an order—such as the one the Court has issued—preventing the Census Bureau from completing its field operations by September 30, 2020. Fontenot Supp. Decl. ¶ 22. As Mr. Fontenot stated, "if the Court were to extend the data collection period past September 30, 2020, the Census Bureau's ability to meet its statutory deadlines to produce apportionment counts prior to December 31, 2020 and redistricting data prior to April 1, 2021 would be seriously jeopardized." *Id.* This is a grievous public harm, because it forces the Census Bureau to confront the uncharted territory of missing the reporting deadlines of 13 U.S.C. § 141, which the Bureau has never previously missed. Were the Bureau to miss these deadlines, Congress could well decide to disregard the 2020 census results in conducting apportionment, as it previously did for the 1920 census. *See U.S. Dept. of Commerce v. Montana*, 503 U.S. 442, 451-53 (1992). Given that the operational deadlines the Court enjoined in its Order were specifically designed to enable the Bureau to comply with the non-discretionary command in § 141—and that there is currently no alternative plan for the Bureau to do so—Defendants have a strong likelihood of establishing, on appeal, that setting aside the deadlines was improper. *See, e.g.*, *Klutznick v. Carey*, 449 U.S. 1068 (1980) (staying district court order that would have caused Census Bureau to miss the § 141 deadline); *Klutznick v. Young*, No. A-533 (Dec. 24, 1980) (same). We will not reiterate our points on the merits, which are set out in our briefs before this Court.

For these reasons, Defendants respectfully renew their September 22, 2020, request that the Court stay the preliminary injunction pending resolution of Defendants' appeal or expressly state that the requested stay has been denied. Given the recognized need for expedition, in the absence of relief from the Court, Defendants intend to seek a stay from the Court of Appeals later

1  today.  Counsel for Defendants contacted counsel for Plaintiffs shortly before filing this motion;
2  Plaintiffs' counsel indicated that Plaintiffs oppose the request.

4  DATED:  September 25, 2020                    Respectfully submitted,

                                                 JEFFREY BOSSERT CLARK
                                                 Acting Assistant Attorney General

                                                 ALEXANDER K. HAAS
                                                 Branch Director

                                                 DIANE KELLEHER
                                                 BRAD P. ROSENBERG
                                                 Assistant Branch Directors

                                                 */s/ M. Andrew Zee*
                                                 M. ANDREW ZEE (CA Bar No. 272510)
                                                 ALEXANDER V. SVERDLOV
                                                    (New York Bar No. 4918793)
                                                 Trial Attorneys
                                                 U.S. Department of Justice
                                                 Civil Division - Federal Programs Branch
                                                 450 Golden Gate Ave., Room 7-5395
                                                 San Francisco, CA 94102
                                                 Telephone: (415) 436-6646

                                                 *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

*/s/ M. Andrew Zee*
M. ANDREW ZEE