JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DECLARATION OF JAMES T. CHRISTY** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

I, James T. Christy, make the following Declaration pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. This is my fourth declaration in this lawsuit. I am making this declaration in response to the Court's directive at the September 28, 2020 case management conference that Defendants provide a declaration describing guidance that was sent by the Census Bureau to the field in response to the Court's Temporary Restraining Order ("TRO") and its Preliminary Injunction.

2. On Saturday evening, September 5, 2020, following the Court's entry of the TRO, I sent notification to all field data collection managers working on the 2020 Census via email that "…a federal district court for the Northern District of California issued a temporary restraining order at 9:29 PM EDT on 9/5/2020 in the case of National Urban League v. Ross, No. 20-05799." In this notice, I advised that "The Bureau and the Department are also in the process of preparing additional guidance and will distribute that guidance shortly." *See* ECF No. 86, Att. A.

3. On Monday morning, September 7, 2020 (12:02am Eastern), I sent the attached document "Guidance for Field Managers related to Action Required following the 9/5 Court Order" ("Guidance") to the Associate Director for Field Operations, the 6 Regional Directors, the Chief of the Field Division and the Director of the National Processing Center. I instructed them not to share the Guidance until we had a chance to discuss it later that morning. *See* ECF No. 86, Att. B.

4. At 10:00am Eastern on Monday morning, September 7, 2020, I held a call with the Regional Directors, the Chief of the Field Division and the Director of the National Processing Center to discuss the Guidance. The Associate Director for Field Operations also joined that call. I walked through the Guidance in detail, confirmed with each person that they understood the guidance, and answered questions posed about the Guidance. I advised them this information would be shared with their operational management staff in a call at 11:00am Eastern the same day.

5. At 10:30am Eastern on Monday (9/7/2020), I held a call with the senior management team at Field Headquarters to discuss the Guidance. This included the Chief of Field Division, the Deputy Chief of Field Division, and the Assistant Division Chiefs in the Field Division who oversee the implementation of field data collection activities. I forwarded the Guidance for them to review in advance of this meeting.

   I walked through the Guidance in detail, confirmed with each person that they understood the guidance, and answered questions posed about the Guidance. I advised them this information would be shared with their operational management staff in the regions on a call at 11:00am Eastern the same day.

6. At 11:00am Eastern on Monday (9/7/2020), I joined a previously scheduled call with all regional data collection managers to discuss the Guidance. The regional data collection managers include the people in the regional census centers responsible for oversight and management of the data collection activities in the Area Census Offices. This includes the Regional Directors, the Deputy Regional Directors, the Assistant Regional Census Managers and the Area Managers. The Guidance was attached to the meeting invite and distributed via email before the call.

   I walked through the Guidance in detail, confirmed with each person that they understood the guidance, and answered questions posed about the Guidance.

7. Since delivering the Guidance, I have had numerous conversations about the Guidance with managers at many levels in the regions and at Headquarters. This includes daily meetings with Regional Directors, daily meetings with regional managers and with the senior management team in Field Division. In these conversations, I have stressed the importance of following the Guidance to ensure compliance with the Court's orders.

8. As outlined in the second declaration I submitted to the Court on September 16, 2020, ECF No. 127-1, I sent the attached reminder email (Attachment 1) on Wednesday, September 16 at 7:46am Eastern to the Regional Directors, instructing them to remind field managers under their direction of their obligations under the Temporary Restraining Order and the Guidance for Field Managers Relating to Action Required

Following the 9/5 Court Order. I attached the previously issued Guidance to the reminder email for reference.

9. On Thursday, September 17, at 8:33pm Eastern, I sent notification to Regional Directors and Senior Staff in the Field Directorate of the Court-ordered extension of the Temporary Restraining Order. A copy of this email is attached as Attachment 2. Also attached to the email was the Court's Order Extending TRO, ECF No. 142, and a copy of the Guidance.

10. On Friday, September 18 at 10:30am Eastern, I participated in a conference call with all regional data collection managers to explain the extension of the TRO and to emphasize that the previous guidance remained in effect. I instructed the staff to ensure this information was communicated to the Area Census Office managers. A copy of the TRO Extension Order and the Guidance were attached to the agenda. *See* Attachment 3.

11. Following receipt of the Court's September 24, 2020, Preliminary Injunction, I joined a conference call on Friday, September 25 at 10:30am Eastern with all regional data collection managers to discuss the issuance of the order, to confirm that it stayed the Replan's September 30 deadline for the completion of data collection, and to let staff know they should continue working on the NRFU operation. A copy of the agenda for this call is attached as Attachment 4.

12. Later on Friday, September 25 at 3:23pm Eastern, I sent an email to all managers working on field operations at Headquarters and in the regions notifying them of our obligation to comply with the Court's Preliminary Injunction. Attached as Attachment 5 is a copy of the email.

13. At 5:00pm Eastern on Friday, September 25, I briefed the Regional Directors and the Chief of Field Division via a conference call on the Preliminary Injunction, emphasizing the stay of the Replan's September 30 deadline and that I was awaiting additional guidance. I directed the Regional Directors and the Chief of Field Division

to continue to complete Non Response Follow Up operations and said I would forward information as soon as it was available.

14. On Monday, September 28, I instructed staff to send a text message to all Decennial field staff (Enumerators and CFSs). This text message was sent at 12:56am Eastern on September 29. Here is the content of that text message: "A federal district court issued a preliminary injunction on 9/24. The Census Bureau is complying with the Court's Order which moves the finishing date for NRFU operations after September 30. The Secretary announced today that NRFU operations will finish on October 5. We will post updated guidance on the content locker." The "content locker" is a viewable folder where field staff can see documents from the government-provided device.

15. On Tuesday, September 29, I plan to post the Preliminary Injunction Order where Decennial field staff (Enumerators and Census Field Supervisors) can access and read the order on their government device. I also plan to provide information to field staff, directing them to contact the Commerce Department Office of Inspector General if they believe the Census Bureau is acting in violation of the Order, in an effort to help address the Court's concerns.

I have read the foregoing and it is all true and correct.

DATED this _29th_ day of September, 2020

_____

James T. Christy

Assistant Director for Field Operations

United States Bureau of the Census