LATHAM & WATKINS LLP
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Amit Makker (Bar No. 280747)
    amit.makker@lw.com
  Shannon D. Lankenau (Bar No. 294263)
    shannon.lankenau@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

LATHAM & WATKINS LLP
  Richard P. Bress (*pro hac vice*)
    rick.bress@lw.com
  Melissa Arbus Sherry (*pro hac vice*)
    melissa.sherry@lw.com
  Anne W. Robinson (*pro hac vice*)
    anne.robinson@lw.com
  Tyce R. Walters (*pro hac vice*)
    tyce.walters@lw.com
  Genevieve P. Hoffman (*pro hac vice*)
    genevieve.hoffman@lw.com
  Gemma Donofrio (*pro hac vice*)
    gemma.donofrio@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
  Kristen Clarke (*pro hac vice* forthcoming)
    kclarke@lawyerscommittee.org
  Jon M. Greenbaum (Bar No. 166733)
    jgreenbaum@lawyerscommittee.org
  Ezra D. Rosenberg (admitted *pro hac vice*)
    erosenberg@lawyerscommittee.org
  Dorian L. Spence (*pro hac vice* forthcoming
    dspence@lawyerscommittee.org
  Ajay P. Saini (admitted *pro hac vice*)
    asaini@lawyerscommittee.org
  Maryum Jordan (Bar No. 325447)
    mjordan@lawyerscommittee.org
  Pooja Chaudhuri (Bar No. 314847)
    pchaudhuri@lawyerscommittee.org
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Additional counsel and representation information listed in signature block*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., et al., <br><br> Defendants. | CASE NO. 5:20-cv-05799-LHK <br><br> **PLAINTIFFS' STATEMENT IN ADVANCE OF THE SEPTEMBER 29 HEARING** <br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom 8 <br> Judge: Hon. Lucy H. Koh |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

As the Court noted in its September 28, 2020 Order to Produce the Administrative Record (Dkt. 225), two minutes prior to the start of the Court's Case Management Conference, Defendant U.S. Census Bureau tweeted that "The Department of Commerce has announced a target date of October 5, 2020 to conclude the 2020 Census self-response and field data collection operations." @USCensusBureau, https://twitter.com/uscensusbureau/status/1310685274104569856. Defendants were aware that this announcement was forthcoming before the hearing; Plaintiffs and the Court had no time to react and respond. Having now had 24 hours to consider this latest development, and in advance of this afternoon's hearing, Plaintiffs note the following:

1. This case is and has always been about the Replan's accelerated timelines for conducting the 2020 Census. *See* Compl. (Dkt. 1) ¶ 1 ("This lawsuit challenges the unconstitutional and illegal decision by Secretary of Commerce Wilbur Ross, and Census Bureau (the 'Bureau') Director Steven Dillingham, to sacrifice the accuracy of the 2020 Census by forcing the Census Bureau to compress eight and a half months of vital data-collection and data-processing into four and a half months, against the judgment of the Bureau's staff and in the midst of a once-in-a-century pandemic."); Proposed Order (Dkt. 36-1) at 1 ("The U.S. Census Bureau's August 3, 2020 Plan and shortened timeline for accomplishing the 2020 United States Census ("Rush Plan"), is stayed, pursuant to 5 U.S.C. § 705); 9/22/20 Tr. 23:21-24:5 (Dkt. 207) ("So I want to be clear about this. Our APA action challenges the timelines in the Replan.").

2. This Court's decision granting the stay and preliminary injunction was also all about the Replan's accelerated timelines. As the Court explained, the Replan's timelines shortened the 2020 Census from 71.5 weeks to 49.5 weeks; self-response from 33.5 weeks to 29 weeks; NRFU from 11.5 weeks to 7.5 weeks; and data processing from 26 weeks to 13 weeks. Order Granting Plaintiffs' Motion for Stay and Preliminary Injunction ("PI Order") (Dkt. 208) at 9, 11. The Court found that this "significant compression" of the timelines is what constituted final agency action. *Id.* at 38. And the Court held that Defendants violated the APA by adopting this compressed timeline— for five independently sufficient reasons. *Id.* at 46-74.

3. The remedy the Court adopted was tailored to those APA violations. The Court stayed the Replan's "September 30, 2020 deadline for the completion of data collection and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

December 31, 2020 deadline for reporting the tabulation of the total population to the President," and "enjoined" Defendants from "implementing these two deadlines." PI Order at 78.

4. The legal effect of staying the Replan's accelerated timelines was to "reinstate the rule previously in force." *Organized Village of Kake v. USDA*, 795 F.3d 956, 970 (9th Cir. 2015) (*en banc*); *see Dep't of Homeland Security v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1916 n.7 (2020) (affirming district court judgment vacating recession and restoring DACA program); *NAACP v. Trump,* 298 F. Supp. 3d 209, 245–46 (D.D.C. 2019). The rule previously in force was the COVID-19 Plan which, the Court explained, provided 71.5 weeks for the 2020 Census—as well as a specific number of weeks for self-response, NRFU, and data processing. PI Order 6-7; see also Plaintiffs' Response to Allegations of Noncompliance with Preliminary Injunction at 1 (Court's PI Order "reimposes the Bureau's own prior October 31 deadline for self-response and NRFU") (Dkt. 218).

5. Defendants have been and continue to implement the shortened timelines from the Replan in violation of the Court's orders. Plaintiffs intend to file a separate motion addressing these violations. But for current purposes, Defendants note the most recent. Defendants violated the PI Order by continuing to implement the September 30 Replan deadline by, among other things, declaring as recently as *yesterday* that the "2020 Census will conclude data collection on September 30, 2020." *See* 2020 Census Housing Unit Enumeration Progress by State, https://2020census.gov/content/dam/2020census/news/daily-nrfu-rates/nrfu-rates-report-09-28.pdf

> **2020 Census Housing Unit Enumeration Progress by State**
> The 2020 Census will conclude data collection operations on September 30, 2020. Use this table to keep track of households in your state enumerated across all collection operations.
>
> Report date: 9/28/2020
> As of 9/27/2020, percentage of housing units:
>
> State

This statement is from the Bureau's own website and on a page that has been updated daily. Only after Plaintiffs alerted the Court to this violation did Defendants finally remove the September 30 date.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

6. Yesterday's announcement of an October 5 "target date" to end self-response and field operations is only the latest in that string of violations. The Court's stay and preliminary injunction was intended to remedy the multiple APA violations found—which were all focused on the Replan's accelerated timelines. To the extent Defendants (wrongly) believed that they had free rein to end data collection any time they wanted, so long as it wasn't on September 30, they should have asked this Court for clarification. *See Institute of Cetacean Research v. Sea Sheperd Conservation Society*, 2017 WL 1057644, at *2 (W.D. Wash. March 17, 2017) ("The Supreme Court teaches that when questions arise as to the interpretation or application of an injunction order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt" (internal citations and quotations omitted)). Moreover, Plaintiffs note that the declaration from James T. Christy filed earlier today states that Defendants already notified all Census field staff—via text message—that NRFU operations will end on October 5. Dkt. 234 (Christy Decl. ¶ 14). The fact that Defendants never used such means of communications prior to now—i.e., to make sure all field staff were aware of this Court's prior orders—but only use it to announce a violation of the Court's order, is problematic in and of itself.

7. If any ambiguity still remains, this Court should immediately clarify the scope of the preliminary injunction. Defendants are enjoined from "implementing the Replan's accelerated timelines." And, given Defendants' recent actions, the Court should also make express what is already implicit in the PI order and what was spelled out in the TRO: Defendants cannot "implement or allow to be implemented any actions as a result of the accelerated timelines in the Replan, including but not limited to winding down or altering any Census field operations." Order Granting Motion for Temporary Restraining Order at 7 (Dkt. 84). Because Plaintiffs understand that "closeout procedures" pegged to the new October 5 "target date" are imminent, any such clarification should be effective immediately.

7. All of the above is squarely within the scope of this Court's remedial authority. As discussed during yesterday's hearing, the traditional remedy for an APA violation is a stay (and, ultimately, vacatur), which does not preclude the agency from issuing a new order in compliance with the APA's procedural requirements. *See Monsanto v. Geertson Seed Farms*, 561 U.S. 139,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

159-65 (2010). But that does not mean that the agency can turn around the next day and issue the same decision, or allow the agency to effectively implement its prior invalid rule with a non-substantive tweak that does not remedy any of the defects found. And it certainly does not give an agency license to engage in self-help that would defeat emergency relief needed to prevent irreparable harm. The Secretary's tweet of a new "target date" violates all of those precepts.

8.  The district court's decision in *New York v. United States Department of Commerce*, 351 F. Supp. 3d 502 (S.D.N.Y. 2019), makes exactly this point. There, the court vacated Secretary Ross's decision to add a citizenship question to the 2020 Census *and* granted an injunction. The court explained that vacatur alone was insufficient to redress the plaintiffs' injuries for two reasons. *First*, "Secretary Ross could theoretically reinstate his decision by simply reissuing his memorandum under a new date or by changing the memorandum in some immaterial way." *Id.* at 676. An injunction was needed to make the "vacatur effective, as it prevents Secretary Ross from arriving at the same decision without curing the problems identified" in the court's decision. *Id.* Second, an injunction would "make it easier for Plaintiffs to seek immediate recourse," which was "critical" given the expedited timing. *Id.* The court accordingly enjoined the defendants "from adding a citizenship question to the 2020 census questionnaire based on Secretary Ross's" existing "memorandum or based on any reasoning that is substantially similar to the reasoning contained in that memorandum." *Id.* at 676-77. And the court enjoined the defendants from "adding a citizenship question to the 2020 census questionnaire unless the Secretary" remedied the violations found—which the court specifically listed. *Id.* at 677; *see also State v. Ross*, 358 F. Supp. 3d 965, 1050 (N.D. Cal. 2019) (endorsing and adopting the same reasoning). The same relief is warranted here.

9.  Defendants, for their part, vehemently deny that this is new final agency action subject to independent APA review. But they cannot have it both ways. Either they (purport) to have engaged in reasoned decisionmaking and issued a new final agency action subject to judicial review, or they admit that this is just a new attempt to implement the shortened timelines in the Replan. If the former, Plaintiffs will welcome the opportunity to challenge the "new" decision on its merits or lack thereof. If the latter, Defendants have violated the PI Order and this Court should

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

1  make absolutely clear that any further action in this respect (short of reviewable final agency action)
2  will be treated as such.

6  Dated: September 29, 2020

LATHAM & WATKINS LLP

By: /s/ Melissa Arbus Sherry
    Melissa Arbus Sherry

Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

Richard P. Bress (admitted *pro hac vice*)
rick.bress@lw.com
Melissa Arbus Sherry (admitted *pro hac vice*)
melissa.sherry@lw.com
Anne W. Robinson (admitted *pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (admitted *pro hac vice*)
tyce.walters@lw.com
Genevieve P. Hoffman (admitted *pro hac vice*)
genevieve.hoffman@lw.com
Gemma Donofrio (admitted *pro hac vice*)
gemma.donofrio@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

*Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 29, 2020 | By: /s/ Jon M. Greenbaum |
| | | Kristen Clarke (*pro hac vice* forthcoming) |
| 3 | | kclarke@lawyerscommittee.org |
| | | Jon M. Greenbaum (Bar No. 166733) |
| 4 | | jgreenbaum@lawyerscommittee.org |
| | | Ezra D. Rosenberg (admitted *pro hac vice*) |
| 5 | | erosenberg@lawyerscommittee.org |
| | | Dorian L. Spence (*pro hac vice* forthcoming) |
| 6 | | dspence@lawyerscommittee.org |
| | | Maryum Jordan (*pro hac vice* forthcoming) |
| 7 | | mjordan@lawyerscommittee.org |
| | | Ajay Saini (admitted *pro hac vice*) |
| 8 | | asaini@lawyerscommitee.org |
| | | Pooja Chaudhuri (Bar No. 314847) |
| 9 | | pchaudhuri@lawyerscommittee.org |
| | | **LAWYERS' COMMITTEE FOR CIVIL** |
| 10 | | **RIGHTS UNDER LAW** |
| | | 1500 K Street NW, Suite 900 |
| 11 | | Washington, DC 20005 |
| | | Telephone:  202.662.8600 |
| 12 | | Facsimile:  202.783.0857 |
| 13 | | |
| | | *Attorneys for Plaintiffs National Urban League;* |
| 14 | | *City of San Jose, California; Harris County,* |
| | | *Texas; League of Women Voters; King County,* |
| 15 | | *Washington; Black Alliance for Just* |
| | | *Immigration; Rodney Ellis; Adrian Garcia; the* |
| 16 | | *NAACP; and Navajo Nation* |
| 17 | | |
| | | Wendy R. Weiser (admitted *pro hac vice*) |
| 18 | | weiserw@brennan.law.nyu.edu |
| | | Thomas P. Wolf (admitted *pro hac vice*) |
| 19 | | wolf@brennan.law.nyu.edu |
| | | Kelly M. Percival (admitted *pro hac vice*) |
| 20 | | percivalk@brennan.law.nyu.edu |
| | | **BRENNAN CENTER FOR JUSTICE** |
| 21 | | 120 Broadway, Suite 1750 |
| | | New York, NY 10271 |
| 22 | | Telephone: 646.292.8310 |
| | | Facsimile: 212.463.7308 |
| 23 | | |
| | | *Attorneys for Plaintiffs National Urban League;* |
| 24 | | *City of San Jose, California; Harris County,* |
| | | *Texas; League of Women Voters; King County,* |
| 25 | | *Washington; Black Alliance for Just* |
| | | *Immigration; Rodney Ellis; Adrian Garcia; the* |
| 26 | | *NAACP; and Navajo Nation* |
| 27 | | |
| | | Mark Rosenbaum (Bar No. 59940) |
| 28 | | mrosenbaum@publiccounsel.org |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

|   |   |   |
|---|---|---|
| 1 | | **PUBLIC COUNSEL** |
| 2 | | 610 South Ardmore Avenue |
|   | | Los Angeles, California 90005 |
| 3 | | Telephone:  213.385.2977 |
|   | | Facsimile:  213.385.9089 |
| 4 | | |
|   | | *Attorneys for Plaintiff City of San Jose* |
| 5 | | |
|   | | Doreen McPaul, Attorney General |
| 6 | | dmcpaul@nndoj.org |
|   | | Jason Searle (*pro hac vice* forthcoming) |
| 7 | | jasearle@nndoj.org |
|   | | **NAVAJO NATION DEPARTMENT OF** |
| 8 | | **JUSTICE** |
|   | | P.O. Box 2010 |
| 9 | | Window Rock, AZ 86515 |
|   | | Telephone: (928) 871-6345 |
| 10 | | |
|   | | *Attorneys for Navajo Nation* |
| 11 | | |
| 12 | Dated: September 29, 2020 | By: /s/ Danielle Goldstein |
|   | | Michael N. Feuer (Bar No. 111529) |
| 13 | | mike.feuer@lacity.org |
|   | | Kathleen Kenealy (Bar No. 212289) |
| 14 | | kathleen.kenealy@lacity.org |
|   | | Danielle Goldstein (Bar No. 257486) |
| 15 | | danielle.goldstein@lacity.org |
|   | | Michael Dundas (Bar No. 226930) |
| 16 | | mike.dundas@lacity.org |
|   | | **CITY ATTORNEY FOR THE CITY OF** |
| 17 | | **LOS ANGELES** |
|   | | 200 N. Main Street, 8th Floor |
| 18 | | Los Angeles, CA 90012 |
|   | | Telephone: 213.473.3231 |
| 19 | | Facsimile: 213.978.8312 |
| 20 | | |
|   | | *Attorneys for Plaintiff City of Los Angeles* |
| 21 | | |
| 22 | Dated: September 29, 2020 | By: /s/ Michael Mutalipassi |
|   | | Christopher A. Callihan (Bar No. 203010) |
| 23 | | legalwebmail@ci.salinas.ca.us |
|   | | Michael Mutalipassi (Bar No. 274858) |
| 24 | | michaelmu@ci.salinas.ca.us |
|   | | **CITY OF SALINAS** |
| 25 | | 200 Lincoln Avenue |
|   | | Salinas, CA 93901 |
| 26 | | Telephone: 831.758.7256 |
|   | | Facsimile: 831.758.7257 |
| 27 | | |
|   | | *Attorneys for Plaintiff City of Salinas* |
| 28 | | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

| | |
|---|---|
| Dated: September 29, 2020 | By: */s/ Rafey S. Balabanian*<br>Rafey S. Balabanian (Bar No. 315962)<br>rbalabanian@edelson.com<br>Lily E. Hough (Bar No. 315277)<br>lhough@edelson.com<br>**EDELSON P.C.**<br>123 Townsend Street, Suite 100<br>San Francisco, CA 94107<br>Telephone: 415.212.9300<br>Facsimile: 415.373.9435<br><br>Rebecca Hirsch (admitted *pro hac vice*)<br>rebecca.hirsch2@cityofchicago.org<br>**CORPORATION COUNSEL FOR THE CITY OF CHICAGO**<br>Mark A. Flessner<br>Stephen J. Kane<br>121 N. LaSalle Street, Room 600<br>Chicago, IL 60602<br>Telephone: (312) 744-8143<br>Facsimile: (312) 744-5185<br><br>*Attorneys for Plaintiff City of Chicago* |
| Dated: September 29, 2020 | By: */s/ Donald R. Pongrace*<br>Donald R. Pongrace (*pro hac vice* pending)<br>dpongrace@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2001 K St., N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 887-4000<br>Facsimile: 202-887-4288<br><br>Dario J. Frommer (Bar No. 161248)<br>dfrommer@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA  90067-6022<br>Phone:  213.254.1270<br>Fax: 310.229.1001<br><br>*Attorneys for Plaintiff Gila River Indian Community* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT IN ADVANCE OF THE
SEPTEMBER 29 HEARING

Dated: September 29, 2020

By: */s/ David I. Holtzman*
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## **ATTESTATION**

I, Melissa Arbus Sherry, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: September 29, 2020

**LATHAM & WATKINS LLP**

By: */s/ Melissa Arbus Sherry*
Melissa Arbus Sherry