JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
450 Golden Gate Ave., Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' PRIVILEGE OBJECTIONS** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

As directed by the Court, ECF No. 236, Defendants provide the following response to Plaintiffs' attempts to strip the applicable privileges from the four documents that appear on Defendants September 29, 2020 privilege log, ECF No. 232-1, and which are described in the Declaration of Brian DiGiacomo, ECF No. 232-2. Initially, Plaintiffs never should have been given an opportunity to review a purported "administrative record" for the Secretary's September 28, 2020 announcement of a schedule adjustment to field operations, let alone the opportunity to strip the Government's privileges from these documents. There is no claim in this case challenging that announcement, nor any motion pending before the Court that would properly put these documents at issue. Even if the announcement were viewed as bearing on compliance with a preliminary injunction, Defendants are not aware of any process for which an "administrative record" need be produced in that posture. This alone should defeat any privilege objection that Plaintiffs have made.

In any event, Plaintiffs' challenges are unavailing. Defendants asserted deliberative process privilege over an email thread, "RE: Thank you and question". In this email thread, the Secretary of Commerce sought, expressly, confirmation of the "opinion" of senior officials in the Commerce Department and Census Bureau related to alternative timing options for ending field data collection. Census Bureau Deputy Director Ron Jarmin responded with the requested information, stating that field work needed to finish on October 5, 2020 in order to complete timely data processing. The redactions cover additional, contingent information offered by Dr. Jarmin for the Secretary's consideration, but which does not relate to a target date for completion of field operations. As Mr. DiGiacomo explains, disclosing this kind of information could cause confusion by releasing rationales that were not the basis for the Secretary's decision on the target date. ECF No. 232-1, ¶ 11. Notably, Plaintiffs do not dispute the privilege itself, but rather claim that the privilege should be overcome based on a purported need for the information. ECF No. 242 at 2. But the redacted information does not bear on the target date for completing field operations and is, instead, supplemental information offered for the Secretary's consideration regarding other aspects of the 2020 Census not relevant here. *See FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Moreover, Plaintiffs do not even articulate *why* they purportedly need this

1  information, instead speculating with no basis that the privileged information "very well may"
2  vindicate their apparent position.  ECF No. 242 at 2.  And, in any event, there is ample other
3  evidence available for Plaintiffs to make whatever case they wish to concerning the October 5
4  target date.  *See* ECF No. 233 (Defendants' production of documents).

5  Plaintiffs' challenges to the attorney-work product and attorney-client privileges fare no
6  better.  The documents in which Defendants invoke the work-product privilege were prepared
7  following this Court's entry and extension of the Temporary Restraining Order and the Court's
8  Preliminary Injunction.  These documents, which reflect the views of Department of Commerce
9  attorneys, were definitionally "prepared in anticipation of litigation or for trial" by a party's
10 representative, such that they are subject to the attorney-work product privilege.  *In re Cal. Pub.*
11 *Utils. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989) (internal quotation marks removed).

12 Plaintiffs also claim that redactions covering the substance of attorney-client advice lose
13 their protection simply because no attorneys are listed on the privilege log.  ECF No. 242 at 1.
14 That is not within earshot of the law.  The attorney-client privilege protects "the *substance* of
15 communications," not just the communications themselves.  *United States v. (Under Seal)*, 748
16 F.2d 871, 874 (4th Cir. 1984) (emphasis added); *see In re Grand Jury Investigation*, 974 F.2d
17 1068, 1070 (9th Cir. 1992) (noting that the privilege protects "an attorney's advice in response to"
18 a client's inquiry).  So the key question is: "does the document in question reveal, directly or
19 indirectly, the substance of a confidential attorney-client communication"?  *Smithkline Beecham*
20 *Corp. v. Apotex Corp.,* 193 F.R.D. 530, 534 (N.D. Ill. 2000).  Here, the answer is clearly yes.  In
21 fact, these redactions go to the very heart of the privilege, which is meant to "encourage full and
22 frank communication between attorneys and their clients and thereby promote broader public
23 interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449
24 U.S. 383, 389 (1981).  The document itself references "The Office of General Counsel," the
25 privilege log explains that the redactions contain "confident[ial] legal advice . . . regarding the
26 Census Bureau's proposed options," and Mr. DiGiacomo's declaration explains that the redacted
27 information "express[es] legal conclusions reached by DOC attorneys."   ECF No. 232-2, ¶ 14.
28 Nothing more can be required if the attorney-client privilege is to mean anything.

| | |
|---|---|
| DATED:  September 29, 2020 | Respectfully submitted, |
| | |
| | JEFFREY BOSSERT CLARK |
| | Acting Assistant Attorney General |
| | |
| | ALEXANDER K. HAAS |
| | Branch Director |
| | |
| | DIANE KELLEHER |
| | BRAD P. ROSENBERG |
| | Assistant Branch Directors |
| | |
| | */s/ M. Andrew Zee* |
| | M. ANDREW ZEE (CA Bar No. 272510) |
| | ALEXANDER V. SVERDLOV |
| |   (New York Bar No. 4918793) |
| | Trial Attorneys |
| | U.S. Department of Justice |
| | Civil Division - Federal Programs Branch |
| | 450 Golden Gate Ave., Room 7-5395 |
| | San Francisco, CA 94102 |
| | Telephone: (415) 436-6646 |
| | |
| | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

*/s/ M. Andrew Zee*
M. ANDREW ZEE