UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>　　　　　Defendants. | Case No. 20-cv-05799 LHK<br><br>**ORDER AFTER IN CAMERA REVIEW OF DOCUMENTS IDENTIFIED ON DEFENDANTS' SEPTEMBER 29 PRIVILEGE LOG** |

　　　　This order sets forth our rulings on evidentiary privileges asserted by defendants in a privilege log filed earlier today at ECF 232 and supplemented at ECF 240. A declaration from Brian D. DiGiacomo accompanied the log. ECF 232-2. We ordered in camera submission of the privileged documents and the defendants complied. ECF 236. Plaintiffs then objected to the privilege assertions and defendants replied. ECF 242, 246.

　　　　The September 29 log is the third privilege log filed by defendants in this case. The log accompanies documents produced by the defendants on this same date and filed at ECF 233. In summary, this production relates to September 28, 2020, announcements by the U.S. Census Bureau and Commerce Secretary Wilbur Ross of a "target date" of October 5, 2020, "to conclude 2020 Census self-response and field data operations." *See* ECF 225

1  (Order to Produce Admin. Record).

2  In prior rulings, we set forth the applicable legal standard framing our analysis of
3  the asserted privileges for the attorney-client privilege (ECF 174) and the deliberative
4  process privilege (ECF 179).  We apply that same analysis here to the documents
5  identified on the September 29 privilege log.

6  There are four documents identified on the September 29 log.  ECF 232, 240.  All
7  four of the privilege assertions are as to redacted portions of documents in the September
8  29 production.  We sustain the minimal redactions of PII in the production.  We also find
9  that the assertions of attorney-client and work product privilege as to redacted portions of
10 three documents were properly made.  We sustain the privilege assertions as to these three
11 documents.

12 The final redacted document is a September 28, 2020, email chain that included
13 Secretary Ross.  Defendants assert the deliberative process privilege as to portions of the
14 email chain.  The file is titled "Thank you and question" on the privilege log.

15 Applying the balancing test of *FTC v. Warner Comm'ns Inc.*, 742 F.2d 1156, 1161
16 (9th Cir. 1984), we find that defendants' privilege assertion is outweighed by plaintiffs'
17 need for this information.   To this moment, defendants have produced little if any
18 documentation of a reasonable and thoughtful administrative process leading to their
19 announcement of the October 5 date.  Defendants also have not directed us to other
20 comparable evidence in the record.  *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d
21 1118, 1122 (N.D. Cal. 2003) (availability of comparable evidence from sources other than
22 the government is "perhaps the most important factor in determining whether the
23 deliberative process privilege should be overcome").

24 As a consequence, we overrule the deliberative process privilege assertion as to the
25 September 28 "Thank you and question" email chain.  Defendants must produce and file
26 this document in unredacted format by 9:00 p.m. Pacific time tonight, September 29.

**IT IS SO ORDERED.**

Dated: September 29, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge

_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge