Declaration of Gregory Dillon responding to ECF-244

I am the same Gregory Dillon who submitted the declaration filed as ECF-222

Mr. Christy of the Census  responded to court orders directing defendants to respond to communications with the court  with a declaration at ECF-241.1,   Paragraphs 13 to 17 cover my declaration,   I am compelled to reply.

At paragraphs 13, Mr. Christy states what appears to be a term of art, "release date," I do not know what a "release date" signifies in context.   I did not use that term in my declaration.  I feel contrary to good processes and fairness that I should need to speculate what is meant by "release date" when I did not use that term, but given the time exigency, what choice do I have?  See also Paragraph 17 for Mr Christy's second use of release date, nevertheless it does sound in ending a relationship.

Temporary Census employees are given temporary contracts with a Not to Exceed Date  NTE date.  Extensions of NTE dates are  memorialized in SF-50's Notice of Personnel Action, and appear to be routine while there is continuing work.    In May my NTE date was extended to July with an official SF-50  (Attached).   Similarly, in July my NTE date was again extended to September with an official SF-50 (Attached)   And with an official SF-50 on September 12 my NTE date was extended to November  ( Attached)

  ( I ask that to the extent the SF-50 may be entered into the public record, to please redact all the boxes after 7 for privacy and the irrelevance of hourly wage. )

While the court may wish to state if the census is allowed to  "release" employees by operation of expiring NTE dates while under the court's preliminary injunction, in this case there can be no real question that my contract had just been extended and memorialized by a SF-50.

Para 13 - 16 of the Christy ECF-241  declaration informs that he did not intend that Census Field Supervisors and enumerators  would be told of the court's TRO and PI Orders,  Paragraph 16  describes that Mr Christy "confirmed: that the "properly notified" process was followed and the "proper"  distribution list excluded CFS,  listing just manager level.

In my ECF - 222  declaration , I described that the Census sent out various  text message notifications through the iPhone  Hub application for the suggestion that it could be efficiently used to inform the field field workers of the operation of the Preliminary Injunction.  It appears that suggestion was acted upon, in that the Hub application was used to widely distribute the new Date

Mr Christy used an inconsistent date for the end of Service Based enumeration with what is on the Cenus website.   His declaration states "the Group Quarters operations were completed on the planned pre-Replan schedule for Group Quarters. The final operation, the Service-Based Enumeration, finished on September 24, 2020."  Paragraph 17.   The final RePlan date currently

shown on the Census website of September 28.   (Bottom right corner of screencap, Enumerations at Transitory Location).

### Operational Timelines: Original and Pandemic-Adjusted

| Activity / Operation | Original Dates | Replan Dates |
|---|---|---|
| Update Leave (Stateside) | March 15 – April 17 | Phased re-opening occurred between May 4 and June 12 |
| Service Based Enumeration | March 30 – April 1 | September 22 – 24 |
| Targeted Non-Sheltered Outdoor Locations | March 31 – April 1 | September 23 – 24 |
| Group Quarters Enumeration | April 2 – June 5 | April 2 – September 3 |
| Enumeration of Transitory Locations | April 9 – May 4 | September 3 – 28 |

https://2020census.gov/content/dam/2020census/materials/news/2020-operational-plan-schedule-review.pdf  Accessed September 30, 2020

September 28 is also consistent with the dates that SRO were scheduled to be enumerated on when this work was assigned in San Francisco,  As CFS we were asked to move those dates forward with urgency.

This morning, September 30, 2020  I emailed the lead counsels of defendants with copies to the lead counsel to plaintiffs to provide my personal telephone number=.  Additionally I offered to .provide names to individuals that I identified only by titles in ECF-222 out of concern for their privacy, so that they could more efficiently and completely respond to the concerns that I had raised about cutting corners contrary to instructions of the long approved manuals for enumerators and CFS on how to conduct processes.  They have not contacted me.

I declare that what I describe here is true and correct, and I could truthfully testify to the same.  And additionally  that the copies of the SF-50 attached with this email are true and correct.


             /s/
_____                             September 30, 2020
Gregory   Dillon                                 San Francisco, CA