JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al*., | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

This Court should reject the Plaintiffs' request for a temporary restraining order that will only cause chaos and confusion during these critical days of census field operations.

*First*, Plaintiffs' request is procedurally improper.  Plaintiffs yesterday told this Court that "Plaintiffs just want Defendants to follow this Court's orders."  ECF No. 265 at 1.  But now, just a few hours later, Plaintiffs ask this Court for an entirely new set of orders that go far beyond this Court's injunction and are not well thought out:  they request a mandatory injunction that, among other things, prevents "any data collection or data processing timelines that are shorter than those contained in the COVID-19 Plan" and that requires the Commerce Department to tell "all of their employees . . . that the October 5 date is not operative."  ECF No. 279-1 at 1.  Just a week ago, however, Plaintiffs agreed that a mandatory order like that was beyond this Court's power, and this Court agreed.  *See* ECF No. 208 at 77 ("Our APA action challenges the timelines in the replan.  It is very discrete in that respect"); Tr. 23 (Sept. 24, 2020) (same).  As Plaintiffs said last week, they are "not asking the Court to decide how much time is really needed" and "not asking [the Court] to propose an alternate timeline."  Tr. 30 (Sept. 24, 2020).  Plaintiffs were right last week: this Court cannot enter an order like this in an APA challenge, but can only evaluate and set aside discrete final agency action.[1]  *See Motor Vehicl Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 41 (1983) (under APA § 706(2)(A), an "agency's action . . . may be set aside if found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'").  And they cannot request such an order now that they have agreed such relief is inappropriate, much less with virtually no notice or opportunity to respond during the most critical days of census field operations.

*Second*, Plaintiffs now request relief that goes well beyond the scope of the preliminary injunction entered last week and that is therefore beyond this Court's jurisdiction.  Last week, this Court held that it was only enjoining two specific deadlines that were part of the replan—the "September 30, 2020 deadline for the completion of data collection and December 31, 2020 deadline for reporting the tabulation."  ECF No. 208 at 78.  But now Plaintiffs ask that this Court

---

[1] This assumes that the Court has before it any form of final agency action and that this case is a proper APA suit.  It is not, but we will not repeat those arguments here.

enjoin "any data collection or data processing timelines that are shorter than those contained in the COVID-19 Plan." This is an attempt to radically modify the preliminary injunction, and this Court lacks jurisdiction to do so now that the injunction is on appeal. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867 (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties.") (citing *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982)); *see also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Importantly, this Court's injunction made plain that it "in no way intends to manage or direct the day-to-day operations of" the Census—and it is those operations that led the Secretary to conclude that an October 5 target was appropriate given the progress of field operations.

*Third*, Plaintiffs now request that this Court enjoin the October 5 target date, but Plaintiffs conceded at this Court's hearing on Monday that the operative complaint needed to be amended to challenge the October 5 target. Sept. 28 Tr. at 28 (explaining Plaintiffs would be "possibly amending the complaint to deal with this latest issue"). The operative complaint raises no claim against the October 5 date and this Court cannot address the propriety of it. Indeed, this Court ordered the production of an administrative record that would permit such an amendment based on its conclusion that a new agency decision had been reached, and the Commerce Department should "show [its] work" (Tr. 41). Less than 24 hours later, the Commerce Department did just that: we submitted over 800 pages that detailed the substantial progress that had been made in field operations—and showing a substantially different picture than that available in late July when the replan was developed—to show why the Secretary estimated that field operations could be completed by October 5 in order to produce an accurate census in the timeline Congress provided. ECF No. 233. In short, this new timing plan has replaced the replan based on the latest data available as of September 28, 2020.

The Commerce Department has taken on immense challenges this year, has now enumerated 98.7% of households nationwide, and is, in the words of this Court, "proud of [their] work" and "proud to present it to the Court and the Parties." Tr. 42. In fact, what is noticeably

absent from this latest round of chaotic and highly disruptive litigation is any assessment by the Court or Plaintiffs of the viability of the October 5 date or the latest record that justifies and explains why the new date is appropriate.  Indeed, the data clearly demonstrates that the enumeration is approaching a 99% target in nearly every state—a target that is not required by any plan under this Court's review—and that current census operations are likely to meet or exceed the benchmarks of prior censuses by October 5.  *Compare* Thomas Mule, *2010 Census Coverage Measurement Estimation Report: Summary of Estimates of Coverage for Persons in the United States*, U.S. Census Bureau (May 22, 2012) at 14 (noting count imputation for 0.4% of the population in the 2010 and 2000 Censuses), with ECF No. 233-1, at 40 (Sept. 29, 2020) (September 25 spreadsheet projecting 99.7% completion by October 5, equivalent to imputation for 0.3% of households).

*Fourth*, Plaintiffs are short-circuiting the process this Court laid out, just two days ago at *Plaintiffs'* behest, to address the injunction's scope. Concluding that process, which is set for a hearing *tomorrow*, is the appropriate way to address Plaintiffs' claim that the government is violating the actual injunction this Court entered, rather than preventing the Commerce Department from doing things the Plaintiffs now would like to have enjoined.  By requesting additional injunctive relief that goes beyond what this Court ordered, Plaintiffs essentially concede that this Court's existing order does not preclude the Census from analyzing the latest information and, based on that, targeting October 5 as the date to conclude field operations.

*Fifth*, Plaintiffs' requested TRO will irreparably harm the government and the public interest.  The attached affidavit of Mr. Fontenot details the need to conclude field operations by October 5 in order to keep open the possibility of meeting the deadline Congress set for reporting census figures to the President.[2]  And the only practical and orderly way to conclude field operations by October 5 is to target that date in advance, as the Secretary appropriately did on Monday, and communicate that target to the around 250,000 census enumerators and managers. Yet Plaintiffs ask this Court to order the Census to "issue a new text message to all of their

---

[2] In our filing later today, we will explain why this Court's injunction does not preclude the Commerce Department from taking actions that would make it possible to meet that statutory deadline.

employees notifying them of the Court's ruling, stating that the October 5 date is not operative." Such an order not only has no basis in this Court's prior injunction, it will cause confusion, and irreparably injure the government at a critical time by frustrating the government's ability to satisfy the statutory deadline.  The Supreme Court has repeatedly expressed disapproval of "eleventh hour injunction[s]," particularly in cases involving complex interrelated obligations.  *Western Airlines, Inc. v. International Bhd. of Teamsters*, 480 U.S. 1301, 1308 (1987) (O'Connor, J., in chambers); *see also*, e.g., *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam); *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019). On the other hand, if this Court stays its hand, and if Plaintiffs can establish that the October 5 target date actually violates this Court's order in the proceedings this Court arranged, a TRO is not needed today or tomorrow in order for this Court to order that field operations continue beyond October 5 or for the Commerce Department to comply with such an injunction.

DATED:  October 1, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
  (New York Bar No. 4918793)
M. ANDREW ZEE (SBN 272510)
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*