JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-9803

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>Defendants. | Case No. 5:20-cv-05799-LHK<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' PRIVILEGE OBJECTIONS** |

Defendants submit this response to Plaintiffs' attempt to strip privilege from all 17 documents on Defendants' October 4, 2020 privilege log, ECF No. 232-1. As detailed in the attached Declaration of Megan Heller, all redactions and documents on the privilege log fall squarely within the attorney-client and deliberative-process privileges. These documents contain pre-decisional deliberations and legal advice regarding the Census Bureau's operational plans, draft testimony, and draft legislation. Heller Decl. ¶¶ 7–11. They involve considerations of how to adjust operational plans in light of changing circumstances. *Id.* And they contain agency officials' reactions to, and analysis of, operational planning and statistical information. *Id.* All of that material is plainly privileged.

In challenging Defendants' asserted privileges, Plaintiffs seek to overcome the deliberative process privilege on three vague grounds, and the attorney-client privilege with one blanket assertion, all of which are meritless. For starters, Plaintiffs complain that "[t]he only declaration provided by Defendants merely notes the number of documents appearing on the privilege log" and that "[t]here is no formal claim of privilege by the relevant agency employee, much less an assertion of privilege based on that employee's personal consideration." Pls.' Br. at 1, ECF No. 304. But that's not how the process works. After Defendants produce a privilege log, Plaintiffs must challenge specific documents on the log, and then Defendants may formally invoke the privilege with an agency declaration to support the privilege. *See, e.g.*, *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, 2017 WL 2292818, at *6 (D. Nev. May 25, 2017) ("The obligation to produce affidavits to support the assertion of privilege should be limited to the elements of the privilege that are challenged by the withholding party's opponent and not adequately addressed in the log."); *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 134 n.13 (D.D.C. 2005) (finding "no obligation to formally invoke the [deliberative-process]

privilege in advance of the motion to compel"); *Beilstein-Institut Zur Forderung Der Chemischen Wissenschaften v. MDL Info. Sys., Inc.*, 2006 WL 2578264, at *1 (N.D. Cal. Sept. 6, 2006) (explaining that "plaintiffs must bring their motion based on defendant's final privilege log" and should "not challenge the withheld documents in a blanket manner, but should be sure to address the specific documents for which they believe the assertion of privilege is unjustified").

There's a good reason for that process: the privilege log "requirement serves to allow the requesting party to contest the contention that the document falls under the privilege and prevents burdensome and non-adversarial *in camera* review of *ex parte* submissions from becoming the norm." *Desert Valley Painting & Drywall, Inc. v. United States*, 2012 WL 4792913, at *4 (D. Nev. Oct. 9, 2012). This Court has short circuited that process, ordering Plaintiffs' objections *before* the parties could confer (and potentially narrow) the privilege issues, and *before* Defendants could submit a detailed declaration. Indeed, while Defendants were ordered to produce these documents over the weekend, *see* ECF No. 295, they were also ordered to respond to an email from an enumerator in Colorado, ECF Nos. 289, 292, to answer two additional emails from an enumerator in Oklahoma and a Census Field Supervisor in Alaska, ECF Nos. 291, 298, and to prepare a declaration by the Census Bureau Director, ECF Nos. 288, 300. As Defendants have repeatedly noted, investigating and responding to unsolicited communications from non-parties under extremely short timetables detracts significantly from Census Bureau officials' efforts to monitor key census operations in the critical closing stages of the 2020 Census. *See, e.g.*, ECF No. 298 (describing the 116 hours that the Assistant Director for Field Operations and his staff have devoted to court-ordered responses to unsolicited communications). In these extraordinary circumstances, as in all ordinary circumstances, Defendants did not need to formally invoke all privileges with their privilege log. *See NetJets Large Aircraft, Inc. v. United States*, 2015 WL

1526346, at *5 (S.D. Ohio Apr. 3, 2015) (rejecting the notion that the deliberative-process privilege should be waived "unless all of the procedural requirements are met when it is initially asserted"); *Del Socorro Quintero Perez v. United States*, 2016 WL 499025, at *3 (S.D. Cal. Feb. 9, 2016) (declining to adopt "the proposition that the deliberative process privilege is waived if a declaration is not provided with the privilege log.").

Plaintiffs next complain about three documents withheld in full because they are "dated September 11 and 13" and because Defendants "provide[d] no details or explanation as to the agency decision at issue, why the document is deliberative, or why any factual material in the document is not severable." Pls.' Br. at 1. As to the former, it should come as no surprise that the documents are actually from April/May 2020, as the titles of the documents say as much. For example, document DOC_0015827 is titled "NRFU Prep List due to Covid **4 29 2020**.pdf," and document DOC_0015830 is titled "Next Steps and Questions due to Covid (DCEO-DITD-GEO) **April**.pdf." Privilege Log, ECF No. 295-2 (emphasis added). Another document titled "2020 Census Timeline Update (w SDD revisions) + AMA opening v2 **05072020**," dates from May 7, 2020 (as reflected in the file name). As the Heller Declaration explains, the three documents have dates in September because that is when the documents were converted to PDF. Heller Decl. ¶¶ 12(e)–(g). As to Plaintiffs' other quibble, the privilege log—and now the Heller Declaration— make clear that these April documents are appropriately protected by the deliberative process privilege. *Id.*

Plaintiffs' third complaint is thrice as risible. They claim that Plaintiffs have some overwhelming "need" for the documents covered by deliberative-process privilege because they "very well may demonstrate the arbitrariness of the Secretary's decision." Pls.' Br. at 2. But Plaintiffs *already demonstrated* the supposed arbitrariness of the Secretary's decision by

prevailing on their preliminary-injunction motion.  *See* Order, ECF No. 208 (granting preliminary injunction).   That's why, at the September 28 hearing, Plaintiffs themselves explicitly stated that these documents need not be produced "at lightning speed," and that production in *three weeks* "would make sense while the appeal is pending."  Sept. 28, 2020 Hearing Tr. 10:15–20.  Plaintiffs cannot overcome the deliberative-process privilege by claiming some unspecified "need" after conceding on the record that there is little need for these documents at all.

But the unspecified nature of Plaintiffs' purported need is itself telling.   In determining whether a party has overcome an agency's assertion of the privilege in civil litigation, this Court must balance "the relevance of the evidence," "the availability of other evidence," "the government's role in the litigation," and "the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions."  *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  Plaintiffs fail to address any of these factors, and with good reason: they cannot satisfy any of them.  Take, for example, DOC_0015472, DOC_0015483, and DOC_0015491.  The redactions in those documents are not only covered by the attorney-client privilege, but contain pre-decisional deliberations about "Director Dillingham['s] prepared statement" to Congress.  Privilege Log at 1.  Plaintiffs make no effort to explain why that information is any way relevant to their claims or why it is more helpful than the previously produced non-privileged portions of Director Dillingham's draft statement (such as DOC_0008308) as well as a final version of his statement (DOC_0015588).  *See* Heller Decl. ¶ 12(c).  In contrast, the Heller Declaration explains precisely why each of the relevant documents "would hinder frank and independent discussion regarding contemplated policies and decisions." *FTC*, 742 F.2d at 1161; *see* Heller Decl. ¶¶ 8–10.

Finally, Plaintiffs complain that attorney-client communications should be disclosed because "numerous entries on the privilege log do not describe the nature of the documents or the context necessary to assess whether legal advice was communicated." Pls.' Br. at 2. But "[a] party need not give information" on a privilege log "to the point that the privilege is waived or becomes meaningless." *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 244 F.R.D. 434, 438 (N.D. Ill. 2007). Especially "[i]n light of an *in camera* review of the [challenged] documents," Defendants' "log provides adequate information." *Id.*; *see also id.* ("Because the Court has been able to perform this in camera review, and through such a review determine the applicability of the given privileges, it is unnecessary for McDonald's to provide any further information."). In any event, the Heller Declaration explains in great detail the circumstances surrounding each assertion of attorney-client privilege. Heller Decl. ¶¶ 8–11. So there is no reason to order those attorney-client communications disclosed and thwart the agency's ability "to seek out and receive fully informed legal advice." *In re City of Erie*, 473 F.3d 413, 419 (2d Cir. 2007).

For these reasons, Plaintiffs' objections to Defendants' privilege assertions should be rejected.

DATED:  October 5, 2020                        Respectfully  submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Stephen Ehrlich*
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
STEPHEN EHRLICH (NY Bar No. 5264171)
Trial Attorneys
U.S. Department of Justice
Civil  Division  - Federal Programs Branch
1100 L Street, NW
Washington,  DC 20005
Telephone:  (202) 305-9803

*Attorneys for Defendants*

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on the 6th day of October, 2020, I electronically transmitted the fore-

3  going document to the Clerk of Court using the ECF System for filing.

4

5                                        */s/ Stephen Ehrlich*

6                                        Stephen Ehrlich

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28