JEFFREY B. CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WILBUR L. ROSS, JR., *et al.*, <br><br> Defendants. | Case No. 5:20-cv-05799-LHK <br><br> **DECLARATION OF MEGAN HELLER** |

I, Megan Heller, make the following Declaration pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. I am the Chief of the General Litigation Division, Office of the General Counsel ("OGC"), U.S. Department of Commerce ("DOC"). Concurrently, I also serve as the Associate Chief Counsel for OGC's Office of Appellate Services, a position in which I have served since January 2017. In my capacity as Chief, I assist, oversee, or am directly responsible for document production in litigation involving the Department and all of its bureaus. In this capacity, I routinely consult with DOC and bureau counsel and Department of Justice attorneys regarding production of DOC documents in litigation. I submit this declaration to comply with the Court's October 5, 2020 order [ECF 299] and to respond to Plaintiffs' October 5, 2020 objections [ECF 304].

2. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon my personal examination of the withheld and redacted documents.

3. I have reviewed all of the seventeen (17) documents listed on the Government's Privilege Log. The majority of these documents have been redacted both to preserve the attorney-client privilege and pursuant to the deliberative process privilege, and are so marked on the Government's Privilege Log. There are a smaller number of documents that have been redacted or withheld pursuant to either the deliberative process privilege or attorney-client privilege alone, and are so marked on the Government's Privilege Log.

4. This litigation involves decisions made by DOC and Census Bureau officials regarding the conduct and operations of the 2020 Decennial Census. I understand that due to a number of factors, including a nationwide pandemic and operational realities inherent in an undertaking of this size, those officials were tasked with devising and implementing changes to their original plan regarding delivering an accurate tabulation of the United States population to the President by the statutory deadline of December 31, 2020. The documents I reviewed have been generally identified as relating to that decisionmaking process, and in particular to the process of generating what this Court knows as the "Replan."

5. The documents listed in the Government's Privilege Log consist of interagency and intra-agency emails, draft memoranda, draft statements, and proposed legislation concerning potential courses of action that discuss, analyze, and recommend actions from subordinates to the supervisors (decisionmakers) concerning the decisions surrounding the post-COVID-19 decennial census.

6. DOC has determined that the documents listed in the Government Privilege Log contain information protected by the deliberative process privilege. To qualify for such protection, the information must be inter-agency or intra-agency communications that are pre-decisional and deliberative. If pre-decisional, deliberative communications are routinely released to the public, DOC and Census Bureau employees will be much more cautious in their discussions with each other and in providing all pertinent information and viewpoints to agency decisionmakers in a timely manner. This lack of candor would seriously impair DOC's and the Census Bureau's ability to foster the forthright, internal discussions necessary for efficient and proper Executive Branch decisionmaking related to the Census or on any other matter.

7. The contents of the subject documents I reviewed are predecisional because they were presented to senior Census Bureau and DOC officials and advisors as they were deciding what actions were required to satisfy the Census Bureau's constitutionally-required activities relating to the Decennial census.

8. The contents of the withheld information are also deliberative because they represent the fruits of the agency's investigation into, and expert evaluation of, policy and operational options provided to the senior Census Bureau officials for consideration in reaching a final decision to be approved by the Secretary regarding possible changes to the execution of the Decennial census.

9. Release of these documents would harm DOC's and the Census Bureau's decisionmaking process by revealing information pertinent to the internal discussions that were necessary to ultimately decide on the necessity and features of the Replan. Release of this information could also chill others from engaging in free and fulsome analysis of positions to be taken by DOC and the Census Bureau. Agency personnel may hold back from sharing important

observations, analyses and recommendations, or factual information they thought should be considered, if they knew such deliberations would be made public, and this would seriously undermine the development of adequate, thorough, thoughtful, soundly-based analysis, especially where, as here, it is intended for the use of senior DOC and Census Bureau officials. Additionally, release of this information could lead to public confusion by making public reasons and rationales that were ultimately not the reasons for DOC and Census making the decisions it did. Comparable information in these documents can be found in the documents that have been produced in full to Plaintiffs and the Court.

10. To the extent applicable and so marked on the Privilege Log, some information was withheld pursuant to the attorney-client privilege. Those particular documents, or passages in particular documents, reflect Census Bureau or DOC officials seeking confidential legal advice from U.S. Government attorneys whose names appear in the privilege log. The information in these documents was appropriately withheld under the attorney-client privilege, as they consist of confidential communications either seeking legal advice, providing legal advice, or revealing client-supplied information relevant to obtaining legal advice. Disclosure of these confidences will destroy the privilege under which Census Bureau or DOC officials sought legal advice.

11. DOC conducted a careful review of the subject documents in reaching its determinations that those documents should be withheld from production. Three documents were withheld in full because the deliberative information is so inextricably intertwined with non-deliberative information such that segregation would result in a meaningless set of words or phrases which have no or minimal informational content. DOC also released some documents that contained deliberative information; while those documents are predecisional and deliberative, they were previously made publicly available or are so similar to other publicly-available documents that DOC did not foresee harm in releasing the information.

12. Treated individually:

a. The document at Bates number DOC_0014961 consists of a May 5, 2020 document entitled "2020 Census Data Quality Teams Strategic Plans." As implied by the title, it is an internal document consisting of reports from various data quality teams responding to the

impacts of delays stemming from COVID-19. The portion redacted at DOC_0014973, is a section entitled "Considerations," and, as implied by the heading, what follows consists of variables that are non-final and put forth for further discussion.

b. The document at Bates number DOC_0015123 consists of a June 2, 2020 e-mail entitled "Fw: HEROES Act TA" from Chris Stanley, Chief of the Census Bureau's Office of Congressional and Intergovernmental Affairs, to Beth Grossman, Assistant General Counsel for Legislation & Regulation ("L&R"), Beth Van Hanswyk, Chief Counsel for Legislation, and Michael Cannon, Chief Counsel for Economic Affairs, regarding what can be done as part of the process for dealing with proposed legislation. That inquiry reflects a request for legal advice from the appropriate agency counsel. It also reflects deliberations in the form of comments from within the Census Bureau about the proposed legislation.

    (i) The e-mail and document at Bates number DOC_0015231 and DOC_0015233 consist of an e-mail chain including an e-mail from Ms. Van Hanswyk, an attorney with the Department of Commerce's Office of General Counsel to the Office of Policy and Strategic Planning and draft legislation with a number of comments from Jennifer Lucas, a Senior Counsel within the Legislative Division within L&R. The redacted material includes advice from legislation attorneys within the Department of Commerce Office of the General Counsel regarding proposed legislation. Any additional material that is redacted is so intertwined with that advice that segregation is not possible.

    (ii) Documents DOC_15123, DOC_15231, and DOC_15233 all concern proposed legislation regarding possible changes to the 2020 census schedule. For example, the unredacted portion of Document DOC_15123 indicates that the Chief of the Office of Congressional and Intergovernmental Affairs is responding to the Senate Homeland Security and Government Affairs

Committee by providing technical advice on proposed legislation. As part of that process, the Chief is conferring with, and seeking legal advice from, agency counsel—as indicated by the question in the unredacted portion of the email immediately prior to the redaction: "Can we get this into that process, please?" As for the redacted portion of the email, the Chief is providing information to counsel in order to allow counsel to respond to the (unredacted) question that he posed. The document is also deliberative in that it reflects "possible" comments to be provided. Similarly, the redacted portion of Document DOC_15231 seeks advice from agency counsel on various Department of Commerce comments on proposed legislation; those comments (on which legal advice is being sought, and which reflect, among other things, possible litigation concerns) are reflected in the redacted "comment bubbles" in Document DOC_15233.

c.   The e-mails and documents at Bates numbers DOC_0015469, DOC_0015472, DOC_0015480, DOC_0015483, DOC_0015491, DOC_0015535, DOC_0015538, and DOC_0015546 consist of drafts and comments on Director Dillingham's prepared statement for the House Oversight and Reform Committee in preparation for his testimony before that Committee on July 29. The comments include comments, revisions, and questions from both the Office of Management and Budget and the U.S. Department of Education. These documents and e-mails have been carefully redacted to remove inter-agency deliberations regarding agreements between the Commerce and the Department of Education about statements to be made before the Committee and to redact portions reflecting legal advice from both Commerce Legislative counsel and the Office of Management and Budget. Disclosure of this sort of interagency communication poses the greatest risk for a chilling effect that would hinder frank and independent discussion regarding contemplated policies and decisions in addition to destroying the privilege under which the Census Bureau and DOC officials were seeking legal advice. Additionally, we have previously produced several

versions of the non-privileged portions of Director Dillingham's draft statement before the House Oversight and Reform Committee for July 29, 2020 (such as DOC_0008308) as well as a final version of his statement (DOC_0015588).

d. The e-mails at Bates numbers DOC_0015627 and DOC_0015639 reflect discussions of changes to be made to the Census Bureau website concerning Operational Adjustments due to COVID-19. The minimal deliberative process redactions in these e-mail threads reflect interagency communications with the Office of Management and Budget and contain deliberations between the two agencies, disclosure of which would hinder frank and independent discussion regarding contemplated policies and decisions. These discussions formed the basis of Director Dillingham's August 3 public statement, and show the give-and-take of opinions voiced during the interagency deliberative process. Plaintiffs have the final public statement from Director Dillingham which reflect the final decision on what was communicated to the public, and to release these internal documents will chill the deliberative process and create unnecessary confusion in the public domain.

e. The document at Bates number DOC_0015827, entitled "NRFU Prep List due to Covid 4 29 2020," is a nonresponse follow up (NRFU) Prep List dating from April 29, 2020 (as reflected in the file name). My understanding is that the September 11, 2020, date in the privilege log is the date this document was converted to PDF during the collection process. The document dates from early in the response to COVID-19, and reflects issues that needed to be resolved within the Decennial Operations, Field Operations, and Technology Management to soft-launch NRFU during Covid-19. This document reflects a subordinate raising issues of concern to staff and superiors, and appears to be a roadmap for deliberations to reach a future decision.

f. The document at Bates number DOC_0015830, entitled "Next Steps and Questions due to Covid (DCEO-DITD-GEO) April," dates from April of this year (as reflected in the file

name). My understanding is that the September 11, 2020, date in the privilege log is the date this document was converted to PDF during the collection process. This document is marked "Pre-Decisional" and reflects discussion between the Decennial Contracts (DCEO), Decennial Information Technology (DITD), and Geography (GEO) divisions regarding unresolved (at that time) issues that would have to be dealt with before any COVID-19 plan could be effectuated.

g. The document at Bates number DOC_0015935, entitled "2020 Census Timeline Update (w SDD revisions) + AMA opening v2 05072020," dates from May 7, 2020 (as reflected in the file name). My understanding is that the September 13, 2020, date in the privilege log is the date this document was converted to PDF during the collection process. This document reflects, as would be expected, early proposed updates to the Census timeline and the means to effect both reopening and the new schedule. The document is marked "DRAFT – PRE-DECISIONAL" and contains a number of Microsoft Word tracked changes.

13. In conclusion, the documents listed in the Government's Privilege Logs have been appropriately withheld or redacted pursuant to the deliberative process privilege or attorney-client privilege.

I have read the foregoing and it is all true and correct.

DATED this 5th day of October, 2020

_____

MEGAN HELLER