LATHAM & WATKINS LLP
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar No. 294263)
shannon.lankenau@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

LATHAM & WATKINS LLP
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Genevieve P. Hoffman (*pro hac vice*)
genevieve.hoffman@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
Kristen Clarke (*pro hac vice* forthcoming)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (admitted *pro hac vice*)
erosenberg@lawyerscommittee.org
Dorian L. Spence (*pro hac vice* forthcoming)
dspence@lawyerscommittee.org
Ajay P. Saini (admitted *pro hac vice*)
asaini@lawyerscommittee.org
Maryum Jordan (Bar No. 325447)
mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Additional counsel and representation information listed in signature block*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

NATIONAL URBAN LEAGUE, et al.,

Plaintiffs,

v.

WILBUR L. ROSS, JR., et al.,

Defendants.

CASE NO. 5:20-cv-05799-LHK

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE BY STATES OF LOUISIANA AND MISSISSIPPI**

Date: TBD
Time: TBD
Place: Courtroom 8
Judge: Hon. Lucy H. Koh

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. PROPOSED INTERVENORS MAY NOT INTERVENE AS OF RIGHT .......... 2

A. Proposed Intervenors Unnecessarily Delayed and Their Motion is Untimely .......... 2

B. Plaintiffs' Requested Relief Would Not Impede Proposed Intervenors' Ability to Protect Significant Protectable Interests .......... 4

C. The Parties Adequately Represent Proposed Intervenors' Interests .......... 6

III. PERMISSIVE INTERVENTION UNDER RULE 24(B) IS NOT WARRANTED .......... 7

IV. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bush v. Viterna*, 740 F.2d 350 (5th Cir. 1984) ....................8

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ....................5

*Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972 (D. Mass. 1943) ....................8

*Cty. of Orange v. Air Cal.*, 799 F.2d 535 (9th Cir. 1986) ....................7

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ....................2

*Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) ....................7

*Hallco Mfg. Co. v. Quaeck*, 161 F.R.D. 98 (D. Or. 1995) ....................7

*Jenkins v. Missouri*, 78 F.3d 1270 (8th Cir. 1996) ....................6

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ....................6

*NAACP v. New York*, 413 U.S. 345 (1973) ....................2

*Nat'l Urban League v. Ross*, No. 20-16868 (9th Cir. Sept. 28, 2020) ....................2, 8

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) ....................6

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603 (9th Cir. 2020) ....................2

*Or. Envtl. Council v. Or. Dept. of Envtl. Quality*, 775 F. Supp. 353 (D. Or. 1991) ....................8

*People of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775 (9th Cir. 1986) ....................7

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) ....................2

*Smith v. L.A. Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) ....................2, 3

*Spangler v. Pasadena Bd. of Educ*.,
552 F.2d 1326 (9th Cir. 1977) ....................7

*Stuart v. Huff*,
706 F.3d 345 (4th Cir. 2013) ....................6

*SurvJustice Inc. v. DeVos*,
No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. Mar. 29, 2019)....................7

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) ....................4

*United States v. Oregon*,
913 F.2d 576 (9th Cir. 1990) ....................4

*Virginia v. Westinghouse Elec. Corp.*,
542 F.2d 214 (4th Cir. 1976) ....................6

**OTHER AUTHORITIES**

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C Federal Practice and Procedure: Civil 2d § 1909 (3d ed. 1986)....................6

Fed. R. Civ. P.
1....................4
24(a) ....................1, 2
24(a)(2) ....................2
24(b)....................1, 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

CASE NO. 5:20-CV-05799-LHK
PLTFS.' OPP. TO MOT. TO INTERVENE

## I.      INTRODUCTION

Proposed Intervenors the States of Louisiana and Mississippi move to intervene as defendants pursuant to Federal Rule of Civil Procedure 24(a) as a matter of right or, in the alternative, for permissive intervention under Rule 24(b).  Dkt. 204 ("Motion").  As discussed below, intervention in not justified under either approach.

Proposed Intervenors chose to delay filing a motion to intervene until the day after the hearing on Plaintiffs' Motion for a Stay and Preliminary Injunction—a month after the complaint was filed, nearly three weeks after the Court granted a temporary restraining order, after more than 200 docket entries in the case, and nearly a week after Proposed Intervenors themselves filed a "Notice" claiming they were intending to intervene.  The next day, this Court issued its PI Order and Defendants immediately appealed, filed a motion to stay, and sought an administrative stay before the Ninth Circuit.  In such circumstances, there is no intervention as a matter of right.  That is particularly true since (1) Plaintiffs' claims and requested relief, and the Court's orders thus far in this case granting preliminary relief, are furthering the Census field count *in all states*, such that there is no risk to any interest by Proposed Intervenors that their states' residents are actually counted during Census field operations, and (2) if Proposed Intervenors' claimed interest in this proceeding is simply that the Census Bureau should have ceased field count operations by September 30 no matter what, and must produce apportionment counts to the President by December 31, 2020 no matter what, that is the identical position defended by the Department of Justice.

Nor is permissive intervention appropriate.  Proposed Intervenors' core basis for the Court exercising its discretion to grant permissive intervention, notwithstanding Proposed Intervenors' acknowledged ability to file their own lawsuit, is that they may provide a "helpful, alternative viewpoint" to the Court in this litigation.  But intervention is not required for that.  Over twenty states previously filed an amicus brief in this litigation, on the schedule set forth by the Court, to provide their views.  Dkt. 58.  Proposed Intervenors chose not to—but they have now expressed their views to this Court via these docketed submissions, and there may well come another time in this proceeding for the submission of additional amicus briefs.  Moreover,

Proposed Intervenors have already filed an amicus brief in the Ninth Circuit. Amicus Br. for La. & Miss., *Nat'l Urban League v. Ross*, No. 20-16868 (9th Cir. Sept. 28, 2020), ECF No. 10. They did so with Plaintiffs' full permission, because Plaintiffs welcome hearing about Proposed Intervenors' views and explaining how Plaintiffs' claims are furthering the interests of all of the nation's residents, including those in Louisiana and Mississippi. *See* La. & Miss. Mot. to Become Amicus Curiae, *Nat'l Urban League*, No. 20-16868 (9th Cir. Sept. 30, 2020), ECF No. 28-1 (noting Plaintiffs' consent as to *amicus curiae* brief). Formal intervention for two States alone is neither necessary nor appropriate in these circumstances.

## II. PROPOSED INTERVENORS MAY NOT INTERVENE AS OF RIGHT

Intervention under Rule 24(a)(2) is appropriate upon satisfaction of a four-factor test: (1) the applicant's motion must be timely; (2) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant's interest must be represented inadequately by the parties to the action; (4) the applicant must be situated such that disposition of the action may, as a practical matter, impair or impede its ability to protect that interest. Fed. R. Civ. P. 24(a); *see also Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (citing Fed. R. Civ. P. 24(a); *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).

The Motion should be denied because it is untimely, and they have not shown that the case's disposition could impede their ability to protect a significant protectable interest or that "the existing parties may not adequately represent" any such interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

### A. Proposed Intervenors Unnecessarily Delayed and Their Motion is Untimely

Intervention as a matter "of right" can be granted only "[o]n timely motion." Fed. R. Civ. P. 24(a). Timeliness is a threshold question addressed to the court's sound discretion. The district court's timeliness determination is reviewable only for an abuse of discretion. *NAACP v. New York*, 413 U.S. 345, 366 (1973); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853-54 (9th Cir. 2016). Courts consider the following factors when determining whether intervention was

timely: (1) the stage of the proceedings at the time the applicant seeks to intervene; (2) prejudice to the existing parties from the applicant's delay in seeking leave to intervene; and (3) any reason for and the length of delay in seeking intervention (*i.e.*, how long the prospective intervenors knew or reasonably should have known of their interest in the litigation). *Smith*, 830 F.3d at 854.

This case has been pending since August 18, 2020. As Proposed Intervenors acknowledge, the litigation is moving at a "rapid pace." Mot. at 6. As of today over 300 filings, including dozens of orders, have been filed on the Court's docket. Most significantly, on September 24, following a lengthy hearing, this Court issued a 78-page opinion granting a stay and preliminary injunction prohibiting Defendants from further implementing the "rushed census plan" that had forced the Census Bureau to finish data collection by September 30. *See* Order Granting Plaintiffs' Motion for Stay and Preliminary Injunction ("PI Order") (Dkt. 208). And two separate stays pending appeal of the PI Order have now been briefed, argued, and decided by the Ninth Circuit. Given the urgent nature of the proceeding and where we are in the process of the 2020 Census—and what has been required of the parties and especially the Court to date—this case is substantively light-years away from its inception.

By way of explaining the late timing of their September 23 Motion, Proposed Intervenors assert that Louisiana did not learn of this lawsuit until a month after it was filed. Mot. at 6. But they offer no declaration in support of this proposition. This case has been well-publicized, and it would be surprising that no Louisiana official was aware of this case prior to September 17, 2020. Whether the attorneys representing Louisiana in this motion had independent knowledge, there is no explanation about why other Louisiana officials could not have raised concerns with the parties earlier, or moved to intervene sooner. And Proposed Intervenors do not even claim that officials in Mississippi were unaware of this case before September 17.

Even counting from September 17, the only explanation for the near-week delay in filing an actual motion to intervene is the amount of time allegedly needed to draft an answer to Plaintiffs' First Amended Complaint. Mot. at 6 & n.2. Yet Louisiana and Mississippi hardly provided substantive responses for many of the allegations. *See, e.g.*, Dkt. 204-19, Proposed

Answer ¶¶ 20-50, 153-66, 268-73, 291-97, 304-39. And no other explanation is provided to justify the delay. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (quoting *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990)) ("A party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome of litigation.'").

The Court has worked nearly around the clock over the last month to crystallize the issues at play, ruling on dozens of threshold and merits-related issues. Given the timing of Census data collections and processing, adding another party to this proceeding now will inevitably result in prejudice to the existing parties should Proposed Intervenors—as they indicate they might—seek to relitigate any of these issues (especially since Proposed Intervenors claim that the Department of Justice has not been adequately handling the case). None of this is warranted. The administrative record has been produced and the parties and the Court will soon finalize a schedule for completing this litigation. *See* Fed. R. Civ. P. 1 (the Court and the parties are "to secure the just, speedy, and inexpensive determination of every action and proceeding"). By delaying their attempted intervention and failing to provide any legitimate basis for that delay, Proposed Intervenors fail the first step in any intervention motion.

**B. Plaintiffs' Requested Relief Would Not Impede Proposed Intervenors' Ability to Protect Significant Protectable Interests**

Proposed Intervenors assert that "[t]he risk this action poses to the[ir] interests is readily apparent." Mot. at 9. It is anything but that. Proposed Intervenors not only acknowledge but emphasize their "lagging" census response rates. *Id.* (noting that Louisiana's and Mississippi's overall enumeration and self-response rates are nearly last among the 50 states). In a tortured attempt to argue that continuing enumeration activities through October would harm them, Proposed Intervenors make up the claim that "Plaintiffs seek to boost the census enumeration of their own jurisdictions at the expense of jurisdictions—like Louisiana and Mississippi—with lagging enumeration." Mot. at 8. But they provide no support for this absurd suggestion. Nor could they: Plaintiffs' claims and requested relief are by definition not confined to certain jurisdictions, and Louisiana and Mississippi will benefit equally from allowing the Bureau to

continue enumeration activities until the end of October. In fact, Proposed Intervenors will benefit *more* given that, as they point out, they have a disproportionate number of underrepresented groups in their population. Mot. at 9. And indeed, the Census Bureau's own website shows completion rates for Louisiana and Mississippi growing in leaps and bounds from (i) the September 11 date when all Census areas would have been subject to closeout procedures regardless of NRFU completion status, to (ii) the September 23 filing of the motion to intervene, to (iii) the September 30, 2020 date when Census field data collection efforts were to have ended but for the Court's PI Order, to (iv) the October 5 date of the Ninth Circuit's oral argument on Defendants' motion to stay:

| | **% Enumerated 9/11/20** | **% Enumerated 9/23/20** | **% Enumerated 9/30/20** | **% Enumerated 10/5/20** |
|---|---|---|---|---|
| **Louisiana** | 83.5% | 91.8% | 95.8% | 97.6% |
| **Mississippi** | 83.1% | 92.5% | 96.4% | 98.2% |

*See* U.S. Census Bureau, *Total Response Rate by State* (2020), https://2020census.gov/en/response-rates/nrfu.html.

As Plaintiffs have stated to the Court, there are many open questions about the completion metrics being used by Defendants. But for purposes of this Motion, as a matter of logic and math, Plaintiffs' claims do not and cannot impede Proposed Intervenors' interest in having their residents counted because it is only this Court's orders, upon Plaintiffs' claims and arguments, that have extended the count, allowing more residents of those states (and every state in the nation) to be counted. And perhaps not surprisingly, *no governmental official from either State* provided any declaration substantiating any allegedly harmed interest due to Census-related activities; Mississippi provided no declaration at all, not even one from a lawyer. It would be odd indeed for any elected official of either state to file a declaration stating that Plaintiffs' actions in ensuring the count continued—and more residents of these states were counted—do not in fact further the State's interest in having their residents counted.

**C. The Parties Adequately Represent Proposed Intervenors' Interests**

"If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 898 (9th Cir. 2011). When one seeks to intervene on the side of a government party defending a law of the polity, a would-be intervenor "must mount a strong showing of inadequacy." *Stuart v. Huff*, 706 F.3d 345, 351-52 (4th Cir. 2013).

Proposed Intervenors do not disagree that, to the extent their claimed interest in this proceeding is that the Census Bureau should have ceased field operations by September 30 and must produce apportionment counts to the President by December 31, 2020, they share the same ultimate objective as the federal Defendants. Mot. at 10-11. Rather, they complain that Defendants "made only passing reference to the vast and irreparable harm the TRO and any PI are likely to cause the States," and that the "the conduct of the federal Defendants compellingly reinforce[s] that they are inadequate to represent the interests of the State Intervenors." Mot. at 10, 11. But neither of these speaks to a difference in *objectives*. It is well established that as long as their objectives are the same, a putative intervenor's disagreement with the party's litigation strategy or tactics does not make their interests adverse so as to warrant intervention. *See, e.g.*, *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997) (citing *Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996) ("A difference of opinion concerning litigation strategy . . . does not overcome the presumption of adequate representation."); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C Federal Practice and Procedure: Civil 2d § 1909, at 344 (3d ed. 1986) ("A mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party . . . .")); *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."); *Nw. Forest Res. Council v. Glickman*, 82 F.3d

825, 838 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (finding that "only a difference in strategy" is insufficient to show inadequacy of representation).

Proposed Intervenors' position is that "the August Re-Plan is adequately supported and was effectively required" by the December 31 statutory deadline. Mot. at 10. Their objectives align perfectly with Defendants' and intervention is not justified.

## III. PERMISSIVE INTERVENTION UNDER RULE 24(B) IS NOT WARRANTED

Proposed Intervenors also fail to meet their burden to justify permissive intervention. In the Ninth Circuit, permissive intervention generally requires: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. *See Cty. of Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court.").

As noted above, Proposed Intervenors' motion is untimely, and permissive intervention should be denied on this ground alone.

In addition, as numerous courts have held, the fact that the existing parties adequately represent the putative intervenors' interests weighs strongly against permissive intervention. *See, e.g., SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *7-8 (N.D. Cal. Mar. 29, 2019) (citing *Spangler v. Pasadena Bd. of Educ*., 552 F.2d 1326, 1329 (9th Cir. 1977)). Moreover, "[w]here proposed intervenors would present no new questions to the court, a motion for permissive intervention is properly denied." *Hallco Mfg. Co. v. Quaeck*, 161 F.R.D. 98, 103 (D. Or. 1995)*; see also People of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (affirming district court denial of permissive intervention where the putative intervenor's "interests are adequately represented by existing parties"). As discussed above, Proposed Intervenors do not offer any compelling reason why the Defendants cannot represent their interests.

Permitting these States to intervene, file an Answer and otherwise participate as a party is unnecessary and unjustified given the burden this would impose on the parties and the Court. The better course is for Proposed Intervenors to share their views as amicus curiae. *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) ("Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943))); *see also Or. Envtl. Council v. Or. Dept. of Envtl. Quality*, 775 F. Supp. 353, 360 (D. Or. 1991). Indeed, Proposed Intervenors have done so already in the Ninth Circuit—with Plaintiffs' agreement. Amicus Br. for La. & Miss., *Nat'l Urban League*, No. 20-16868, ECF No. 10; *see also* La. & Miss. Mot. to Become Amicus Curiae, *Nat'l Urban League*, No. 20-16868, ECF No. 28-1 (noting Plaintiffs' consent to *amicus curiae* brief).

## IV. CONCLUSION

Plaintiffs respectfully request that this Court deny Proposed Intervenors' motion to intervene.

Dated: October 7, 2020

LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
Sadik Huseny

Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

Richard P. Bress (admitted *pro hac vice*)
rick.bress@lw.com
Melissa Arbus Sherry (admitted *pro hac vice*)
melissa.sherry@lw.com

Anne W. Robinson (admitted *pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (admitted *pro hac vice*)
tyce.walters@lw.com
Genevieve P. Hoffman (admitted *pro hac vice*)
genevieve.hoffman@lw.com
Gemma Donofrio (admitted *pro hac vice*)
gemma.donofrio@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

*Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP*

Dated: October 7, 2020

By: /s/ Jon M. Greenbaum

Kristen Clarke (*pro hac vice* forthcoming)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (admitted *pro hac vice*)
erosenberg@lawyerscommittee.org
Dorian L. Spence (*pro hac vice* forthcoming)
dspence@lawyerscommittee.org
Maryum Jordan (*pro hac vice* forthcoming)
mjordan@lawyerscommittee.org
Ajay Saini (admitted *pro hac vice*)
asaini@lawyerscommitee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (admitted *pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (admitted *pro hac vice*)

wolf@brennan.law.nyu.edu
Kelly M. Percival (admitted *pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice* forthcoming)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF
JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: October 7, 2020

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF
LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012

Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: October 7, 2020

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

Dated: October 7, 2020

By:  */s/ Rafey S. Balabanian*
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (admitted *pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE
CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

Dated: October 7, 2020

By: */s/ Donald R. Pongrace*
Donald R. Pongrace (admitted *pro hac vice*)
dpongrace@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

Dario J. Frommer (Bar No. 161248)
dfrommer@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Phone: 213.254.1270
Fax: 310.229.1001

*Attorneys for Plaintiff Gila River Indian Community*

Dated: October 7, 2020

By: */s/ David I. Holtzman*
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: October 7, 2020

**LATHAM & WATKINS LLP**

By: */s/ Sadik Huseny*
Sadik Huseny