JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>Defendants. | Case No. 5:20-cv-05799-LHK<br><br>**DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER, ECF No. 339, ADDRESSING THE EFFECT OF THE UNITED STATES SUPREME COURT'S STAY ORDER** |

1  This Court should stay further proceedings in this case in light of the Supreme Court's
2  order, *Ross v. Nat'l Urban League*, --- S.Ct. ---, 2020 WL 6041178 (Oct. 13, 2020).  That order
3  makes clear that the lawful December 31, 2020 deadline in 13 U.S.C. § 141(b) is binding on
4  Defendants, and that it is improper for the judiciary to interfere with Defendants' efforts to meet
5  that deadline.  Given the binding nature of that deadline—as now confirmed by the Supreme
6  Court—any challenge Plaintiffs might seek to levy against the Census Bureau's internal post-data
7  collection processing operations (assuming such a challenge is judicially cognizable at all)
8  necessarily would have to demonstrate that there is some better post-processing operation that
9  could be conducted *and completed* by December 31.  There is no reason to believe that Plaintiffs
10 can make such a demonstration, and in any event it would be premature to evaluate such a
11 challenge until the Bureau actually completes its post-processing.  Indeed, any purported injury
12 Plaintiffs might allegedly suffer from post-processing operations is neither imminent nor
13 irreparable, and could be litigated and redressed following the apportionment.  *See*, *e.g.*, *Utah v.
14 Evans*, 536 U.S. 452 (2002) (post-apportionment challenge to hot-deck imputation).  And to the
15 extent Plaintiffs continue to believe that the lawful statutory deadline is *not* binding on Defendants,
16 that issue continues to be litigated on the appeal of this Court's preliminary injunction.
17 Accordingly, this Court should stay further proceedings pending the conclusion of both those
18 appellate proceedings and the Bureau's post-processing operations.

19  This course is consistent with what Defendants urged following this Court's entry of a
20 preliminary injunction on September 24, 2020.  *See* Tr. 9/28 9:21-10:3.  As Defendants explained
21 at the time, appellate review of the injunction was likely to provide clarity regarding the underlying
22 legal issues and guide future proceedings in this case.  *Id.*; Tr. 10/6 25:10-13.  Appellate courts
23 have now provided this clarity.  On October 7, 2020, the United States Court of Appeals for the
24 Ninth Circuit stayed the portion of the injunction that prohibited Defendants from attempting to
25 comply with their statutory obligation under 13 U.S.C. § 141(b) to report census results to the
26 President by the end of the year.  *See* ECF 320 at 1-2.  Six days later, on October 13, 2020, the
27 United States Supreme Court went further, and stayed the injunction in full.  Taken together, these
28 orders have shown the fallacy of Plaintiffs' rushed and ill-conceived efforts to derail the

DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER, ECF No. 339,
ADDRESSING THE EFFECT OF THE UNITED STATES SUPREME COURT'S STAY ORDER
Case No. 5:20-cv-05799-LHK

1

completion of the 2020 census based on speculative claims of injury. This Court and the parties previously expended extraordinary efforts to litigate and adjudicate Plaintiffs' challenges at a breakneck pace only to have the Supreme Court rightly undo that hard work. There is no need to repeat that fruitless process.

The Supreme Court and Ninth Circuit orders confirm that the statutory deadline established in 13 U.S.C. § 141(b), is not merely advisory, but rather is an essential element of how Congress exercised its constitutional power to direct the census, is binding on Defendants, and is not to be disturbed by the Judicial Branch. These points are evident from the Ninth Circuit's stay decision, which explained that "[s]erious separation of powers concerns arise when a court seeks to override a congressional directive to an Executive Branch agency." *Id.* at 20–21 (citing *Wisconsin v. City of New York*, 517 U.S. 1, 17 (1996)). And they are further buttressed by the Supreme Court's subsequent issuance of a full stay, which permitted the Bureau to conclude data collection at the appropriate juncture, and removed the court-ordered requirement that the Bureau remain in the field until the end of October—a requirement that the Ninth Circuit agreed was a serious obstacle to the Bureau meeting the statutory deadline. *See* ECF No. 320 at 17.

Further, the fact that the Supreme Court removed this obstacle—and thus permitted the Bureau to undertake the steps necessary to complete field operations—establishes that courts should not impede Defendants' efforts to meet the statutory deadline. Indeed, Defendants made this argument in their stay papers, and the Supreme Court could not have granted relief unless it agreed that the government had established (1) a "reasonable probability" that the Court will grant certiorari, (2) a "fair prospect" that the Court will reverse the judgment below, and (3) a "likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth* v. *Perry*, 558 U.S. 183, 190 (2010) (per curiam).

Notably, the Supreme Court's stay order marks the third time that the Court has stayed lower court orders that would have required the Bureau to miss the reporting deadline in 13 U.S.C. § 141. Prior to this case, the Court issued virtually identical orders in *Klutznick v. Carey*, 449 U.S. 1068 (1980), and *Klutznick v. Young*, No. A-533 (Dec. 24, 1980)—two other cases where district courts concluded that the statute could be disregarded in light of competing considerations. The

DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER, ECF No. 339,
ADDRESSING THE EFFECT OF THE UNITED STATES SUPREME COURT'S STAY ORDER
Case No. 5:20-cv-05799-LHK

2

Supreme Court's unbroken pattern of upholding the statutory deadline only reinforces that courts should not interfere with the Bureau's ongoing plans and procedures for meeting that deadline.

With a stay of this Court's injunction, the Bureau was able to complete field operations on October 15, 2020, having enumerated 99.9% of households nationwide as well as in 49 States plus D.C. and Puerto Rico. *See* Total Response Rates by State, https://2020census.gov/en/response-rates/nrfu.html (last visited October 23, 2020); 2020 Census Response Deadline: Frequently Asked Questions, https://www.census.gov/content/dam/Census/newsroom/press-kits/2020/2020-census-response-deadline-faqs.pdf. It is now engaged in processing the data it collected, and working diligently to come "as close to the December 31, 2020, statutory deadline as possible" so that the President can in turn timely deliver the apportionment data to Congress under 2 U.S.C. § 2a. 2020 Census Results: Frequently Asked Questions, https://www.census.gov/content/dam/Census/newsroom/press-kits/2020/nrfu-deadline-results-faq.pdf. Plaintiffs have already indicated publicly that they intend to shift gears and challenge the Bureau's data processing. *See* Adam Liptak, Michael Wines, *Supreme Court Rules that Census Count Can Be Cut Short*, NY Times (Oct. 16, 2020), https://www.nytimes.com/2020/10/13/us/supreme-court-census.html. Yet, given the lessons from the Ninth Circuit's and the Supreme Court's orders, it should be evident that, whatever challenge Plaintiffs present going forward should not impede the Bureau's efforts to come as close as it can to meeting its statutory deadline.

Indeed, there is no reason to adjudicate a challenge to post-processing before the Bureau fully completes its operations. To the extent Plaintiffs wish to challenge the adequacy of post-processing procedures, there is no coherent way to do so (assuming any such way exists at all) until the President reports the final numbers to Congress. Any attempt to review the sufficiency of the Bureau's processing before then will, by necessity, be based on speculation and conjecture, and will be contrary to the stay orders which allow the Bureau to make its best efforts to meet the statutory deadline. Further, as the Ninth Circuit recognized, any legal infirmity related to post-processing that requires correction could be remedied after the Bureau submits its report. *See* ECF No. 320 at 20. The possibility of such a post-census remedy has been consistently recognized by the Supreme Court in its various census decisions, and there is no reason to believe that it would

DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER, ECF No. 339,
ADDRESSING THE EFFECT OF THE UNITED STATES SUPREME COURT'S STAY ORDER
Case No. 5:20-cv-05799-LHK

3

1 be unavailable here. *See, e.g.*, *Wisconsin*, 517 U.S. 1; *Utah*, 536 U.S. 452.  By contrast, any effort to impose a judicial remedy while data processing is ongoing would, yet again, threaten to embroil this Court in the day-to-day management of census operations and potentially compromise the Bureau's efforts to comply with the statutory deadline—something that the Supreme Court's stay indicates would be improper.

Taken together, all of these considerations favor staying this case until after the Bureau completes the 2020 census or until Defendants' appeal of the preliminary injunction is fully resolved.  Such a stay will not prejudice Plaintiffs, given that the Bureau expects to complete the census in a matter of months and that the appeal is proceeding on an expedited basis.  At an absolute minimum, the rulings of the Ninth Circuit and Supreme Court demonstrate that there is no basis to undertake accelerated proceedings if Plaintiffs raise some new challenge to the Bureau's procedures or seek some other form of expedited relief.

DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER, ECF No. 339,
ADDRESSING THE EFFECT OF THE UNITED STATES SUPREME COURT'S STAY ORDER
Case No. 5:20-cv-05799-LHK

4

DATED: October 23, 2020                              Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant
  Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
   (New York Bar No. 4918793)
STEPHEN EHRLICH
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER, ECF No. 339,
ADDRESSING THE EFFECT OF THE UNITED STATES SUPREME COURT'S STAY ORDER
Case No. 5:20-cv-05799-LHK

5