1  LATHAM & WATKINS LLP
   Steven M. Bauer (Bar No. 135067)
2     steven.bauer@lw.com
   Sadik Huseny (Bar No. 224659)
3     sadik.huseny@lw.com
   Amit Makker (Bar No. 280747)
4     amit.makker@lw.com
   Shannon D. Lankenau (Bar No. 294263)
5     shannon.lankenau@lw.com
   505 Montgomery Street, Suite 2000
6  San Francisco, CA 94111
   Telephone:  415.391.0600
7  Facsimile:  415.395.8095

8  LATHAM & WATKINS LLP
   Richard P. Bress (*pro hac vice*)
9     rick.bress@lw.com
   Melissa Arbus Sherry (*pro hac vice*)
10     melissa.sherry@lw.com
   Anne W. Robinson (*pro hac vice*)
11     anne.robinson@lw.com
   Tyce R. Walters (*pro hac vice*)
12     tyce.walters@lw.com
   Genevieve P. Hoffman (*pro hac vice*)
13     genevieve.hoffman@lw.com
   Gemma Donofrio (*pro hac vice*)
14     gemma.donofrio@lw.com
   555 Eleventh Street NW, Suite 1000
15  Washington, D.C. 20004
   Telephone:  202.637.2200
16  Facsimile:  202.637.2201

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
   Kristen Clarke (*pro hac vice*)
   kclarke@lawyerscommittee.org
   Jon M. Greenbaum (Bar No. 166733)
   jgreenbaum@lawyerscommittee.org
   Ezra D. Rosenberg (*pro hac vice*)
   erosenberg@lawyerscommittee.org
   Ajay P. Saini (*pro hac vice*)
   asaini@lawyerscommittee.org
   Maryum Jordan (Bar No. 325447)
   mjordan@lawyerscommittee.org
   Pooja Chaudhuri (Bar No. 314847)
   pchaudhuri@lawyerscommittee.org
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Additional counsel and representation*
*information listed in signature block*

17  UNITED STATES DISTRICT COURT
18  FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

19  NATIONAL URBAN LEAGUE, et al.,

20             Plaintiffs,

21      v.

22  WILBUR L. ROSS, JR., et al.,

23             Defendants.

CASE NO.  5:20-cv-05799-LHK

**PLAINTIFFS' STATEMENT RE:**
**UNITED STATES SUPREME**
**COURT'S STAY PENDING APPEAL**

Date:   TBD
Time:   TBD
Place:  Courtroom 8
Judge:  Hon. Lucy H. Koh

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

In response to the Court's Order Re: United States Supreme Court's Stay and Case Management Conference (Dkt. 339), Plaintiffs respectfully note the following:

1.     On October 13, 2020, the Supreme Court stayed this Court's September 24, 2020 Order Granting Plaintiffs' Motion for Stay and Preliminary Injunction ("PI Order") (Dkt. 208) until disposition of the appeal in the Court of Appeals for the Ninth Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought ("Supreme Court Order").  Because of the timing, the Supreme Court Order effectively resolves the question of preliminary relief regarding Plaintiffs' Administrative Procedure Act ("APA") claim.  *See Nat'l Urban League v. Ross*, No. 20-16868, Dkt. 20 (setting a deadline of November 20 for the answering brief, and an optional reply brief deadline of within 21 days after service of the answering brief).  The stay will remain in place until the Ninth Circuit resolves the pending appeal and the Supreme Court either denies a petition for a writ of certiorari or, after granting such a petition, resolves the case on its merits.  Given the briefing schedule on appeal, and the time it takes to file and rule on a petition for a writ of certiorari, there is no likelihood that the stay will be lifted before the 2020 Census timelines or before a final judgment in this case.  And although no court has yet addressed the Enumeration Clause claim, Plaintiffs do not currently intend to seek preliminary relief with respect to that claim (or any new claims).  In short, Plaintiffs believe the focus of this case going forward should be on permanent relief.

2.     As to permanent relief, the Supreme Court Order provides no meaningful guidance.  The unexplained order does not reject any decision made by this Court or the Ninth Circuit on the threshold issues or on the merits.

As for the threshold issues, this Court rejected Defendants' arguments regarding the political question doctrine, standing, final agency action, and commitment to agency discretion by law.  *See* PI Order 21-44.  Defendants pursued only their final agency action argument when seeking a stay from the Ninth Circuit.  And the Ninth Circuit soundly rejected that argument too.  When seeking a stay from the Supreme Court, Defendants again abandoned their political question and standing arguments—and focused only on final agency action and (to a lesser extent) whether the questions presented had been committed to agency discretion by law.  The unexplained decision granting the stay does not suggest any disagreement with this Court or the Ninth Circuit's disposition of those

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

1    issues.  There are accordingly no grounds for Defendants to renew their already rejected threshold

2    arguments.

3           As for the merits of the APA argument, the Supreme Court Order again says nothing.  This

4    Court found multiple APA violations and two separate panels of the Ninth Circuit agreed.  Because

5    the Supreme Court stay decision is silent, there is no reason to think that the Court disagreed with

6    this Court or the Ninth Circuit's determination that the APA had been violated (or at least that

7    Plaintiffs were likely to prevail on that argument).

8           The one issue on which the Ninth Circuit departed from this Court's reasoning, and a key

9    focus of the Supreme Court briefing, was the issue of irreparable harm and a balance of the hardships.

10   Specifically, the Ninth Circuit stayed the December 31 portion of this Court's preliminary injunction

11   because it believed the balance of harms weighed in favor of Defendants for two primary reasons:

12   (1) because the December 31 date was still three months away, and (2) because of separation of

13   powers issues given the statutory nature of the reporting deadline.  Accordingly, the only portion of

14   the preliminary injunction still in effect when Defendants filed their application for a stay in the

15   Supreme Court was the October 31 deadline for data collection.  And as to that date, the primary

16   focus of Defendants' briefing was on the completion rate.  According to Defendants, the preliminary

17   injunction should have been administratively stayed because it was essentially no longer necessary

18   as the Census Bureau had already reached 99.9% of households.  That is, there was allegedly no

19   longer any irreparable harm.  Given that focus, and history, Plaintiffs believe the Supreme Court

20   Order may well have turned on a determination that the balance of harms had shifted between the

21   time this Court granted the PI (on September 24) and when the Court ruled on the stay application

22   (on October 13).

23           3.     Although the Ninth Circuit appeal remains pending, that too should have no impact

24   on further proceedings in this Court.  As noted above, the PI Order has been superseded.  As

25   Plaintiffs argued to the Ninth Circuit and the Supreme Court, a decision granting Defendants' request

26   for a stay would "effectively moot" the appeal.  *Nat'l Urban League v. Ross*, No. 20-16868, Dkt.

27   40-1 at 1.  The Ninth Circuit panel ruling on the administrative stay said the same.  *See Nat'l Urban*

28   *League v. Ross*, No. 20-16868, Dkt. 45 at 17.  Accordingly, Plaintiffs' position is that the appeal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

should be held in abeyance pending resolution of the merits and a decision on permanent relief before this Court.  The parties met and conferred via email on the issue.  A few hours ago, Defendants informed Plaintiffs they do not agree—and, shortly thereafter, filed their opening brief in the Ninth Circuit.  Plaintiffs will, of course, respond in the Ninth Circuit as appropriate.  But this case should proceed in the meantime to final judgment, as per the norm.  Any Ninth Circuit decision on the Court's PI Order will come too late to be of any significance and, in any event, will be limited to the closed preliminary injunction record and will not speak to new developments in this case.

4.     Plaintiffs' view is that the matter before this Court should move toward an expedited and final judgment.  To that end, Plaintiffs propose the following schedule with deadlines noted below, focused on seeking an order from the Court on a motion for summary judgment (or, if necessary, after a bench trial) before the Secretary provides any state population counts to the President.  Defendants previously and repeatedly took the position that this *has* to happen before the December 31 statutory deadline.  But Defendants' most recent statements suggest that they have shifted, once again, from their previous statements to the courts, and that they may no longer view that date as binding.

| EVENT | DEADLINE |
|---|---|
| Amended Complaint | October 27, 2020 |
| Focused Discovery Period | October 27, 2020-November 20, 2020 |
| Answer[1] | November 10, 2020 |
| Cross-Motions for Summary Judgment | November 25, 2020 |
| Cross-Oppositions to Motions for Summary Judgment | December 7, 2020 |
| Cross-Replies | December 14, 2020 |
| Hearing on Motions for Summary Judgment | December 17, 2020 |
| Trial | December 21-24, 2020 |

[1] At the last Case Management Conference, Defendants stated that they were still considering whether to file an answer or motion to dismiss.  Plaintiffs believe that Defendants' motion to dismiss/pleadings-based arguments have already been raised and resolved through extensive briefing in various courts, and that Defendants should now file their Answer.  To the extent Defendants want to raise any further legal arguments, without fear of waiver, an expeditious schedule for motions for summary judgment would allow them to do so.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

5.      Plaintiffs plan to file an amended complaint on Tuesday, October 27, 2020.  The amended complaint will, in large part, be identical to Plaintiffs' original complaint, but will include additional allegations on issues that have become increasingly important in recent weeks.  Two are worth briefly flagging here.

*First*, through their rush to justify finishing the count for the 2020 Census, Defendants have introduced a new issue in the case regarding the completion rate metrics and processes for data collection.  Defendants have repeatedly and expressly utilized increased completion rates with regard to data collection to attack Plaintiffs' claims and the Court's PI Order, and to obtain a stay.  Ironically, of course, it was the Court's PI Order that extended the data collection period that allowed Defendants to even make these arguments regarding increased data completion.  Nonetheless, Defendants continue to tout, in their opening brief in the Ninth Circuit filed just today, how they were able to reach a 99% completion rate by October 15—which they claim somehow shows this Court should never have issued its PI Order on September 24.  The argument is logically unsound and remarkably disingenuous.  Defendants told this Court via sworn testimony that they would reach a 99% completion rate in every state by September 30, argued vociferously that data collection should therefore not go a single day past September 30, and insisted that they should be allowed to start winding up Census operations, regardless of completion rates, as early as September 11.  If the Court had taken Defendants at their word, the result would have been a disastrous census count—completion rates as of September 30 were under 99% (in some cases dramatically so) *in over a third of the states in the nation*.  *See* U.S. Census Bureau, 2020 Census Housing Unit Enumeration Progress by State (Sept. 30, 2020), https://2020census.gov/content/dam/2020census/news/daily-nrfu-rates/nrfu-rates-report-09-30.pdf.  And even those numbers were inflated, since at a minimum the wind-down would have started weeks prior.  Defendants were forced to count millions more Americans only as a result of this Court's orders.

Defendants' assertions that the overall final completion count is proof that the Court's orders should never have issued in the first place raise a number of serious questions—and especially as to the claimed completion rates themselves. In making these arguments, while admitting that some unknown amount of changes have been made to the Bureau's NRFU processes that coincided with

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   the increase in completion rates, Defendants have squarely put at issue whether the completion rates,

2   metrics, and processes the Census Bureau has employed are accurate and are being correctly

3   portrayed.  *See* Appl. for a Stay 7-8 n.3, *Ross v. Nat'l Urban League*, No. 20A62 (U.S. Oct. 7, 2020)

4   (conceding that "operations under the Replan Schedule used fewer follow-up visits from some

5   addresses" and made other "changes" to supplying POP counts and fewer random reinterviews "as

6   a quality check").  Indeed, Justice Sotomayor's dissent from the Supreme Court Order, the only

7   written opinion from the Supreme Court on this case, flagged this issue—and as the Court knows,

8   dozens of Census field employees have written to the Court to draw attention to questionable

9   practices.

10      *Second*, Defendants' Supreme Court filings and changed position make clear that the data

11   processing aspect of the census has become even more critical, and Defendants' truncation of that

12   process has become even more extreme.  Defendants' ever-changing positions regarding the time

13   required for data processing demonstrates that Defendants have not provided this Court with accurate

14   information regarding data processing timelines. *Compare* Dkt. 131-7 at 10 ("Post-processing must

15   start by October 1, 2020"), *and* Dkt. 131-8 ¶ 107 ("[W]e wish to be crystal clear that if the Court

16   were to extend the data collection period past September 30, 2020, the Census Bureau would be

17   unable to meet its statutory deadlines to produce apportionment counts prior to December 31, 2020

18   and redistricting data prior to April 1, 2021."), *with* Dkt. 233 at 147-48 ("The latest date to begin

19   post data collection processing that allows Census Bureau to deliver state counts for apportionment

20   to the Secretary of Commerce by December 31, 2020 is October 6, 2020.").  Current statements by

21   Defendants indicate that the Census Bureau has now abandoned the December 31, 2020 statutory

22   deadline—the principal argument raised by Defendants throughout all court proceedings in this case.

23   *See*  U.S. Census Bureau, Transcription of News Briefing by U.S. Census Bureau to Provide Updates

24   on  2020  Census  Operations  at  19  (Oct.  21,  2020),  https://www.census.gov/content/dam/

25   Census/newsroom/press-kits/2020/20201021-transcript-2020-census-op-brief.pdf         (Associate

26   Director Fontenot acknowledging that the Census Bureau "did not say we were going to be able to

27   meet the December 31 deadline.  We said we're working to come as close as possible to the

28   December 31 deadline").  Defendants' shifting arguments, and inability to complete adequate data

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

processing procedure before December 31, establish without question Plaintiffs' APA and Enumeration Clause claims in this case.

Dated: October 23, 2020                              LATHAM & WATKINS LLP

                                                     By:   /s/ Sadik Huseny
                                                         Sadik Huseny

                                                     Steven M. Bauer (Bar No. 135067)
                                                     steven.bauer@lw.com
                                                     Sadik Huseny (Bar No. 224659)
                                                     sadik.huseny@lw.com
                                                     Amit Makker (Bar No. 280747)
                                                     amit.makker@lw.com
                                                     Shannon D. Lankenau (Bar. No. 294263)
                                                     shannon.lankenau@lw.com
                                                     **LATHAM & WATKINS LLP**
                                                     505 Montgomery Street, Suite 2000
                                                     San Francisco, CA 94111
                                                     Telephone:  415.391.0600
                                                     Facsimile:  415.395.8095

                                                     Richard P. Bress (*pro hac vice*)
                                                     rick.bress@lw.com
                                                     Melissa Arbus Sherry (*pro hac vice*)
                                                     melissa.sherry@lw.com
                                                     Anne W. Robinson (*pro hac vice*)
                                                     anne.robinson@lw.com
                                                     Tyce R. Walters (*pro hac vice*)
                                                     tyce.walters@lw.com
                                                     Gemma Donofrio (*pro hac vice*)
                                                     gemma.donofrio@lw.com
                                                     **LATHAM & WATKINS LLP**
                                                     555 Eleventh Street NW, Suite 1000
                                                     Washington, D.C. 20004
                                                     Telephone:  202.637.2200
                                                     Facsimile:  202.637.2201

                                                     *Attorneys for Plaintiffs National Urban League;*
                                                     *League of Women Voters; Black Alliance for*
                                                     *Just Immigration; Harris County, Texas; King*
                                                     *County, Washington; City of San Jose,*
                                                     *California; Rodney Ellis; Adrian Garcia; and*
                                                     *the NAACP*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

1

2   Dated: October 23, 2020                     By: /s/ Jon M. Greenbaum
                                                Kristen Clarke (*pro hac vice*)
3                                               kclarke@lawyerscommittee.org
                                                Jon M. Greenbaum (Bar No. 166733)
4                                               jgreenbaum@lawyerscommittee.org
                                                Ezra D. Rosenberg (*pro hac vice*)
5                                               erosenberg@lawyerscommittee.org
                                                Ajay Saini (*pro hac vice*)
6                                               asaini@lawyerscommitee.org
                                                Maryum Jordan (Bar No. 325447)
7                                               mjordan@lawyerscommittee.org
                                                Pooja Chaudhuri (Bar No. 314847)
8                                               pchaudhuri@lawyerscommittee.org
                                                **LAWYERS' COMMITTEE FOR CIVIL**
9                                               **RIGHTS UNDER LAW**
                                                1500 K Street NW, Suite 900
10                                              Washington, DC 20005
                                                Telephone:  202.662.8600
11                                              Facsimile:  202.783.0857
12
                                                *Attorneys for Plaintiffs National Urban League;*
13                                              *City of San Jose, California; Harris County,*
                                                *Texas; League of Women Voters; King County,*
14                                              *Washington; Black Alliance for Just*
                                                *Immigration; Rodney Ellis; Adrian Garcia; the*
15                                              *NAACP; and Navajo Nation*
16
                                                Wendy R. Weiser (*pro hac vice*)
17                                              weiserw@brennan.law.nyu.edu
                                                Thomas P. Wolf (*pro hac vice*)
18                                              wolft@brennan.law.nyu.edu
                                                Kelly M. Percival (*pro hac vice*)
19                                              percivalk@brennan.law.nyu.edu
                                                **BRENNAN CENTER FOR JUSTICE**
20                                              120 Broadway, Suite 1750
                                                New York, NY 10271
21                                              Telephone: 646.292.8310
                                                Facsimile: 212.463.7308
22
                                                *Attorneys for Plaintiffs National Urban League;*
23                                              *City of San Jose, California; Harris County,*
                                                *Texas; League of Women Voters; King County,*
24                                              *Washington; Black Alliance for Just*
                                                *Immigration; Rodney Ellis; Adrian Garcia; the*
25                                              *NAACP; and Navajo Nation*
26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   | Mark Rosenbaum (Bar No. 59940) |
| 3 |   | mrosenbaum@publiccounsel.org<br>**PUBLIC COUNSEL** |
| 4 |   | 610 South Ardmore Avenue<br>Los Angeles, California 90005 |
| 5 |   | Telephone:  213.385.2977<br>Facsimile:  213.385.9089 |
| 6 |   | *Attorneys for Plaintiff City of San Jose* |
| 7 |   | Doreen McPaul, Attorney General |
| 8 |   | dmcpaul@nndoj.org<br>Jason Searle (*pro hac vice* forthcoming) |
| 9 |   | jasearle@nndoj.org<br>**NAVAJO NATION DEPARTMENT OF** |
| 10 |   | **JUSTICE**<br>P.O. Box 2010 |
| 11 |   | Window Rock, AZ 86515<br>Telephone: (928) 871-6345 |
| 12 |   |   |
| 13 |   | *Attorneys for Navajo Nation* |
| 14 | Dated: October 23, 2020 | By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529) |
| 15 |   | mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289) |
| 16 |   | kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486) |
| 17 |   | danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930) |
| 18 |   | mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF** |
| 19 |   | **LOS ANGELES**<br>200 N. Main Street, 8th Floor |
| 20 |   | Los Angeles, CA 90012<br>Telephone: 213.473.3231 |
| 21 |   | Facsimile: 213.978.8312 |
| 22 |   | *Attorneys for Plaintiff City of Los Angeles* |
| 23 | Dated: October 23, 2020 | By: /s/ Michael Mutalipassi |
| 24 |   | Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us |
| 25 |   | Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us |
| 26 |   | **CITY OF SALINAS**<br>200 Lincoln Avenue |
| 27 |   | Salinas, CA 93901<br>Telephone: 831.758.7256 |
| 28 |   | Facsimile: 831.758.7257 |

1

2  Dated: October 23, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15  Dated: October 23, 2020

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiff City of Salinas
By: /s/ Rafey S. Balabanian
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE
CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

By: /s/ Donald R. Pongrace
Donald R. Pongrace (*pro hac vice*)
dpongrace@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

Dario J. Frommer (Bar No. 161248)
dfrommer@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067-6022
Phone:  213.254.1270
Fax: 310.229.1001

*Attorneys for Plaintiff Gila River Indian
Community*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY

Dated: October 23, 2020

By: _/s/ David I. Holtzman_
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: October 23, 2020

**LATHAM & WATKINS LLP**

By: _/s/ Sadik Huseny_
Sadik Huseny

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

CASE NO. 5:20-CV-05799-LHK
PLTFS.' STATEMENT RE:
SUPREME COURT'S STAY