UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WILBUR L. ROSS, et al.,<br><br>  Defendants. | Case No. 20-CV-05799-LHK<br><br>**ORDER GRANTING MOTION TO EXPEDITE BY LOUISIANA AND MISSISSIPPI AND DENYING THEIR MOTION TO INTERVENE** |

Before the Court are motions by Louisiana and Mississippi ("the States") to intervene on an expedited schedule. *See* Motion to Intervene, ECF No. 204 (filed Sept. 23, 2020) ("Motion"); Motion to Shorten Time and to Expedite, ECF No. 206 (filed Sept. 23, 2020). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS the States' Motion to Shorten Time and to Expedite and DENIES the States' Motion to Intervene.

**I.      BACKGROUND**

Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of Los Angeles, California; City of Salinas, California; City of San Jose, California; Rodney Ellis; Adrian Garcia; National

1

Association for the Advancement of Colored People; City of Chicago, Illinois; County of Los Angeles, California; Navajo Nation; and Gila River Indian Community (collectively, "Plaintiffs") bring this suit against Defendants Commerce Secretary Wilbur L. Ross, Jr.; the U.S. Department of Commerce; the Director of the U.S. Census Bureau Steven Dillingham, and the U.S. Census Bureau ("Bureau") (collectively, "Defendants") for violations of the Enumeration Clause and the Administrative Procedure Act.

The case has proceeded apace. As recounted in detail in the Court's other orders, Plaintiffs filed suit on August 18, 2020; the parties stipulated to a briefing schedule on August 25, 2020; the Court granted a Temporary Restraining Order on September 5, 2020; and the Court held the hearing on Plaintiff's Motion for Stay and Preliminary Injunction on September 22, 2020. *See, e.g.*, Order Granting Plaintiffs' Motion for Stay and Preliminary Injunction (Sept. 24, 2020), ECF No. 208 (recounting procedural history).

On September 23, 2020, despite many fast-paced developments in the case and the diverse set of parties already represented, the States filed the instant motions. *See* ECF No. 204; ECF No. 206. The States seek "an orderly wind-down of census operations in jurisdictions with adequate enumeration rates, with Census Bureau resources re-directed to jurisdictions—like Louisiana and Mississippi—that have lagging enumeration rates." Motion at 5. To further this goal, the States unilaterally noticed a hearing date of October 29, 2020 for their motions without following this Court's procedures. *Compare id.* at 2 (noticing hearing date), *with* District Judge Lucy H. Koh, *Scheduling Notes*, https://www.cand.uscourts.gov/judges/koh-lucy-h-lhk/# ("To obtain a motion hearing date, please EMAIL LHKCRD@cand.uscourts.gov."). Pursuant to this procedurally defective hearing date, Plaintiffs' response to the States' motions was due by October 7, 2020 and the States' reply was due by October 14, 2020. ECF No. 204.

On September 24, 2020, the Court granted Plaintiff's Motion for Stay and Preliminary Injunction. ECF No. 208 ("the Injunction"). The Injunction reinstated the COVID-19 Plan's deadlines of October 31, 2020 for the completion of data collection and April 30, 2021 for

2

Case No. 20-CV-05799-LHK
ORDER GRANTING MOTION TO EXPEDITE BY LOUISIANA AND MISSISSIPPI AND DENYING THEIR MOTION TO INTERVENE

reporting the tabulation of total population to the President. *Id.* at 78; *accord* Order re: Clarification of Stay and Preliminary Injunction at 14 (Oct. 1, 2020), ECF No. 288. On September 25, 2020, Defendants appealed the Injunction to the Court of Appeals for the Ninth Circuit. ECF No. 210.

On appeal, Defendants filed an emergency motion for immediate administrative stay and stay pending appeal. *See National Urban League v. Ross*, No. 20-16868 (9th Cir. Sept. 25, 2020), ECF No. 4. On September 28, 2020, with the Plaintiffs' agreement, the States filed an amicus brief supporting Defendants' application for an emergency stay. *See id.* at ECF No. 10 (amicus brief); *id.* at ECF No. 28 (the States' motion to become amici curiae); *id.* at ECF No. 46 (Ninth Circuit's order granting States' motion to become amici); *id.* at ECF No. 47 (clerk order accepting the States' amicus brief).

On September 30, 2020, the Ninth Circuit denied Defendants' motion for an immediate administrative stay. *Id.* at ECF No. 27. On October 7, 2020, the Ninth Circuit denied Defendants' application for a stay pending appeal of the Injunction as to the completion of data collection but granted Defendants' application for a stay pending appeal of the Injunction as to reporting the tabulation of total population to the President. *Id.* at ECF No. 45. Defendants then sought a stay from the United States Supreme Court of the Injunction as to the completion of data collection. On October 13, 2020, the Supreme Court granted a stay. *See Ross v. National Urban League*, No. 20A62 (U.S. Oct. 13, 2020) (order granting Defendants' application for stay).

Meanwhile, in this Court, Plaintiffs timely filed their opposition to the States' motions on October 7, 2020. ECF No. 321. The States' reply was due on October 14, 2020, but the States did not file a reply—presumably because the Supreme Court's stay granted the relief that the States seek in the instant motions.

**II.  DISCUSSION**

As an initial matter, the Court decides the States' Motion to Intervene now even though the States' improperly noticed their hearing date. Accordingly, the Court GRANTS the States' Motion

3

Case No. 20-CV-05799-LHK
ORDER GRANTING MOTION TO EXPEDITE BY LOUISIANA AND MISSISSIPPI AND DENYING THEIR MOTION TO INTERVENE

to Shorten Time and to Expedite.

As for the Motion to Intervene itself, the States move to intervene on two grounds: (1) as of right under Federal Rule of Civil Procedure 24(a)(2); and (2) permissively under Federal Rule of Civil Procedure 24(b). The Court addresses each ground in turn.

Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In determining whether a movant may intervene as of right, the Ninth Circuit has identified four elements which the movant must meet:

> (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties.

*United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988). "Although the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

Here, though "the requirements for intervention are broadly interpreted," the States do not satisfy the first and fourth element. On the first element of timeliness, the States sought to intervene a day *after* the preliminary injunction hearing and after the parties (and several amici including 22 other states) had entered over 300 filings on the docket. *See, e.g.*, ECF Nos. 50, 54, 58 (amicus briefs by businesses, local governments, U.S. Conference of Mayors, and 22 other states). At that time, even the States recognized that this case was already proceeding at a "rapid pace" and that the Motion to Intervene should "**not delay the Court's issuance or denial of a preliminary injunction.**" Motion at 2 (emphasis in original), 6; *see also, e.g.*, Order Extending

4

Case No. 20-CV-05799-LHK
ORDER GRANTING MOTION TO EXPEDITE BY LOUISIANA AND MISSISSIPPI AND DENYING THEIR MOTION TO INTERVENE

Temporary Restraining Order for Defendants' Partial Production of the Administrative Record at 17 (Sept. 17, 2020), ECF No. 142 (recounting the rapid pace of orders). Moreover, pursuant to the parties' stipulated briefing schedule, the deadline for amicus briefs was "within five days of the opening brief that an amicus wishes to support." ECF No. 43. Amici supporting Plaintiffs thus had until August 31, 2020 to file briefs; and amici supporting Defendants had until September 10, 2020. Altogether, 22 states, 29 local governments, the District of Columbia, the U.S. Conference of Mayors, and 12 businesses and business organizations timely filed three amicus briefs. ECF Nos. 50, 57, 58. The States did not file amicus briefs.

The States fail to explain why they failed to file amicus briefs, failed to timely move to intervene, and failed to file a reply brief in support of their Motion to Intervene. The States' only assertion, unsupported by any declaration, is that Louisiana did not learn of this lawsuit until September 17, 2020. Motion at 6. This assertion says nothing about Mississippi's knowledge of the lawsuit. Nor does the assertion explain how "the crucial date for assessing the timeliness of a motion to intervene"—*i.e.*, "when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties"—could be any later than August 31, 2020, when 22 states, 29 local governments, the District of Columbia, the U.S. Conference of Mayors, and 12 businesses and business organizations timely filed amicus briefs in response to a publicized briefing schedule. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)) (stating factors for determining timeliness "by the totality of the circumstances"); *see* ECF No. 57; *see also, e.g.*, Hansi Lo Wang, *Running Out Of Time, Census Scales Back A Critical Step: Checking Its Own Work*, National Public Radio (Aug. 29, 2020), https://www.npr.org/2020/08/29/905846761/the-census-scales-back-a-critical-step-checking-its-own-work (describing census-related litigation and linking to filings in this lawsuit).

On the fourth element, which is that "the applicant's interest must be inadequately represented by the other parties," Defendants have adequately represented the States' asserted

5

Case No. 20-CV-05799-LHK
ORDER GRANTING MOTION TO EXPEDITE BY LOUISIANA AND MISSISSIPPI AND DENYING THEIR MOTION TO INTERVENE

interests here. *Oregon*, 839 F.2d at 637. The States seek an "orderly wind-down of census operations." Motion at 5. On appeal, Defendants sought and received a stay from the Supreme Court that allowed Defendants to wind-down census operations on October 15, 2020. *See National Urban League*, No. 20A62 (U.S. Oct. 13, 2020); U.S. Census Bureau, *Census Bureau Statement on 2020 Census Data Collection Ending* (Oct. 13, 2020), https://2020census.gov/en/news-events/press-releases/statement-on-2020-census-data-collection-ending.html. Defendants thus achieved what the States seek to accomplish with the Motion to Intervene. Perhaps recognizing this fact, the States did not file a reply supporting the Motion to Intervene.

Accordingly, the States cannot intervene as of right. As for permissive intervention, Federal Rule of Civil Procedure 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Once a common question of law or fact exists, "[p]ermissive intervention is committed to the broad discretion of the district court." *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). Where, as here, existing parties adequately represent the putative intervenors' interests, denying intervention is often appropriate. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing factors such as "whether the intervenors' interests are adequately represented by other parties"); *SurvJustice Inc. v. DeVos*, No. 18-CV-00535-JSC, 2019 WL 1427447, at *8 (N.D. Cal. Mar. 29, 2019) (denying permissive intervention on the same ground). In addition, where intervention as of right would be untimely, permissive intervention by the same movants would be especially untimely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) ("In the context of permissive intervention, [] we analyze the timeliness element more strictly than we do with intervention as of right.").

Not only do Defendants adequately represent the States' interests, but also the States' Motion to Intervene is untimely. Thus, the States cannot permissively intervene either. Rather, the States' best course going forward—and one that has represented the States' asserted interests so

far—is to file amicus briefs, that supplement the parties' thorough presentation of the issues, according to the schedule the Court sets for amicus briefs. *See, e.g.*, *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) ("Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943))); *National Urban League*, No. 20-16868 (9th Cir. Sept. 28, 2020), ECF No. 10 (the States' amicus brief).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the States' Motion to Shorten Time and to Expedite and DENIES the States' Motion to Intervene.

**IT IS SO ORDERED.**

Dated: October 26, 2020

_____
LUCY H. KOH
United States District Judge