1    [Counsel identified on signature pages]

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                         SAN JOSE DIVISION

11   NATIONAL URBAN LEAGUE, et al.,          CASE NO.  5:20-cv-05799-LHK

12                          Plaintiffs,      **JOINT CASE MANAGEMENT
                v.                           STATEMENT**
13
     WILBUR L. ROSS, JR., et al.,
14                                           Date:   November 13, 2020
                           Defendants.       Time:   1:30 p.m.
15                                           Place:  Courtroom 8
                                             Judge:  Hon. Lucy H. Koh
16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing

2  Order For All Judges of the Northern District of California, the parties to this action, by their

3  respective counsel, respectfully submit the following Joint Case Management Statement in

4  anticipation of the Case Management Conference scheduled for November 13, 2020.

5  **I.      JURISDICTION AND SERVICE**

6    This case is a civil action seeking declaratory and injunctive relief for claims under the U.S.

7  Constitution and the Administrative Procedures Act.  Accordingly, this Court has subject matter

8  jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(a), 1361, 2201, and 2202.  Defendants challenge

9  the Court's subject matter jurisdiction (*see* Dkt. 354), but do not challenge personal jurisdiction or

10  venue.  Plaintiffs believe that Defendants' jurisdictional challenges have already been resolved by

11  the orders of this Court and the Ninth Circuit to date.  No party remains unserved.

12  **II.     FACTS AND PROCEDURAL HISTORY**

13    The relevant facts and procedural history regarding this matter have been detailed in this

14  Court's TRO and Preliminary Injunction orders (Dkts. 84, 208); the parties provide only a brief

15  summary here.

16    As with previous censuses, the Census Bureau spent numerous years planning for the 2020

17  Census, culminating in the 2018 Operational Plan for the 2020 Census, released on December 31,

18  2018.  On March 10, 2020, pursuant to that Operational Plan, the Bureau began to accept self-

19  responses on its website.  But in light of the COVID-19 pandemic, on March 18 the Bureau

20  announced it would suspend all field operations for two weeks, and subsequently extended the

21  suspension.  On April 13, 2020, the Bureau amended the 2018 Operational Plan and adopted the

22  COVID-19 Plan.  Under the COVID-19 Plan, among other things, the deadlines for field

23  operations, data processing, and delivery of apportionment and redistricting numbers were all

24  pushed out.

25    Then, on August 3, 2020, the Bureau announced a Replan that shortened the time for field

26  operations and cut field operations short by a month compared to the COVID-19 Plan, and

27  shortened the time to perform data processing by several months, in order to deliver apportionment

28  data to the President by December 31, 2020.

1    Plaintiffs challenged Defendants' actions in the Court.  The Court entered a TRO (Dkt. 84),

2  and then entered a preliminary injunction (Dkt. 208) staying the Bureau's September 30, 2020

3  deadline for the completion of data collection and December 31, 2020 deadline for reporting the

4  tabulation of the total population to the President.

5    Defendants appealed the Court's preliminary injunction order and sought a stay of the

6  injunction pending the appeal.  The Ninth Circuit granted in part and denied in part Defendants'

7  motion to stay the injunction.  Specifically, the Ninth Circuit denied Defendants' motion as to the

8  September 30 deadline, but granted Defendants' motion as to the December 31 deadline.

9  Subsequently, the Supreme Court stayed the preliminary injunction in its entirety.  Defendants'

10  appeal of the preliminary injunction remains pending.

11    Subsequent to the Supreme Court's order, the Bureau stated that it completed field

12  operations on October 15, 2020.   The Bureau has publicly stated that it is working to deliver the

13  Census results as close to the December 31, 2020, statutory deadline as possible.

14  **III.    LEGAL ISSUES**

15    The parties reserve the right to raise additional issues that may arise through the course of

16  this action.  At present, the following legal issues are disputed:

17    1.    Whether Defendants have violated the Enumeration Clause and the Fourteenth

18  Amendment of the U.S. Constitution.

19    2.    Whether Defendants have violated Section 706 of the Administrative Procedures Act.

20    3.    Whether Plaintiffs have standing to bring and the Court has jurisdiction to hear and

21  resolve Plaintiffs' claims.

22  **IV.    MOTIONS**

23    The Court has already ruled on numerous motions in this action.  Accordingly, the parties

24  focus this section on the pending and expected motions.

25    Currently, the Court's preliminary injunction order (Dkt. 208, clarified in Dkt. 288) is on

26  appeal at the Ninth Circuit.  Defendants responded to Plaintiffs' Second Amended Complaint on

27  November 10, 2020 by filing a motion to dismiss, set for a December 17, 2020 hearing date.  (Dkt.

28  354.)  The same day, Defendants also filed a motion to stay these proceedings until the Bureau

1  completes the 2020 Census and the President reports the apportionment results, or until

2  Defendants' appeal of the Court's preliminary injunction is fully resolved, whichever is later.

3  (Dkt. 355.)  Defendants' stay motion is also currently set for hearing on December 17.

4        Plaintiffs' position is that Defendants' motion to dismiss is in actuality a motion to

5  reconsider various threshold standing/jurisdictional arguments previously raised by Defendants

6  and already resolved against Defendants by this Court; moreover, the same arguments have

7  already been raised at the appellate level and either rejected (at the Ninth Circuit) or left

8  unaddressed (at the Supreme Court).  Because Defendants raise nothing new, Plaintiffs believe that

9  Defendants' motion to dismiss should be denied with no further briefing and that the Court should

10 order Defendants to file their Answer forthwith.  Plaintiffs similarly believe Defendants' motion to

11 stay is a delay tactic.  This is shown, in no small part, by how untimely the motion is—as

12 Defendants could and should have filed a motion to "stay" the merits phase of this proceeding

13 weeks ago if they felt that was the right course.  The motion also has no merit.  As explained

14 previously, the Ninth Circuit appeal is effectively moot.  If any proceeding should be stayed (or

15 held in abeyance), it is the appeal of a preliminary injunction order that is stayed past the point of

16 effectiveness.

17        Plaintiffs' Second Amended Complaint sets forth numerous new and troubling allegations

18 about Defendants' conduct—allegations directly related to Defendants' improper efforts to further

19 rush the census data collections in a deliberate effort to circumvent the Court's preliminary

20 injunction in this case and have it overturned, and which thus speak directly to Defendants'

21 violation of their constitutional obligations.  Plaintiffs anticipate filing a motion for summary

22 judgment on an expedited schedule, as described further below, as to both their Enumeration

23 Clause and APA claims.  Defendants, of course, are free to file a cross-motion for summary

24 judgment at that time should they have new, appropriate arguments to bring to bear.

25        Defendants' position is that Plaintiffs' claims suffer from numerous jurisdictional defects,

26 and the Supreme Court's issuance of the stay is a basis for the Court to revisit its prior assessment

27 of Defendants' jurisdictional defenses.  Defendants' stay motion explains how resolution of those

28 issues is likely to be simplified if the Court stays this matter for a few short months.  To the extent

1    Plaintiffs do not believe that having likely appellate guidance or an actual census result will benefit

2    the Court in assessing Plaintiffs' claims, they are free to articulate that in their opposition to

3    Defendants' stay motion.  But Plaintiffs cannot plausibly claim prejudice from Defendants not

4    seeking a stay earlier when the focus of litigation in this matter for the past month has been in

5    appellate tribunals, and when nothing of substance has transpired in this Court.  Nor, given the

6    Supreme Court's stay of the preliminary injunction, can Plaintiffs claim any injury or hardship

7    from district court proceedings in this case being stayed until after the 2020 Census is completed.

8    Indeed, Plaintiffs note below that the final census results are so critical to this case that

9    Plaintiffs must obtain those results within six hours; that itself suggests that there is little need for

10   burdensome and intrusive discovery before that time.  By contrast, Plaintiffs' proposed efforts to

11   burden the parties and the Court with expedited discovery and merits proceedings at this late stage

12   would prove extraordinarily burdensome and prejudicial for Defendants, and should not be

13   countenanced.  Plaintiffs in any event agree, in this very filing, that post-census relief, if

14   warranted, is available, and that is the course the Supreme Court has repeatedly followed in its

15   census cases.  Given the lack of disagreement between the parties on this question, there is no

16   reason to again rush matters in this Court.

17          The allegations Plaintiffs make in their Second Amended Complaint do not change this

18   analysis.  As Defendants explained in  their motion to dismiss, the new allegations Plaintiffs

19   presented do not alter the legal framework of the case, do not expand the scope of relief Plaintiffs

20   are seeking, and do not change the issues that the Court will have to resolve when it considers

21   Defendants' motion.  Further, many of those new allegations have previously been rebutted by

22   Defendants' declarants in materials Defendants have submitted to the Court.

23   **V.     AMENDMENT OF PLEADINGS**

24          While Defendants still need to file an Answer to the Second Amended Complaint, the

25   parties do not otherwise currently anticipate further amendment of the pleadings.  In light of their

26   motion to dismiss, Defendants disagree that they "need" to file an Answer to the Second Amended

27   Complaint.

28

1   **VI.   EVIDENCE PRESERVATION**

2       The parties have reviewed the ESI Guidelines, and are meeting and conferring pursuant to

3   Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to

4   preserve evidence relevant to the issues reasonably evident in this action.

5   **VII.   DISCLOSURES**

6       Plaintiffs believe that the deadline for serving initial disclosures should be November 18,

7   2020.

8       Defendants state that no initial disclosures are necessary until the Court resolves the motion

9   to stay or the motion to dismiss.

10  **VIII.   DISCOVERY**

11      **A.   Discovery Taken to Date**

12      Plaintiffs' position: Because this case proceeded to preliminary relief on an expedited

13  schedule, there has been an administrative record but no documents or materials produced pursuant

14  to formal discovery requests thus far.

15      Defendants' position: To the extent this case survives Defendants' motion to dismiss, and

16  to the extent there is final agency action and there "has been an administrative record," the merits

17  of this case can and should be resolved on that "administrative record" and not on the basis of any

18  discovery.

19      **B.   Scope of Anticipated Discovery**

20      Plaintiffs intend to serve tailored written discovery immediately following the November

21  13, 2020 case management conference in this matter, pursuant to the Court's direction and

22  preferences regarding the case schedule, and intend to seek limited depositions of the Defendants

23  and Bureau employees in order to support Plaintiffs' forthcoming motion for summary judgment.

24      **C.   Stipulated E-Discovery Order**

25      The parties are considering whether a stipulated E-Discovery Order should be entered into.

26      **D.   Proposed Discovery Plan & Schedule**

27  Plaintiffs' position:

28      (A)   Initial Disclosures – Initial disclosures should be exchanged by November 18, 2020.

1       (B)     Discovery Subjects and Timing – Discovery is necessary on Defendants' data

2    collection and data processing operations, and given the timing of impending events, should be

3    finalized on an expedited schedule and largely completed by December 11, 2020.  As part of that

4    expedited schedule, Plaintiffs believe that the Court should establish the following parameters:

5               (1) 3-day turnarounds on any objections to written discovery;

6               (2) an expedited discovery dispute process before a Magistrate Judge, with binding

7           discovery determinations;

8               (3) 10-day turnarounds on providing substantially complete document productions

9           and written responses to interrogatories and requests for admission; and

10              (4) a limited deposition period, to occur from December 1 through December 11,

11          depending on timely production of written discovery responses and documents.

12      (C)     Issues About Disclosure, Discovery, or ESI – No current issues to raise.

13      (D)     Issues About Privilege – No current issues to raise.

14      (E)     Changes to Discovery Limits – Plaintiffs do not believe that discovery limitations

15   need to be modified at this point.

16      Defendants' position:

17   Defendants assert that no discovery is necessary or proper in this matter, and that Plaintiffs'

18   proposed schedule is both unrealistic and extraordinarily burdensome.  The case schedule Plaintiffs

19   propose below is based on an appropriate understanding that the Court need not enter a final

20   judgment in this case before the completion of the 2020 Census and the report of the

21   apportionment numbers by the President.  In light of that schedule, there is no reason to engage in

22   expedited discovery, particularly when the threshold jurisdictional defects of Plaintiffs' claims

23   may render all such effort unnecessary.  As explained in Defendants' motion to stay, there is no

24   basis to adjudicate this matter before appellate tribunals have provided legal guidance and until the

25   completion of the census provides some basis to assess the veracity of Plaintiffs' speculation about

26   injury.  And waiting just two months for the report of the apportionment numbers would likely

27   obviate the need for much, if not all, of the discovery Plaintiffs apparently wish to pursue.  Having

28   already litigated this matter on an accelerated timeframe once, Defendants respectfully submit that

1   it would be improper to do so again to the detriment of the census's completion.  Further, Plaintiffs

2   have impliedly conceded that there is no urgency to their discovery given that they forecast the

3   need for discovery in their filing on October 23, 2020, but have not served any discovery in the

4   interim.

5          As noted above, Defendants do not believe that discovery is necessary or appropriate at this

6   time.  If this Court disagrees, however, there is no need for the extremely expedited discovery

7   timelines that Plaintiffs propose.  Instead, and as set forth in Part XVII, any discovery should

8   proceed by applying the normal timelines set forth in the Federal Rules of Civil Procedure, and

9   Defendants do not waive their right to seek discovery.

10         In the event discovery is permitted and the Court chooses to refer discovery disputes to a

11  Magistrate Judge, Defendants would reserve their right to appeal any adverse discovery ruling to

12  the district judge, and do not agree to a binding discovery determination by a Magistrate Judge.

13  **IX.    CLASS ACTIONS**

14         This case is not a class action.

15  **X.     RELATED CASES**

16         There are no formally related cases.  The parties are aware of *La Unión del Pueblo Entero*

17  *v. Trump*, No. 8:19-cv-02710-PX-PAH-ELH (D. Md.), where similar issues, among others, have

18  been raised.

19  **XI.    RELIEF**

20         Plaintiffs ask the Court to issue the following relief:

21         1.  Declare that Plaintiffs' promulgation of the Replan, and corresponding revocation of

22             the COVID-19 Plan is unconstitutional under the Enumeration Clause, and unlawful

23             under the Administrative Procedure Act.

24         2.  Vacate the Replan, thereby reinstating the COVID-19 Plan.

25         3.  Enjoin Defendants from implementing or effectuating the Replan or its constituent parts

26             and enjoin Defendants from unlawfully interfering with the implementation or

27             effectuation of the COVID-19 Plan or its constituent parts.

28         4.  Award Plaintiffs costs, expenses, and reasonable attorneys' fees.

1        5.    Award any other relief the Court deems just and proper.

2    **XII.    SETTLEMENT AND ADR**

3        The parties agree that the case will not be resolved through an ADR process.  Nonetheless,

4    the parties are willing to discuss ADR processes with the Court, but believe the Court should

5    relieve the parties of the ADR Multi-Option Program.

6    **XIII.  CONSENT TO MAGISTRATE FOR ALL PURPOSES**

7        The parties have declined to consent to a Magistrate Judge for all purposes.

8    **XIV.   OTHER REFERENCES**

9        The parties agree that this case is not suitable for reference to binding arbitration or a

10    special master.  The parties also agree that this case is inappropriate for the Judicial Panel on

11    Multidistrict Litigation.

12    **XV.    NARROWING OF ISSUES**

13        Not applicable at this juncture.

14    **XVI.   EXPEDITED TRIAL PROCEDURE**

15        Because of the nature and timing of events in this action, the parties submit that the

16    Expedited Trial Procedure of General Order No. 64 is not appropriate for this case.  Plaintiffs,

17    however, do seek expedited permanent relief and believe certain of the procedures for expedited

18    trial may be appropriate.

19    **XVII.  SCHEDULING**

20        Plaintiffs' position:

21        As set forth in Plaintiffs' Statement Re: United States Supreme Court's Stay Pending

22    Appeal (Dkt. 344), the Supreme Court's October 13, 2020 order effectively resolves the question

23    of preliminary relief regarding Plaintiffs' Administrative Procedure Act claims.  And although the

24    Ninth Circuit appeal on the Court's preliminary injunction order (Dkt. 208) remains pending, that

25    is effectively moot for the same reasons, and should have no impact on further proceedings on the

26    merits in this Court.

27        With the preliminary relief phase over, Plaintiffs believe that the case should move toward

28    an expedited and final judgment.  Defendants previously and repeatedly took the position that they

had to provide state population counts to the President by the December 31 statutory deadline.  But

Defendants' most recent statements indicate that they have shifted, once again, from their previous

statements to the courts; that they do not view the December 31, 2020 date as a drop-dead

deadline; and that they are in fact planning to provide census information to the President at some

point after December 31, 2020.  Defendants have also repeatedly told this Court, as well as the

Ninth Circuit and the Supreme Court, that the courts can issue any and all appropriate relief even

*after* Defendants provide the state population counts to the President.  *See, e.g.*, Dkt. 355.  Those

admissions are significant, and provide the parties and the Court with some (albeit minor)

additional breathing room for an expedited merits proceeding in this case.  That said, for practical

purposes, the sooner this Court enters final judgment the better, given the nature of the census and

the proximity of the data collections and processing periods.

In light of Defendants' statements, Plaintiffs believe a schedule that moves forward as

quickly as possible, while still providing for ultimate resolution by very early January, is the

appropriate course.  To that end, Plaintiffs propose the following schedule, focused on seeking an

order from the Court on a motion for summary judgment (or, if necessary, after a bench trial) just

prior, or as close as possible, to the time when the Secretary will be in a position to provide flawed

census counts to the President:

| EVENT | DEADLINE |
| --- | --- |
| Primary Discovery Period | November 13 – December 11, 2020 |
| Answer[1] | November 20, 2020 |
| Expert Disclosures | December 4, 2020 |
| Cross-Motions for Summary Judgment | December 16, 2020 |
| Cross-Oppositions to Motions for Summary Judgment | December 28, 2020 |

---

[1] As noted, Plaintiffs believe that the arguments raised in Defendants' motion to dismiss have already been raised and resolved through extensive briefing in various courts, and that Defendants' recent motion to dismiss (Dkt. 354) raises arguments identical to those raised in their Opposition to Plaintiffs' Motion for Stay or Preliminary Injunction (Dkt. 81).  Defendants should now file their Answer.  To the extent Defendants want to raise any further legal arguments, without fear of waiver, an expeditious schedule for motions for summary judgment would allow Plaintiffs to do so.

| Supplemental Discovery:  Census counts/information transmitted to the President | Provided to plaintiffs within 6 hours of any transmission |
|---|---|
| Cross-Replies | January 4, 2020 |
| Hearing on Motions for Summary Judgment | January 7, 2020 |
| Trial | January 11-15, 2020 |

Defendants' position:

As set forth in their motion to stay, Defendants believe that the proceedings in this Court should be stayed until the Bureau completes the 2020 Census and the President reports the apportionment results, or until Defendants' appeal of the Court's preliminary injunction is fully resolved, whichever is later.  (Dkt. 355.).  Given Plaintiffs' concession that judgment can be entered after the President's report of apportionment results, there is no reason to undertake the kind of schedule Plaintiffs propose.  Further, Plaintiffs' schedule does not provide sufficient time for both sides to undertake adequate discovery, such as, for example, expert depositions and rebuttal reports.

If Defendants' motion to dismiss is denied, Defendants anticipate that the Court would need to resolve whether any discovery is appropriate.  And to the extent any discovery is permitted in this action, it should proceed under the normal timetables as set forth by the Federal Rules of Civil Procedure:

| **EVENT** | **DEADLINE** |
|---|---|
| Discovery Period | 3 months following expiration of stay (if Defendants' motion to stay granted) or denial of motion to stay |
| Expert Disclosures | 1 month after commencement of discovery period |
| Expert Rebuttal Disclosures | 1 month after initial expert disclosures |
| Plaintiffs' Cross-Motion for Summary Judgment | 1 month following expiration of discovery period |
| Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion | 3 weeks following Plaintiffs' filing |

| Plaintiffs' Reply and Opposition to Defendants' Cross-Motion | 3 weeks following Defendants' filing |
|---|---|
| Defendants' Reply | 2 weeks following Plaintiffs' filing |
| Hearing on Cross-Motions | At court's convenience |
| Trial (if necessary) | Parties to submit proposed trial dates within one week of decision on parties' cross-motions |

## XVIII. TRIAL

Plaintiffs believe that, should a trial be necessary, this case can and should be tried to the Court over a 4-5 day period.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Civil Local Rule 3-15 "does not apply to any governmental entity or its agencies."  Civil L.R. 3-15(a).

## XX.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: November 12, 2020

**LATHAM & WATKINS LLP**

By:   /s/ Sadik Huseny
  Sadik Huseny

Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  415.391.0600
Facsimile:  415.395.8095

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
**LATHAM & WATKINS** LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201

*Attorneys for Plaintiffs National Urban League;
League of Women Voters; Black Alliance for
Just Immigration; Harris County, Texas; King
County, Washington; City of San Jose,
California; Rodney Ellis; Adrian Garcia; and
the NAACP*

Dated: November 12, 2020

By: /s/ Jon M. Greenbaum
Kristen Clarke (*pro hac vice*)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (*pro hac vice*)
erosenberg@lawyerscommittee.org
Maryum Jordan (Bar No. 325447)
mjordan@lawyerscommittee.org
Ajay Saini (*pro hac vice*)
asaini@lawyerscommitee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)

wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF
JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: November 12, 2020

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF
LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012

Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: November 12, 2020

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

Dated: November 12, 2020

By: /s/ Rafey S. Balabanian
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

1

2    Dated: November 12, 2020        By: */s/ Donald R. Pongrace*

Donald R. Pongrace (*pro hac vice*)

3                             dpongrace@akingump.com

4                             **AKIN GUMP STRAUSS HAUER & FELD LLP**

5                             2001 K St., N.W.

Washington, D.C. 20006

6                             Telephone: (202) 887-4000

Facsimile: 202-887-4288

7

8                             Dario J. Frommer (Bar No. 161248)

dfrommer@akingump.com

9                             **AKIN GUMP STRAUSS HAUER & FELD LLP**

10                             1999 Avenue of the Stars, Suite 600

Los Angeles, CA  90067-6022

11                             Phone:  213.254.1270

Fax: 310.229.1001

12

13                             *Attorneys for Plaintiff Gila River Indian Community*

14    Dated: November 12, 2020        By: */s/ David I. Holtzman*

David I. Holtzman (Bar No. 299287)

15                             David.Holtzman@hklaw.com

16                             **HOLLAND & KNIGHT LLP**

Daniel P. Kappes

17                             Jacqueline N. Harvey

50 California Street, 28th Floor

18                             San Francisco, CA 94111

Telephone: (415) 743-6970

19                             Fax: (415) 743-6910

20                             *Attorneys for Plaintiff County of Los Angeles*

21    DATED:  November 12, 2020        Respectfully submitted,

22

23                             JEFFREY BOSSERT CLARK

Acting Assistant Attorney General

24                             JOHN V. COGHLAN

25                             Deputy Assistant Attorney General

26                             AUGUST E. FLENTJE

Special Counsel to the Assistant

27                              Attorney General

28                             ALEXANDER K. HAAS

1    Branch Director

2    DIANE KELLEHER
     BRAD P. ROSENBERG
3    Assistant Branch Directors

4
     */s/ Alexander V. Sverdlov*
5    ALEXANDER V. SVERDLOV
       (New York Bar No. 4918793)
6    STEPHEN EHRLICH
     M. ANDREW ZEE
7    Trial Attorneys
     U.S. Department of Justice
8    Civil Division - Federal Programs Branch
     1100 L Street, NW
9    Washington, D.C. 20005
     Telephone: (202) 305-0550
10
11   *Attorneys for Defendants*

12

13

14                        **ATTESTATION**

15        I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this

16   document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred

17   in this filing.

18

19   Dated: November 12, 2020              **LATHAM & WATKINS** LLP

20                                         By:  */s/ Sadik Huseny*
                                               Sadik Huseny
21

22

23

24

25

26

27

28