UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, et al., <br><br> Defendants. | Case No. 20-CV-05799-LHK <br><br> **CASE MANAGEMENT ORDER** |

<u>Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP</u>: Steven Bauer, Sadik Huseny, and Melissa Sherry
<u>Attorneys for all Plaintiffs above, plus Navajo Nation</u>: Ezra Rosenberg and Thomas Wolf
<u>Attorney for Plaintiff Navajo Nation</u>: Jason Searle
<u>Attorney for Plaintiff City of Los Angeles, California</u>: Danielle Goldstein
<u>Attorney for Plaintiff City of Salinas, California</u>: Michael Mutalipassi
<u>Attorney for Plaintiff City of Chicago</u>: Rebecca Hirsch
<u>Attorney for Plaintiff County of Los Angeles</u>: David Holtzman
<u>Attorney for Plaintiff Gila River Indian Community</u>: Donald Pongrace
<u>Defendants' Attorneys</u>: Alexander Sverdlov, Brad Rosenberg, and John Coghlan

On November 13, 2020, the Court held a case management conference. The Court set a further case management conference on December 11, 2020 at 1:30 p.m. The parties shall file their joint case management statement by December 9, 2020 at 2:00 p.m.

After considering the parties' proposed case schedules, the Court set the following case schedule:

| Scheduled Event | Date |
|---|---|
| Exchange Initial Disclosures | November 18, 2020 |
| Further Case Management Conference | December 11, 2020 at 1:30 p.m. |
| Close of Fact Discovery | January 7, 2021 |
| Opening Expert Reports | January 14, 2021 |
| Rebuttal Expert Reports | January 21, 2021 |
| Close of Expert Discovery | January 28, 2021 |
| Cross-Motions for Summary Judgment (one per side in the entire case) | February 4, 2021 |
| Oppositions to Cross-Motions for Summary Judgment | February 11, 2021 |
| Hearing on Motions for Summary Judgment | February 18, 2021 at 1:30 p.m. |
| Motions in Limine (three per side, limited to three pages each) | March 5, 2021 |
| Oppositions to Motions in Limine | March 8, 2021 |
| Final Pretrial Conference | March 11, 2021 at 1:30 p.m. |
| Bench Trial | March 19, 2021 at 9:00 a.m. |
| Length of Trial | 5 days |

After considering the parties' proposals for discovery limits and deadlines, the Court set the following discovery limits and deadlines:

- Each side is limited to 10 interrogatories. Parties have 30 days to respond.

- Each side is limited to 25 Requests for Admission ("RFAs"). Parties have 30 days to respond.

- Each side is limited to 2 sets of Requests for Production ("RFPs"), with no more than 25 RFPs total. Parties have 10 days to object. Parties must start producing documents, for which no objections are asserted, within 14 days.

- Each side is limited to 5 fact depositions, including 2 Federal Rule of Civil Procedure 30(b)(6) depositions.

Defendants filed two motions on November 10, 2020: a motion to dismiss for lack of jurisdiction, ECF No. 354; and a motion to stay all proceedings, ECF No. 355. At the November 13, 2020 case management conference, Defendants raised the possibility of filing a third motion regarding discovery. In light of all the substantive briefing and rulings in the case thus far and Defendants' two pending motions, the Court finds that a third motion regarding discovery would not be helpful to the Court.

Discovery should proceed for at least the following four reasons. First, there is significant merit to Plaintiffs' claims. To be clear, Defendants may ultimately prevail on these claims. However, the Court should not take the unusual step of staying discovery here. The Ninth Circuit has held that "a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ((alterations in original omitted) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002)).

Here, the Court is not "convinced that the plaintiff will be unable to state a claim for relief." *Id*. In fact, the Court has found that Plaintiffs are likely to succeed on the merits of their Administrative Procedure Act ("APA") arbitrary and capricious claim. Order Granting Plaintiff's Motion for Stay and Preliminary Injunction, ECF No. 208 ("Injunction Order"), at 44–74. Moreover, Defendants' motion to dismiss does not argue that Plaintiffs fail to state an APA pretext claim or an Enumeration Clause claim.

Instead, Defendants' motion to dismiss raises the same threshold arguments that have already been rejected by this Court and the Ninth Circuit. Specifically, this Court has repeatedly ruled in Plaintiffs' favor on Defendants' threshold issues. *See, e.g.*, Order to Produce the Administrative Record, ECF No. 86, at 9–17 (rejecting Defendants' threshold arguments); Injunction Order, ECF No. 208, at 21–44 (same).

Similarly, the Ninth Circuit has twice reviewed this Court's Injunction Order. The first Ninth Circuit panel denied Defendants' motion for an administrative stay of the Injunction Order. Order Denying Motion for Administrative Stay at 10, ECF No. 277. The second Ninth Circuit panel expressly rejected Defendant's APA threshold arguments and implicitly rejected

3

Case No. 20-CV-05799-LHK
CASE MANAGEMENT ORDER

Defendants' other threshold arguments. *See* Order Granting in Part and Denying in Part Emergency Motion for a Stay at 9–11, ECF No. 320 (rejecting the "government's primary argument," which is lack of final agency action).

Nor can Defendants rely too heavily on the United States Supreme Court's stay order. The Supreme Court's stay did not address the merits of Plaintiffs' claims. In fact, the stay was unaccompanied by an opinion. *See Ross v. National Urban League*, No. 20A62 (Oct. 13, 2020) (staying Injunction Order without opinion). The stay also could not have addressed two claims that this Court has not yet reached: (1) APA pretext and (2) the Enumeration Clause.

Second, Plaintiffs' claims involve the President's July 21, 2020 memorandum to exclude undocumented immigrants from the apportionment base. *See* Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44,679 (issued July 21, 2020; published in the Federal Register July 23, 2020) ("Presidential Memorandum"). Three different three-judge courts across the country have held that the Presidential Memorandum unlawful. *See State of New York v. Trump*, 20-CV-5770-RCW-PWH-JMF, 2020 WL 5422959, at *2 (S.D.N.Y. Sept. 10, 2020) (three-judge court) (per curiam); *City of San Jose v. Trump*, No. 20-CV-05167-RRC-LHK-EMC, 2020 WL 6253433, at *1 (N.D. Cal. Oct. 22, 2020) (three-judge court) (per curiam); *Useche v. Trump*, No. 20-CV-02225-PX-PAH-ELH, 2020 WL 6545886, at *1 (D. Md. Nov. 6, 2020) (three-judge court) (per curiam).

Third, Defendants' arguments to the contrary are unavailing. At today's case management conference, Defendants argued for the first time that—even if the Court again were to rule against Defendants' threshold arguments—discovery is still unwarranted on Plaintiffs' Enumeration Clause claim. However, many courts allow discovery in cases that raise a constitutional claim in addition to APA claims. *See, e.g.*, *Grill v. Quinn*, No. 10-CV-0757-GEB-GGH-PS, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (concluding that "discovery as to the non-APA [procedural due process] claim is permissible"); *Puerto Rico Pub. Hous. Admin, v. U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 328 (D.P.R. 1999) (permitting discovery to proceed on constitutional claims accompanying an APA claim).

In addition, other "courts have permitted some discovery when the APA and constitutional

claims diverge in some meaningful way." *State of California v. U.S. Dep't of Homeland Sec.*, No. 19-CV-04975-PJH, 2020 WL 1557424, at *14 (N.D. Cal. Apr. 1, 2020) (analyzing cases and compelling discovery on equal protection claims); *accord, e.g.*, *J.L. v. Cissna*, No. 18-CV-04914, 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019) (noting that "extra-record discovery is generally limited to cases where the constitutional claim does not overlap with the APA claim"). Here, Plaintiffs' APA claims and Enumeration Clause claim "diverge in some meaningful way." The APA claims focus on whether Defendants adequately analyzed and explained their adoption of the Replan. *See, e.g.*, Second Am. Compl. ¶¶ 463–474, ECF No. 352 (alleging Defendants "suddenly changed their position" "without explanation"); *id.* ¶ 482 (alleging that the Presidential Memorandum is the unstated reason for the Replan). By contrast, Plaintiffs' Enumeration Clause claim challenges whether the Replan in fact bears "a reasonable relationship to the accomplishment of an actual enumeration"—specifically, whether defendants produced "a full, fair, and accurate count." *Id.* ¶¶ 461 (quoting *Wisconsin v. City of N.Y.*, 517 U.S. 1, 20 (1996)), 464.

Fourth, as set forth above, the Court has significantly limited discovery to ease the burden on Defendants. For example, although the Federal Rules of Civil Procedure (the "Federal Rules") permit 10 depositions per side. In the instant case, the Court cut that number in half. Each side is only permitted 5 depositions. *See* Fed. R. Civ. P. 30(a)(1); p. 2, *supra*. Similarly, the Federal Rules permit 25 interrogatories per side. In the instant case, the Court cut that number by 60%. Each side is only permitted 10 interrogatories. *See* Fed. R. Civ. P. 33(a)(1); p. 2, *supra*. Lastly, the Federal Rules permit an unlimited number of RFAs and RFPs, but the Court is permitting only 25 RFAs and 25 RFPs per side in the instant case. *See* Fed. R. Civ. P. 34, 36; p. 2, *supra*.

**IT IS SO ORDERED.**

Dated: November 13, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge