[Counsel identified on signature pages]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., | CASE NO.  5:20-cv-05799-LHK |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| WILBUR L. ROSS, JR., et al., | Date:   December 11, 2020 |
| Defendants. | Time:   1:30 p.m. |
| | Place:  Courtroom 8 |
| | Judge:  Hon. Lucy H. Koh |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Pursuant to Civil Local Rule 16-10(d) and the Court's Order on November 13, 2020 (Dkt.

2  357), the parties to this action, by their respective counsel, respectfully submit the following

3  Joint Case Management Statement in anticipation of the Further Case Management Conference

4  scheduled for December 11, 2020 at 1:30 p.m.

5  **I.      FACT DISCOVERY**

6    On November 13, 2020, the Court entered a Case Management Order, setting forth an

7  expedited pre-trial schedule—including a fact discovery cutoff of January 7, 2020—and limiting

8  the parties to 10 interrogatories, 25 Requests for Admission ("RFAs"), 2 sets of Requests for

9  Production ("RFPs") with no more than 25 RFPs total, and 5 fact depositions, including 2 Rule

10  30(b)(6) depositions.  Dkt. 357.  The order further requires the parties to serve responses and

11  objections to RFPs within 10 days of receipt and to "start producing documents, for which no

12  objections are asserted, within 14 days." *Id.*  By contrast, the order affords the parties 30 days to

13  respond to Interrogatories and Requests for Admission, meaning that the last day to timely serve

14  such discovery was December 8, 2020.  *Id.* at 2.

15    **A.      Initial Disclosures**

16    In accordance with the Court's Case Management Order, the parties exchanged initial

17  disclosures on November 18, 2020.

18    **B.      Written Discovery and Document Productions**

19    On November 17, 2020, Plaintiffs served their First Set of RFPs on Defendants.  On

20  November 27, 2020, Defendants served their Responses and Objections to Plaintiffs' RFPs.  On

21  December 1, 2020, Defendants produced 175 documents to Plaintiffs.  On December 9, 2020,

22  Defendants produced an additional 516 documents.  Defendants have not produced identifying

23  information with these productions (e.g., custodians, dates, metadata, etc.) as was provided with

24  previous productions.

25    On December 1, 2020, Defendants served their First Set of Interrogatories on Plaintiffs.

26  Plaintiffs' responses are due December 31, 2020.

27    On December 7, 2020, Defendants served their First Set of RFAs on Plaintiffs.

28  Plaintiffs' responses are due January 6, 2020.

1   On December 8, 2020, Defendants served their Second Set of RFAs on Plaintiffs.

2   Plaintiffs' responses are due January 7, 2020.

3       Plaintiffs have not served any interrogatories or requests for admission to date.

4       Plaintiffs' position: As set forth below, because Defendants have only produced a limited

5   set of documents (a large portion of which are duplicates), Plaintiffs have been unable to craft

6   appropriately tailored Interrogatories and RFAs.  Plaintiffs' motion to compel requests that the

7   Court compel an additional Rule 30(b)(6) deposition, to take place no later than December 17,

8   2020, so that Plaintiffs may better understand how best to craft and tailor their Interrogatories

9   and RFAs to obtain critical discovery.  Following this early Rule 30(b)(6) deposition, Plaintiffs

10  will serve narrow and tailored Interrogatories and RFAs on Defendants no later than December

11  23, 2020.  Plaintiffs propose that Defendants will have 14 days to respond to such Interrogatories

12  and RFAs.

13      Defendants' position:  Plaintiffs have now, by their own admission, purposefully decided

14  *not* to serve Interrogatories or Requests for Admission within the timeline allowed by the Court

15  and agreed to by Plaintiffs, and now demand that the Court rewrite its already-accelerated

16  schedule and compress Defendants' timeline for filing an Answer.  Plaintiffs thus propose a new

17  schedule two levels removed from that originally ordered by the Court; a deposition next

18  Thursday, and then the actual RFAs and Interrogatories propounded the day before Christmas

19  Eve.  Plaintiffs efforts to obstruct the existing schedule—to which they agreed—in order to gain

20  leverage in their promised motion to compel is inappropriate, and should not be rewarded with

21  relief.  In the parties' discussions, Defendants repeatedly indicated specific areas that Plaintiffs

22  could explore with written discovery.  Plaintiffs' failure to timely avail themselves of that

23  opportunity is not a basis to enter an order against Defendants.

24  **C.      Depositions**

25      The parties have not yet noticed any fact witness or Rule 30(b)(6) depositions.  Plaintiffs

26  anticipate serving deposition notices for three facts witnesses, two Rule 30(b)(6) witnesses, and

27  the additional Rule 30(b)(6) witness requested in Plaintiffs' motion to compel.

28  **II.      MOTIONS**

1    The Court has already ruled on numerous motions in this action.  Accordingly, the parties

2    focus this section on pending motions.

3    **A.      Ninth Circuit Appeal**

4    Currently, the Court's preliminary injunction order (Dkt. 208, clarified in Dkt. 288) is on

5    appeal at the Ninth Circuit.  On December 7, 2020, Plaintiffs filed a Motion to Hold the Appeal

6    in Abeyance or, in the Alternative, for a 30-Day Extension of Time to File Response Brief.

7    Plaintiffs argued that the Ninth Circuit should hold the appeal in abeyance until April 30, 2021.

8    Alternatively, Plaintiffs argued that the Ninth Circuit should hold the appeal in abeyance until

9    December 31, 2020, or until the Secretary of Commerce delivers 2020 Census population

10   numbers to the president, whichever is later.  Counsel for Defendants indicated that they oppose

11   Plaintiffs' motion, but do not intend to file a written opposition unless requested.

12   **B.      Defendants' Motion to Dismiss and Motion to Stay**

13   Defendants responded to Plaintiffs' Second Amended Complaint on November 10, 2020

14   by filing a motion to dismiss, set for a December 17, 2020 hearing date.  Dkt. 354.  The same

15   day, Defendants also filed a motion to stay these proceedings until the Bureau completes the

16   2020 Census and the President reports the apportionment results, or until Defendants' appeal of

17   the Court's preliminary injunction is fully resolved, whichever is later.  Dkt. 355.  Defendants'

18   stay motion is also currently set for hearing on December 17, 2020.  Plaintiffs filed their

19   oppositions to Defendants' motion to dismiss and motion to stay on November 24, 2020.  Dkt.

20   364, 365.  Defendants did not file any replies.  The parties believe that Defendants' motion to

21   dismiss and motion to stay can be resolved on the papers without need for a December 17, 2020

22   hearing.  Accordingly, the parties request that the motions be taken under submission and the

23   December 17, 2020 hearing date be taken off calendar.  Plaintiffs further request that the Court

24   order Defendants to respond to the Second Amended Complaint within 7 days of the Court's

25   ruling on Defendants' motion to dismiss; Defendants request that in the event the Court denies

26   Defendants' motion to dismiss, they be given until after the close of fact discovery to file an

27   Answer or, in the alternative and at minimum, the 14 days to file an Answer provided by Fed. R.

28

1   Civ. P. 12(a)(4)(A).  Plaintiffs have been more than capable of serving broad discovery—and

2   have now requested more—all without an Answer from Defendants.

3     **C.**    **Plaintiffs' Motion to Compel and Motion to Shorten Time and Expedite**

4     Plaintiffs are filing today a Motion to Compel Production of Documents and a Motion to

5   Shorten Time and Expedite.  Plaintiffs request expedited resolution of their Motion to Compel,

6   such that Defendants' opposition is due December 10, 2020 at 5:00 p.m. and the Court schedule

7   an emergency hearing on Plaintiffs' Motion to Compel to occur simultaneous with the December

8   11, 2020 CMC, or as soon as practicable.

9     <u>Summary of Plaintiffs' position</u>: Defendants have understood for weeks that the Court

10  ordered expedited discovery, but they have repeatedly failed to meet their discovery obligations.

11  After rebuffing multiple early attempts by Plaintiffs to meet and confer so that the parties could

12  work together expeditiously, Defendants' productions have been minimal, largely duplicative,

13  and without custodian, date, and other identifying information.  Three categories of documents

14  are notably missing from Defendants' productions.  First, any documents collected and prepared

15  in response to requests from the House Committee on Oversight and Reform that are—according

16  to Defendant Dillingham and "other top Census Bureau officials"—in the possession of the

17  General Counsel of the Department of Commerce.  Second, any Census Integration Group

18  ("CIG") documents, which Defendants have represented are responsive.  And third, documents

19  that show the details of the Bureau's current data-processing plans, procedures, and schedule

20  (including changes).  Defendants have failed to adequately explain why these categories of

21  documents have not been immediately produced and failed to provide sufficient information as

22  to how Defendants retain, manage, and organize data and how they are collecting and producing

23  documents in this litigation.  To allow Plaintiffs an adequate and fair opportunity to obtain

24  critical discovery in this case, Plaintiffs seek an order compelling an additional, narrow Rule

25  30(b)(6) deposition, to take place no later than December 17, 2020, on the topics of Defendants'

26  retention, organization, collection, review, and production of documents and data, as well as the

27  search functionalities and capabilities of Defendants' various databases.  Following this early

28  limited Rule 30(b)(6) deposition, Plaintiffs will serve narrow and tailored Interrogatories and

1   RFAs on Defendants no later than December 23, 2020.  Plaintiffs propose that Defendants will

2   have 14 days to respond to such Interrogatories and RFAs.

3       Summary of Defendants' position: Despite their assurances to the Court and

4   Defendants at the last Court conference that a highly expedited discovery period was appropriate

5   because they would seek only narrow and targeted discovery, Plaintiffs served a set of very

6   broad and burdensome document requests on Defendants.  For example, Plaintiffs have

7   requested "All Documents comparing, contrasting, or assessing the 2020 Census data collection

8   results with the 2000 and 2010 census data collection results."  By its own terms, the request

9   potentially implicates (i) materials that were produced over two decades ago, regardless of their

10   relevancy to Plaintiffs' claims, as well as (ii) information that is currently not available, and

11   which may not be available until a later date, if ever, and (iii) material that may be statutorily

12   protected from disclosure.  Many of the issues Plaintiffs seek to explore could have been

13   established much more efficiently through targeted discovery such as interrogatories, yet

14   Plaintiffs have insisted that Defendants undertake the burden of gathering, reviewing, and

15   producing a vast quantity of documents from numerous custodians on numerous distinct topics.

16   In addition, over the course of the past week, Plaintiffs have made a series of shifting requests

17   for categories of documents they want prioritized, demanding that such documents be provided

18   by arbitrary deadlines that Plaintiffs unilaterally set.

19

20     Defendants have worked diligently in the face of Plaintiffs' requests and demands to

21   discharge their discovery obligations in a comprehensive and systematic manner.  Upon

22   receiving Plaintiffs' original requests for production, Defendants took the necessary time to

23   identify custodians most likely to have responsive materials, upload their emails to a document

24   review platform, establish search terms most likely to eliminate the mass of non-responsive

25   matter, and begin focused and targeted review.  Further, Defendants identified several types of

26   non-email documents that were most likely to satisfy Plaintiffs' various requests for raw data and

27   statistics about the census, and, in an effort to accommodate Plaintiffs' stated priorities, have

28   expedited the process of reviewing and producing those materials.

1    Defendants described these efforts in detail to Plaintiffs in their formal responses to

2  Plaintiffs' requests, in two subsequent meet-and-confer conferences, and in numerous email

3  communications.  These good-faith efforts on the part of Defendants have been repeatedly met

4  with accusations on the part of Plaintiffs that Defendants did not seek to meet and confer

5  *immediately* upon receiving Plaintiffs' broad requests but instead took time to take stock of how

6  much material could be implicated by Plaintiffs' requests and how Defendants could reasonably

7  go about searching for the relevant information.  These complaints are fatuous.  To the extent

8  Plaintiffs wished to narrow their requests beyond what they indicated in their written discovery,

9  nothing ever stopped them from doing so through written communication to Defendants, without

10  awaiting a meet and confer.  Or Plaintiffs could have propounded more limited discovery in the

11  first place.  But as the parties' discussions have progressed, there has been no effort to narrow or

12  otherwise relieve any of the burdens Plaintiffs have foisted onto Defendants.  Rather, those

13  discussions have merely led Plaintiffs to present a shifting set of priorities for the documents that

14  Plaintiffs wish to see first, and wide-ranging accusations that Defendants are shirking their

15  obligations.

16    Against this backdrop, Plaintiffs' threatened motion to compel and demand for an

17  accelerated timeline for resolving that motion is inappropriate.  Plaintiffs first threatened to file

18  such a motion since December 4, 2020, and indicated that they would begin to draft their motion

19  even as Defendants worked to provide additional clarity about the contents of upcoming

20  productions and the efforts that have been made to accelerate the documents at issue.  Yet now

21  Plaintiffs demand that Defendants be given at most 24 hours to respond to a motion that has been

22  nearly a week in the making.  Such a timeline is unfair.  If Plaintiffs file their motion today,

23  Defendants should be permitted to respond to the motion on December 14, 2020, and the Court

24  should reschedule this CMC for that date and combine it with a hearing on Plaintiffs' threatened

25  motion.  As one Court has observed, "[t]he filing of an emergency motion is rife with the

26  possibility of bad faith gamesmanship" where, as here, the "movant is attempting to game the

27  system by providing itself proper time to present its positions to the Court but depriving the

28  opposing party of a reasonable opportunity to respond, effectively becoming an *ex parte* motion

1    by which the opposing party has 'notice' of its filing but no real chance to adequately respond."

2    *Cardoza v. Bloomin' Brands, Inc.,* 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015).

3        Perhaps more importantly, the work of accommodating and responding to Plaintiffs'

4    discovery requests continues to divert resources of Census Bureau personnel from their primary

5    obligation of completing the 2020 Census.  Despite all this, Defendants are continuing to work in

6    good faith to discharge their discovery obligations, and to accelerate as much as is possible the

7    review and production of both targeted documents that Plaintiffs have demanded and the broader

8    set of materials responsive to Plaintiffs' requests.  Thus far, Defendants have made two

9    productions of materials, and, in direct response to one of Plaintiffs' many demands, anticipate

10   making the next release this Friday, December 11, 2020.

11   Separately, as noted above, Defendants have timely served upon Plaintiffs a set of targeted

12   written discovery requests that pose narrow questions concerning the scope of Plaintiffs' injuries,

13   the relief they seek in this lawsuit, and related issues.  Defendants hope that Plaintiffs respond to

14   these requests fully and transparently, such that Defendants can receive clarity regarding the

15   precise base for Plaintiffs' claim to Article III standing in this lawsuit, how they intend to

16   establish those their asserted injuries, the scope of relief they will ultimately request from this

17   Court, and how they intend to establish that any such relief will redress their asserted injuries.

18   To the extent the Court accelerates the timeline for Defendants to respond to any written

19   discovery, the Court should similarly accelerate the timeline for Plaintiffs' responses to

20   Defendants' requests.

21   **III.    AMENDMENT OF PLEADINGS**

22       Plaintiffs' Position: Defendants have not filed an Answer to the Second Amended

23   Complaint.  Nevertheless, many of Defendants' discovery requests implicate allegations in

24   Plaintiffs' Second Amended Complaint.  In order to facilitate the expedited discovery schedule

25   in this case, Plaintiffs request that Defendants be required to file their Answer to the Second

26   Amended Complaint within 7 days of the Court's order resolving Defendants' motion to dismiss.

27       Defendants' Position: Defendants' discovery seeks information *in Plaintiffs' custody or*

28   *control* concerning the allegations Plaintiffs make in their complaint.  Responses to such requests

1   will not be informed by Defendants' submitting an Answer, because the Answer cannot speak to

2   information that Plaintiffs do or do not know.  Accordingly, Defendants maintain that no

3   shortening of the Answer deadline is necessary or appropriate.  Quite the opposite, to the extent

4   Plaintiffs wish to streamline the discovery process in this matter, the Answer deadline should be

5   deferred until after the close of fact discovery.

6   **IV.     ALTERNATIVE DISPUTE RESOLUTION**

7          Plaintiffs maintain that the case will not be resolved through an ADR process.

8   Defendants believe that a brief pause in proceedings to explore ADR may be productive both to

9   resolve the parties' emerging discovery disputes and to understand the relief Plaintiffs are

10  seeking in this action.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | Dated: December 9, 2020 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | Dated: December 9, 2020 |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
    Sadik Huseny

Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  415.391.0600
Facsimile:  415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
Christine C. Smith (*pro hac vice*)
christine.smith@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201

*Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP*

By: /s/ Jon M. Greenbaum
Kristen Clarke (*pro hac vice*)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (*pro hac vice*)
erosenberg@lawyerscommittee.org
Ajay Saini (*pro hac vice*)
asaini@lawyerscommitee.org
Maryum Jordan (Bar No. 325447)

1   mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
2   pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL**
3   **RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
4   Washington, DC 20005
Telephone:  202.662.8600
5   Facsimile:  202.783.0857

6
*Attorneys for Plaintiffs National Urban League;*
7   *City of San Jose, California; Harris County,*
*Texas; League of Women Voters; King County,*
8   *Washington; Black Alliance for Just*
*Immigration; Rodney Ellis; Adrian Garcia; the*
9   *NAACP; and Navajo Nation*

10
Wendy R. Weiser (*pro hac vice*)
11  weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
12  wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
13  percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
14  120 Broadway, Suite 1750
New York, NY 10271
15  Telephone: 646.292.8310
Facsimile: 212.463.7308
16
*Attorneys for Plaintiffs National Urban League;*
17  *City of San Jose, California; Harris County,*
*Texas; League of Women Voters; King County,*
18  *Washington; Black Alliance for Just*
*Immigration; Rodney Ellis; Adrian Garcia; the*
19  *NAACP; and Navajo Nation*

20
Mark Rosenbaum (Bar No. 59940)
21  mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
22  610 South Ardmore Avenue
Los Angeles, California 90005
23  Telephone:  213.385.2977
Facsimile:  213.385.9089
24
*Attorneys for Plaintiff City of San Jose*
25

26

27

28

| | |
|---|---|
| 1 | Doreen McPaul, Attorney General<br>dmcpaul@nndoj.org |
| 2 | Jason Searle (*pro hac vice*)<br>jasearle@nndoj.org |
| 3 | **NAVAJO NATION DEPARTMENT OF**<br>**JUSTICE** |
| 4 | P.O. Box 2010 |
| 5 | Window Rock, AZ 86515<br>Telephone: (928) 871-6345 |
| 6 | |
| 7 | *Attorneys for Navajo Nation* |
| 8 | Dated: December 9, 2020      By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529) |
| 9 | mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289) |
| 10 | kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486) |
| 11 | danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930) |
| 12 | mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF** |
| 13 | **LOS ANGELES**<br>200 N. Main Street, 8th Floor |
| 14 | Los Angeles, CA 90012<br>Telephone: 213.473.3231 |
| 15 | Facsimile: 213.978.8312 |
| 16 | *Attorneys for Plaintiff City of Los Angeles* |
| 17 | Dated: December 9, 2020      By: /s/ Michael Mutalipassi |
| 18 | Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us |
| 19 | Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us |
| 20 | **CITY OF SALINAS**<br>200 Lincoln Avenue |
| 21 | Salinas, CA 93901<br>Telephone: 831.758.7256 |
| 22 | Facsimile: 831.758.7257 |
| 23 | *Attorneys for Plaintiff City of Salinas* |
| 24 | Dated: December 9, 2020      By: /s/ Rafey S. Balabanian |
| 25 | Rafey S. Balabanian (Bar No. 315962)<br>rbalabanian@edelson.com |
| 26 | Lily E. Hough (Bar No. 315277)<br>lhough@edelson.com |
| 27 | **EDELSON P.C.**<br>123 Townsend Street, Suite 100 |
| 28 | San Francisco, CA 94107 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE
CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

Dated: December 9, 2020

By: /s/ Donald R. Pongrace
Donald R. Pongrace (*pro hac vice*)
dpongrace@akingump.com
Merrill C. Godfrey (Bar No. 200437)
mgodfrey@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff Gila River Indian
Community*

Dated: December 9, 2020

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

1    DATED:  December 9, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant
 Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

/s/ Alexander V. Sverdlov
ALEXANDER V. SVERDLOV
  (New York Bar No. 4918793)
STEPHEN EHRLICH
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 9, 2020

**LATHAM & WATKINS** LLP

By:  */s/ Sadik Huseny*
        Sadik Huseny