LATHAM & WATKINS LLP
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Amit Makker (Bar No. 280747)
    amit.makker@lw.com
  Shannon D. Lankenau (Bar No. 294263)
    shannon.lankenau@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

LATHAM & WATKINS LLP
  Melissa Arbus Sherry (*pro hac vice*)
    melissa.sherry@lw.com
  Richard P. Bress (*pro hac vice*)
    rick.bress@lw.com
  Anne W. Robinson (*pro hac vice*)
    anne.robinson@lw.com
  Tyce R. Walters (*pro hac vice*)
    tyce.walters@lw.com
  Gemma Donofrio (*pro hac vice*)
    gemma.donofrio@lw.com
  Christine C. Smith (*pro hac vice*)
    christine.smith@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
  Kristen Clarke (*pro hac vice*)
    kclarke@lawyerscommittee.org
  Jon M. Greenbaum (Bar No. 166733)
    jgreenbaum@lawyerscommittee.org
  Ezra D. Rosenberg (*pro hac vice*)
    erosenberg@lawyerscommittee.org
  Ajay P. Saini (*pro hac vice*)
    asaini@lawyerscommittee.org
  Maryum Jordan (Bar No. 325447)
    mjordan@lawyerscommittee.org
  Pooja Chaudhuri (Bar No. 314847)
    pchaudhuri@lawyerscommittee.org
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Additional counsel and representation information listed in signature block*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., et al., <br><br> Defendants. | CASE NO. 5:20-cv-05799-LHK <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF DOCUMENTS AND FOR RELATED RELIEF** <br><br> Date: December 11, 2020 <br> Time: 1:30 p.m. <br> Place: Courtroom 8 <br> Judge: Hon. Lucy H. Koh |

On November 13, 2020, the Court ordered a limited and expedited eight-week fact discovery period in this case, to be followed immediately by a shortened expert discovery period, a summary judgment phase, and trial (if needed) in March.  ECF No. 357.  Defendants wanted more time for fact discovery (three months); Plaintiffs wanted less (one month).  ECF No. 356.  But the Court chose a middle approach to the parties' competing positions on case scheduling, the heart of which was the swift resolution of narrow document discovery, with Plaintiffs limited to 25 Requests for Production and Defendants required to meaningfully produce responsive materials starting within two weeks of service of such requests.  Swift document production was essential because the rest of the schedule (limited Interrogatories and Requests for Admission, limited fact depositions, expert reports, and so on) was dependent on the expedited production of such materials.

Plaintiffs are forced to file the instant motion to compel because Defendants are refusing to timely produce materials, thereby seeking to prejudice Plaintiffs and sabotage the Court's schedule.  It has been three weeks since Plaintiffs issued a carefully crafted, narrowly-tailored set of document requests.  *See* Makker Decl., Exs. 1, 2.  For two weeks, Defendants refused Plaintiffs' multiple requests to meet and confer in order to deal with common issues such as keyword search terms, custodians, date ranges, the identification of summary reports that would allow swift compliance with the bulk of Plaintiffs' requests, and so on.  Makker Decl., Ex. 3.  Instead, without having met and conferred and in faux compliance of the Court's order, Defendants produced 175 duplicate-riddled documents on December 1 (the mandated 14-day deadline).  After Plaintiffs vociferously complained, and after finally agreeing to meet and confer on December 2 and again just yesterday on December 8, Defendants claim to be "working" on actual, meaningful production.  *See* Makker Decl., Exs. 4, 5.

But their actions speak louder than words.  Despite being warned repeatedly that Plaintiffs would be forced to file an expedited motion to compel if Defendants refused to timely produce, Defendants sent late last night a supplemental production of 516 documents, 391 of which predate the Bureau's August 3 announcement of the Replan (and thus tell Plaintiffs and the Court nothing about Defendant's actual data collection and data processing issues), are filler

documents such as meeting invites, and duplicates once again. Defendants also failed to provide even the most basic metadata that would have allowed Plaintiffs to identify duplicate documents automatically in a database. In the limited time since Defendants made their production late last night, Plaintiffs undertook a *manual* review of the documents in order to determine that, of the 691 documents Defendants have thus far produced:

- There are 116 calendar invites (or cancelled calendar invites) that contain no substantive information;
- There are 55 copies of a presentation titled "Nonresponse Followup (NRFU) Soft Launch, dated June 10, 2020;
- There are 52 copies of a Senior Management Agenda, dated June 10, 2020;
- There are 27 copies of a document titled, "Status Reporting: Phased Restart for the 2020 Decennial Census (Periodic Reporting: Release for June 8, 2020)";
- There are 26 copies of a document titled, "Status Reporting: 2020 Decennial Census - Executive Order 13880 (Release for June 8, 2020)";
- There are 24 copies of a document titled, "Status Reporting: 2020 Decennial Census (Periodic Reporting: Release for June 8, 2020)";
- There are 22 copies of an undated document titled, "Department of Commerce – Second Term Key Priorities"; and
- There are 22 copies of a document titled, "Status Reporting: Phased Restart for the 2020 Decennial Census," dated June 8, 2020. *See* Makker Decl., Ex. 6.

This is not compliance. And it is particularly egregious here, given Defendants' history of defying this Court's orders and approach of delay and obfuscation. That Defendants have not yet produced any reports sufficient to allow Plaintiffs to assess the accuracy of Defendants' truncated census count and completion rates—or any documents sufficient to allow Plaintiffs or the Court to know anything about the current data processing period—is untenable. Indeed, Defendants have told Plaintiffs that most of the narrowly tailored data reports Plaintiffs seek will be produced near the end of December—which would be approximately *one week* before the close of fact discovery, and only *two weeks* before expert reports are due. As for the rest of the materials—including vital documents laying out the current status and schedule of data processing and the ultimate delivery of state population counts to the President—Plaintiffs know nothing regarding eventual production. It is clear that Defendants have unilaterally decided to give themselves the three months of discovery this Court *denied* them. Because if document production is not completed until the end of December—and fact discovery ends on January 7—

there is no meaningful way that Plaintiffs can conduct fact depositions, issue narrowly tailored Interrogatories or Requests for Admission directed at the core issues in this case, or produce full and robust expert reports by January 14. Plaintiffs waited until Defendants' second production, last night, in hopes that Defendants would finally produce real materials and that the parties could move forward without the need for yet additional motion practice in this case. That was not to be.

Perhaps worst of all, and in a sign that history does often repeat itself, Defendants' intransigence has been independently confirmed—via Congressional leaks. The Court will recall that in early August, Defendants professed ignorance of any Replan specific timelines or processes until Congress leaked the August 3, 2020 Replan presentation. *See, e.g.*, Sept. 4, 2020 Hr'g Tr. at 29:4-24, 32:24-33:25; ECF No. 66-2, para. 5; ECF 66-3. Last week, almost immediately after Defendants had (finally) met and conferred with Plaintiffs about the insufficient initial production of 175 documents (many of which are duplicates of each other or previously produced materials, and none of which was current (*see* Makker Decl., Ex. 6)), media reports indicated that the House Committee on Oversight and Reform had in fact demanded very similar documents from Defendants. See https://talkingpointsmemo.com/news/census-internal-docs-delays. The reports indicated that *a week prior*, Census Director Dillingham had told the House Committee that they had identified documents, and had sent them to the Commerce General Counsel, but would not produce them because of "ongoing litigation"—i.e., this case. *Id.*

Specifically, according to Chairwoman Maloney of the Committee on Oversight and Reform, at a November 24, 2020 briefing, Defendant Dillingham and "other top Census Bureau officials," "reported that documents responsive to the Committee's November 19 request had been submitted to [the] General Counsel at the Department of Commerce on November 24, 2020, but had not been cleared for release to the Committee due to 'concerns about ongoing litigation.'" Makker Decl., Ex. 7. The Committee noted that the Commerce Department's response raised concerns "whether the Administration is seeking to conceal information not only from Congress, but from the Judiciary." *Id.*

The few leaked documents that Congress did obtain were precisely the sorts of materials Plaintiffs asked for weeks ago, but Defendants have not produced—including "documents relating to [] anomalies, the predicted delays they would cause, and their potential impact on the accuracy of the Census count." *Id.*  The letter referenced "several internal Census Bureau documents from another source that not only confirm [reports that they will be unable to produce a complete and accurate 2020 Census count prior to late January and possibly into February 2021], but indicate that unresolved errors may be more extensive than first reported." *Id.*  The leaked documents, titled "DRF1 Anomaly Summary" and "DRF1 Anomaly Tracker – Active Issues," and "2020 Census Post Collection Processing" (Makker Decl., Exs. 8, 9), are indisputably relevant to this litigation.  And Defendants have withheld them and like documents from production, apparently by seeking to shield them via the General Counsel at the Department of Commerce.

A party may move for an order compelling production if another party fails to produce documents as requested under Rule 34.  *Amazing Insurance Inc. v. DiManno*, No. 2:19-cv-01349-TL-CKD, 2020 WL 5440050, at *3 (E.D. Cal. Sep. 10, 2020).  The party seeking to compel production of documents must make a threshold showing that the discovery sought is relevant.  *Id.* (citing *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992)).  Once relevancy is shown, the party resisting discovery has the burden to show that discovery should not be allowed.  *Id.*

There is no question regarding relevancy, and no legitimate argument that discovery of the key, limited information sought by Plaintiffs is inappropriate.  The issue is simply one of timing—and Defendants have caused great delay and prejudice to Plaintiffs by failing to provide the requested materials within the Court's ordered schedule.  Plaintiffs will continue to work with Defendants to obtain a full set of documents in response to Plaintiffs' limited requests.[1]  If

---

[1] For example, now several weeks after Plaintiffs' initial requests to meet and confer, Defendants are finally engaging on appropriate search terms, custodians, and the like.  Plaintiffs do not wish to trouble the Court at this time with mundane matters that should have been worked out by the parties weeks ago, nor with the Parties' discovery correspondence and back-and-forth.  Instead, with the Court's guidance on the requests made herein, Plaintiffs will work diligently to resolve as much as possible without the Court's additional intervention.

that fails, then Plaintiffs may well have to come to this Court again, and soon, on another expedited motion to compel—broader than this one.  But given the second inappropriate production last night, Plaintiffs cannot wait before seeking to compel Defendants to produce certain critical, clearly relevant materials *now*.  Plaintiffs likewise can no longer trust Defendants' counsel to engage in timely and appropriate meet and confer efforts—consistent with the Court's schedule, and not the schedule Defendants wish were in place—when Defendants' primary motivation is delay, and their counsel professes ignorance on the specifics of their clients' discovery processes, positions, and actions.  In order to have any hope of meeting the expedited schedule in this case, Plaintiffs therefore respectfully ask that the Court to:

1. Order Defendants to produce, by Monday, December 14, 2020, documents sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020;

2. Order Defendants to produce, by Monday, December 14, 2020, documents responsive to requests from the House Committee on Oversight and Reform and Census Integration Group ("CIG") documents.  The documents described in the Committee on Oversight and Reform's December 2, 2020 letter identify numerous anomalies in the Bureau's collected data that the Bureau has indicated would impact substantial numbers of census records as well as the ability of the Bureau to transmit apportionment figures.  There is no dispute that these documents exist, are relevant to this litigation and responsive to Plaintiffs' requests, and are not protected by any legitimate privilege or protection precluding production.  According to Defendant Dillingham, those documents have *already* been prepared and submitted to the General Counsel at the Department of Commerce for safekeeping from this litigation, and are therefore ready to be produced immediately.

3. Order Defendants to produce, by Monday, December 14, 2020, all summary report data responsive to Defendants' sufficient-to-show requests regarding data collection processes, metrics, issues and improprieties (RFP Nos. 2-4, 6-10, 15, 16, 18).  As is readily apparent from their RFPs, and as Plaintiffs have told Defendants, Plaintiffs do *not* seek raw census data from or regarding specific individuals.  The protections of Title 13, which were meant to protect "raw census data reported by or behalf of individuals," thus do not protect the disclosure of the sorts of internal documents and documents reporting aggregated data that Plaintiffs request here.  *See Baldridge v. Shapiro*, 455 U.S. 345, 361 (1982).  Defendants have acknowledged that an appropriate production of such material would satisfy a large portion of Plaintiffs' narrowly-tailored requests—they just want to wait to produce all of it until the end of December.

4. Order Defendants to produce, by Monday, December 14, 2020, appropriate metadata—including MD5 Hash data, production begin bates, production end bates, production begin attachment, production end attachment, custodian, email from, email to, email cc, author, document date, and file name—for

their December 1, 2020 and December 8, 2020 productions. Order Defendants to produce appropriate metadata—including MD5 Hash data, production begin bates, production end bates, production begin attachment, production end attachment, custodian, email from, email to, email cc, author, document date, and file name—for all future productions in this case.

5. Order Defendants to make available for deposition no later than December 17, 2020, an additional Rule 30(b)(6) witness on the topics of Defendants' retention, organization, collection, review, and production of documents and data, as well as the search functionalities and capabilities of Defendants' various databases, so that Plaintiffs have definitive, sworn answers regarding key document production issues in this case, and meaningful guidance regarding how Defendants retain, manage, and organize data and how they are collecting and producing documents in this litigation, that will help finalize this portion of discovery without further delay.

6. Order that Defendants shall have 14 days instead of 30 days to respond to the narrowly tailored Interrogatories and Requests for Admission Plaintiffs will be able to craft and serve once they receive production of the key materials outlined above.

*   *   *

Defendants have understood for weeks that the Court ordered expedited discovery, but have repeatedly failed to meet their discovery obligations. Plaintiffs respectfully request that the Court grant Plaintiffs' motion as set forth above.

Dated: December 9, 2020

LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
Sadik Huseny

Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com

| | | |
|---|---|---|
| 1 | | Anne W. Robinson (*pro hac vice*) |
| 2 | | anne.robinson@lw.com |
| | | Tyce R. Walters (*pro hac vice*) |
| 3 | | tyce.walters@lw.com |
| | | Gemma Donofrio (*pro hac vice*) |
| 4 | | gemma.donofrio@lw.com |
| | | Christine C. Smith (*pro hac vice*) |
| 5 | | christine.smith@lw.com |
| | | **LATHAM & WATKINS LLP** |
| 6 | | 555 Eleventh Street NW, Suite 1000 |
| | | Washington, D.C. 20004 |
| 7 | | Telephone:  202.637.2200 |
| | | Facsimile:  202.637.2201 |
| 8 | | |
| | | *Attorneys for Plaintiffs National Urban League;* |
| 9 | | *League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King* |
| 10 | | *County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and* |
| 11 | | *the NAACP* |
| 12 | Dated: December 9, 2020 | By: /s/ Jon M. Greenbaum |
| | | Kristen Clarke (*pro hac vice*) |
| 13 | | kclarke@lawyerscommittee.org |
| | | Jon M. Greenbaum (Bar No. 166733) |
| 14 | | jgreenbaum@lawyerscommittee.org |
| | | Ezra D. Rosenberg (*pro hac vice*) |
| 15 | | erosenberg@lawyerscommittee.org |
| | | Ajay Saini (*pro hac vice*) |
| 16 | | asaini@lawyerscommitee.org |
| | | Maryum Jordan (Bar No. 325447) |
| 17 | | mjordan@lawyerscommittee.org |
| | | Pooja Chaudhuri (Bar No. 314847) |
| 18 | | pchaudhuri@lawyerscommittee.org |
| 19 | | **LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW** |
| 20 | | 1500 K Street NW, Suite 900 |
| | | Washington, DC 20005 |
| 21 | | Telephone:  202.662.8600 |
| | | Facsimile:  202.783.0857 |
| 22 | | |
| 23 | | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County,* |
| 24 | | *Texas; League of Women Voters; King County, Washington; Black Alliance for Just* |
| 25 | | *Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |
| 26 | | Wendy R. Weiser (*pro hac vice*) |
| 27 | | weiserw@brennan.law.nyu.edu |
| | | Thomas P. Wolf (*pro hac vice*) |
| 28 | | wolft@brennan.law.nyu.edu |
| | | Kelly M. Percival (*pro hac vice*) |

| | |
|---|---|
| 1 | percivalk@brennan.law.nyu.edu |
| 2 | **BRENNAN CENTER FOR JUSTICE**<br>120 Broadway, Suite 1750 |
| 3 | New York, NY 10271<br>Telephone: 646.292.8310 |
| 4 | Facsimile: 212.463.7308 |
| 5 | *Attorneys for Plaintiffs National Urban League;* |
| 6 | *City of San Jose, California; Harris County, Texas; League of Women Voters; King County,* |
| 7 | *Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the* |
| 8 | *NAACP; and Navajo Nation* |
| 9 | Mark Rosenbaum (Bar No. 59940)<br>mrosenbaum@publiccounsel.org |
| 10 | **PUBLIC COUNSEL**<br>610 South Ardmore Avenue |
| 11 | Los Angeles, California 90005<br>Telephone:  213.385.2977 |
| 12 | Facsimile:  213.385.9089 |
| 13 | *Attorneys for Plaintiff City of San Jose* |
| 14 | Doreen McPaul, Attorney General<br>dmcpaul@nndoj.org |
| 15 | Jason Searle (*pro hac vice*)<br>jasearle@nndoj.org |
| 16 | **NAVAJO NATION DEPARTMENT OF JUSTICE** |
| 17 | P.O. Box 2010<br>Window Rock, AZ 86515 |
| 18 | Telephone: (928) 871-6345 |
| 19 | *Attorneys for Navajo Nation* |
| 20 | |
| 21 | Dated: December 9, 2020        By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529) |
| 22 | mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289) |
| 23 | kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486) |
| 24 | danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930) |
| 25 | mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF** |
| 26 | **LOS ANGELES**<br>200 N. Main Street, 8th Floor |
| 27 | Los Angeles, CA 90012<br>Telephone: 213.473.3231 |
| 28 | Facsimile: 213.978.8312 |

*Attorneys for Plaintiff City of Los Angeles*

Dated: December 9, 2020

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

Dated: December 9, 2020

By: /s/ Rafey S. Balabanian
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

| | | |
|---|---|---|
| Dated: December 9, 2020 | | By: /s/ Donald R. Pongrace |

Donald R. Pongrace (*pro hac vice*)
dpongrace@akingump.com
Merrill C. Godfrey (Bar No. 200437)
mgodfrey@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff Gila River Indian Community*

Dated: December 9, 2020

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 9, 2020         **LATHAM & WATKINS** LLP

By:  /s/ Sadik Huseny
      Sadik Huseny