JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., *et al.*, <br><br> Defendants. | Case No. 5:20-cv-05799-LHK <br><br> **DECLARATION OF STEVEN DILLINGHAM** |

I, Steven Dillingham, make the following Declaration pursuant to 28 U.S.C. § 1746, and state under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. I have served as the Director of the United States Census Bureau since January 2019. I have a B.A. from Winthrop University, a J.D., M.P.A. and Ph.D. from the University of South Carolina, an M.B.A. from George Washington University and an LL.M. from Georgetown University. I have more than 25 years of statistical, research, senior management, and legal experience in the federal government, and I previously served as Director of both the Bureau of Justice Statistics and the Bureau of Transportation Statistics.

2. The following statements are based upon my personal knowledge or on information supplied to me in the course of my professional responsibilities. This declaration was prepared in response to Plaintiffs' December 9, 2020 Motion to Compel, which rests, in part, on a misunderstanding of recent statements made to the House Committee on Oversight and Reform in the course of that Committee's oversight functions over the Bureau. Specifically, Plaintiffs rely on a December 2, 2020 letter from Chairwoman Carolyn Maloney to Secretary Wilbur Ross, which describes a November 24, 2020 telephone briefing provided by me and other Census Bureau officials to the Committee. The letter states that during this briefing, Bureau officials "reported that documents responsive to the Committee's November 19 request [for documents] had been submitted to [the] General Counsel at the Department of Commerce, but had not been cleared for release due to 'concerns about ongoing litigation.'"

3. I believe that Chairwoman Maloney's statement from the letter that I quote above is referring to statements that I made during that briefing. I did not, however, intend to suggest that the Bureau was delaying the production of documents collected for the purpose of responding to the Committee's November 19, 2020 document request. The letter's implication that Bureau officials had collected certain documents in response to the Chairwoman Maloney's letter—in a collection separate and apart from documents collected in response to Plaintiffs' document requests—is not accurate, and seems to be based on a misunderstanding. I am informed that there was not, and there has never been, any separate set of documents that have

been collected to respond to the Committee's November 19 document request (or December 2 renewal of that request), much less a set whose release was being delayed because of litigation.

4.     What I intended to convey was that, given the overlap between (1) documents responsive to the Committee's request, and (2) documents responsive to Plaintiffs' requests in this case, the Bureau had created a single process to collect documents responsive to both sets of requests—the Committee's and Plaintiffs'—and would be providing them to the Commerce Department's Office of General Counsel for review, as is standard practice for both congressional and litigation document requests. This single review process is designed to streamline review and production, and to minimize duplication of effort for a process that is both time-consuming and burdensome on the Bureau's resources. As the review progresses, documents will be produced to Plaintiffs and the Committee on a rolling basis.

5.     More generally, when any outside entity requests documents or data from the Census Bureau, the Bureau has a statutory obligation to ensure that it does not release information whose disclosure Congress has prohibited. Regardless of the identity of the party seeking documents from the Bureau, whether it be Congress, the Judiciary, litigants, or data consumers, the Bureau is required by law to prevent the disclosure of census data that can be used to identify any respondent who provided that data. *See* 13 U.S.C. § 9. Although the large majority of the Committee's requests are unlikely to cover documents with protected information, the Bureau must nonetheless ensure that appropriate protective measures are followed. To fulfill the statutory requirement, known in the Bureau as "disclosure avoidance," the Bureau's Disclosure Review Board ("DRB") reviews any productions that are likely to contain protected information. The contemporaneously filed declaration of Dr. John M. Abowd provides further detail on the nature of the DRB's disclosure avoidance process.

6.     Review by the DRB can be a burdensome process, and necessarily involves some of the same individuals who are currently working on processing and reviewing the field data to produce the 2020 Census. There are a limited number of individuals within the Bureau possessing both the clearance and statistical expertise to conduct these disclosure avoidance reviews of census data. Additional requests from any entity make the line longer, but those

requests do not open the spigot further.  Responding to document requests means that the individuals who are currently working to process the 2020 Census results are diverted to performing the Bureau's disclosure avoidance mandate for any released data.  As a result, accelerating the disclosure avoidance review would require diverting resources from production of the 2020 Census to producing information to Congress and litigants.

7.      My statements during the November 24 briefing were intended to address the dual-purpose review process that I have described above—namely, the Bureau's DRB review, and the Department of Commerce's legal review for applicable privileges—both of which I understand are necessary for the litigation, and both of which I understand are necessary before documents could be provided to the Committee.  I did not intend to suggest, as Plaintiffs argue in their Motion, that either the Bureau or the Department had chosen to withhold a previously collected set of documents from the Committee because of ongoing litigation.

I have read the foregoing and it is all true and correct.


DATED this 10th day of December, 2020


Steven Dillingham
Director, U.S. Bureau of the Census