UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WILBUR L. ROSS, et al.,<br><br>  Defendants. | Case No. 20-CV-05799-LHK<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 368, 369 |

Before the Court is Plaintiffs' motion to compel, ECF No. 368, and Plaintiffs' motion to shorten time and expedite, ECF No. 369. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' motion to shorten time and expedite and GRANTS Plaintiffs' motion to compel.

This Order is necessarily brief because time is of the essence. The holidays are approaching and the fact discovery cut-off is January 7, 2021. ECF No. 357. The Court briefly recounts the history of this litigation as relevant to Plaintiffs' motion to compel and then explains why Plaintiffs' motion to compel should be granted.[1]

---

[1] Plaintiffs' motion to compel contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 368 at 1. Civil Local

1

## I. BACKGROUND

Plaintiffs filed suit on August 18, 2020. ECF No. 1. Throughout this litigation, Defendants' position has been that Defendants' Replan of the 2020 Census is necessary to meet two statutory deadlines: (1) the December 31, 2020 deadline for the Secretary of Commerce's report to the President on congressional apportionment figures, followed by the President's transmittal of those figures to Congress by January 11, 2021; and (2) the April 1, 2021 deadline for the Secretary's report to the states for the purpose of state redistricting. *See* ECF No. 208 at 3 (summarizing deadlines).

After the Court enjoined the Replan under the Administrative Procedure Act, Defendants successfully sought a stay of the Court's order from the United States Supreme Court. *See Ross v. National Urban League*, No. 20A62 (U.S. Oct. 13, 2020). Before the Supreme Court, Defendants represented that they would quickly process Census data to meet the December 31, 2020 and April 1, 2021 deadlines and to allow states to meet their own "contingent redistricting deadlines." Defs. Reply in Support of App. for a Stay at 11 ("Defs. Reply"), *Ross v. National Urban League*, No. 20A62 (U.S. Oct. 10, 2020). Defendants specifically cited "sworn testimony in the record . . . of the government's ability to meet the statutory deadline on its proposed schedule." Defs. Stay App. at 8, *National Urban League* (U.S. Oct. 7, 2020). Even so, Defendants have since represented that they can no longer meet the December 31, 2020 deadline. *See* Oral Arg. Tr. at 6:16–7:3, *Trump v. New York*, No. 20-366 (U.S. Nov. 30, 2020) ("[W]e are not currently on pace to send the report to the President by the year-end statutory deadline.").

After the Supreme Court's stay, Plaintiffs sought discovery on their Enumeration Clause claim, which this Court had not addressed in prior orders. Plaintiffs asked this Court for an expedited schedule with (1) a one-month discovery period; and (2) final judgment before the Secretary's report of congressional apportionment figures to the president, which Plaintiffs expected sometime in early January 2021 (after the December 31, 2020 statutory deadline). ECF

---

Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination.

No. 356 at 9. By contrast, Defendants proposed that (1) the case be stayed until the Bureau completed the 2020 Census or until Defendants' appeal of the Court's preliminary injunction were resolved; and (2) following a stay, there be a three-month discovery period. *Id.* at 10.

The Court's November 13, 2020 Order, which is incorporated by reference herein, explained why discovery should proceed and why such discovery should be limited. ECF No. 357. In the Order, the Court set an expedited schedule because of states' "contingent redistricting deadlines" and the difficulty of granting relief after the April 1, 2020 deadline for the Secretary's transmittal of redistricting data to the states. This schedule gave the parties eight weeks to engage in limited discovery. ECF No. 357 at 2. Because of the expedited schedule, the Court gave the parties 10 days to respond to Requests for Production and 14 days to start producing documents for which no objections were asserted. *Id.*

The Court also significantly limited discovery in several ways. For instance, although the Federal Rules of Civil Procedure (the "Federal Rules") permit 10 depositions per side, the Court cut that number in half, permitting only 5 depositions. *See* Fed. R. Civ. P. 30(a)(1); ECF No. 357. Similarly, the Federal Rules permit 25 interrogatories per side, but the Court cut that number by 60%, permitting only 10 interrogatories. *See* Fed. R. Civ. P. 33(a)(1); ECF No. 357. Lastly, the Federal Rules permit an unlimited number of Requests for Admission ("RFAs") and Requests for Production ("RFPs"), but the Court permitted only 25 RFAs and 25 RFPs per side in the instant case. *See* Fed. R. Civ. P. 34, 36; ECF No. 357.

On December 9, 2020, the parties filed a joint case management statement. ECF No. 367. Plaintiffs stated that, although they had served RFPs on November 17, 2020, Defendants had only produced a limited set of documents, many of which were duplicates. ECF No. 367 at 2. As a result, Plaintiffs stated that they were unable to craft appropriately tailored interrogatories and RFAs. *Id.* at 2. That same day, Plaintiffs filed a motion to compel and a motion to shorten time and expedite. ECF Nos. 368, 369. On December 10, 2020, Defendants filed an opposition to Plaintiffs' motion to compel. ECF No. 371.

## II.     DISCUSSION

In brief, the Court grants Plaintiffs' motion to compel because the requested discovery is "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). The Court reaches this conclusion on four grounds.

First, the requested discovery goes to the heart of the Enumeration Clause claim in this case. Without the requested discovery, neither Plaintiffs nor the Court could ascertain whether the Replan bears "a reasonable relationship to the accomplishment of an actual enumeration"—specifically, whether Defendants produced "a full, fair, and accurate count." Second Am. Compl. ¶¶ 461, 464, ECF No. 357 (quoting *Wisconsin v. City of N.Y.*, 517 U.S. 1, 20 (1996)). Time is also of the essence because of the states' redistricting deadlines—and the difficulty of granting relief after the April 1, 2020 deadline for the Secretary's transmittal of redistricting data to the states. Accordingly, the Court set an expedited schedule for timely resolving the parties' claims.

Defendants' production of documents so far has been inadequate. After Plaintiffs filed their RFPs on November 17, 2020, Defendants had 14 days, or until December 1, 2020, to start producing documents for which no objection was asserted. ECF No. 357 at 2. Nonetheless, on December 1, 2020, Defendants only produced 175 documents. Makker Decl., Exhs. 4, 5, ECF No. 368. On December 8, 2020, Defendants produced 516 documents. However, 391 documents (75% of the production) predate the Bureau's August 3, 2020 announcement of the Replan—and thus could not possibly address anomalies in Defendants' data processing, which began after Defendants concluded data collection on October 15, 2020. Moreover, of the 691 documents that Defendants have produced, 116 are calendar invites that contain no substantive information, and 221 are duplicates, including:

- 55 duplicative copies of the same presentation;
- 52 duplicative copies of the same Senior Management Agenda;
- 27 duplicative copies of the same document entitled "Status Reporting: Phased Restart for the 2020 Decennial Census (Periodic Reporting: Release for June 8, 2020)";
- 26 duplicative copies of the same document entitled "Status Reporting: 2020 Decennial Census – Executive Order 13880 (Release for June 8, 2020)";

- 24 duplicative copies of the same document entitled "Status Reporting: 2020 Decennial Census (Periodic Reporting: Release for June 8, 2020)";

- 22 duplicative copies of the same document entitled "Department of Commerce — Second Term Key Priorities"; and

- 22 duplicative copies of the same document entitled "Status Reporting: Phased Restart for the 2020 Decennial Census."

Mot. at 2; Makker Decl., Exh. 6 (spreadsheet for calculating duplicates).

If that were not enough, Defendants have refused to include basic metadata for the produced documents. Specifically, Defendants have excluded information about each document's author, date, file name, recipient(s), and more—customary metadata that Defendants previously *included* when producing the administrative record in this case. Defendants have thus obfuscated the significance of their already insubstantial production. By doing so, Defendants have also violated Federal Rule of Civil Procedure 34(b)(2)(E)'s requirement that parties "must produce [electronic] documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the [discovery] request."

Second, the requested discovery is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To assess proportionality, the Court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Here, all the Rule 26(b)(1) factors support Plaintiffs' motion. Specifically, considering each factor in turn:

- At stake here is the integrity of the 2020 Census, which determines the apportionment of political representation and the allocation of public funds.

- The amount in controversy is at least hundreds of billions of dollars. *See, e.g.*, U.S. Census Bureau, *Uses of Census Bureau Data in Federal Funds Distribution* at 3 (Sept. 2017).

- Only Defendants have access to relevant information, with the exception of sporadic leaks to Congress or the press.

- In screening and producing relevant information, Defendants can draw on the resources of the federal government.

5

Case No. 20-CV-05799-LHK
ORDER GRANTING MOTION TO COMPEL

- The production of relevant information is needed to resolve the issues in this important case, including the constitutionality of Defendants' truncated census count and data quality.

- The likely benefit of the proposed discovery significantly outweighs the expense. Without the proposed discovery, the parties and the Court would lack the information needed to timely resolve this case before the Secretary transmits redistricting data to the states, *see* 13 U.S.C. § 141(c), and the states redistrict pursuant to their statutory or constitutional deadlines. *See* Defs. Reply at 11. The expense of discovery, by contrast, would be (1) the cost of responding to Plaintiffs' tailored discovery requests after weeks of Defendants' self-inflicted delay; (2) and making available a Rule 30(b)(6) witness who would ease discovery burdens by providing guidance on how Defendants organize documents.

Third, Defendants refused Plaintiffs' requests to meet and confer for two weeks, a time period that represents a quarter of the eight-week fact discovery period. *See* Makker Decl. Exh. 3 (email thread between counsel). Rather than meet confer on basic issues such as keyword search terms and date ranges, Defendants waited until December 1—the deadline for responding—and then produced 175 duplicate-laden documents. Mot. at 1. Defendants have told Plaintiffs that most of the data reports that Plaintiffs seek will not be produced until late December. Mot. at 2. Other documents, such as documents on the current status of data processing, have no estimated production date at all. *Id.* This delay prejudices Plaintiffs and flouts the Court's case schedule. Fact discovery ends on January 7, 2021 and expert reports are due January 24, 2021. If document production is not completed until the end of December, Plaintiffs will be unable to (1) conduct fact depositions; (2) issue tailored interrogatories or requests for admission; and (3) produce meaningful expert reports.

Lastly, the requests in Plaintiffs' instant motion are reasonable, proportional, and tailored to longstanding requests from the House Committee on Oversight and Reform (the "Committee") and Government Accountability Office ("GAO"). Indeed, many of the requested documents may already have been collected by Defendants. Specifically, on November 19, 2020, the Committee sent a letter to the Census Bureau "seeking documents relating to [data] anomalies, the predicted delays they would cause, and their potential impact on the accuracy of the Census count." Letter from Chairwoman Carolyn B. Maloney to Secretary Wilbur L. Ross at 2 (Dec. 10, 2020). The

letter asked for those documents by November 24, 2020. *Id.* On November 24, 2020, according to the chair of the Committee, the Census Bureau notified the Committee that "*documents responsive to the Committee's request had been submitted* to [the] General Counsel at the Department of Commerce, but had not been cleared for release due to 'concerns about ongoing litigation.'" *Id.* at 2 (emphasis added).[2] On December 2, 2020, the Committee sent to the Census Bureau another letter urging the production of documents. *Id.* Then today, the Committee subpoenaed Secretary Ross for documents "relating to grave data problems with the 2020 Census and the delays these problems have caused." *See id.* at 1.

Similarly, since August 5, 2020, the GAO has asked the Census Bureau for "documents relating to anomalies the Census Bureau has identified, the schedule for data collection and processing, and the risks associated with truncating or rushing that schedule." *Id.* at 6. As of today, however, the Census Bureau has not provided those documents to the GAO. *Id.* In sum, Defendants have had months to gather many data-related documents responsive to Plaintiffs' requests, and have in fact submitted many such documents to the Commerce Department's General Counsel.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to shorten time and expedite and GRANTS Plaintiffs' motion to compel. Accordingly, the parties are ordered as follows:

- Defendants must produce by December 14, 2020:

---

[2] Census Bureau Director Steven Dillingham avers that Chairwoman Maloney misunderstood his November 24, 2020 comments. *See* Dillingham Decl. ¶¶ 3–4, ECF No. 371. Specifically, Director Dillingham avers that "there was not, and there has never been, any separate set of documents that have been collected to respond to the Committee's" document requests. *Id.* ¶ 3. Rather, "the Bureau had created a single process to collect documents responsive to both sets of requests—the Committee's and Plaintiffs'." *Id.* ¶ 4. If credited, Director Dillingham's response still does not change the fact that Defendants have had nearly a month to collect and review the requested documents. Moreover, the GAO has requested the same documents since August 5, 2020. Thus, the Census Bureau has been on notice about these document requests for nearly five months.

7
Case No. 20-CV-05799-LHK
ORDER GRANTING MOTION TO COMPEL

- - Documents sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020.
  - Documents responsive to the requests in the November 19, 2020 letter from the House Committee on Oversight and Reform to Secretary Wilbur L. Ross.
  - All summary report data responsive to Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues and improprieties (RFP Nos. 2–4, 6–10, 15, 16, and 18).
  - Appropriate metadata—including hash data, production begin bates, production end bates, production begin attachment, production end attachment, custodian, email from, email to, email cc, author, document date, and file name—for Defendants' December 1, 2020 and December 8, 2020 productions.

- Defendants must produce appropriate metadata for all future productions made in this case.

- Defendants must make available for a deposition, no later than December 17, 2020, an additional Rule 30(b)(6) witness on the limited topics of Defendants' retention, organization, collection, review, and production of documents and data, as well as the search functionalities and capabilities of Defendants' various databases, so that Plaintiffs have definitive, sworn answers regarding key document production issues in this case, and meaningful guidance regarding how Defendants retain, manage, and organize data and how they are collecting and producing documents in this litigation, that will help finalize this portion of discovery without further delay.

- Defendants shall have 14 days to respond to Interrogatories and Requests for Admission.

**IT IS SO ORDERED.**

Dated: December 10, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge