| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Sadik Huseny (Bar No. 224659)<br>    sadik.huseny@lw.com<br>  Steven M. Bauer (Bar No. 135067)<br>    steven.bauer@lw.com<br>  Amit Makker (Bar No. 280747)<br>    amit.makker@lw.com<br>  Shannon D. Lankenau (Bar No. 294263)<br>    shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>  Melissa Arbus Sherry (*pro hac vice*)<br>    melissa.sherry@lw.com<br>  Richard P. Bress (*pro hac vice*)<br>    rick.bress@lw.com<br>  Anne W. Robinson (*pro hac vice*)<br>    anne.robinson@lw.com<br>  Tyce R. Walters (*pro hac vice*)<br>    tyce.walters@lw.com<br>  Gemma Donofrio (*pro hac vice*)<br>    gemma.donofrio@lw.com<br>  Christine C. Smith (*pro hac vice*)<br>    christine.smith@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>  Kristen Clarke (*pro hac vice*)<br>    kclarke@lawyerscommittee.org<br>  Jon M. Greenbaum (Bar No. 166733)<br>    jgreenbaum@lawyerscommittee.org<br>  Ezra D. Rosenberg (*pro hac vice*)<br>    erosenberg@lawyerscommittee.org<br>  Ajay P. Saini (*pro hac vice*)<br>    asaini@lawyerscommittee.org<br>  Maryum Jordan (Bar No. 325447)<br>    mjordan@lawyerscommittee.org<br>  Pooja Chaudhuri (Bar No. 314847)<br>    pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>                    Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE TO FILE AN EMERGENCY MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

Pursuant to the Court's December 12, 2020 Order (ECF No. 377) ("Order"), Plaintiffs hereby respectfully submit their Response to Defendants' Motion for Leave to File an Emergency Motion for Reconsideration, or, in the Alternative, for a Protective Order (ECF No. 376) ("Motion for Reconsideration"). Instead of showing that the Court should change its Order, Defendants' Motion for Reconsideration further demonstrates Defendants' failure to abide by the Court's case schedule and rulings in this case. Plaintiffs respectfully submit that the Motion should be rejected, and that no "stay" of any ruling is warranted.

***1. Defendants fail to provide any adequate ground for reconsideration of the Court's Order.*** Defendants ask this Court to vacate the portions of its Order that would require Defendants to produce on December 14, 2020—approximately one month after Plaintiffs served their document requests—some of the most critical documents to this case, and evidently *all* documents that were identified using the parties' search terms for all of Plaintiffs' requests. Specifically, Defendants say that they cannot possibly produce by December 14, 2020 two categories of documents ordered for production: Category 1, "[d]ocuments sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020," and Category 2, "[d]ocuments responsive to the requests in the November 19, 2020 letter from the House Committee on Oversight and Reform to Secretary Wilbur L. Ross." Mot. at 1. In support, they say that these portions of the Court's Order were based on a "factual fallacy" because there is no "separate stash" of materials responsive to the Committee's request, and that in "granting Plaintiffs' Motion to Compel this Court has placed Defendants in an impossible position," because compliance would require Defendants to produce materials to Plaintiffs in four days and any production would be "without adequate review and redaction for privilege." *Id.*

As Defendants concede, motions for reconsideration are strict, and must demonstrate a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3); Mot. at 2. Defendants do not and cannot make any such showing here.

First, Defendants' purported justifications have nothing to do with Category 1,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

"documents sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020." That is a discrete, narrow set of documents, and it is untenable that Defendants have yet to produce these undeniably relevant and important materials. It has been a month since Plaintiffs identified these documents. There is no need to review an ~88,000 document universe (which apparently Defendants have to date not yet started materially reviewing) to produce this set of materials, and there are no arguments whatsoever related to this portion of the Court's Order. Defendants apparently hope that their inapposite arguments regarding the Category 2 documents will somehow also cover Category 1, too—and that no one will notice. Defendants should no longer be allowed to hide their data processing plans, procedures, and schedule in this case. These materials should unquestionably be produced on Monday, December 14, 2020 as ordered.

Second, Defendants' arguments as to Category 2—that there is no "separate stash" of Committee documents, and that production would neutralize Defendants' claims of privilege—do not provide adequate grounds for reconsideration because the Court did not manifestly fail "to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3). The Court understood that Director Dillingham sought to clarify, in this proceeding, his November 24, 2020 statement to the House Committee on Oversight and Reform that an entirely separate set of documents existed (and had been provided to the Commerce General Counsel)—but found that was of no consequence.[1] The "crucial factual issue" (ECF No. 376, at 1:15-16) underlying the Court's Order, which the Court considered at length, is that Defendants' document productions so far have been woefully inadequate, even though Defendants have had plenty of time. Whether Defendants *actually* "have at their disposal a separate collection, or even a readily segregable collection, of documents responsive to the document request of the House Oversight Committee" (*id.* at 1:17-20) is beside the point.

---

[1] Plaintiffs are not aware of Defendants similarly seeking to clarify Director Dillingham's comments directly with Chairwoman Maloney, or otherwise explaining to the Committee, which has oversight responsibilities over the Bureau, why they have apparently used this litigation and the "overlap" to significantly delay producing the documents the Committee has requested.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

As the Court recognized—and Defendants admit—Plaintiffs' document requests "substantial[ly] overlap" (ECF No. 376-1, at 1 n.1) with the document requests issued by the Government Accountability Office on August 5, 2020 and the document requests issued by the House Committee on Oversight and Reform on November 19, 2020.  ECF No. 372, at 6:21-7:12.  Even Director Dillingham admits that there is overlap.  ECF No. 371-1 at 4.  Defendants have thus known *for months* that they would need to collect, review, and produce these documents.  In this case, Defendants have had Plaintiffs' Requests for Production since November 17, 2020.  Yet, today—almost a full month later—Defendants admit that, of the more than 88,000 documents that were identified "using search terms supplied by the parties" (ECF No. 376-1, at 2:26-28), they have only produced 691 documents, the vast majority of which are duplicative, older, and largely unimportant materials (including many calendar invites).[2]  The Court did not suddenly order Defendants to produce some new, undiscovered tranche of 88,000 documents "in four days."  *See id.* at 2:11-12.  The Court ordered Defendants to produce such documents, which Defendants admit "substantial[ly] overlap" with the Committee's request, almost *one month* after Plaintiffs served their document requests (and many months after Defendants knew they would need to collect, review, and produce such documents).

In this respect, Defendants' second argument—a claimed inability to conduct an adequate privilege review—is meritless.  Defendants purposefully did not raise this "privilege review takes time" argument in their initial opposition, but focused on the complexities of DRB review in their initial opposition to Plaintiffs' motion to compel—even though DRB review is *inapplicable* to this set of documents.  Because Defendants purposefully failed to raise the privilege argument previously, that argument is not adequate grounds for reconsideration now.

---

[2] Defendants' counsel represented at the parties' December 2, 2020 meet and confer that none of those documents, which consist of "the email files (including attachments)" (ECF No. 368-4, at 5:16-18), are subject to review by the Census Bureau's Disclosure Review Board ("DRB").  Nor does Mr. DiGiacomo, in his recent declaration, state that they are.  This is important, because Defendants discussed the DRB process at length in their December 10 submissions—including in the declarations of Director Dillingham and Chief Scientist Abowd.  That process only applies to the summary reports and data that Defendants separately requested and the Court ordered (ECF No. 372, at 8:4-5), and as to which Defendants now claim there is no problem completing by Monday, December 14.  It does not apply to the emails and attachments at issue in the Category 1 and Category 2 documents Defendants are asking this Court to reconsider pursuant to a new "privilege review takes time" argument.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

Moreover, when the Court was establishing the case schedule in this case, Defendants never once claimed that the fact discovery period would not allow them enough time for privilege review; of course it did.

Finally, Defendants are not entitled to sabotage the case schedule because they failed to start identifying and producing materials in a timely fashion.  Indeed, it is glaring that Defendants, for all their flurry of filings over the last few days on these issues, have *never once* said that they actually started materially reviewing the ~88,000 documents (or some subset) in earnest weeks ago.  And their many statements about how long such a review would take, without corresponding statements about how far they have gone into that review, suggests that they have *yet* to materially start the review.  Indeed, they do not even say that they have started reviewing the smaller portion of documents (22,568 documents) they believe might contain privileged materials, or even the extremely small number of documents (2,944) that might be subject to a particular privilege they claim they might assert, the Executive privilege. DiGiacomo Decl. 11, 12.  Nor do they provide details of any such claimed review.

A litigant cannot hold a case schedule hostage based on when it decides to get around to privilege review, and there is no credible argument that Defendants could not have started and substantially completed a privilege review of these smaller sets by now.  Failure to conduct an adequate privilege review is borne by the failing party—not the Court and the adverse parties abiding by the set discovery schedule.  Contrary to Defendants' claim, it is not the Court's Order that will "strip Defendants' claims of privilege."  *See* ECF No. 376-1, at 4:6-7.  To the extent any privilege is "stripped," Defendants have no one but themselves—and their own very deliberate choices—to blame.

**2. Defendants' submissions show that they have defied the Court's order and the request from the House Committee on Oversight and Reform.**  As discussed above, by taking the position that the Court's Order to produce the Category 2 documents would as a practical matter require that "Defendants release, *en masse*, essentially *all* of the documents Defendants have collected to respond to Plaintiffs' requests—without adequate review and redaction for privilege[,]" Defendants admit that they have done next to nothing to review those documents

and make them available for production.  This is so despite Defendants having known for months that they would need to review and produce them.

This is troubling in and of itself, but Defendants' Motion reveals an additional worrisome fact.  Defendants state that, even under the Court's expedited discovery schedule, "resolution of such [privilege] issues would have (correctly) taken place later[.]" *Id.* at 4:9-12.  But there *is* no "later" under the expedited schedule in this case, and a review of the calendar reveals Defendants' gambit.  Fact discovery ends on January 7.  Today is December 13, with no production yet whatsoever to speak of from Defendants—and they resist as an "impossibility" having to produce by December 14.  This must mean that Defendants all along were not planning to materially produce documents until late in December or early January—right during the holidays—and *then "later" deal with privilege issues*, thereby denying Plaintiffs any real ability from a timing perspective to use Defendants' documents for their fact depositions or expert reports, and apparently denying Plaintiffs any ability to see, let alone use, any claimed privileged materials prior to mid-January or later at the earliest.  The Court will recall Defendants' misuse and overuse of privilege claims from earlier in this litigation, and how it took a team of Magistrate Judges working weekends and very late hours to overturn the bulk of Defendants' claims.[3]  There is no reason to believe that Defendants' approach would be any different here.  Nor do Defendants claim otherwise—or deny that, put together, all of this amounts to a "run down the clock" strategy so that Defendants never have to substantively answer for many of the core questions in this case.

***3. Defendants make clear that granting their Motion would sabotage the schedule in this case and harshly prejudice Plaintiffs.***  Defendants say that the Court should not fret about granting their Motion because they will comply with the rest of the Court's Order—namely, they will (1) provide the metadata for the few hundred documents they previously produced, (2)

---

[3] Based on Defendants' improper privilege objections related to the Administrative Record, there is no reason to believe that their privilege objections in this phase of the case would be sustained.  Two of the three documents the magistrate judges reviewed for attorney-client privilege were overturned.  ECF No. 174.  And nearly all of hundreds of documents Defendants either redacted or withheld on the basis of deliberative process were determined not to be privileged at all and ordered to be produced.  ECF Nos. 179, 182, 184.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

provide a 30(b)(6) deponent regarding Defendants' document retention, production, and similar issues, and (3) they will provide the sufficient-to-show summaries and reports that they have yet to produce in any respect—and that they so resisted in their initial opposition.

Plaintiffs look forward to receiving these materials, and to the deposition. But these are not "gives" by Defendants. Amateur litigants know they must provide metadata in electronic discovery productions, and for the Court to have to order the *Department of Justice* to do it is beyond the pale; of course they will provide that metadata, because they must. Similarly, the Rule 30(b)(6) deposition was ordered only because Defendants have utterly failed to engage in, or provide adequate information about, basic documents issues in this case. And the sufficient-to-show reports could and should have been produced many weeks ago, without question. Despite Defendants' assurances to the Court even recently, not a single one has.[4]

What Defendants truly are arguing, in asking the Court to overturn its Order, is for *all* of the ~88,0000 documents identified in keyword searches—which essentially cover the rest of Plaintiffs' requests for production—that Plaintiffs should be happy with receiving the materials at some point at the end of December or in January (if even then—because Defendants claim they need until December 26 to simply conduct a privilege review of ~22,000 documents). *De facto*, Defendants are saying that Plaintiffs will get the reports indicated above—and the ~600 duplicative and largely unimportant documents Defendants produced earlier—*and that's it,* by way of document discovery in this case (certainly, documents that are truly usable for fact depositions or initial expert reports). Defendants cannot be allowed to self-help in this fashion. As the Court has already recognized, even waiting to produce these documents until late December "prejudices Plaintiffs and flouts the Court's case schedule." ECF No. 372, at 6:16.

---

[4] Plaintiffs note that, as of Sunday morning, December 13, 2020, Defendants *still* have not provided a single such report—despite their professing to this Court (ECF No. 371, at 4:13-14) that they had told Plaintiffs that some such reports would finally be produced by Friday, December 11. Friday came and went, with no production. Moreover, it is striking to note that in his declaration of December 10, 2020, Chief Scientist Abowd swore that as of that day, Defendants had finished DRB review of 70% of all of such reports. ECF No. 371-2, at ¶ 17. There is only one conclusion: **Defendants have been sitting on these reports for weeks, purposefully delaying getting them to Plaintiffs so as to run down the clock.**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

**4. The Court should similarly reject Defendants' alternative proposal.** For the same reasons discussed above, the Court should deny Defendants' alternative request for a "protective order," which, while oddly worded, would give Defendants until December 28 to review and produce approximately 25,000 documents. While this alternative proposal would on its face give Plaintiffs access to three-quarters of the materials identified, Plaintiffs have no doubt that Defendants have used search terms aimed at capturing as "potentially privileged" most of the materials important to the ultimate resolution of this case—and Defendants' approach toward privilege has already shown itself to be extremely broad, and unjustified.

Moreover, as anyone knows who has conducted complex litigation with e-discovery in federal court, two weeks to review ~25,000 documents for privilege is excessive, especially when the primary argument made by Mr. DiGiacommo is that the vast bulk of these documents—over 22,000—are potentially privileged because they "likely contain requests for, and discussions of, confidential legal advice between DOC and DOJ attorneys and their clients in the Census Bureau and DOC" regarding this and other litigation. ECF No. 376-2, ¶ 11. Those materials are easily segregated, and privilege resolved, through simple search terms. Plaintiffs obviously are not asking for emails from DOJ counsel regarding this case, nor draft filings in this or other cases. And as stated above, these documents are not subject to review by the DRB. Thus, the United States Department of Justice is essentially claiming that it cannot review more than 2,000 documents per day, with all of the attorneys and resources it has at its disposal—when most of the materials concerned about seem to implicate easily-identifiable litigation based materials. This is not a meritorious request, especially in these circumstances.

**5. The Court should not have any concerns about Defendants' privilege rights—notwithstanding Defendants' deliberate choices to date—because Plaintiffs are willing to take on review and be reasonable about issues regarding waiver.** Plaintiffs believe that Defendants have squandered any credibility regarding their willingness to abide by their discovery obligations and the Court's Order in this case. And there is no more time to trust that Defendants will do right, in a timely fashion, in the future. But Defendants' two primary concerns—that the DOJ/DOC do not have time to do a full review, and otherwise will be waiving privilege if

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

required to produce—are easily addressed by Plaintiffs taking on what Defendants have been unwilling to do. Specifically, the Court should leave its Order in place, which Defendants say means that Defendants will produce ~88,000 documents tomorrow. Once Plaintiffs receive that production tomorrow night, they will run a search as quickly as possible for DOJ and DOC attorneys in the to, from and cc lines, in addition to "attorney client" and similar privilege phrases, and segregate those materials for the time being—with no review whatsoever by attorneys. Plaintiffs will also keep Defendants apprised of their search hits. Plaintiffs will otherwise review the materials, with an express agreement in place that Defendants will not have waived any materials later claimed to be privileged. In fact, Defendants have already sent Plaintiffs a proposed clawback agreement aimed at just that—and Plaintiffs have no issue with such an agreement in principle, and will work to finalize it with Defendants prior to tomorrow.

By taking on the burden Defendants claim they cannot timely meet, and agreeing that privilege arguments are not waived through this production and proceeding as set forth above, Plaintiffs aim to give Defendants comfort over the issues they claim drive their Motion, and thereby resolve the dispute and finally move document discovery forward.

**6. *The Court should reject Defendants' request for a "48-hour stay."*** Finally, there is no legitimate reason the Acting Solicitor General needs an additional 48 hours to decide whether to seek emergency appellate review of this Court's straightforward discovery ruling. District courts have inherent authority to enforce compliance with its orders. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal citations and quotation marks omitted)); *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) ("The district court has wide discretion in controlling discovery." (internal quotation omitted)). Here, the Court's order was filed on Thursday, December 10, and there has been plenty of time to prepare any such submission. Plaintiffs will respond in due course.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

| | | |
|---|---|---|
| 1 | Dated: December 13, 2020 | LATHAM & WATKINS LLP |
| 2 | | By: /s/ Sadik Huseny |
| 3 | | Sadik Huseny |
| 4 | | Sadik Huseny (Bar No. 224659)<br>sadik.huseny@lw.com |
| 5 | | Steven M. Bauer (Bar No. 135067)<br>steven.bauer@lw.com |
| 6 | | Amit Makker (Bar No. 280747)<br>amit.makker@lw.com |
| 7 | | Shannon D. Lankenau (Bar. No. 294263)<br>shannon.lankenau@lw.com |
| 8 | | **LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000 |
| 9 | | San Francisco, CA 94111<br>Telephone: 415.391.0600 |
| 10 | | Facsimile: 415.395.8095 |
| 11 | | Melissa Arbus Sherry (*pro hac vice*)<br>melissa.sherry@lw.com |
| 12 | | Richard P. Bress (*pro hac vice*)<br>rick.bress@lw.com |
| 13 | | Anne W. Robinson (*pro hac vice*)<br>anne.robinson@lw.com |
| 14 | | Tyce R. Walters (*pro hac vice*)<br>tyce.walters@lw.com |
| 15 | | Gemma Donofrio (*pro hac vice*)<br>gemma.donofrio@lw.com |
| 16 | | Christine C. Smith (*pro hac vice*)<br>christine.smith@lw.com |
| 17 | | **LATHAM & WATKINS LLP**<br>555 Eleventh Street NW, Suite 1000 |
| 18 | | Washington, D.C. 20004<br>Telephone: 202.637.2200 |
| 19 | | Facsimile: 202.637.2201 |
| 20 | | *Attorneys for Plaintiffs National Urban League;* |
| 21 | | *League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose,* |
| 22 | | *California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| 23 | Dated: December 13, 2020 | By: /s/ Jon M. Greenbaum |
| 24 | | Kristen Clarke (*pro hac vice*)<br>kclarke@lawyerscommittee.org |
| 25 | | Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org |
| 26 | | Ezra D. Rosenberg (*pro hac vice*)<br>erosenberg@lawyerscommittee.org |
| 27 | | Ajay Saini (*pro hac vice*)<br>asaini@lawyerscommitee.org |
| 28 | | Maryum Jordan (Bar No. 325447) |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: 213.385.2977
Facsimile: 213.385.9089

*Attorneys for Plaintiff City of San Jose*

|   |   |   |
|---|---|---|
| 1 |   | Doreen McPaul, Attorney General |
| 2 |   | dmcpaul@nndoj.org |
|   |   | Jason Searle (*pro hac vice*) |
| 3 |   | jasearle@nndoj.org |
|   |   | **NAVAJO NATION DEPARTMENT OF** |
| 4 |   | **JUSTICE** |
|   |   | P.O. Box 2010 |
| 5 |   | Window Rock, AZ 86515 |
|   |   | Telephone: (928) 871-6345 |

*Attorneys for Navajo Nation*

Dated: December 13, 2020              By: /s/ Danielle Goldstein
                                      Michael N. Feuer (Bar No. 111529)
                                      mike.feuer@lacity.org
                                      Kathleen Kenealy (Bar No. 212289)
                                      kathleen.kenealy@lacity.org
                                      Danielle Goldstein (Bar No. 257486)
                                      danielle.goldstein@lacity.org
                                      Michael Dundas (Bar No. 226930)
                                      mike.dundas@lacity.org
                                      **CITY ATTORNEY FOR THE CITY OF**
                                      **LOS ANGELES**
                                      200 N. Main Street, 8th Floor
                                      Los Angeles, CA 90012
                                      Telephone: 213.473.3231
                                      Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: December 13, 2020              By: /s/ Michael Mutalipassi
                                      Christopher A. Callihan (Bar No. 203010)
                                      legalwebmail@ci.salinas.ca.us
                                      Michael Mutalipassi (Bar No. 274858)
                                      michaelmu@ci.salinas.ca.us
                                      **CITY OF SALINAS**
                                      200 Lincoln Avenue
                                      Salinas, CA 93901
                                      Telephone: 831.758.7256
                                      Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

Dated: December 13, 2020              By: /s/ Rafey S. Balabanian
                                      Rafey S. Balabanian (Bar No. 315962)
                                      rbalabanian@edelson.com
                                      Lily E. Hough (Bar No. 315277)
                                      lhough@edelson.com
                                      **EDELSON P.C.**
                                      123 Townsend Street, Suite 100
                                      San Francisco, CA 94107

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO MOT. FOR LEAVE TO
FILE EMERGENCY MOT. FOR RECONSIDERATION

|   |   |   |
|---|---|---|
| 1 |   | Telephone: 415.212.9300 |
| 2 |   | Facsimile: 415.373.9435 |
| 3 |   | Rebecca Hirsch (*pro hac vice*) |
|   |   | rebecca.hirsch2@cityofchicago.org |
| 4 |   | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 5 |   | Mark A. Flessner |
|   |   | Stephen J. Kane |
| 6 |   | 121 N. LaSalle Street, Room 600 |
|   |   | Chicago, IL 60602 |
| 7 |   | Telephone: (312) 744-8143 |
|   |   | Facsimile: (312) 744-5185 |
| 8 |   |   |
| 9 |   | *Attorneys for Plaintiff City of Chicago* |
| 10 | Dated: December 13, 2020 | By: /s/ Donald R. Pongrace |
|   |   | Donald R. Pongrace (*pro hac vice*) |
| 11 |   | dpongrace@akingump.com |
|   |   | Merrill C. Godfrey (Bar No. 200437) |
| 12 |   | mgodfrey@akingump.com |
|   |   | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 13 |   | 2001 K St., N.W. |
| 14 |   | Washington, D.C. 20006 |
|   |   | Telephone: (202) 887-4000 |
| 15 |   | Facsimile: 202-887-4288 |
| 16 |   | *Attorneys for Plaintiff Gila River Indian Community* |
| 17 |   |   |
| 18 | Dated: December 13, 2020 | By: /s/ David I. Holtzman |
|   |   | David I. Holtzman (Bar No. 299287) |
| 19 |   | David.Holtzman@hklaw.com |
|   |   | **HOLLAND & KNIGHT LLP** |
| 20 |   | Daniel P. Kappes |
|   |   | Jacqueline N. Harvey |
| 21 |   | 50 California Street, 28th Floor |
|   |   | San Francisco, CA 94111 |
| 22 |   | Telephone: (415) 743-6970 |
|   |   | Fax: (415) 743-6910 |
| 23 |   |   |
| 24 |   | *Attorneys for Plaintiff County of Los Angeles* |
| 25 |   |   |
| 26 |   |   |
| 27 |   |   |
| 28 |   |   |

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 13, 2020

**LATHAM & WATKINS LLP**

By: /s/ Sadik Huseny
Sadik Huseny