UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILBUR L. ROSS, et al.,<br><br>    Defendants. | Case No. 20-CV-05799-LHK<br><br>**AMENDED ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFYING ORDER TO COMPEL**<br><br>Re: Dkt. No. 376 |

Before the Court is Defendants' motion for leave to file an emergency motion for reconsideration of the Court's December 10, 2020 Order Granting Plaintiffs' Motion to Compel, ECF No. 372 ("Order to Compel"), or, in the alternative, for a protective order. ECF No. 376 ("Mot." or "Motion"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Defendants' motion for reconsideration and CLARIFIES the Order to Compel.[1]

Like the Order to Compel, this Order is necessarily brief because time is of the essence. The holidays are approaching, and the fact discovery cut-off is January 7, 2021. ECF No. 357. Moreover, opening expert reports are due January 14, 2021; rebuttal expert reports are due January

---

[1] This Order supersedes ECF No. 379, which has been vacated.

21, 2021; and close of expert discovery is January 28, 2021. *Id*. The Court briefly recounts the history of this litigation as relevant to Defendants' motion and then explains why Defendants' motion should be denied.

## I. BACKGROUND

Plaintiffs filed suit on August 18, 2020. ECF No. 1. Throughout this litigation, Defendants' position has been that Defendants' Replan of the 2020 Census is necessary to meet two statutory deadlines: (1) the December 31, 2020 deadline for the Secretary of Commerce's report to the President on congressional apportionment figures, followed by the President's transmittal of those figures to Congress by January 11, 2021; and (2) the April 1, 2021 deadline for the Secretary's report to the states for the purpose of state redistricting. *See* ECF No. 208 at 3 (summarizing deadlines).

After the Court enjoined the Replan under the Administrative Procedure Act, Defendants successfully sought a stay of the Court's order from the United States Supreme Court. *See Ross v. National Urban League*, No. 20A62 (U.S. Oct. 13, 2020). Before the Supreme Court, Defendants represented that they would quickly process Census data to meet the December 31, 2020 and April 1, 2021 deadlines and to allow states to meet their own "contingent redistricting deadlines." Defs. Reply in Support of App. for a Stay at 11 ("Defs. Reply"), *Ross v. National Urban League*, No. 20A62 (U.S. Oct. 10, 2020). Defendants specifically cited "sworn testimony in the record . . . of the government's ability to meet the statutory deadline on its proposed schedule." Defs. Stay App. at 8, *National Urban League* (U.S. Oct. 7, 2020). Even so, Defendants have since represented that they can no longer meet the December 31, 2020 deadline. *See* Oral Arg. Tr. at 6:16–7:3, *Trump v. New York*, No. 20-366 (U.S. Nov. 30, 2020) ("[W]e are not currently on pace to send the report to the President by the year-end statutory deadline.").

After the Supreme Court's stay, Plaintiffs sought discovery on their Enumeration Clause claim, which this Court had not addressed in prior orders. Plaintiffs asked this Court for an expedited schedule with (1) a one-month discovery period; and (2) final judgment before the Secretary's report of congressional apportionment figures to the president, which Plaintiffs

expected sometime in early January 2021 (after the December 31, 2020 statutory deadline). ECF No. 356 at 9. By contrast, Defendants proposed that (1) the case be stayed until the Bureau completed the 2020 Census or until Defendants' appeal of the Court's preliminary injunction were resolved; and (2) following a stay, there be a three-month discovery period. *Id.* at 10.

The Court's November 13, 2020 Case Management Order, which is incorporated by reference herein, explained why discovery should proceed and why such discovery should be limited. ECF No. 357 ("Case Management Order"). In the Case Management Order, the Court set an expedited schedule because of the states' "contingent redistricting deadlines" and the difficulty of granting relief after the April 1, 2020 deadline for the Secretary's transmittal of redistricting data to the states. This schedule gave the parties eight weeks to engage in limited discovery. *Id.* at 2. Because of the expedited schedule, the Court gave the parties 10 days to respond to Requests for Production and 14 days to start producing documents for which no objections were asserted. *Id.*

The Court also significantly limited discovery in several ways. For instance, although the Federal Rules of Civil Procedure (the "Federal Rules") permit 10 depositions per side, the Court cut that number in half, permitting only 5 depositions. *See* Fed. R. Civ. P. 30(a)(1); ECF No. 357. Similarly, the Federal Rules permit 25 interrogatories per side, but the Court cut that number by 60%, permitting only 10 interrogatories. *See* Fed. R. Civ. P. 33(a)(1); ECF No. 357. Lastly, the Federal Rules permit an unlimited number of Requests for Admission ("RFAs") and Requests for Production ("RFPs"), but the Court permitted only 25 RFAs and 25 RFPs per side in the instant case. *See* Fed. R. Civ. P. 34, 36; ECF No. 357.

In the parties' December 9, 2020 joint case management statement, Plaintiffs noted that Defendants' production of documents so far has been inadequate. ECF No. 367. After Plaintiffs filed their RFPs on November 17, 2020, Defendants had 14 days, or until December 1, 2020, to start producing documents for which no objection was asserted. ECF No. 357 at 2. Nonetheless, on December 1, 2020, Defendants only produced 175 documents. Makker Decl., Exhs. 4, 5, ECF No. 368. On December 8, 2020, Defendants produced 516 documents. However, 391 documents

(75% of the production) predate the Bureau's August 3, 2020 announcement of the Replan—and thus could not possibly address anomalies in Defendants' data processing, which began after Defendants concluded data collection on October 15, 2020. Moreover, of the 691 documents that Defendants have produced, 116 are calendar invites that contain no substantive information, and 221 are duplicates, including:

- 55 duplicative copies of the same presentation;
- 52 duplicative copies of the same Senior Management Agenda;
- 27 duplicative copies of the same document entitled "Status Reporting: Phased Restart for the 2020 Decennial Census (Periodic Reporting: Release for June 8, 2020)";
- 26 duplicative copies of the same document entitled "Status Reporting: 2020 Decennial Census – Executive Order 13880 (Release for June 8, 2020)";
- 24 duplicative copies of the same document entitled "Status Reporting: 2020 Decennial Census (Periodic Reporting: Release for June 8, 2020)";
- 22 duplicative copies of the same document entitled "Department of Commerce — Second Term Key Priorities"; and
- 22 duplicative copies of the same document entitled "Status Reporting: Phased Restart for the 2020 Decennial Census."

ECF No. 368 at 2; Makker Decl., Exh. 6 (spreadsheet for calculating duplicates).

If that were not enough, Defendants refused to include basic metadata for the produced documents. Specifically, Defendants excluded information about each document's author, date, file name, recipient(s), and more—customary metadata that Defendants previously *included* when producing the administrative record in this case. Defendants thus obfuscated the significance of their already insubstantial production. By doing so, Defendants also violated Federal Rule of Civil Procedure 34(b)(2)(E)'s requirement that parties "must produce [electronic] documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the [discovery] request."

Moreover, Defendants refused Plaintiffs' requests to meet and confer for two weeks, a time period that represents a quarter of the eight-week fact discovery period. *See* Makker Decl. Exh. 3,

ECF No. 368 (email thread between counsel). Rather than meet and confer on basic issues such as keyword search terms and date ranges, Defendants waited until December 1—the deadline for responding—and then produced 175 duplicate-laden documents. ECF No. 368 at 1. Defendants told Plaintiffs that most of the data reports that Plaintiffs seek will not be produced until late December. *Id.* at 2. Other documents, such as documents on the current status of data processing, have no estimated production date at all. *Id.* This delay prejudices Plaintiffs and flouts the Court's case schedule. Fact discovery ends on January 7, 2021 and expert reports are due January 14, 2021. If document production is not completed until the end of December, Plaintiffs will be unable to (1) conduct fact depositions; (2) issue tailored interrogatories or requests for admission; and (3) produce meaningful expert reports.

As a result, Plaintiffs stated that they were unable to craft appropriately tailored interrogatories and RFAs. *Id.* at 2. On December 9, 2020, Plaintiffs filed a motion to compel and a motion to shorten time and expedite. ECF Nos. 368, 369. On December 10, 2020, Defendants filed an opposition to Plaintiffs' motion to compel. ECF No. 371.

The Court's December 10, 2020 Order to Compel, which is incorporated by reference herein, granted Plaintiff's motion to compel. The Court concluded that Defendants had "prejudice[d] Plaintiffs and flout[ed] the Court's case schedule" by failing to produce documents that Defendants have been on notice about for nearly five months. Order to Compel at 6. As relevant here, the Court ordered Defendants to produce by December 14, 2020: (1) Documents sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020; and (2) Documents responsive to the requests in the November 19, 2020 letter from the House Committee on Oversight and Reform to Secretary Wilbur L. Ross. *See* Order to Compel at 8.

On Saturday, December 12, 2020 at 4:16 p.m., Defendants filed an emergency motion for reconsideration of those two directives in the Order to Compel. ECF No. 376. Defendants argue that complying with those two directives would require Defendants to disclose potentially privileged documents because Defendants have not reviewed documents for attorney-client, work-

product, and Executive privilege. *See, e.g.*, Mot. at 5. Defendants thus ask the Court to either (1) vacate those two directives; or (2) issue a protective order that would give Defendants another two weeks to review documents for attorney-client, work-product, and Executive privilege. *Id.* Defendants ask the Court to rule "as soon as possible, but in any event no later than 11:59 p.m. Pacific time on Sunday, December 13, 2020." *Id.* at 1. On December 13, 2020, Plaintiffs filed a response to Defendants' Motion. ECF No. 378 ("Response" or "Resp.").

However, Defendants' Motion does not request that the Court reconsider all portions of the Order to Compel. *See* Mot. at 4 ("Defendants are not requesting that the Court reconsider all portions of its Order."). In fact, Defendants concede that they will comply with the rest of the Order to Compel, which is set forth below:

- Defendants must produce by December 14, 2020:
    - All summary report data responsive to Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues and improprieties (RFP Nos. 2–4, 6–10, 15, 16, and 18).
    - Appropriate metadata—including hash data, production begin bates, production end bates, production begin attachment, production end attachment, custodian, email from, email to, email cc, author, document date, and file name—for Defendants' December 1, 2020 and December 8, 2020 productions.
- Defendants must produce appropriate metadata for all future productions made in this case.
- Defendants must make available for a deposition, no later than December 17, 2020, an additional Rule 30(b)(6) witness on the limited topics of Defendants' retention, organization, collection, review, and production of documents and data, as well as the search functionalities and capabilities of Defendants' various databases, so that Plaintiffs have definitive, sworn answers regarding key document production issues in this case, and meaningful guidance regarding how Defendants retain, manage, and organize data and how they are collecting and producing documents in this litigation, that will help finalize this portion of discovery without further delay.
- Defendants shall have 14 days to respond to Interrogatories and Requests for Admission.

*Id.*; Order to Compel at 7–8.

## II. DISCUSSION

Defendants' problem is of entirely their own making. As Plaintiffs rightly explain in their

Response, Defendants' Motion is meritless in at least four ways.

First, Defendants' conduct has required compressing the case schedule. Specifically, Defendants have continued to rush data processing even though the December 31, 2020 statutory deadline—which Defendants originally invoked to justify the Replan—is no longer a deadline Defendants can meet. *See* Oral Arg. Tr. at 6:16–7:3 ("[W]e are not currently on pace to send the report to the President by the year-end statutory deadline."). As the Chief Justice explained during oral argument in *Trump v. New York*, judicial relief is "more manageable at an earlier stage" because redoing apportionment or redistricting would "be like having to unscramble the eggs[.]" Oral Arg. Tr. at 8:9–15. Consequently, the Court has had to set an expedited schedule to avoid the immense practical challenges of granting post-redistricting relief.

Second, when the Court set the case schedule—a schedule about three months slower than what Plaintiffs initially requested—Defendants never claimed that the fact discovery period would not allow enough time for privilege review. *Compare* ECF No. 344 at 3 (Plaintiffs' proposed case schedule, with trial starting on December 21, 2020), *with* ECF No. 357 at 2 (setting trial for March 19, 2021). Indeed, Defendants themselves proposed a fact discovery period of three months, only one month longer than the period that this Court set. *Compare* ECF No. 356 at 10 (Defendants' proposal of three month fact discovery period), *with* ECF No. 357 at 2 (Case Management Statement setting two month fact discovery period).

Third, Defendants failed to oppose Plaintiffs' motion to compel on the ground that Defendants would lack time to review documents for privilege. Rather, Defendants raise privilege for the first time in their emergency motion for reconsideration. Defendants thus forfeited their argument. *See, e.g.*, *Connecticut Gen. Life Ins. Co. v. Zilka*, 56 F. App'x 828, 829 (9th Cir. 2003) ("A party does not properly preserve an issue for appeal by raising it for the first time in a motion for reconsideration." (quoting *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995))). As Civil Local Rule 7-9(b) explains, Defendants must show the following in seeking reconsideration of the Court's Order to Compel: "reasonable diligence in bringing the motion" and (1) that "a material difference in fact or law exists from that

which was presented to the Court before entry of the [Order to Compel]," and despite exercising reasonable diligence, "[Defendants] did not know such fact or law at the time of the [Order to Compel]"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of [the Order to Compel]"; or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the Order to Compel]." Civ. L.R. 7-9(b). Defendants fail to meet the requirements for reconsideration. Indeed, Defendants never argue that their need to review their documents for privilege is a new development, or that Defendants were unaware of this need before the entry of the Order to Compel.

Fourth, Defendants have known for nearly five months that they needed to produce the documents. As the Court held and Defendants concede, Plaintiffs' document requests "substantial[ly] overlap" with the document requests issued by the Government Accountability Office on August 5, 2020, and the House Committee on Oversight and Reform ("the Committee") on November 19, 2020. Mot. at 1 n.1; *see also* Dillingham Decl. ¶ 4, ECF No. 371 (discussing "the overlap between (1) documents responsive to the Committee's request, and (2) documents responsive to Plaintiffs' requests in this case"). Moreover, Plaintiffs served their RFPs nearly a month ago on November 17, 2020. *See* Makker Decl., Ex. 1, ECF No. 368 (RFPs). Defendants were required to object to the RFPs within 10 days and were required to start producing documents within 14 days. ECF No. 357 at 2. Yet Defendants did not even start *keyword searches* for potential privilege until December 11, 2020— the day after the Court issued the Order to Compel. *See* DiGiacomo Decl. ¶ 7. Nor is there any indication that Defendants have begun reviewing documents that those keyword searches have flagged as potentially privileged. Thus, Defendants have hardly begun a privilege log for document requests that are nearly five months old. Even shorter delays in asserting privilege may waive privilege. *See, e.g.*, *In re Grand Jury (Impounded)*, 138 F.3d 978, 983 (3d Cir. 1998) (affirming waiver of attorney-client privilege after 4-month delay); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D. Conn. 2007) (holding attorney-client and work-product privileges waived given four-month delay in producing privilege log).

Thus, Defendants' Motion is meritless. The Court will not relieve Defendants of their duty to produce documents that are relevant to Plaintiffs' claims and proportional to the needs of the case. *See* Order to Compel at 4–7 (granting Plaintiffs' motion to compel because the requested discovery is relevant to Plaintiffs' claim and proportional to the needs of the case).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' request for reconsideration of the Order to Compel, but CLARIFIES the Order to Compel as follows.

By December 14, 2020, the parties shall meet and confer then file a joint statement proposing an expedited schedule to produce a privilege log and to brief privilege disputes. The parties shall prioritize high priority objections first. The same three-judge panel of United States Magistrate Judges that previously ruled on the parties' privilege disputes will rule on these privilege disputes *in camera*. The parties must meet and confer before briefing any privilege disputes. Thus far, Defendants' productions have included many duplicates. The Magistrate Judge Panel's earlier and rolling privilege rulings should inform the parties' efforts to resolve later privilege disputes.

Each day from December 14, 2020 through December 21, 2020, Defendants shall produce, on a rolling basis, documents in the following two categories:

- Documents sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020;
- Documents responsive to the requests in the November 19, 2020 letter from the House Committee on Oversight and Reform to Secretary Wilbur L. Ross.

The Court notes that Defendants must produce by December 21, 2020 these documents to the House Committee on Oversight and Reform pursuant to the Committee's subpoena. As a benchmark, each day from December 14, 2020 through December 21, 2020, Defendants must review at least 10 to 15 percent of the total documents collected and produce relevant, non-privileged documents from that review to Plaintiffs. After considering the parties' joint statement referenced above, the three-judge panel will determine the schedule and procedure for resolving

9

Case No. 20-CV-05799-LHK
AMENDED ORDER DENYING MOTION FOR RECONSIDERATION & CLARIFYING ORDER TO COMPEL

privilege disputes.

Furthermore, Defendants do not seek reconsideration of the following requirements in the Order to Compel and thus must comply with these requirements:

- Defendants must produce by December 14, 2020:
    - All summary report data responsive to Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues and improprieties (RFP Nos. 2–4, 6–10, 15, 16, and 18).
    - Appropriate metadata—including hash data, production begin bates, production end bates, production begin attachment, production end attachment, custodian, email from, email to, email cc, author, document date, and file name—for Defendants' December 1, 2020 and December 8, 2020 productions.
- Defendants must produce appropriate metadata for all future productions made in this case.
- Defendants must make available for a deposition, no later than December 17, 2020, an additional Rule 30(b)(6) witness on the limited topics of Defendants' retention, organization, collection, review, and production of documents and data, as well as the search functionalities and capabilities of Defendants' various databases, so that Plaintiffs have definitive, sworn answers regarding key document production issues in this case, and meaningful guidance regarding how Defendants retain, manage, and organize data and how they are collecting and producing documents in this litigation, that will help finalize this portion of discovery without further delay.
- Defendants shall have 14 days to respond to Interrogatories and Requests for Admission.

Order to Compel at 8.

**IT IS SO ORDERED.**

Dated: December 13, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge