JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION;** |
| v. | **EMERGENCY MOTION FOR A** |
| WILBUR L. ROSS, JR., *et al.*, | **PROTECTIVE ORDER** |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants, by and through their counsel, hereby move under Federal Rule of Civil Procedure 26(c) for entry of a protective order to limit the scope of Rule 30(b)(6) testimony sought by Plaintiffs. In order to provide clarity for tomorrow's deposition, Defendants respectfully request that the Court rule in advance of that deposition, which will commence at 9:30 a.m. E.S.T. on Thursday, December 17, 2020.

## EMERGENCY MOTION FOR PROTECTIVE ORDER

Consistent with their prior representations and under this Court's discovery orders, Defendants will provide testimony under Rule 30(b)(6) tomorrow. Nonetheless, as set forth below, this Court should enter a Protective Order in advance of that deposition or, if the Court is unable to provide relief and there remain live disputes after the deposition takes place, issue such an order in the context of any post-deposition motions practice.

Plaintiffs served their Notice of Deposition at 1:32 a.m. Eastern time on Saturday, December 12. Ex. 1 (Dec. 12, 2020 Email from A. Makker); Ex. 2 (Deposition Notice). The parties conferred regarding the scope of the deposition on Monday, December 14, during which Defendants raised objections to the scope of the original Notice. Defendants believed that the parties had agreed on several limitations to the scope of the deposition, but an Amended Notice of Deposition served by Plaintiffs on Tuesday, December 14 was "amended" in name only—the substantive Rule 30(b)(6) topics in the Amended Notice of Deposition were identical to the topics listed in the original Notice of Deposition. Ex. 3 (Amended Notice). Because Tuesday's Amended Notice of Deposition did not reflect any changes after the parties' Monday conferral, Defendants emailed Plaintiffs' counsel on Tuesday to seek clarity on the scope of the deposition. Ex. 4 (Email chain re: Rule 30(b)(6) deposition). Plaintiffs' counsel responded this morning by threatening a contempt motion and sanctions. *Id.*

Defendants have been working in good faith to try to resolve the parties' dispute, and regardless will provide testimony under Rule 30(b)(6) as scheduled tomorrow morning. Defendants are also preparing, as best they can, to testify on the topics Plaintiffs have identified in their deposition notice. Those topics improperly cover two separate agencies; are impermissibly vague for

1 a Rule 30(b)(6) deposition notice; and Plaintiffs have now threatened sanctions and contempt in
2 advance of that deposition rather than trying to address Defendants' reasonable concerns.  Defend-
3 ants are thus regrettably forced to file this Motion for Protective Order to receive clarity from this
4 Court or, if the Court is not in a position to provide relief in advance of the deposition, to protect
5 their interests to the extent Defendants' witness is unable to provide testimony to Plaintiffs' satis-
6 faction on these broad, vague, and ambiguous topics.

7 **I.      Standards Governing a Protective Order Related to a Rule 30(b)(6) Deposition**

8          Federal Rule of Civil Procedure 30(b)(6) permits a party to "name as the deponent . . . a
9 government agency" and "describe with reasonable particularity the matters for examination." The
10 agency must then designate a representative to "testify on its behalf . . . about information known
11 or reasonably available to the organization." "[T]o effectively function, the requesting party must
12 take care to designate, with *painstaking specificity*, the particular subject areas that are intended to
13 be questioned, and that are relevant to the issues in dispute." *Pongsai v. Am. Express Co.*, 2020
14 WL 5356711, at *2 (C.D. Cal. June 29, 2020) (emphasis added). While a party has a responsibility
15 to make a good faith effort to prepare a Rule 30(b)(6) witness, that task "becomes less realistic and
16 increasingly impossible as the number and breadth of noticed subject areas expand." *Apple, Inc. v.*
17 *Samsung Electronics Co., Ltd.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012); *see also Palmer*
18 *v. Big Lots Stores, Inc.*, 2014 WL 3895698, at *1 (E.D. Va. Aug. 8, 2014) ("When a topic for a
19 Rule 30(b)(6) deposition is overbroad or vague, the responding party is unable to identify the outer
20 limits of the areas of inquiry noticed, and designating a representative in compliance with the
21 deposition notice becomes impossible.").

22         Unless otherwise limited by the Court, Rule 26(b)(1) permits discovery of "any nonprivi-
23 leged matter that is relevant to any party's claim or defense." Discovery requests must be "propor-
24 tional to the needs of the case, considering the importance of the issues at stake in the action, the
25 amount in controversy, the parties' relative access to relevant information, the parties' resources,
26 the importance of the discovery in resolving the issues, and whether the burden or expense of the
27 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

28

Under Rule 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding disclosure or discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1), (c)(1)(A), (c)(1)(D). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Moving for a protective order is the appropriate way to object to a Rule 30(b)(6) topic that is overly broad or unduly burdensome. *See Pongsai*, 2020 WL 5356711, at *2, *5; *DarbeeVision, Inc. v. C&A Mktg., Inc.*, 2019 WL 2902697, at *8 (C.D. Cal. Jan. 28, 2019) (courts "have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices").

## II. The Amended Notice Improperly Names Two Government Agencies

The Amended Notice is deficient on its face because it improperly purports to name two government agencies: the Department of Commerce and the Census Bureau. *See* Ex. 3. Rule 30(b)(6) is clear: a deposition notice must name as the deponent "*a* public or private corporation," "*a* partnership," "*an* association," or "*a* governmental agency." Fed. R. Civ. 30(b)(6) (emphasis added). The named organization must then designate a representative to testify "on *its* behalf." *Id.* (emphasis added). Rule 30(b)(6) does not permit a party to take a deposition of two or more organizations at the same time. Indeed, such an arrangement would be fundamentally inconsistent with the nature of a Rule 30(b)(6) deposition, in which the organization's designee is testifying on the organization's behalf, and the designee's answers are admissible against the organization. *See* 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2103 (3d ed. Oct. 2020 update).

That the Census Bureau is "under the jurisdiction" of the Department of Commerce makes no difference to the analysis. *See* 13 U.S.C. § 2. By statute, the Census Bureau is "an agency," and courts have commonly recognized as much. *Id.*; *Elec. Privacy Info. Ctr. v. U.S. Dep't of Commerce*, 928 F.3d 95, 98 (D.C. Cir. 2019) (noting that the Census Bureau is "an agency"); *California v. Ross*, 362 F. Supp. 3d 727, 732 (N.D. Cal. 2018) (noting that the Census Bureau is

"a federal statistical agency").  Even Plaintiffs don't truly believe that the Department of Commerce and the Census Bureau are one "agency" for Rule 30(b)(6) purposes.  At the November 13 conference, Plaintiffs asked the Court for two Rule 30(b)(6) depositions "one for Commerce, one for the Bureau," indicating their awareness that one Rule 30(b)(6) deposition could not cover both entities.  *See* Nov. 13, 2020 Conf. Tr. 28:2-4.  And the Court agreed, ordering two Rule 30(b)(6) depositions on that understanding.  *Id.* 32:8-12 ("I'm going to say two [Rule 30(b)(6) depositions] because I think there should be one from the Bureau and one from the Commerce Department.").

Defendants raised this issue with Plaintiffs immediately after receiving the Plaintiffs' original deposition notice and attempted to resolve it without the need for court intervention. After meeting and conferring with Plaintiffs, Defendants expected that Plaintiffs would limit their Amended Notice to a representative of the Census Bureau. So Defendants took steps to prepare a Census Bureau representative and offered to provide Plaintiffs with a declaration from a Commerce Department official attesting to any databases in the Department that relate to census and enumeration issues. *See* Ex. 4.  Plaintiffs' Amended Notice, however, continues to seek the deposition of "Defendants," and Plaintiffs have maintained that they may take a deposition of both the Department of Commerce and the Census Bureau at the same time. But, as explained above, neither Rule 30(b)(6) nor the Court's Order allow Plaintiffs to notice the deposition of two distinct government agencies in a single deposition notice.

Unquestionably, this Court's Order allowed Plaintiffs to choose amongst the "Defendants" for "*an* additional Rule 30(b)(6) witness." *See* ECF No. 380 at 10 (emphasis added). But nothing in this Court's order overrode the requirements of Rule 30(b)(6) and allowed Plaintiffs to improperly notice the deposition of two governmental agencies.  Nor is there any plausible reading that the Court ordered *two* depositions, which must be true if Plaintiffs are allowed to depose *two* governmental agencies.  Indeed, Plaintiffs themselves requested only "*an* additional Rule 30(b)(6) witness," not two separate additional depositions. *See* ECF No. 368-1 at 6.  After the parties' meet and confer, Defendants understood Plaintiffs to be almost exclusively interested in information from the Census Bureau and, as set forth above, have worked hard to accommodate Plaintiffs'

desires.  Defendants therefore request that the Court enter a protective order limiting Plaintiffs to a deposition of the Census Bureau.

### III.   Plaintiffs' Proposed Topics Are Vague, Overbroad, and Unduly Burdensome

The Amended Notice is also deficient because the identified topics are vague, overbroad, and unduly burdensome. But "[a] party who notices a Rule 30(b)(6) deposition should apply fairness and reasonableness to the scope of the matters that the witness is required to testify about." *Madrigal v. Allstate Indem. Co.*, 2015 WL 12746225, at *5 (C.D. Cal. Apr. 22, 2015). The Amended Notice broadly seeks testimony on six separate topics:

1.   The Census Bureau's retention, organization, and management of documents and data.

2.   The Census Bureau's collection, review, and production of documents and data.

3.   The search functionalities and capabilities of the Census Bureau's various databases.

4.   The Department of Commerce's retention, organization, and management of documents and data.

5.   The Department of Commerce's collection, review, and production of documents and data.

6.   The search functionalities and capabilities of the Department of Commerce's various databases.

*See* Ex. 3. Plaintiffs have made no attempt at all to narrow these topics to the "document production issues in this case," Amended Order at 10, but instead insist that the designee be prepared to address these topics generally to the extent they "relate[] to the census and enumeration issues, as laid out in Plaintiffs' Second Amended Complaint and First Set of Requests for Production*." Id.*

The broad topics in the Amended Notice fail to comply with the requirement that a requesting party designate with "specificity" the "particular subject areas that are intended to be questioned." *Pongsai*, 2020 WL 5356711, at *2. While the Court's Order set broad parameters for the general subject matter of the deposition, the Order is not the "notice" required by Rule 30(b)(6).  And Plaintiffs' mere parroting of the Order's broad parameters in their original Notice and again in the Amended Notice does not satisfy their duty under the Rule to "describe with *reasonable particularity* the matters for examination."  Under the Federal Rules it is not for the

Court to state the "matters for examination," but for the noticing party to do so, and Plaintiffs' refusal to state such matters with anything resembling "reasonable particularity" falls well short of their obligations under the Rule.

Plaintiffs' broad topics also impose an impossible burden on Defendants, who could not practically prepare a witness to speak on all of these topics given their breadth. *See Apple, Inc.*, 2012 WL 1511901, at *2; *Palmer*, 2014 WL 3895698, at *1. This is especially true given that Defendants only have three business days to prepare a 30(b)(6) designee before the December 17, 2020 deposition.

Defendants also raised this issue with Plaintiffs and attempted to resolve it without court intervention. Specifically, Defendants offered to provide a witness to discuss 13 topics:

1. The use and functionality of Census Bureau data systems, including the data and information accessible through those systems.

2. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 1 regarding census response rates.

3. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 4 regarding the resolution of housing units through particular methods.

4. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 6 regarding housing units resolved by administrative records.

5. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 7 regarding housing units resolved by proxy.

6. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 8 regarding housing units resolved as vacant or nonexistent/delete.

7. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 9 regarding housing units resolved through "pop count only."

8. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 10 regarding the number and percentage of housing units in the NRFU universe.

9. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 11 regarding details or assessments about the NRFU process indicators or "paradata."

10. The capability of Census Bureau data systems to provide the types of data or information Plaintiffs have requested in Request for Production 13 regarding enumerator productivity checks and enumerator quality control checks.

11. The status of the Census Bureau's responses to documents requests from the GAO.

12. The status of the Census Bureau's responses to documents requests from the House Oversight Committee.

13. The status of the Census Bureau's responses to documents requests from the Commerce Department Office of Inspector General.

*See* Ex. 4. Plaintiffs, however, again refused to limit the scope of their notice. Defendants therefore respectfully request that the Court enter a protective order narrowing the scope of the deposition to the topics identified above.

To be clear, Defendants will do their very best to prepare for tomorrow's Rule 30(b)(6) deposition and to provide testimony not only on the 13 specific issues identified above, but also on the generalized and broad topics that Plaintiffs have identified. Nonetheless, Plaintiffs' decision to threaten a contempt or sanctions motion in advance of the deposition—rather than working in good faith to clarify the topics of the deposition—necessitates Defendants' filing of this motion.

## CONCLUSION

The Court should grant Defendants' motion for a protective order and enter the proposed order submitted with this motion.

DATED:  December 16, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant
 Attorney General

ALEXANDER K. HAAS
Branch Director

1
2

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

3

4

5

6

7

8

9

10

*/s/ M. Andrew Zee*
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE (CA Bar No. 272510)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

11

*Attorneys for Defendant*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION;
EMERGENCY MOTION FOR PROTECTIVE ORDER
Case No. 5:20-cv-05799-LHK