| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Sadik Huseny (Bar No. 224659)<br>    sadik.huseny@lw.com<br>  Steven M. Bauer (Bar No. 135067)<br>    steven.bauer@lw.com<br>  Amit Makker (Bar No. 280747)<br>    amit.makker@lw.com<br>  Shannon D. Lankenau (Bar No. 294263)<br>    shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>  Melissa Arbus Sherry (*pro hac vice*)<br>    melissa.sherry@lw.com<br>  Richard P. Bress (*pro hac vice*)<br>    rick.bress@lw.com<br>  Anne W. Robinson (*pro hac vice*)<br>    anne.robinson@lw.com<br>  Tyce R. Walters (*pro hac vice*)<br>    tyce.walters@lw.com<br>  Gemma Donofrio (*pro hac vice*)<br>    gemma.donofrio@lw.com<br>  Christine C. Smith (*pro hac vice*)<br>    christine.smith@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>  Kristen Clarke (*pro hac vice*)<br>    kclarke@lawyerscommittee.org<br>  Jon M. Greenbaum (Bar No. 166733)<br>    jgreenbaum@lawyerscommittee.org<br>  Ezra D. Rosenberg (*pro hac vice*)<br>    erosenberg@lawyerscommittee.org<br>  Ajay P. Saini (*pro hac vice*)<br>    asaini@lawyerscommittee.org<br>  Maryum Jordan (Bar No. 325447)<br>    mjordan@lawyerscommittee.org<br>  Pooja Chaudhuri (Bar No. 314847)<br>    pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>              Plaintiffs,<br><br>        v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>              Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' RESPONSE TO EMERGENCY MOTION FOR A PROTECTIVE ORDER**<br><br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER

Pursuant to the Court's December 16, 2020 Order (ECF No. 386), Plaintiffs hereby respectfully submit their Response to Defendants' Emergency Motion for a Protective Order ("Motion").

The Court granted Plaintiffs' Motion to Compel—and re-granted it, over Defendants' motion for reconsideration—because Defendants had failed to comply with the Court's scheduling order, had failed to produce relevant materials, and had even failed to provide Plaintiffs with information enabling Plaintiffs to understand what documents Defendants had (and where) that would provide Plaintiffs and the Court with basic, critical information about the claims in this case, and allow Plaintiffs to appropriately craft written discovery and proceed with fact depositions. On this latter point, over Defendants' strident objections, the Court allowed Plaintiffs to obtain Rule 30(b)(6) testimony from the Defendants regarding limited, document-related topics, granting:

> an additional Rule 30(b)(6) witness on the limited topics of ***Defendants'*** retention, organization, collection, review, and production of documents and data, as well as the search functionalities and capabilities of ***Defendants'*** various databases, so that Plaintiffs have definitive, sworn answers regarding key document production issues in this case, and meaningful guidance regarding how ***Defendants*** retain, manage, and organize data and how they are collecting and producing documents in this litigation[.]

ECF No. 380 (emphasis added).

Given this clear context and clear language, Plaintiffs are perplexed by Defendants' motion. The Court's Order is clear as to the topics at issue, and that it covers the Defendants—*plural*—in this case. Plaintiffs' six deposition topics took care to track the Court's language almost verbatim. Defendants never objected to or asked for reconsideration of this specific ruling from the Court (and in fact specifically said they would comply with it), and have never even issued written objections to the deposition notice. Instead, on the evening of December 15—the day before the scheduled deposition of December 16, which Plaintiffs had agreed to move the deposition to Thursday, December 17 to allow Defendants more time to prepare— Defendants emailed Plaintiffs "objecting" to providing a witness for the Commerce Department and unilaterally declaring that they "intend to provide a witness" on a set of revised and significantly narrower topics than those ordered by the Court and noticed by Plaintiffs. Mot., Ex.

4. Plaintiffs believe that Defendants' unilateral declarations over what their witness would and would not testify to are a far cry from a "good faith" attempt to clarify the topics of the deposition, and instead exhibited defiance of the Court's orders. *See* Mot. at 7. And their attempt to seek clarification now, which actually amounts to drastically limiting the Rule 30(b)(6) testimony that was only granted because of Defendants' discovery failings in the very first place, should be rejected.

### *1. Plaintiffs' Topics Are Consistent with the Court's Order and Narrowly Focused on the Issues in this Case.*

The topics for this deposition are expressly set forth in this Court's Order. ECF No. 380. After Defendants complained that the scope of Plaintiffs' requests was too broad because it potentially implicated documents and data entirely unrelated to the census, Plaintiffs agreed—with Defendants understanding—to amend their notice to clarify that the scope of their requests is limited to documents and data relevant to this case and specifically Plaintiffs' Requests for Production. This was unnecessary (the Rule 30(b)(6) topics were by definition limited to the documents and issues relevant to this case), but Plaintiffs went along, and did precisely what they agreed to do. Mot., Ex. 3. Defendants now complain that Plaintiffs made no attempt to "narrow these topics to the 'document production issues in this case.'" Mot. at 5. To the contrary, Plaintiffs specifically narrowed every one of the topics to the document requests in this case, which of course do not exist in isolation but are tethered to Plaintiffs' claims in the Second Amended Complaint and limited to what is relevant to prove such claims. Defendants were ordered to produce a witness to testify about how Defendants retain, manage, and organize data so that Plaintiffs can effectively seek further discovery in this case—and that is exactly what Plaintiffs' topics cover.

Defendants, however, seek to pick and choose amongst the requests for production that they prefer, and claim that the Court's Order was limited to just 13 specific RFPs. There is zero support for this—and to allow this limitation would improperly omit critical Requests for Production that are clearly within the scope of what the Court ordered. For example, Defendants omit entirely topics related to Plaintiffs' second and third Requests for Production, which seek documents showing the accuracy of Defendants' assertions of a 99.98% completion rate and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER

documents showing other metrics (other than completion rates) that Defendants used to measure the progress, performance, or quality of the census. Certainly, the Court's Order permits Plaintiffs to seek information about the types of metrics Defendants use to measure the progress, performance, and quality of the census, where such data is stored, how it can be accessed, and whether it will be produced in this litigation. Similarly, Defendants do not include Plaintiffs' twelfth Request for Production, which seeks communications forwarded to enumerators' NRFU iPhones from senior Bureau management. Again, the Court's Order unequivocally allows Plaintiffs to seek information about where such communications are kept, how they might be accessed, and whether they will be produced in this litigation.

### 2. The Court Ordered and Plaintiffs Noticed the Deposition of Defendants.

Defendants' insistence that the Court's Order only allowed Plaintiffs to choose <u>one</u> of the "Defendants" is plainly inconsistent with the Order itself, which requires an additional deposition of ***Defendants***—plural. At the parties' December 14 meet and confer, Plaintiffs rejected Defendants' notion that the Court had somehow ordered a Rule 30(b)(6) deposition for the Census Bureau alone. The Department of Commerce is unquestionably involved in the census. For that reason, it is a named Defendant in this case and it is required to produce documents in response to Plaintiffs' requests.

Per the Court's Order, Plaintiffs are entitled to seek information from Defendants' Rule 30(b)(6) witness regarding how both agencies are collecting and producing documents in this litigation, including in response to every Request for Production Plaintiffs have served. For example, Plaintiffs' Request for Production No. 21 seeks documents and communications to or from Secretary Ross regarding the 2020 Census. Moreover, Plaintiffs' Request for Production No. 19 seeks documents regarding the Replan's effects or potential effects on differential undercounts of hard-to-count populations. Plaintiffs are entitled to ask Defendants' 30(b)(6) witness where that information is retained, how it is organized and managed, how it is being collected, reviewed, and produced in this case, and what specific databases might contain this information—regardless of whether the information is with the Census Bureau or the Department of Commerce.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER

1    If Defendants' quibble is merely formalistic, Plaintiffs will happily serve two separate Rule 30(b)(6) notices on the Census Bureau and the Department of Commerce, and take two Rule 30(b)(6) depositions—one for each entity.  Indeed, Defendants offered to provide a declaration from the Department of Commerce responding to the noticed topics in narrative form.  To date, Defendants have not provided such a declaration, and Plaintiffs have of course not agreed to accept any such alternative (nor has the Court).  In order to comply with the Court's order that this deposition be taken no later than December 17, Plaintiffs have no choice but to forge ahead with the deposition topics covering the Department of Commerce.  Given Defendants' insistence that the Department of Commerce has little in the way of information responsive to Plaintiffs' notice, it should not be burdensome to educate and prepare Defendants' witness on those limited topics (as is customary for Rule 30(b)(6) depositions).

   Plaintiffs respectfully request that Defendants' Motion be denied and that they be required to produce one or more Rule 30(b)(6) witnesses to testify on the topics set forth in the Court's Order and Plaintiffs' Amended Notice.

Dated: December 16, 2020

LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
    Sadik Huseny

Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
Facsimile: 415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER

|     |     |     |
| --- | --- | --- |
| 1   |     | Tyce R. Walters (*pro hac vice*) |
|     |     | tyce.walters@lw.com |
| 2   |     | Gemma Donofrio (*pro hac vice*) |
|     |     | gemma.donofrio@lw.com |
| 3   |     | Christine C. Smith (*pro hac vice*) |
|     |     | christine.smith@lw.com |

**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201

*Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP*

Dated: December 16, 2020

By: /s/ Jon M. Greenbaum
Kristen Clarke (*pro hac vice*)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (*pro hac vice*)
erosenberg@lawyerscommittee.org
Ajay Saini (*pro hac vice*)
asaini@lawyerscommitee.org
Maryum Jordan (Bar No. 325447)
mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: 202.662.8600
Facsimile: 202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER

---

120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: 213.385.2977
Facsimile: 213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: December 16, 2020

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012
Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 16, 2020 | By: /s/ Michael Mutalipassi |
| | | Christopher A. Callihan (Bar No. 203010) |
| 3 | | legalwebmail@ci.salinas.ca.us |
| | | Michael Mutalipassi (Bar No. 274858) |
| 4 | | michaelmu@ci.salinas.ca.us |
| | | **CITY OF SALINAS** |
| 5 | | 200 Lincoln Avenue |
| | | Salinas, CA 93901 |
| 6 | | Telephone: 831.758.7256 |
| | | Facsimile: 831.758.7257 |
| 7 | | |
| | | *Attorneys for Plaintiff City of Salinas* |
| 8 | | |
| 9 | Dated: December 16, 2020 | By: /s/ Rafey S. Balabanian |
| | | Rafey S. Balabanian (Bar No. 315962) |
| 10 | | rbalabanian@edelson.com |
| | | Lily E. Hough (Bar No. 315277) |
| 11 | | lhough@edelson.com |
| | | **EDELSON P.C.** |
| 12 | | 123 Townsend Street, Suite 100 |
| | | San Francisco, CA 94107 |
| 13 | | Telephone: 415.212.9300 |
| | | Facsimile: 415.373.9435 |
| 14 | | |
| | | Rebecca Hirsch (*pro hac vice*) |
| 15 | | rebecca.hirsch2@cityofchicago.org |
| | | **CORPORATION COUNSEL FOR THE** |
| 16 | | **CITY OF CHICAGO** |
| | | Mark A. Flessner |
| 17 | | Stephen J. Kane |
| | | 121 N. LaSalle Street, Room 600 |
| 18 | | Chicago, IL 60602 |
| | | Telephone: (312) 744-8143 |
| 19 | | Facsimile: (312) 744-5185 |
| 20 | | |
| | | *Attorneys for Plaintiff City of Chicago* |
| 21 | | |
| 22 | Dated: December 16, 2020 | By: /s/ Donald R. Pongrace |
| | | Donald R. Pongrace (*pro hac vice*) |
| 23 | | dpongrace@akingump.com |
| | | Merrill C. Godfrey (Bar No. 200437) |
| 24 | | mgodfrey@akingump.com |
| | | **AKIN GUMP STRAUSS HAUER & FELD** |
| 25 | | **LLP** |
| | | 2001 K St., N.W. |
| 26 | | Washington, D.C. 20006 |
| | | Telephone: (202) 887-4000 |
| 27 | | Facsimile: 202-887-4288 |
| 28 | | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER

|   |   |
|---|---|
| | *Attorneys for Plaintiff Gila River Indian Community* |
| Dated: December 16, 2020 | By: /s/ David I. Holtzman<br>David I. Holtzman (Bar No. 299287)<br>David.Holtzman@hklaw.com<br>**HOLLAND & KNIGHT LLP**<br>Daniel P. Kappes<br>Jacqueline N. Harvey<br>50 California Street, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 743-6970<br>Fax: (415) 743-6910 |
| | *Attorneys for Plaintiff County of Los Angeles* |

## ATTESTATION

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

| | |
|---|---|
| Dated: December 16, 2020 | **LATHAM & WATKINS** LLP<br><br>By:   /s/  Sadik Huseny<br>        Sadik Huseny |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' RESPONSE TO EMERGENCY
MOTION FOR A PROTECTIVE ORDER