JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-9803

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiffs, | **REQUEST FOR RULE 502(d) ORDER** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

This Court invited the parties to "file a proposed claw back protective order under Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B)." ECF No. 383 at 3. In light of that invitation, Defendants respectfully request that the Court enter the attached order regarding non-waiver of privileges and protections under Federal Rule of Evidence 502(d).

The parties have negotiated a clawback agreement and were able to reach an understanding on many procedural provisions. But despite their representation to this Court that "Plaintiffs have no issue with [a clawback] agreement in principle, and will work to finalize it with Defendants," ECF No. 378 at 8, Plaintiffs have not agreed to critical but standard terms proposed by Defendants. Specifically, Plaintiffs object to the following key language in Defendants' proposed clawback agreement:

> The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

*See* Ex. 1 (redline showing Plaintiffs' objections).

As Defendants explained, Plaintiffs' proposed edits—which would delete any reference to the clawback displacing Fed. R. Evid. 502(b)—would defeat the very purpose of a clawback order. *Irth Sols., LLC v. Windstream Commc'ns LLC*, 2017 WL 3276021, at *12 (S.D. Ohio Aug. 2, 2017) ("[C]lawback agreements effectuate the dual purposes of Rule 502—providing a predictable, uniform set of standards under which parties can determine the consequences of a disclosure, while simultaneously reducing discovery costs."). This language is standard in clawbacks for good reason: "It goes without saying that parties must adequately articulate the desire to supplant analysis under Rule 502(b) in any agreement under Rule 502(d) or (e)." *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2013 WL 5332410, at *13 (D. Nev. Sept. 23, 2013).

Defendants have represented to Plaintiffs, and now to this Court, that they have no intention of attempting to claw back large volumes of documents post production. But the Court has repeatedly made clear that "time is of the essence" because "[t]he holidays are approaching, and the fact discovery cut-off is January 7, 2021." ECF No. 380 at 1; ECF No. ECF 372 at 1; ECF No. 370. So given the

1  breakneck pace of review, and given Your Honors' desire to rule expeditiously in any privilege
2  disputes, Defendants understandably desire that any clawback order displace Rule 502(b) and allow
3  Defendants to clawback specific documents that may be disclosed.  This is not only in line with the
4  exact purposes of Rule 502, but would help to expedite the pace of production—something both
5  Plaintiffs and this Court would presumably favor.

6       Defendants therefore respectfully request that the Court enter the attached clawback order, to
7  which the parties have reached agreement except for language in the first two unnumbered paragraphs.

DATED: December 17, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Stephen Ehrlich*
ELLIOTT M. DAVIS
STEPHEN EHRLICH (NY Bar No. 5264171)
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-9803

*Attorneys for Defendants*