| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Sadik Huseny (Bar No. 224659)<br>    sadik.huseny@lw.com<br>  Steven M. Bauer (Bar No. 135067)<br>    steven.bauer@lw.com<br>  Amit Makker (Bar No. 280747)<br>    amit.makker@lw.com<br>  Shannon D. Lankenau (Bar No. 294263)<br>    shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>  Melissa Arbus Sherry (*pro hac vice*)<br>    melissa.sherry@lw.com<br>  Richard P. Bress (*pro hac vice*)<br>    rick.bress@lw.com<br>  Anne W. Robinson (*pro hac vice*)<br>    anne.robinson@lw.com<br>  Tyce R. Walters (*pro hac vice*)<br>    tyce.walters@lw.com<br>  Gemma Donofrio (*pro hac vice*)<br>    gemma.donofrio@lw.com<br>  Christine C. Smith (*pro hac vice*)<br>    christine.smith@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>  Kristen Clarke (*pro hac vice*)<br>    kclarke@lawyerscommittee.org<br>  Jon M. Greenbaum (Bar No. 166733)<br>    jgreenbaum@lawyerscommittee.org<br>  Ezra D. Rosenberg (*pro hac vice*)<br>    erosenberg@lawyerscommittee.org<br>  Ajay P. Saini (*pro hac vice*)<br>    asaini@lawyerscommittee.org<br>  Maryum Jordan (Bar No. 325447)<br>    mjordan@lawyerscommittee.org<br>  Pooja Chaudhuri (Bar No. 314847)<br>    pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>                        Plaintiffs,<br><br>         v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>                        Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RULE 502(D) ORDER**<br><br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR RULE 502(D) ORDER

Plaintiffs strongly oppose Defendants' Request For Rule 502(d) Order ("Request") (Dkt. 388) and the proposed order accompanying it. As Defendants note in their Request, the parties had been engaged in good faith negotiations regarding the specific terms of a clawback agreement. Request at 1. Rather than continuing negotiations, however, Defendants informed Plaintiffs that they would instead seek a 502(d) Order on their own, ignored Plaintiffs' request to file a joint statement explaining the parties' positions, and proceeded to file their Request 10 minutes later, containing positions and citations to cases Defendants had never raised with Plaintiffs (but which, as discussed below, do not support Defendants' position).

As Defendants note, Plaintiffs were and remain agreeable to a normal course clawback agreement. One that states that the parties may claw back privileged materials *inadvertently* disclosed, without fear of waiver, subject to detailed procedures laid out in the agreement. Defendants, however, insist that a clawback agreement must be put in place immediately to (1) cover all disclosure of privileged material, inadvertent **or advertent**, without fear of waiver— thereby allowing Defendants to cherry-pick privileged material for disclosure without the worry of subject matter waiver on items unhelpful for Defendants; and (2) fully displace the requirements set forth in Federal Rule of Evidence ("Rule") 502(b)(1), ensuring that Defendants do not need to do any sort of reasonable review at all of potentially privileged materials.

In other words, via a "Request" barely one and a half pages long, and in expedited fashion, Defendants now seek to obtain something they could not achieve via agreement between the parties and that normally would be sought through a normal noticed motion—a clawback order that is the opposite, in key respects, to principles contained in the Federal Rules of Evidence. *See Abington Emerson Capital, LLC v. Landash Corp.*, No. 2:17-CV-143, 2019 WL 3521649, at *2 (S.D. Ohio Aug. 2, 2019) ("Parties are free to contract for additional protections beyond those provided in the Rule…[b]ut where the parties cannot agree on additional protections beyond those provided in the Rule, the Court is reluctant to impose them absent exceptional circumstances."). Plaintiffs respectfully submit that the Court should reject this, for the following reasons.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR 502(D) ORDER

First, Defendants' "Request" is procedurally improper. Over one month ago—on a meet and confer prior to the November 13, 2020 CMC in this case—Plaintiffs asked Defendants' counsel whether they wanted to agree to and seek entry of a standard protective order in this case. Defendants brushed off the suggestion. That was their choice—but poor planning on Defendants' part does not and should not create an emergency on the Court's (or Plaintiffs' part). If Defendants want a broad, aggressive version of a clawback agreement to be put in place over Plaintiffs' objection, they should file an ordinary-course motion (or even an expedited request for a motion on a shortened time frame) and allow these issues to be appropriately briefed and considered.

Second, omitting the concept of "inadvertent" from the agreement would permit Defendants to broadly claw back documents after any and all disclosures, inadvertent or advertent, rather than permitting them to claw back only the narrower category of mistakenly disclosed documents. There is no justification for this. *See Abington*, 2019 WL 3521649, at *3. And that would also allow them to permit disclosure of privileged materials that support Defendants' case without fear of opening the door to subject matter waiver over the privileged materials that *undercut* Defendants' case. In their short Request, Defendants do not address this possibility, or that Defendants' proposed order would permit Defendants to shirk their duty to conduct privilege review, only to recall large quantities of documents at a later date. In Plaintiffs' view, this would likely exacerbate the ongoing delays in the expedited fact discovery period. And Plaintiffs wish it were otherwise, but Defendants assurance that "Defendants have represented to Plaintiffs, and now to this Court, that they have no intention of attempting to claw back large volumes of documents post production" is scant comfort in this case, where Defendants' defiance of their obligations and Court orders have unfortunately been a regular occurrence, and their actions speak far louder than words. Dkt. 388 at 1.

Third, Defendants' requested insertion of unnumbered paragraph two is similarly problematic. By eliminating the requirements of Rules 502(b)(1) and (2), Defendants' paragraph (i) again removes the "inadvertent" requirement, and also (ii) eviscerates any assurance that Defendants are conducting a reasonable privilege review prior to producing documents. In doing

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR 502(D) ORDER

so, it creates a privilege scheme for this case that largely absolves Defendants of any responsibility whatsoever, or the careful guidelines of Rule 502(b), while simultaneously giving them the ability to use privilege both as a sword and shield.

Defendants do not offer the Court any substantive reason for why a Court-ordered, broad clawback agreement such as this—over Plaintiffs' objections, and in circumstances where any urgency is entirely of Defendants' deliberate decisions to refuse timely compliance with their discovery obligations—is advisable.  Instead, their argument boils down to this: "Plaintiffs' proposed edits, which would delete any reference to the clawback displacing Fed. R. Evid. 502(b), would defeat the very purpose of a clawback order," because apparently it is "standard" to supplant FRE 502(b) in clawback agreements and to allow parties to claw back privileged materials advertently, intentionally or voluntarily produced.  Dkt. 388 at 1.

One might imagine such a pronouncement would have a battalion of citations in support. Not here.  While Defendants correctly note that clawback agreements permit parties to contract around the requirements of Rule 502(b), the very case Defendants rely on plainly states that "the requirements of Rule 502(b) can be superseded by a clawback agreement *only* to the extent such an order or agreement [provides] *concrete directives* regarding each prong of Rule 502(b) *i.e.*, (1) what constitutes inadvertence; (2) what precautionary measures are required; and (3) what the privilege holder's post production responsibilities are to escape waiver." *Irth Sols., LLC v. Windstream Commc'ns LLC*, No. 2:16-cv-219, 2017 WL 3276021, at *11 (S.D. Ohio Aug. 2, 2017) (quoting *Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 1650447, at *6 (S.D. W. Va. Apr. 14, 2015) (emphasis added) (internal quotation marks omitted)).  Thus, the purpose is not to always "supplant" 502(b) entirely, as Defendants argue.  A clawback agreement can of course still serve a valuable purpose by crystallizing what procedures the parties will abide by to avoid a waiver.  Indeed, Defendants' counsel at DOJ never once say otherwise.  They cannot, in good faith, given the many different sorts of clawback agreements/protective orders DOJ enters into—many of which assuredly do not always supplant 502(b) and protect advertent/intentional production of select privileged materials (as the lack of any DOJ declaration on this issue attests).  While Rule 502(d) "*may* provide for return of documents without waiver irrespective of

1  the care taken by the disclosing party," nothing requires such a broad approach as Defendants
2  argue.  Fed. R. Evid. 502(d) advisory committee's notes (emphasis added); *see also Abington*
3  *Emerson*, 2019 WL 3521649, at *2.
4      Plaintiffs respectfully request that the Court deny Defendants' request.  Plaintiffs will
5  continue to work in good faith with Defendants to agree to, and submit for entry, an appropriate
6  clawback agreement as set forth herein..

Dated: December 17, 2020                LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
    Sadik Huseny

Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  415.391.0600
Facsimile:  415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
Christine C. Smith (*pro hac vice*)
christine.smith@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR 502(D) ORDER

| | |
|---|---|
| | *Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| Dated: December 17, 2020 | By: /s/ Jon M. Greenbaum<br>Kristen Clarke (*pro hac vice*)<br>kclarke@lawyerscommittee.org<br>Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org<br>Ezra D. Rosenberg (*pro hac vice*)<br>erosenberg@lawyerscommittee.org<br>Ajay Saini (*pro hac vice*)<br>asaini@lawyerscommitee.org<br>Maryum Jordan (Bar No. 325447)<br>mjordan@lawyerscommittee.org<br>Pooja Chaudhuri (Bar No. 314847)<br>pchaudhuri@lawyerscommittee.org<br>**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br>Telephone:  202.662.8600<br>Facsimile:  202.783.0857 |
| | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |
| | Wendy R. Weiser (*pro hac vice*)<br>weiserw@brennan.law.nyu.edu<br>Thomas P. Wolf (*pro hac vice*)<br>wolft@brennan.law.nyu.edu<br>Kelly M. Percival (*pro hac vice*)<br>percivalk@brennan.law.nyu.edu<br>**BRENNAN CENTER FOR JUSTICE**<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Telephone: 646.292.8310<br>Facsimile: 212.463.7308 |
| | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR 502(D) ORDER

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: 213.385.2977
Facsimile: 213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: December 17, 2020

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012
Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: December 17, 2020

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | *Attorneys for Plaintiff City of Salinas* |
| 3 | Dated: December 17, 2020 | By: /s/ Rafey S. Balabanian<br>Rafey S. Balabanian (Bar No. 315962) |
| 4 | | rbalabanian@edelson.com<br>Lily E. Hough (Bar No. 315277) |
| 5 | | lhough@edelson.com<br>**EDELSON P.C.** |
| 6 | | 123 Townsend Street, Suite 100<br>San Francisco, CA 94107 |
| 7 | | Telephone: 415.212.9300<br>Facsimile: 415.373.9435 |
| 8 | | |
| 9 | | Rebecca Hirsch (*pro hac vice*)<br>rebecca.hirsch2@cityofchicago.org |
| 10 | | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 11 | | Mark A. Flessner<br>Stephen J. Kane |
| 12 | | 121 N. LaSalle Street, Room 600<br>Chicago, IL 60602 |
| 13 | | Telephone: (312) 744-8143<br>Facsimile: (312) 744-5185 |
| 14 | | |
| 15 | | *Attorneys for Plaintiff City of Chicago* |
| 16 | Dated: December 17, 2020 | By: /s/ Donald R. Pongrace<br>Donald R. Pongrace (*pro hac vice*) |
| 17 | | dpongrace@akingump.com<br>Merrill C. Godfrey (Bar No. 200437) |
| 18 | | mgodfrey@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD** |
| 19 | | **LLP**<br>2001 K St., N.W. |
| 20 | | Washington, D.C. 20006<br>Telephone: (202) 887-4000 |
| 21 | | Facsimile: 202-887-4288 |
| 22 | | *Attorneys for Plaintiff Gila River Indian Community* |
| 23 | | |
| 24 | Dated: December 17, 2020 | By: /s/ David I. Holtzman<br>David I. Holtzman (Bar No. 299287) |
| 25 | | David.Holtzman@hklaw.com<br>**HOLLAND & KNIGHT LLP** |
| 26 | | Daniel P. Kappes<br>Jacqueline N. Harvey |
| 27 | | 50 California Street, 28th Floor<br>San Francisco, CA 94111 |
| 28 | | Telephone: (415) 743-6970 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR 502(D) ORDER

Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## **ATTESTATION**

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 17, 2020

**LATHAM & WATKINS LLP**

By: /s/ Sadik Huseny
Sadik Huseny

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR 502(D) ORDER