[Counsel identified on signature pages]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO.  5:20-cv-05799-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　December 18, 2020<br>Time:　2:00 p.m.<br>Place:　Courtroom 8<br>Judge:　Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 16-10(d) and the Court's Order on December 10, 2020 (Dkt. 373), the parties to this action, by their respective counsel, respectfully submit the following Joint Case Management Statement in anticipation of the Further Case Management Conference scheduled for December 18, 2020 at 2:00 p.m.

## I. BACKGROUND

The parties filed a Joint Case Management Statement on December 9, 2020 in anticipation of the Further Case Management Conference scheduled for December 11, 2020. *See* Dkt. 367.[1] On December 9, 2020, Plaintiffs filed an expedited motion to compel based on Defendants' failure to timely produce materials pursuant to the Court's ordered discovery schedule. Dkt. 368. Defendants opposed the motion. Dkt. 371. The Court granted Plaintiffs' motion to compel on December 10, 2020 ("December 10 Order to Compel"), as discussed in greater detail below. Dkt. 372. Shortly thereafter, the Court continued the December 11, 2020 Further Case Management Conference to December 18, 2020 at 2:00 p.m. Dkt. 374.

On December 12, 2020, Defendants moved the Court for leave to file an emergency motion for reconsideration of the December 10 Order to Compel. Dkt. 376. Plaintiffs filed an opposition to the motion for reconsideration. Dkt. 378. On December 13, 2020, the Court entered an Amended Order ("December 13 Amended Order"), denying Defendants' motion for reconsideration and clarifying the December 10 Order to Compel. Dkt. 380.

## II. FACT DISCOVERY

### A. Court-Ordered Document Productions

The Court's December 10 Order to Compel, in conjunction with the December 13 Amended Order, required Defendants to produce by December 14, 2020:

- All summary report data responsive to Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues and improprieties (RFP Nos. 2-4, 6-10, 15, 16, and 18).

- Appropriate metadata—including hash data, production bates, production end bates, production begin attachment, production end attachment, custodian, email

---

[1] The parties' December 9, 2020 Joint Case Management Statement (Dkt. 367) is incorporated herein by reference.

from, email to, email cc, author, document date, and file name—for Defendants' December 1, 2020 and December 8, 2020 productions.

*See* Dkt. 380 at 10. The Court also compelled Defendants to produce appropriate metadata for all future productions made in this case, and allotted 14 days for Defendants to respond to Plaintiffs' Interrogatories and Requests for Admission. *Id.* Finally, the Court required Defendants to make a Rule 30(b)(6) witness available for deposition, no later than December 17, 2020, as detailed further below. *Id.*

In the December 13 Amended Order, the Court stated that Defendants must, from December 14, 2020 to December 21, 2020, produce on a rolling basis:

- Documents sufficient to show the details of the Bureau's current data-processing plans, procedures, and schedule (including changes) since October 15, 2020.

- Documents responsive to the requests in the November 19, 2020 letter from the House Committee on Oversight and Reform to Secretary Wilbur L. Ross.

*Id.* at 9.

On the evening of Monday, December 14, 2020, Defendants made a production of approximately 64,000 documents, which Plaintiffs were able to load on December 15, 2020 after Defendants provided an updated load file at approximately 11:40 a.m. PT on December 15, 2020. The Magistrate Judge Panel's December 15 Order on Further Procedures ("Magistrate Judge Panel's Order") (Dkt. 383) ordered rolling productions each day. On December 16, 2020, Defendants made another production of approximately 4,000 documents. On December 17, 2020, Defendants produced another approximately 4,000 documents.

**B.     Document Productions**

**Plaintiffs' Position**

On December 14, 2020, Plaintiffs sent Defendants a letter regarding issues with Defendants' document production to date. Plaintiffs' letter detailed each Request for Production ("RFP"), and requested that the parties meet and confer on December 15 regarding Defendants' ongoing document production. Plaintiffs followed up with Defendants by email on December 15, again requesting a meet and confer, again on December 16, and again on December 17. To date, the parties have not had a detailed meet and confer on these issues (which cover the scope

1  and specifics of Defendants' productions to date, including where particular responsive materials
2  are and whether all requests for production have been at least partially responded to), but
3  Defendants have responded via email to some of Plaintiffs' requests, and have provided some
4  information on specific requested documents. Because Plaintiffs only started receiving
5  Defendants' document productions in earnest as of a few days ago, Plaintiffs are not yet in
6  position to assess the sufficiency of the productions in whole or in part, and will continue
7  attempting to meet and confer in good faith with Defendants to ascertain the sufficiency of
8  production.

9  **Defendants' Position**

10  As Plaintiffs note, they sent a letter "regarding issues with Defendants' document
11  production to date" on December 14—*before* they received the approximately 72,000 documents
12  produced this week. Instead of undertaking thorough review of those documents, Plaintiffs have
13  peppered Defendants with daily questions that could be easily answered by searching and
14  reviewing the documents *they* demanded and Defendants have now produced. As a courtesy,
15  Defendants have aided Plaintiffs in identifying certain documents and custodians. And, of
16  course, Defendants are prepared to meet and confer on issues as appropriate.

17  But Defendants submit that any such discussions will not be productive until Plaintiffs
18  actually review the documents they have so desperately sought. *See, e.g.*, Pls.' Mot. to Compel
19  at 1, ECF No. 368-1 (complaining that "Plaintiffs are forced to file" a " motion to compel
20  because Defendants are refusing to timely produce materials"); Case Mgmt. Statement at 4, ECF
21  No. 367 (griping that "Defendants' [previous] productions have been minimal"). That should be
22  no problem for Plaintiffs' counsel—a sophisticated international law firm—who previously
23  requested 88,000 documents *at one time* to "take on the burden Defendants claim they cannot
24  timely meet." Pls.' Opp'n to Mot. for Recons. at 8, ECF No. 378. If, as Plaintiffs previously put
25  it, "two weeks to review ~25,000 documents" is "excessive" for anyone "who has conducted
26  complex litigation with e-discovery in federal court," *id.* at 7, then Plaintiffs' counsel should be
27  able to complete their review and be "in [a] position to assess the sufficiency of the productions"
28  in no time. Until Plaintiffs review the large volume of documents that Defendants have already

provided, it is simply premature for Plaintiffs to imply that the productions—which are rolling in nature and therefore ongoing—may be insufficient.

### C. Privilege Logs and Disputes

In the December 13 Amended Order, the Court ordered the parties, by December 14, 2020, to (1) meet and confer, and (2) file a joint statement proposing an expedited schedule to produce a privilege log and to brief privilege disputes. Dkt. 380 at 9. On December 14, the parties met and conferred regarding an expedited schedule to brief privilege disputes. Plaintiffs and Defendants reached an agreement on these issues and filed a Joint Statement regarding privilege logs and privilege disputes on December 14, 2020. Dkt. 382.

In its December 15 Order, the Magistrate Judge Panel reaffirmed the Court's Order requiring Defendants to produce "each day" on a rolling basis. Dkt. 383 at 1. The Magistrate Judge Panel further ordered the following privilege review schedule:

> For the December 14 privilege log, Plaintiffs must provide a list of challenged entries by December 16 at 3:00 p.m.; counsel must confer regarding any privilege disputes by December 16 at 7:00 p.m.; and the parties must file simultaneous briefs and any supporting declarations on the privilege issues by December 17 at noon. Plaintiffs must designate their highest-priority objections in their brief and provide a proposed order that tracks the challenged privilege entries. Defendants must lodge the privileged documents with the undersigned Magistrate Judges and file the log (as revised to reflect any changes from the meet and confer process) by December 17 at noon.

> By December 21 at 7:00 p.m., Defendants must produce a second privilege log including any additional documents that have been withheld as privileged up to the time of the final production. For the December 21 log, Plaintiffs must provide a list of challenged entries by December 22 at 3:00 p.m.; counsel must confer regarding any privilege disputes by December 22 at 7:00 p.m.; and the parties must file simultaneous briefs and any supporting declarations on the privilege issues by December 23 at noon. Plaintiffs must designate their highest-priority objections in their brief and provide a proposed order that tracks the challenged privilege entries. Defendants must log the privileged documents with the undersigned Magistrate Judges and file the log (as revised to reflect any changes from the meet and confer process) by December 23 at noon.

*Id.* at 2.[2] The Magistrate Judge Panel also outlined the process for *in camera* review and post-

---

[2] All times referenced in PT.

1   privilege order document production. *Id.* at 2-3.

2   **Plaintiffs' Position**

3   In the parties' Joint Statement regarding privilege issues, Defendants agreed to provide,

4   on December 14, 2020, a privilege log accompanying its production of more than 60,000

5   documents. Dkt. 382 at 2. Defendants failed to produce a privilege log corresponding to their

6   December 14 production, and instead produced a privilege log with 42 entries, corresponding to

7   their December 8, 2020 production of approximately 500 documents. Defendants informed

8   Plaintiffs that they do not intend to produce a privilege log corresponding to the December 14

9   production. As a result, under the Magistrate Judge Panel's Order, Plaintiffs expect to receive a

10  single privilege log from Defendants containing over 25,000 withheld documents on December

11  21, 2020 at 7:00 p.m. *See* Dkt. 383 at 2 (ordering second privilege log on December 21, 2020).

12  Plaintiffs highlighted this concern to the Court in a Statement Re: Privilege Logs (Dkt.

13  389), filed December 17, 2020. Plaintiffs' Statement proposed a modified schedule that would

14  allow the parties to present two sets of privilege disputes to the Magistrate Judge Panel as

15  contemplated by the Order on Privilege Procedures. Later on December 17, the Magistrate

16  Judge Panel ordered Defendants to show cause by 12:00 p.m. on December 18, 2020, why they

17  should not be found to have waived all privileges in connection with the documents responsive

18  to Plaintiffs' pending document requests, based on their failure to provide the privilege log

19  corresponding to the December 14 production. *See* Dkt. 392. Plaintiffs plan to respond to

20  Defendants' show cause response by December 18 at 7:00 p.m. *See id.*

21  Separately, in accordance with the Magistrate Judge Panel's Order (Dkt. 383), on

22  December 16, 2020, Plaintiffs provided Defendants with objections to the small privilege log

23  corresponding to the December 8 production. Shortly after, the parties met and conferred

24  regarding Plaintiffs' objections to the privilege log. Plaintiffs noted Defendants' failure to

25  provide a declaration accompanying their claims of deliberative process privilege, and

26  Defendants responded that they did not believe they were required to provide one until they file

27  their briefing on the privilege disputes. On December 17, 2020, however, Defendants withdrew

28

their assertions of deliberative process privilege and attorney-client privilege for all but two of the 42 documents withheld from the December 8, 2020 production.

The parties' Joint Statement regarding privilege issues provided: "To the extent Defendants produce additional privilege logs in this matter, privilege disputes will follow a commensurate timeline of events …." Dkt. 382 at 3. Plaintiffs reaffirm that privilege disputes subsequent to December 21 should follow a timeline of events matching that laid out in the Magistrate Judge Panel's Order (Dkt. 383), starting with Plaintiffs providing a list of challenged entries at 3:00 p.m. the day after receiving the log. Plaintiffs request that Defendants agree to produce all responsive documents and a final privilege log by December 28, 2020.

**Defendants' Position**

It is unclear why Plaintiffs raise the issue of privilege logs here, as that issue will be fully briefed to the Magistrate Judge Panel this evening. In any event, Defendants have admitted to an inadvertent oversight insofar as they proposed, in a joint filing with Plaintiffs, a schedule for resolving privilege disputes that contemplated a privilege log on December 14, 2020. ECF No. 390. To be clear, though, Defendants did not withhold or redact *any* documents in their December 14 production, and therefore no privilege log was needed. Indeed, Defendants released about 64,000 documents, which Plaintiffs have barely begun to search or review. *See* Section II.B., *supra*. So while any inadvertent reference to a December 14 privilege log was regrettable, Plaintiffs cannot claim any prejudice when they received a veritable truckload of documents over which Defendants asserted *no* privileges.

Plaintiffs continue to misread the Declaration of Brian DiGiacomo, ECF No. 376-2, by stating that they "expect to receive a single privilege log from Defendants containing over 25,000 withheld documents on December 21, 2020." *See also* Pls.' Statement at 2, ECF No. 389. Mr. DiGiacomo said no such thing. He noted only that about 25,000 documents "are *likely* to contain material protected by the attorney-client, attorney-work-product, and Executive privileges." ECF No. 376-2 at ¶ 7 (emphasis added). Those documents are currently being reviewed as expeditiously as possible. Thousands of them will be carved out from the review-and-privilege-log process using search terms to identify attorney-client privileged and work-

product protected materials containing confidential legal advice and communications among DOJ counsel, Department of Commerce litigation counsel, and their clients in the Department and Census Bureau. *See* Pls.' Opp'n to Mot. for Recons. at 7, ECF No. 378 (endorsing this method). Thousands more are likely to be produced or excluded as nonresponsive. And yes, some number of documents will be logged as privileged. But, at present, Defendants do not believe their December 21 privilege log will contain anything close to the 25,000 documents referenced by Plaintiffs.

To the extent "Plaintiffs request that Defendants agree to produce all responsive documents and a final privilege log by December 28, 2020," Defendants cannot agree. While Defendants are working around the clock to review and produce documents as quickly as possible, they cannot definitively commit to a schedule that would require such expedited production over a week with two federal holidays. Defendants anticipate, however, that they will have produced more than 100,000 documents by December 21. So Plaintiffs will have plenty of documents to review. *See* Section II.B., *supra*. This fact alone should prove that Plaintiffs' document requests were not "very limited and tailored" as they promised, and that they have already gone far beyond "really targeted, targeted discovery" ordered by the Court. Nov. 13, 2020 Conf. Tr. 25: 1-4; 27:3-7; 27:14-15 (Plaintiffs' counsel representing to this Court that their document requests would be "narrowly tailored as far as the subject matter and requests").

**D.      Rule 502(d) Order**

**Plaintiffs' Position**

The parties had been having productive discussions regarding entry of a Federal Rule of Evidence ("Rule") 502(d) order even before the Court suggested that the parties file one. *See* Dkt. 383 at 3. But Defendants gave Plaintiffs all of ten minutes notice before filing their unilateral Request for Rule 502(d) Order on December 17, 2020 (Dkt. 388). Plaintiffs filed a Response later that day (Dkt. 393), explaining their concerns with Defendants' proposed order.

Briefly, Defendants' proposed 502(d) Order eviscerates any line between inadvertent and advertent production. Defendants seek to supplant FRE 502(b), regarding inadvertent disclosures, with an order that does not by its terms cover only inadvertent disclosures. Plaintiffs are not comforted by Defendants' assurance that they "have represented to Plaintiffs, and now to this Court, that they have no intention of attempting to claw back large volumes of documents post production," Dkt. 388 at 1, particularly where Defendants have repeatedly defied their obligations and the Court's orders. The 502(d) Order should not be as sweeping as Defendants propose.

Plaintiffs' Rule 502(d) proposal merely sought to keep in place some mechanism for assurance that Defendants are in fact conducting privilege review to a reasonable degree, and that, given the expedited discovery schedule, Plaintiffs would be prejudiced in preparing their case only to learn later that Defendants were clawing back crucial documents.

**Defendants' Position**

Again, it is unclear why Plaintiffs raise the issue of a Rule 502(d) order here, as that issue has been fully briefed to the Magistrate Judge Panel. In any event, despite their representation to this Court that "Plaintiffs have no issue with [a clawback] agreement in principle, and will work to finalize it with Defendants," Pls.' Opp'n to Mot. for Recons. at 8, ECF No. 378, Plaintiffs would not agree to critical but standard terms proposed by Defendants. Indeed, Plaintiffs' edits—which deleted any reference to the clawback displacing Fed. R. Evid. 502(b)—would have defeated the very purpose of a clawback order. *See Irth Sols., LLC v. Windstream Commc'ns LLC*, 2017 WL 3276021, at *12 (S.D. Ohio Aug. 2, 2017). This language is standard in clawbacks for good reason: "It goes without saying that parties must adequately articulate the desire to supplant analysis under Rule 502(b) in any agreement under Rule 502(d) or (e)." *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2013 WL 5332410, at *13 (D. Nev. Sept. 23, 2013).

As Defendants have now represented several times, they have no intention of attempting to claw back large volumes of documents post production. That Plaintiffs "are not comforted" by this assurance says more about Plaintiffs' approach to this litigation than it does about the

substance of the issue. Regardless, the Court has repeatedly made clear that "time is of the essence" because "[t]he holidays are approaching, and the fact discovery cut-off is January 7, 2021." ECF No. 380 at 1; ECF No. ECF 372 at 1; ECF No. 370. So given the breakneck pace of review, Defendants understandably desire that any clawback order displace Rule 502(b) and allow Defendants to clawback specific documents that may be disclosed. This is not only in line with the exact purposes of Rule 502, but would help to further expedite the pace of production—something both Plaintiffs and this Court should presumably favor.

### E. Depositions

The Court's December 10 Order to Compel and December 13 Amended Order further required Defendants to:

> Make available for deposition, no later than December 17, 2020, an additional Rule 30(b)(6) witness on the limited topics of Defendants' retention, organization, collection, review, and production of documents and data, as well as the search functionalities and capabilities of Defendants' various databases, so that Plaintiffs have definitive, sworn answers regarding key document production issues in this case, and meaningful guidance regarding how Defendants retain, manage, and organize data and how they are collecting and producing documents in this litigation, that will help finalize this portion of discovery without further delay.

Dkt. 380 at 10. Plaintiffs served Defendants with Notice of the limited Rule 30(b)(6) deposition on December 11, 2020. Plaintiffs served Defendants with an Amended Rule 30(b)(6) Notice on December 15, 2020, based on Defendants' request that each of the six deposition topics be focused on census and enumeration issues as laid out in Plaintiffs' Second Amended Complaint and First Set of Requests for Production. In response, on December 16, 2020, Defendants filed an emergency motion for a protective order, requesting that the Court further limit Plaintiffs' already limited Rule 30(b)(6) deposition topics to thirteen narrow categories Defendants unilaterally proposed. Dkt. 384. The Court ordered Plaintiffs to respond to the emergency motion no later than 5:00 p.m. Dkt. 385. Plaintiffs filed their response, maintaining that the limited deposition topics listed in their Rule 30(b)(6) Notice carefully tracked the language in the

1  Court's December 10 Order to Compel and subsequent December 13 Amended Order. Dkt. 386.
2  The Magistrate Panel denied Defendants' motion. Dkt. 387.
3        On December 17, 2020, Plaintiffs proceeded with the depositions of Tamara Adams from
4  the Census Bureau, and Lawrence Anderson from the Department of Commerce.[3]
5        **Plaintiffs' Position**
6        The Rule 30(b)(6) deposition proceeded as scheduled at 9:30 a.m. ET. Plaintiffs maintain
7  that neither witness was adequately prepared on various aspects of the noticed topics. In
8  particular, Census Bureau Rule 30(b)(6) witness Tamara Adams, while adequately prepared and
9  knowledgeable about a number of items, was not adequately prepared on the topics of (1) the
10 sources and locations of data being used by the Census Bureau to effectuate the July 21, 2020
11 Presidential Memorandum, (2) the sources and locations of documents tracking data anomalies
12 identified in the 2020 data collection, and (3) the Census Bureau's collection, review, and
13 production of documents and data in this litigation and in response to inquiries from the Office of
14 the Inspector General and the House Committee on Oversight and Reform. Likewise,
15 Department of Commerce Rule 30(b)(6) witness Lawrence Anderson was not adequately
16 prepared on the topics of the Department of Commerce's collection, review, and production of
17 documents and data in this litigation, and in response to inquiries from the Office of the
18 Inspector General and the House Committee on Oversight and Reform.
19       Notably, it was discovered that while a litigation hold notice was issued to various
20 employees in the Department of Commerce, Secretary Wilbur Ross did not receive a litigation
21 hold. Plaintiffs are assessing their response to this discovery.
22       **Defendants' Position**
23       Both Rule 30(b)(6) witnesses were adequately prepared to testify on the noticed topics.
24 Tamara Adams, a mathematical statistician who has worked at the Census Bureau for twenty-two
25 years, testified that she met with counsel for approximately twelve hours over the course of two

---

[3] Plaintiffs anticipate serving additional deposition notices for three facts witnesses and two Rule 30(b)(6) witnesses.

days to prepare to testify on the noticed topics, about many of which she was already deeply knowledgeable. Defendants also provided to Plaintiffs the documents that Ms. Adams reviewed as part of her preparation, including a detailed, 12-page reference sheet outlining the steps that the Census Bureau took to collect, review, and produce documents in response to Plaintiffs' requests for production. Ms. Adams then provided over five hours of testimony on a broad range of topics, including the exceedingly technical aspects of the Census Bureau's organization and management of data.

Likewise, Dr. Lawrence Anderson, the Deputy Chief Information Officer at the Department of Commerce, testified that he met with counsel on at least three separate occasions to prepare to testify on the noticed topics. Defendants also provided to Plaintiffs the documents that Dr. Anderson reviewed, including a separate reference sheet that outlined the Commerce Department's efforts to collect and produce documents in response to Plaintiffs' requests for production. Dr. Anderson also provided detailed testimony on the Commerce Department's organization and management of data. Both witnesses were well prepared to testify about the noticed topics, especially considering the overbroad nature of the noticed topics, *see* Defs.' Mot. for Protective Order, Dkt. 384, and the limited amount of time (three business days) between when the original deposition notice and the date of the deposition.

To the extent that Ms. Adams or Dr. Anderson did not know answers to particular questions, those questions were generally outside the scope of topics authorized by the Court and noticed for the deposition. For example, Plaintiffs asked both witnesses about the steps that their respective agencies were taking with regard to data to effectuate the President's July 21, 2020 memorandum, a topic well outside the document collection and production issues relevant to the discovery in this case. If Plaintiffs believe that there are topics within the scope of the deposition notice on which the Rule 30(b)(6) witnesses were not prepared, Plaintiffs may seek that information through written discovery or any one of their five upcoming depositions. *See* Note 3, *supra*. Defendants are also willing to meet and confer on those issues and address any further questions concerning the litigation hold for this case. Those documents were collected in

response to Plaintiffs' requests for production, and any responsive, nonprivileged documents will be produced.

### III. PLEADINGS

Defendants responded to Plaintiffs' Second Amended Complaint on November 10, 2020 by filing a motion to dismiss. Dkt. 354. The same day, Defendants also filed a motion to stay these proceedings until the Bureau completes the 2020 Census and the President reports the apportionment results, or until Defendants' appeal of the Court's preliminary injunction is fully resolved, whichever is later. Dkt. 355. Plaintiffs filed their oppositions to Defendants' motion to dismiss and motion to stay on November 24, 2020. Dkt. 364, 365. Defendants did not file any replies. On December 11, 2020, the Court vacated the December 17, 2020 hearing on Defendants' motions to dismiss and to stay and took the motions under submission. Dkt. 375.

**Plaintiffs' Position**

Plaintiffs maintain their request that the Court order Defendants to respond to the Second Amended Complaint within 7 days of the Court's ruling on Defendants' motion to dismiss. *See* Dkt. 367 at 3, 7.

**Defendants' Position**

In evaluating Defendants' motion to dismiss, the Court should consider today's Supreme Court decision in *Trump v. New York*, 592 U.S. ___, 2020 WL 7408998 (2020). In any event, Defendants maintain their request that if the Court denies Defendants' motion to dismiss, they be given until after the close of fact discovery to file an Answer or, in the alternative and at minimum, the 14 days to file an Answer provided by Fed. R. Civ. P. 12(a)(4)(A). Plaintiffs have served broad discovery—and continue to request more—all without an Answer from Defendants.

| | | |
|---|---|---|
| 1 | Dated: December 18, 2020 | LATHAM & WATKINS LLP |
| 2 | | By: /s/ Sadik Huseny |
| 3 | |     Sadik Huseny |
| 4 | | Sadik Huseny (Bar No. 224659)<br>sadik.huseny@lw.com |
| 5 | | Steven M. Bauer (Bar No. 135067)<br>steven.bauer@lw.com |
| 6 | | Amit Makker (Bar No. 280747)<br>amit.makker@lw.com |
| 7 | | Shannon D. Lankenau (Bar. No. 294263)<br>shannon.lankenau@lw.com |
| 8 | | **LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000 |
| 9 | | San Francisco, CA 94111<br>Telephone:  415.391.0600 |
| 10 | | Facsimile:  415.395.8095 |
| 11 | | Melissa Arbus Sherry (*pro hac vice*)<br>melissa.sherry@lw.com |
| 12 | | Richard P. Bress (*pro hac vice*)<br>rick.bress@lw.com |
| 13 | | Anne W. Robinson (*pro hac vice*)<br>anne.robinson@lw.com |
| 14 | | Tyce R. Walters (*pro hac vice*)<br>tyce.walters@lw.com |
| 15 | | Gemma Donofrio (*pro hac vice*)<br>gemma.donofrio@lw.com |
| 16 | | Christine C. Smith (*pro hac vice*)<br>christine.smith@lw.com |
| 17 | | **LATHAM & WATKINS LLP**<br>555 Eleventh Street NW, Suite 1000 |
| 18 | | Washington, D.C. 20004<br>Telephone:  202.637.2200 |
| 19 | | Facsimile:  202.637.2201 |
| 20 | | *Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| 21 | | |
| 22 | | |
| 23 | Dated: December 18, 2020 | By: /s/ Jon M. Greenbaum |
| 24 | | Kristen Clarke (*pro hac vice*)<br>kclarke@lawyerscommittee.org |
| 25 | | Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org |
| 26 | | Ezra D. Rosenberg (*pro hac vice*)<br>erosenberg@lawyerscommittee.org |
| 27 | | Ajay Saini (*pro hac vice*)<br>asaini@lawyerscommitee.org |
| 28 | | Maryum Jordan (Bar No. 325447) |

| | |
|---|---|
| 1 | mjordan@lawyerscommittee.org |
| | Pooja Chaudhuri (Bar No. 314847) |
| 2 | pchaudhuri@lawyerscommittee.org |
| | **LAWYERS' COMMITTEE FOR CIVIL** |
| 3 | **RIGHTS UNDER LAW** |
| | 1500 K Street NW, Suite 900 |
| 4 | Washington, DC 20005 |
| | Telephone:  202.662.8600 |
| 5 | Facsimile:  202.783.0857 |
| 6 | |
| | *Attorneys for Plaintiffs National Urban League;* |
| 7 | *City of San Jose, California; Harris County,* |
| | *Texas; League of Women Voters; King County,* |
| 8 | *Washington; Black Alliance for Just* |
| | *Immigration; Rodney Ellis; Adrian Garcia; the* |
| 9 | *NAACP; and Navajo Nation* |
| 10 | |
| | Wendy R. Weiser (*pro hac vice*) |
| 11 | weiserw@brennan.law.nyu.edu |
| | Thomas P. Wolf (*pro hac vice*) |
| 12 | wolft@brennan.law.nyu.edu |
| | Kelly M. Percival (*pro hac vice*) |
| 13 | percivalk@brennan.law.nyu.edu |
| | **BRENNAN CENTER FOR JUSTICE** |
| 14 | 120 Broadway, Suite 1750 |
| | New York, NY 10271 |
| 15 | Telephone: 646.292.8310 |
| | Facsimile: 212.463.7308 |
| 16 | |
| | *Attorneys for Plaintiffs National Urban League;* |
| 17 | *City of San Jose, California; Harris County,* |
| | *Texas; League of Women Voters; King County,* |
| 18 | *Washington; Black Alliance for Just* |
| | *Immigration; Rodney Ellis; Adrian Garcia; the* |
| 19 | *NAACP; and Navajo Nation* |
| 20 | |
| | Mark Rosenbaum (Bar No. 59940) |
| 21 | mrosenbaum@publiccounsel.org |
| | **PUBLIC COUNSEL** |
| 22 | 610 South Ardmore Avenue |
| | Los Angeles, California 90005 |
| 23 | Telephone:  213.385.2977 |
| | Facsimile:  213.385.9089 |
| 24 | |
| 25 | *Attorneys for Plaintiff City of San Jose* |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| | Doreen McPaul, Attorney General<br>dmcpaul@nndoj.org<br>Jason Searle (*pro hac vice*)<br>jasearle@nndoj.org<br>**NAVAJO NATION DEPARTMENT OF JUSTICE**<br>P.O. Box 2010<br>Window Rock, AZ 86515<br>Telephone: (928) 871-6345<br><br>*Attorneys for Navajo Nation* |
| Dated: December 18, 2020 | By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529)<br>mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289)<br>kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486)<br>danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930)<br>mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**<br>200 N. Main Street, 8th Floor<br>Los Angeles, CA 90012<br>Telephone: 213.473.3231<br>Facsimile: 213.978.8312<br><br>*Attorneys for Plaintiff City of Los Angeles* |
| Dated: December 18, 2020 | By: /s/ Michael Mutalipassi<br>Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us<br>Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us<br>**CITY OF SALINAS**<br>200 Lincoln Avenue<br>Salinas, CA 93901<br>Telephone: 831.758.7256<br>Facsimile: 831.758.7257<br><br>*Attorneys for Plaintiff City of Salinas* |
| Dated: December 18, 2020 | By: /s/ Rafey S. Balabanian<br>Rafey S. Balabanian (Bar No. 315962)<br>rbalabanian@edelson.com<br>Lily E. Hough (Bar No. 315277)<br>lhough@edelson.com<br>**EDELSON P.C.**<br>123 Townsend Street, Suite 100<br>San Francisco, CA 94107 |

| | |
|---|---|
| 1 | Telephone: 415.212.9300 |
| 2 | Facsimile: 415.373.9435 |
| 3 | Rebecca Hirsch (*pro hac vice*) |
|   | rebecca.hirsch2@cityofchicago.org |
| 4 | **CORPORATION COUNSEL FOR THE CITY OF CHICAGO** |
| 5 | Mark A. Flessner |
|   | Stephen J. Kane |
| 6 | 121 N. LaSalle Street, Room 600 |
|   | Chicago, IL 60602 |
| 7 | Telephone: (312) 744-8143 |
|   | Facsimile: (312) 744-5185 |

*Attorneys for Plaintiff City of Chicago*

Dated: December 18, 2020

By: /s/ Donald R. Pongrace
Donald R. Pongrace (*pro hac vice*)
dpongrace@akingump.com
Merrill C. Godfrey (Bar No. 200437)
mgodfrey@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff Gila River Indian Community*

Dated: December 18, 2020

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

| | |
|---|---|
| DATED:  December 18 2020 | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General<br><br>JOHN V. COGHLAN<br>Deputy Assistant Attorney General<br><br>AUGUST E. FLENTJE<br>Special Counsel to the Assistant<br>  Attorney General<br><br>ALEXANDER K. HAAS<br>Branch Director<br><br>DIANE KELLEHER<br>BRAD P. ROSENBERG<br>Assistant Branch Directors<br><br><u>/s/ Alexander V. Sverdlov</u><br>ALEXANDER V. SVERDLOV<br>  (New York Bar No. 4918793)<br>STEPHEN EHRLICH<br>M. ANDREW ZEE<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division - Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Telephone: (202) 305-0550<br><br>*Attorneys for Defendants* |

## **ATTESTATION**

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 18, 2020                                          **LATHAM & WATKINS** LLP

                                                                                        By:  <u>/s/ Sadik Huseny</u>
                                                                                                Sadik Huseny