JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE [ECF No. 390]** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

1    Defendants respectfully submit this response to the Court's order to show cause "why they

2    should not be found to have waived all privileges in connection with the documents responsive to

3    Plaintiffs' pending document requests and those ordered produced by Judge Koh in ECF 372 and

4    380." ECF No. 392.

5    To be as clear as possible, Defendants did not on December 14 withhold *any* documents

6    from their production on that date.  Indeed, Defendants chose to release a voluminous amount of

7    material, much of which could have been eligible for a claim of privilege under ordinary

8    circumstances, while separating for expedited review other material likely containing core

9    governmental privileges.  Because the December 14 production did not include any privilege

10   withholdings, there was no log that needed to "accompany" that production, and indeed any

11   privilege log would have been entirely blank.  Defendants respectfully submit that they have not

12   therefore unilaterally allowed themselves a one-week extension to serve their first privilege log.

13   ECF No. 382 at 2.  Under the schedule set by the Magistrate Judge Panel, the first privilege log is

14   due December 21, 2020, and Defendants will provide their privilege log on that date.  There was

15   no intent to secure any unfair advantage or to propose anything other than what Defendants

16   believed the parties had discussed when they met and conferred on the schedule on December 14.

17   Defendants did not produce a log on Monday because there was nothing to log, and the Court

18   should not impose a discovery sanction in those circumstances.

19   On December 17, Defendants informed the Court that the reference in the Joint Statement

20   to a privilege log accompanying its December 14, 2020 production may have unintentionally left

21   an impression that there would be privileged documents contained in that production and a log

22   identifying such documents for resolving disputes. ECF No. 390.  As explained, Defendants made

23   no claims of privilege in their December 14 production and, as such, there were no disputes for

24   this Court to resolve on that production.  To the extent the Joint Statement suggested otherwise,

25   Defendants regret that inadvertent implication.  That statement does not, however, justify the

26   sanction of a forced waiver, which, even in limited form, is a remedy to be applied rarely.  Forcing

27   a waiver that spans the entirety of Defendants' document productions and encompasses documents

28   not yet produced or collected—and, indeed even those not yet created—would vastly exceed any

DEFENDANTS' RESPONSE TO
ORDER TO SHOW CAUSE
Case No. 5:20-cv-05799-LHK

1

1 proportional response.  That is particularly the case when, depending on the breadth of the forced

2 waiver, the documents at issue contain core privileged material, such as deliberative

3 communications within the Department and the Bureau, and communications between Department

4 officials and senior Presidential advisers.  Any waiver of such privileges "should not be lightly

5 inferred," *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997), let alone forcibly waived on a

6 mass scale as the result of Defendants' decision not to submit a privilege log which would have

7 contained no entries.  A privilege waiver sanction should not be imposed.

8        **A.**       **Background proceedings and Defendants' review of documents for privilege.**

9        On December 13, 2020, the Court entered an Amended Order Denying Defendants' Motion

10 for Reconsideration and Clarifying Order to Compel.  ECF No. 380 ("Order to Compel").  As

11 directed by that Order to Compel, the parties met and conferred in the afternoon on December 14.

12 During that meet and confer, Defendants understood that the parties reached agreement on a

13 schedule of productions and briefing over privilege disputes, which would have Defendants

14 produce an interim privilege log on December 17, and brief the first round of privilege disputes

15 between December 18 and December 21.  However, in the Joint Statement Re: Privilege Log and

16 Privilege Disputes filed late on December 14, the proposed schedule section stated: "**December**

17 **14, 2020**: Defendants provide their first privilege log, accompanying their production of over

18 60,000 documents."  ECF No. 382 at 2.  Defendants now understand the Court to have interpreted

19 that statement to mean that Defendants would be asserting privileges over documents contained in

20 that December 14 production, but have now failed to produce an accompanying privilege log.

21        To be clear, however, Defendants did not assert any privileges over their December 14

22 production of approximately 63,423 documents, and therefore did not provide a privilege log to

23 accompany it.  Any privilege log they would have provided would have contained no entries.

24 Defendants asserted no privileges in view of the compressed timetable required by the Order to

25 Compel.  Moreover, in an effort to show good faith, Defendants produced *all* of the 63,423

26 documents to Plaintiffs in one day, rather than dole them out piecemeal.  Rather than assert

27 privilege over the December 14 production, Defendants sought to focus their review on a smaller

28 collection of documents that was most likely to contain core privileged material.  As indicated in

1  the Declaration of Brian DiGiacomo, Defendants had identified approximately 25,512 documents

2  "that are likely to contain material protected by the attorney-client, attorney-work-product, and

3  Executive privileges." ECF No. 376-2 at ¶ 7. [1]  These include core privileged documents, such as

4  privileged communications between litigation counsel, in both DOJ and the Department of

5  Commerce, and their clients at the Department of Commerce and Census Bureau; privileged

6  communications between officials in the Department, the Bureau, and the Executive Office of the

7  President; and privileged internal deliberations and recommendations among senior Commerce

8  officials, such as the Chief of Staff.

9      Defendants do not believe that their December 21 privilege log will contain anything close

10  to the 25,512 documents referenced by Mr. DiGiacomo as likely to contain privileged material.

11  Rather, as explained below, after removing non-responsive documents, producing non-privileged

12  documents, and scoping out from review core attorney-client litigation communications and

13  attorney work product, Defendants estimate that only a fraction of the 25,512 documents will

14  appear on the December 21 log.  Moreover, as Defendants further explain, that would have been

15  the case regardless of whether Defendants had produced a privilege log on December 14—when,

16  again, no privileges were asserted.

17      Among the approximately 25,512 potentially core privileged documents, Defendants have

18  focused review on the approximately 2,944 documents that were potentially subject to Executive

19  privilege.  Defendants are reviewing these documents to identify documents that may be produced,

20  are non-responsive, or are subject to a claim of privilege.  Some subset of these documents will

21  appear on Defendants' December 21 privilege log.  The Department is also undertaking a targeted

22  privilege review of approximately 1,700 documents for senior agency officials.  After removing

23  non-responsive and non-privileged materials, Defendants anticipate that a far lower number of

24  these approximately 1,700 will be placed on the December 21 privilege log.  Again, to be clear,

25

---

26  [1] The numbers contained in the DiGiacomo Declaration have since increased due to the addition

27  of certain custodians.  The recently added custodians' documents would add approximately 3,000
    documents to the 25,512 documents identified in Paragraph 7 of the Declaration.  In this Response,

28  for purposes of clarity and ease of reference, Defendants cite the numbers reported in the
    Declaration.

DEFENDANTS' RESPONSE TO
ORDER TO SHOW CAUSE
Case No. 5:20-cv-05799-LHK

1    none of these documents undergoing review could have been placed on a privilege on December

2    14 because, as of that date, they had not yet been reviewed at all.

3          From the approximately 25,512 potentially privileged documents, whatever is not found

4    non-responsive or logged as privileged will be produced to Plaintiffs.

5          **B.       This Court should not impose a forced waiver of all privileges.**

6          The order of a forced waiver of all privileges is an extraordinary remedy.  To impose it in

7    this case, when not even the Plaintiffs have sought such a remedy, would be a highly prejudicial

8    and disproportionate response.  The privileges at issue here are important ones that are crucial to

9    the Government's ability to undertake its work and for it to be properly advised about legal and

10   litigation matters.  And any discovery sanction should be proportional to the offense, meaning that

11   "the method for arriving at the sanction must be fair."  *American Nat. Bank and Trust Co. of*

12   *Chicago v. Equitable*, 406 F.3d 867, 878 (2005).  Here, by contrast, the Court has proposed a

13   blanket waiver of all privileges, spanning *all* of Plaintiffs' pending requests for the duration of this

14   case based not on the failure to timely supply a log, but the failure to convey with precision that a

15   log was not needed since no withholdings had been made.  A district "court [does not] possess[]

16   unfettered discretion to impose sanctions upon a recalcitrant party."  *In re Golant*, 239 F.3d 931,

17   937 (7th Cir. 2001).  As the Ninth Circuit held in granting a mandamus petition regarding a district

18   court's order to disclose all documents, a "blanket waiver . . . is particularly injurious."

19   *Hernandez v. Tannien*, 604 F.3d 1095, 1101 (9th Cir. 2010).  Such a ruling, and the "breadth of

20   the waiver finding, untethered to the subject-matter disclosed, constitutes a particularly injurious

21   privilege ruling."  *Id.*

22         As an initial matter, Defendants do not agree that their log was "delayed" since there was

23   nothing withheld or redacted from the December 14 production.  But even assuming Defendants

24   "owed" a log by that date (which, if served, would have been entirely blank), there is no basis to

25   impose the blanket waiver sanction proposed by the Magistrate Judge Panel.  The Ninth Circuit

26   has rejected a *per se* waiver rule for the failure to timely produce a privilege log in favor of a case-

27   by-case, holistic reasonableness analysis that considers: (1) the degree to which the assertion of

28   privilege enables the litigant seeking discovery and the Court to evaluate the privilege assertion;

1    (2) the timeliness of the objections and accompanying information about the withheld documents;

2    (3) the magnitude of the document production; and (4) other particular circumstances that make

3    responding to discovery unusually easy or hard. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist.*

4    *Court*, 408 F.3d 1142, 1147–49 (9th Cir. 2005) (noting the magnitude of the production and

5    difficulty in obtaining documents as factors to consider).[2]  None of these factors support a Court-

6    forced waiver of all privileges in this matter.

7         In light of the importance of the underlying privileges at issue, blanket waiver is also

8    grossly disproportionate to any misimpression in the Joint Statement that there would be

9    documents withheld from Defendants' December 14 production (rather than from a subsequent

10   production on December 17, as Defendants understood the parties to have agreed).  *See, e.g.*,

11   *Karnoski v. Trump*, 926 F.3d 1180, 1203 (9th Cir. 2019) ("The presidential communications

12   privilege, a presumptive privilege for [p]residential communications, preserves the President's

13   ability to obtain candid and informed opinions from his advisors and to make decisions

14   confidentially." (quotation marks and citations omitted)); *Judicial Watch, Inc. v. United States*

15   *Dep't of Def.*, 245 F. Supp. 3d 19, 28 (D.D.C. 2017) ("It is within the great public interest to

16   preserve the confidentiality of conversations that take place in the President's performance of his

17   official duties because such confidentiality is needed to protect the effectiveness of the executive

18   decision-making process." (quotation marks and citations omitted)); *FTC v. Warner Commc'ns*

19   *Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (waiver of the deliberative process privilege "would

20   hinder frank and independent discussion regarding contemplated policies and decisions").

21

22   [2] *See Coal. for a Sustainable Delta v. Koch*, No. 1:08–CV–00397, 2009 WL 3378974, at *11– 14
     (E.D. Cal. Oct. 15, 2009) (holding that production of a privilege log two months after a production
23   involving 80,000 documents and thousands of emails was reasonable); *Carl Zeiss Vision Int'l
     GmbH v. Signet Armorlite Inc.*, No. CIV 07CV–0894, 2009 WL 4642388, at *3–4 (S.D. Cal. Dec.
24   1, 2009) (holding that privilege objection was not waived despite a nine-month delay in production
     of privilege log); *Jumping Turtle Bar & Grill v. City of San Marcos*, No. 10- cv-270, 2010 WL
25   4687805, at *3 (S.D. Cal. Nov. 10, 2010) (holding that, "under the circumstances of this case, the
26   production of a privilege log one and one half months late was not unreasonable"); *Quality Inv.
     Props. Santa Clara, LLC v. Serrano Elec., Inc.*, No. C-09-5376, 2011 WL 1364005 (N.D. Cal.
27   Apr. 11, 2011) (concluding that privilege log was timely given that 11,796 documents were
28   produced and almost 300 documents withheld, the breath of the requests and the intervening
     holidays).

DEFENDANTS' RESPONSE TO
ORDER TO SHOW CAUSE
Case No. 5:20-cv-05799-LHK

1    Read literally, the proposed waiver is also forward-looking and, if imposed, will affect the

2    conduct of government agencies and officials.  The contemplated waiver sanction is particularly

3    unwarranted because it would cover "all privileges in connection with the documents responsive

4    to Plaintiffs' *pending* document requests."  ECF No. 392 at 2 (emphasis added).  The discovery

5    rules require supplementation of the responsive information, and Defendants intend to make a

6    supplemental production at an appropriate time.  That future production, however, would contain

7    not only documents that have yet to be collected, but also documents that have not yet been

8    *created*.  For a government agency to operate with the understanding that, for example, protected

9    internal deliberations will all flow to one's litigation adversary would cripple its functioning.

10    Any forward-looking sanction would also be inconsistent with the Federal Rules of Civil

11    Procedure.  Specifically, Rule 26(b)(5)(A) provides that a party must provide a privilege log

12    "[w]hen a party withholds information otherwise claiming that the information is privileged."  Fed.

13    R. Civ. P. 26(b)(5)(A).  A forward-looking sanction of waiver would therefore be inappropriate,

14    as no privileged information in future documents has yet been withheld, and therefore no log is

15    yet due for any such documents.  The commentary to Rule 26 itself shows that the purpose of a

16    court-imposed waiver is to remedy the inability to review the specific asserted privilege, and is not

17    to be used as a punishment (such as imposing waivers on future assertions): "To withhold materials

18    without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and

19    may be viewed as a waiver of *the* privilege or protection."  Fed. R. Civ. P. 26 cmt. to 1993 amend.

20    (emphasis added).

21    In *Burlington*, while the Ninth Circuit applied the waiver factors to documents where a

22    privilege has been asserted, it concluded otherwise for documents that had not yet been produced

23    and for which no privilege had been—or could have been—asserted:  "To establish a waiver of all

24    later generated privileged documents would effectively disallow the parties from forever thereafter

25    discussing the same subject matter in any other privileged context."  408 F.3d at 1149.  *See also*

26    *Nye v. Sage Products*, 98 F.R.D. 452 (E.D. Ill. 1982) ("The court is impressed by the reasoning of

27    *Duplan*, refusing to find a prospective waiver. 'To establish a waiver of all later generated

28    privileged documents would effectively disallow the parties from forever thereafter discussing the

DEFENDANTS' RESPONSE TO
ORDER TO SHOW CAUSE
Case No. 5:20-cv-05799-LHK

1    same subject matter in any other privileged context.'") (quoting *Duplan Corp. v. Deering Milliken,*

2    *Inc.*, 397 F. Supp. 1146, 1191 (D.S.C. 1975)).

3         Indeed, it is possible that the Court's contemplated sanction may prevent the creation of

4    any such documents in the first place.  Agency employees may be reluctant to deliberate or make

5    internal recommendations in writing if all such communications will be automatically disclosed in

6    future document productions in this litigation.  And that, in turn, would prevent those employees

7    from effectively doing their jobs—a particularly harmful outcome here given the ongoing work

8    required to complete the 2020 Census.  The future sanction contemplated by this Court would

9    cripple the Census Bureau's and Department of Commerce's abilities to perform their missions.

10   **CONCLUSION**

11        This Court should not enter the extreme sanction of waiving all of Defendants' privileges

12   in response to a scheduling miscue.  Defendants respectfully request that the Court decline to award

13   a sanction of a forced waiver of all—or any—of Defendants' privileges.

14

15   DATED:  December 17, 2020              Respectfully submitted,

16

17                                              JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General

18

19                                              JOHN V. COGHLAN
                                                Deputy Assistant Attorney General

20

21                                              AUGUST E. FLENTJE
                                                Special Counsel to the Assistant Attorney General

22

23                                              ALEXANDER K. HAAS
                                                Branch Director

24                                              DIANE KELLEHER
                                                BRAD P. ROSENBERG

25                                              Assistant Branch Directors

26

27                                              */s/ M. Andrew Zee*
                                                ELLIOTT M. DAVIS
                                                STEPHEN EHRLICH

28                                              JOHN J. ROBINSON

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALEXANDER V. SVERDLOV
M. ANDREW ZEE (CA Bar No. 272510)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

DEFENDANTS' RESPONSE TO
ORDER TO SHOW CAUSE
Case No. 5:20-cv-05799-LHK

8