| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Sadik Huseny (Bar No. 224659)<br>    sadik.huseny@lw.com<br>  Steven M. Bauer (Bar No. 135067)<br>    steven.bauer@lw.com<br>  Amit Makker (Bar No. 280747)<br>    amit.makker@lw.com<br>  Shannon D. Lankenau (Bar No. 294263)<br>    shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>  Melissa Arbus Sherry (*pro hac vice*)<br>    melissa.sherry@lw.com<br>  Richard P. Bress (*pro hac vice*)<br>    rick.bress@lw.com<br>  Anne W. Robinson (*pro hac vice*)<br>    anne.robinson@lw.com<br>  Tyce R. Walters (*pro hac vice*)<br>    tyce.walters@lw.com<br>  Gemma Donofrio (*pro hac vice*)<br>    gemma.donofrio@lw.com<br>  Christine C. Smith (*pro hac vice*)<br>    christine.smith@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>  Kristen Clarke (*pro hac vice*)<br>    kclarke@lawyerscommittee.org<br>  Jon M. Greenbaum (Bar No. 166733)<br>    jgreenbaum@lawyerscommittee.org<br>  Ezra D. Rosenberg (*pro hac vice*)<br>    erosenberg@lawyerscommittee.org<br>  Ajay P. Saini (*pro hac vice*)<br>    asaini@lawyerscommittee.org<br>  Maryum Jordan (Bar No. 325447)<br>    mjordan@lawyerscommittee.org<br>  Pooja Chaudhuri (Bar No. 314847)<br>    pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>                        Plaintiffs,<br>      v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>                        Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' RESPONSE TO COURT'S RULING ORDERING DEFENDANTS TO SHOW CAUSE [DKT. 392]**<br><br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

Defendants' Response to the Court's Order to Show Cause says nothing about the core question at issue: how is it possible, in light of Defendants' own statements and the multiple Court rulings in this case, that *all* of Defendants' privilege claims (whether in the tens of thousands or some smaller subset of thousands) are going to be bulked together for Plaintiffs and given *en masse* on December 21—with the Judges only being provided access the evening of December 23? That is because there is only one answer. Self-help. It is now nearing 7pm on Friday, December 18, and Defendants have not provided a single privilege log entry to Plaintiffs regarding the claimed 85,000+ documents they have identified in this case as potentially responsive. That includes as to the ~60,000 documents transmitted on Monday evening, which Defendants themselves aptly indicate is a dump of "a veritable truckload of documents," Dkt. 394 at 6, *as well as* the additional ~8,000 documents produced over the last few days, and the ~25,000 potentially privileged subset Defendants have been reviewing for some time.

If Defendants were truly working to comply with the Judges' multiple discovery orders over the last few days—and their own prior statements to the Court, and promises to Plaintiffs—they would have produced some privilege log entries by now. They have not, and they have ignored Plaintiffs' attempts at yet another compromise solution. Dkt. 389. Deliberate defiance, in the face of threatened waiver of privilege, is an embrace of that waiver. Plaintiffs respectfully request that—with respect to all of the potentially responsive documents Defendants have identified and reviewed or are reviewing to date—the Court find Defendants to have waived all privileges in connection with the documents responsive to Plaintiffs' pending document requests and those ordered produced by Judge Koh.

I.     **BACKGROUND ON DISCOVERY DISPUTES**

Plaintiffs have been trying to work with Defendants for over a month on what should have been a basic and straightforward task: Defendants' response to 22 limited requests for production (RFPs) served on November 17, half of which RFPs were sufficient to show requests on basic census metrics and processes. At nearly every turn, Plaintiffs have been stymied. And as of last week, there was simply no time to wait longer, because Defendants had produced a mere 691 documents—mostly old, and mostly duplicates—that were largely irrelevant to the

current and core issues in the case. And a month is fully *half* of the extremely truncated 2-month fact discovery period in this case.

Thus, on Wednesday December 9, Plaintiffs were forced to file a motion to compel. Defendants filed an aggressive opposition in response, laughing off Plaintiffs' concerns and repeated attempts to meet and confer, instead claiming that Plaintiffs' false "incredulity," and "remarkable strategy" of "gamesmanship and intentional flouting of the agreed-upon schedule," "should not be rewarded." Dkt. 371 at 1. The Court granted Plaintiffs' motion to compel on December 10 (Dkt. 372), and then denied Defendants' motion for reconsideration on December 13. Dkt. 380. Defendants then filed a motion for a protective order regarding a Rule 30(b)(6) deposition on December 16, which was also denied (Dkt. 387), and a motion for 502(d) order on December 17, which was just recently denied without prejudice (Dkt. 399).

As the docket for the last 9 days in this case shows, Defendants have spent a significant amount of time and energy in first refusing to respond to Plaintiffs' straightforward document requests, and then in trying to limit as much as possible their discovery obligations. What they have not done is use that energy to provide any privilege logs regarding their claimed 80,000+ documents they have identified as potentially privileged and responsive—notwithstanding their own representations, and the Court's orders on this very issue.

## II. DEFENDANTS VIOLATED THIS COURT'S ORDER REGARDING PRIVILEGE LOG PRODUCTIONS, WHICH WAS BASED ON DEFENDANTS' OWN STATEMENTS

Plaintiffs have made several attempts to work with Defendants on a reasonable schedule for production of a privilege log and resolution of privilege disputes, to no avail. During the December 14 meet and confer with Plaintiffs and in the Joint Statement Re: Privilege Log and Privilege Disputes ("Joint Statement") (Dkt. 382), Defendants stated that they would provide a December 14 privilege log. Joint Statement at 2; Plaintiffs' Statement Re: Privilege Logs ("Plaintiffs' Statement") (Dkt. 389) at 1. That log, and the additional privilege entries to be provided on December 17, were to form the basis for the first of two "privilege reviews" that Plaintiffs agreed to. Dkt. 382. The Court relied on that representation in crafting its Order On Further Procedures For In Camera Review Of Documents On Privilege Logs ("Order on

1  Privilege Procedures") (Dkt. 382), and "set deadlines flowing from the December 14 privilege
2  log." Order to Show Cause at 1.
3      Plaintiffs thought that was a reasonable resolution of this issue, despite the weeks of
4  delay by Defendants that had essentially forced such a truncated process. But Defendants did not
5  produce any log accompanying the December 14 production. In a December 16 meet and
6  confer, Plaintiffs informed Defendants that their failure to produce a December 14 privilege log
7  was a violation of the Joint Statement and Order on Privilege Procedures, and that Plaintiffs were
8  significantly concerned that the Magistrate Judge Panel's' Order indicated a belief that such a log
9  would have been produced. The next day, Plaintiffs went above and beyond in seeking yet
10 another reasonable resolution, and proposed to Defendants that the parties make a joint
11 submission to the Court whereby Defendants would produce a privilege log on December 17,
12 which would allow for two separate and substantial privilege log disputes to be briefed before
13 the Court. Defendants rejected that too—even though, remarkably, in the December 14 Joint
14 Statement, Defendants had agreed to just such a log.
15     There is no justification for this. Defendants' Response To Order To Show Cause
16 ("Defendants' Response") (Dkt. 390) argues that they have not "allowed themselves a one-week
17 extension to serve their first privilege log," alleging that they did not "withhold any documents"
18 from their December 14 production and instead production material that may have been eligible
19 for a privilege claim. Defendants' Response at 1. However, in the same breath, Defendants
20 concede that when reviewing documents for their December 14 production, they "separate[ed]
21 for expedited review other material likely containing core governmental privileges." *Id.* In other
22 words, Defendants set aside documents that they were likely to assert privilege over, but did not
23 review and compile *any* of these separated documents into a privilege log, in direct contravention
24 of Defendants' representation in the Joint Statement and the Courts' understanding in its Order
25 on Privilege Procedures. Defendants "made no claims of privilege in their December 14
26 production" and a log, "if served, would have been entirely blank" because, of their own accord,
27 Defendants chose to temporarily ignore "material likely containing core governmental
28 privileges." Defendants' Response at 1, 4. This is not a justification for an empty privilege

log—it simply means Defendants decided to segregate out and not conduct any privilege review at all, despite their own representations and the Courts' orders.

Defendants' insistence on ignoring their responsibility to review potentially privileged documents and produce a privilege log is particularly perplexing in light of the December 14 meet and confer and subsequent Joint Statement. As the Joint Statement discusses, Plaintiffs and Defendants agreed to a schedule under which Defendants would produce a privilege log on December 17, 2020. Yet upon receipt of the Court's Order on Privilege Procedures, even though Defendants were aware that they had not produced a December 14 privilege log at all (unlike the Court or the Plaintiffs, who did not receive this privilege log until December 15, after the Court published its Order on Privilege Procedures), Defendants apparently ceased any attempts to produce a privilege log containing documents from the December 14 through December 17 productions.

### III. A DETERMINATION THAT DEFENDANTS WAIVED ALL PRIVILEGES IS APPROPRIATE

Contrary to the assertions in Defendants' Response, a finding that Defendants have waived all privileges with respect to the documents responsive to Plaintiffs' pending documents requests and those ordered produced by the Court is appropriate and warranted.

The Ninth Circuit has held that a party's failure to timely produce a privilege log may result in waiver of privileges, *Burlington N. & Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), and courts "have not hesitated to find waiver where a party repeatedly engages in inexcusable or unjustifiable conduct." *Porter v. City & Cty. of San Francisco*, No. 16-CV-03771-CW(DMR), 2018 WL 4215602, at *6 (N.D. Cal. Sept. 5, 2018).

As Defendants note, the Ninth Circuit in *Burlington* instructed courts to apply a four factor test in making a "case-by-case determination" of whether a party has waived privilege in in response a request for production: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; (2) "the timeliness of the objection and accompanying

information about the withheld documents";[1] (3) "the magnitude of the document production"; and (4) "other particular circumstances of the litigation that make the responding to discovery unusually easy…or unusually hard." *Burlington*, 408 F.3d at 1149.

Here, Defendants have deliberately failed to produce any privilege log corresponding to the December 14 through December 21 production, despite clear orders by the Court in its Amended Order (Dkt. 380) and subsequent Orders, and Defendants' own representations regarding privilege log production. Defendants' failure means that the Court has *no* ability to "evaluate whether each of the [as yet to be provided] withheld documents is privileged" under the first *Burlington* factor. *Id.* Additionally, the "timeliness of the objection and accompanying information about the withheld documents" weighs in favor of waiver, *Id.*; the privilege log production schedule was expressly set by the Court (Dkt. 383), and Defendants' failure to produce a privilege log in violation of the Court's order is inherently untimely. Further, as the Court stated in its Amended Order, Defendants have "fail[ed] to produce documents that Defendants have been on notice about for nearly five months," and Defendants' failure to produce a privilege log in these circumstances is particularly egregious. Amended Order at 5.

Where, as here, a party completely fails to produce a privilege log in the required timeframe, that party's deficient conduct is inexcusable and should result in waiver of privilege. *See, e.g.*, *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016) (finding waiver "warranted by Plaintiff's repeated and unjustified failures to provide a timely and useable privilege log"); *La Verne Firefighters Ass'n, Local 3624 v. City of La Verne*, No. CV1708743GWAFMX, 2018 WL 6131196, at *1-3 (C.D. Cal. Sept. 5, 2018) (deeming privilege waived where defendant repeatedly failed to comply with court orders to produce adequate privilege log). As in *Burlington*, where the Ninth Circuit affirmed the district court's waiver of all privileges, concluding that Defendants have waived privileges is similarly appropriate. *Burlington*, 408 F.3d at 1150.

---

[1] Here, where the privilege log production schedule was expressly set by the Court (Dkt. 383), defendants' failure to produce a privilege log in violation of the Court's order is inherently untimely.

1           Moreover, Defendants have created a situation in which it will be practically infeasible
2    for the Court or Plaintiffs to proceed under the Order on Privilege Procedures.  Defendants'
3    Response "estimate[s] that only a fraction of the 25,512 documents" they may assert privilege
4    over will appear on the December 21 privilege log; Defendants then state that "[s]ome subset" of
5    2,944 documents are potentially subject to executive privilege, and that they may also claim
6    withhold some number of an additional 1,700 documents.  Defendants' Response at 3.  However,
7    Defendants make no representation that these 2,900 and 1,700 documents are the only universe
8    of documents over which Defendants may claim privilege.  And Plaintiffs have received 71,522
9    documents to date from the December 14, December 16, and December 17 productions.
10   Accordingly, Plaintiffs are highly skeptical that, in the course of Defendants reviewing over
11   70,000 documents thus far, in addition to the documents Defendants will review and produce
12   between December 18 and December 21, Defendants will produce a December 21 privilege log
13   that is anything short of significantly large, with thousands of entries.
14          It is December 18, so Defendants most assuredly know whether they have thousands of
15   entries already in their "to be revealed on December 21" privilege log.  Logs take time, and do
16   not spring fully-formed, as Athena, from the heads of counsel.  But Defendants say nothing of
17   the actual expected volume (and of course, are closely guarding the privilege log entries they
18   currently have).  Depending on the size, it may well be infeasible for Plaintiffs to sort through
19   and provide objections to such a log within 20 hours.  But far more importantly, the Court will be
20   provided with briefing regarding *all* privilege disputes on December 23, 2020.  Due to
21   Defendants' violation of the Courts' orders, the Magistrate Judge Panel will then have the burden
22   of sorting through likely thousands of disputed documents in a short time frame, over the
23   Holidays, particularly given the fast-moving discovery in this case.  The Court should not suffer
24   the consequences of Defendants' attempts to delay production of privilege logs.
25          In these circumstances, waiver is more than appropriate.  Defendants' position is entirely
26   of Defendants' own, repeated conduct, and Plaintiffs and the Court should not be forced to
27   contort yet again.  Plaintiffs respectfully request that—with respect to all of the potentially
28   responsive documents Defendants have identified and reviewed or are reviewing to date—the

1  Court find Defendants to have waived all privileges in connection with the documents responsive
2  to Plaintiffs' pending document requests and those ordered produced by Judge Koh.  Dkts. 372,
3  380.

Dated: December 18, 2020

LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
    Sadik Huseny

Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  415.391.0600
Facsimile:  415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
Christine C. Smith (*pro hac vice*)
christine.smith@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201

| | |
|---|---|
| | *Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| Dated: December 18, 2020 | By: /s/ Jon M. Greenbaum<br>Kristen Clarke (*pro hac vice*)<br>kclarke@lawyerscommittee.org<br>Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org<br>Ezra D. Rosenberg (*pro hac vice*)<br>erosenberg@lawyerscommittee.org<br>Ajay Saini (*pro hac vice*)<br>asaini@lawyerscommitee.org<br>Maryum Jordan (Bar No. 325447)<br>mjordan@lawyerscommittee.org<br>Pooja Chaudhuri (Bar No. 314847)<br>pchaudhuri@lawyerscommittee.org<br>**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br>Telephone:  202.662.8600<br>Facsimile:  202.783.0857 |
| | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |
| | Wendy R. Weiser (*pro hac vice*)<br>weiserw@brennan.law.nyu.edu<br>Thomas P. Wolf (*pro hac vice*)<br>wolft@brennan.law.nyu.edu<br>Kelly M. Percival (*pro hac vice*)<br>percivalk@brennan.law.nyu.edu<br>**BRENNAN CENTER FOR JUSTICE**<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Telephone: 646.292.8310<br>Facsimile: 212.463.7308 |
| | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |

| | |
|---|---|
| | Mark Rosenbaum (Bar No. 59940)<br>mrosenbaum@publiccounsel.org<br>**PUBLIC COUNSEL**<br>610 South Ardmore Avenue<br>Los Angeles, California 90005<br>Telephone:  213.385.2977<br>Facsimile:  213.385.9089<br><br>*Attorneys for Plaintiff City of San Jose*<br><br>Doreen McPaul, Attorney General<br>dmcpaul@nndoj.org<br>Jason Searle (*pro hac vice*)<br>jasearle@nndoj.org<br>**NAVAJO NATION DEPARTMENT OF JUSTICE**<br>P.O. Box 2010<br>Window Rock, AZ 86515<br>Telephone: (928) 871-6345<br><br>*Attorneys for Navajo Nation* |
| Dated: December 18, 2020 | By: /s/ Danielle Goldstein<br>Michael N. Feuer (Bar No. 111529)<br>mike.feuer@lacity.org<br>Kathleen Kenealy (Bar No. 212289)<br>kathleen.kenealy@lacity.org<br>Danielle Goldstein (Bar No. 257486)<br>danielle.goldstein@lacity.org<br>Michael Dundas (Bar No. 226930)<br>mike.dundas@lacity.org<br>**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**<br>200 N. Main Street, 8th Floor<br>Los Angeles, CA 90012<br>Telephone: 213.473.3231<br>Facsimile: 213.978.8312<br><br>*Attorneys for Plaintiff City of Los Angeles* |
| Dated: December 18, 2020 | By: /s/ Michael Mutalipassi<br>Christopher A. Callihan (Bar No. 203010)<br>legalwebmail@ci.salinas.ca.us<br>Michael Mutalipassi (Bar No. 274858)<br>michaelmu@ci.salinas.ca.us<br>**CITY OF SALINAS**<br>200 Lincoln Avenue<br>Salinas, CA 93901<br>Telephone: 831.758.7256<br>Facsimile: 831.758.7257 |

*Attorneys for Plaintiff City of Salinas*

Dated: December 18, 2020

By: /s/ Rafey S. Balabanian
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

Dated: December 18, 2020

By: /s/ Donald R. Pongrace
Donald R. Pongrace (*pro hac vice*)
dpongrace@akingump.com
Merrill C. Godfrey (Bar No. 200437)
mgodfrey@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff Gila River Indian Community*

Dated: December 18, 2020

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970

Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

**ATTESTATION**

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 18, 2020    **LATHAM & WATKINS LLP**

By:  /s/  Sadik Huseny
     Sadik Huseny