UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>    Defendants. | Case No. 20-cv-05799 LHK<br><br>**ORDER AFTER IN CAMERA REVIEW OF DISPUTED DOCUMENTS IDENTIFIED IN GOVERNMENT'S DECEMBER 21 PRIVILEGE LOG** |

Upon referral from the presiding judge, this order sets forth our rulings on 63 disputed privilege assertions identified on the Defendants' December 21 privilege log. As detailed below, we sustain the privilege assertions as to 24 documents. We overrule the privilege assertions as to 39 documents and order Defendants to produce those documents by December 26 at 3:00 p.m. PST.

Annotated versions of the December 21 log are filed in attachments to Defendants' brief (ECF 403) and Plaintiffs' brief (ECF 404). Defendants filed a clarification at ECF 405. Plaintiffs filed a clarification at ECF 406. In this order, we refer to the row number on the annotated privilege log that Defendants provided with the in camera documents before noon on December 23. These row numbers appear to be the same as on the chart

1  filed by Plaintiffs in ECF 404.

2  In the disputed entries for the December 21 log, Defendants assert three types of
3  privileges: (1) deliberative process privilege (as to 63 documents); (2) attorney-client (as to
4  3 documents); and (3) attorney work product (as to 1 document).  There are 63 disputed
5  documents identified on the log out of a total of 135 entries.  As to 42 documents,
6  Defendants have asserted a privilege as to only a redacted portion or portions of a
7  document.  As to 21 documents, Defendants have withheld the entire document under an
8  asserted privilege.

9  This order is made after considering all the privilege-related submissions and
10 conducting an in camera review of the documents provided by Defendants.  But substantial
11 analysis preceded this order and provides a foundation for our conclusions.  *See* ECF 163,
12 165, 174, 179, 182, 184, 236, 253, 299, 306, and 383.

13 **1.  The Court Defers Determining Privilege Waiver.**

14 We first consider whether Defendants waived some or all applicable privileges by
15 failing to serve a privilege log on December 14 as they proposed and the Court ordered.
16 ECF 380 (joint proposal); ECF 383 (Order setting schedule); ECF 392 (Order to Show
17 Cause re: waiver); ECF 398, 400 (briefs).  The failure to timely produce a privilege log
18 may result in waiver.  We apply a "holistic reasonableness" test on a case-by-case basis to
19 assess privilege waiver.  *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Ct.*,
20 408 F.3d 1142, 1149 (9th Cir. 2005) (listing factors); *Loop AI Labs, Inc. v Gatti*, Case No.
21 15-cv-00798 HSG (DMR), Dkt. No. 680, 2016 U.S. Dist, LEXIS 64348, at *4 (N.D. Cal.
22 May 13, 2016) (finding privilege waiver where no timely log produced).

23 Here, we defer deciding privilege waiver until we can assess more information
24 about Defendants' overall discovery conduct.  Plaintiffs raise many concerning issues in
25 the most recent joint discovery status.  ECF 402.  The Court is wary that on December 12,
26 2020, Defendants stated that they had identified 25,512 documents that were "likely" to
27 implicate a privilege.  ECF 376-2 at ¶ 7. But by December 21, they had logged only 135 of

28

those documents. Moreover, on December 12 declarant Brian DiGiacomo testified that he had identified as many as 2,944 documents "likely subject to Executive privilege." ECF 376-2 ¶ 12. Yet Defendants have not asserted the Executive privilege as to any documents in the December 21 log.

On the one hand, we are grateful that the parties have been able to resolve their disputes as to some documents through a meet and confer process. And Defendants state that they have produced 89,228 documents since December 1. ECF 402. On the other hand, the gargantuan gap between 25,512 (documents identified as "likely" privileged on Dec. 12) and 135 (documents identified on Dec. 21 log) suggests that Defendants may be withholding additional documents that do not appear on a privilege log. Additional explanation of this gap is required.

### 2. The Court Sustains in Part and Overrules in Part the Asserted Deliberative Process Privilege.

The primary dispute about the December 21 log is Defendants' assertion of the deliberative process privilege as to 63 documents. We set forth the standard of review in our prior order at ECF 179 and briefly summarize it again here.

It is well-established that the federal "policy favoring open discovery requires that privileges must be 'strictly construed.'" *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425 (9th Cir. 1992) (quoting *University of Pennsylvania. v. EEOC*, 493 U.S. 182, 189 (1990)). The United States Supreme Court has made it clear that an evidentiary privilege is not applied "unless it 'promotes sufficiently important interests to outweigh the need for probative evidence....'" *University of Pennsylvania*, 493 U.S. at 198 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980).

The deliberative process privilege is a qualified privilege. *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)); *Desert Survivors v. U.S. Dep't of Interior*, Case No. 16-cv-1165 JCS, 2017 WL 1549374, at *2-3 (N.D. Cal.

3

May 1, 2017). To qualify for protection under the deliberative process privilege, a document must be both (1) "predecisional," that is, "generated before to the adoption of agency's policy or decision" and (2) "deliberative," meaning that it contains opinions, recommendations or advice about agency policies. *Warner*, 742 F.2d at 1161. The privilege does not cover "[p]urely factual material that does not reflect the deliberative process." *Id.* (citation omitted). On the other hand, the privilege applies where the "factual material is so interwoven with the deliberative material that it is not severable." *Id.* (citing *Binion v. Department of Justice*, 695 F.2d 1189, 1193 (9th Cir. 1983)).

In *Coastal States*, the court described the purposes of the deliberative process privilege as follows:

> The privilege has a number of purposes: it serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Coastal States*, 617 F.2d at 854, 866 (D.C. Cir. 1980).

Because the deliberative process privilege is a qualified privilege, a party may obtain disclosure of deliberative materials if it can establish that the need for the materials to allow for accurate fact-finding outweighs the government's interest in non-disclosure. *Warner*, 742 F.2d at 1161 (citing *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976)); *United States v. American Telephone and Telegraph Co.*, 524 F. Supp. 1381, 1386 n.14 (D.D.C. 1981)). The Ninth Circuit in *Warner* set forth four non-exclusive factors that may be considered in determining whether the litigant has met this requirement: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* (citations omitted). "Other factors that a court may consider include: (5) the interest of the

4

litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

As to the December 21 log, the major shortcoming with the Defendants' assertions is under the "deliberative" element. Communications strategies and other factual material that do not reveal the decision maker's predecisional, deliberative mental processes are not protected by the deliberative process privilege and must be segregated and released. *Nat'l Res. Def. Council v. U.S. Dep't of Def.*, 388 F. Supp. 2d 1086, 1106 (C.D. Cal. 2005). Here, many of the documents over which Defendants have claimed privilege do not reflect any deliberation by the Census Bureau or Department of Commerce on agency decision-making.

For example, Doc. 129 is a draft tweet prepared for the President of the United States. This document does not reveal deliberations, mental processes, or policy. Similarly, Defendants assert privilege over various press releases (Doc. 108), reactions to media articles and preparation for media appearances and op-eds (Docs. 34, 55, 66, 67, 99, 107, 114, 116, 117), and political responses to legislators (Docs. 75, 76, 77), for example.

For another example, Doc. 87 is a request for data from the State Department. It is informational and does not reveal any deliberation.

In total, we find that Defendants have not substantiated the deliberative process privilege for these 39 log entries: Redacted Docs. 64, 66, 67, 75, 77, 79, 81, 82, 83, 84, 88, 99, 107, 109, 116, 117, 118, 119, 120, 126, 128, 129, 130, and 136; and fully withheld Docs. 33, 34, 35, 43, 55, 56, 76, 78, 80, 87, 108, 110, 114, 127, and 133. (Defendants may continue to redact the personal phone numbers on a few documents where PII was narrowly redacted, such as Doc. 136). We reach this conclusion without needing to apply the balancing factors from *Warner*.

Conversely, for 24 entries, we determine that Defendants properly asserted the

deliberative process privilege: Redacted Docs. 3, 4, 7, 8, 9, 11, 12, 13, 17, 18, 29, 31, 32, 37, 69, 73, 124, and 131; and fully withheld Docs. 28, 30, 61, 70, 86 and 125.

### 3. The Court Sustains in Part and Overrules in Part Asserted Attorney-Client and Attorney Work Product Privileges.

Finally, this section of the order addresses the three disputed entries from the December 21 log that have a privilege asserted *in addition to* the deliberative process privilege. Those documents are at row 86 (attorney-client and work product); 130 (attorney-client); and 133 (attorney-client). Applying the same legal standard we set forth in our prior order at ECF 174, we determine:

- Doc. 86: privilege assertions sustained.
- Doc. 130: privilege overruled.
- Doc. 133: privilege overruled.

The reason we overrule the privilege asserted on documents 130 and 133 (both communications with Assistant White House Counsel Patrick Philbin) is that we are unpersuaded that the "primary purpose" of those communications is securing legal advice. *See Cause of Action Institute v. Dep't of Justice,* 330 F. Supp. 3d 336, 348 (D.D.C. 2018). "The privilege protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege" and "does not exempt a document from disclosure simply because the communication involves the government's counsel." *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 584 F. Supp. 2d 65, 79 (D.D.C. 2008) (internal citations omitted).

Because we also determine that documents 130 and 133 do not satisfy the deliberative process privilege, Defendants are ordered to produce them.

///

In conclusion:

- The Court OVERRULES the privilege assertions as to these 39 log entries: Redacted Docs. 64, 66, 67, 75, 77, 79, 81, 82, 83, 84, 88, 99, 107, 109, 116, 117, 118, 119, 120, 126, 128, 129, 130, and 136; and fully withheld Docs. 33, 34, 35, 43, 55, 56, 76, 78, 80, 87, 108, 110, 114, 127, and 133.  (Defendants may continue to redact the personal phone numbers on a few documents where PII was narrowly redacted, such as Doc. 136).
- The Court SUSTAINS the privilege asserted for 24 entries: Redacted Docs. 3, 4, 7, 8, 9, 11, 12, 13, 17, 18, 29, 31, 32, 37, 69, 73, 124, and 131; and fully withheld Docs. 28, 30, 61, 70, 86 and 125.
- Defendants must produce all of the 2,944 documents that declarant Brian DiGiacomo identified on December 12 as "likely subject to Executive privilege" in ECF 376-2 ¶ 12, unless they were identified on the December 21 log and the privilege was not overruled in this order.
- All documents ordered produced in this order must be produced by December 26 at 3:00 p.m. PST.
- Also by December 26 at 3:00 p.m. PST, Defendants must provide to Plaintiffs a list (including name, title, agency) of "litigation counsel" that Defendants carved out of the privilege log process.  *See* ECF 402 at p. 12.
- The parties must meet and confer on the unresolved issues reported in their ECF 402 Joint Discovery Status Report and include updated information on these topics in their CMC statement due December 28.  *See* ECF 396.
- ECF 383 sets forth the timing for any objections to this order.

**IT IS SO ORDERED.**

Dated: December 24, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge


_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge


_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge