JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 514-3374

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WILBUR L. ROSS, JR., *et al.*, <br><br> Defendants. | Case No. 5:20-cv-05799-LHK <br><br> **DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGES (ECF 407)** |

In accordance with Federal Rule 72(a) and ECF No. 383, Defendants hereby object to, and ask this Court to set aside, one aspect of the December 24, 2020 Order by the Magistrate Judges to the extent the Order requires production of documents the Department of Commerce has concluded are not responsive to Plaintiffs' document requests. *See* ECF No. 407 Order After In Camera Review of Disputed Documents Identified in Government's December 21 Privilege Log (hereinafter "MJ Privilege Order"). Specifically, a portion of the MJ Privilege Order requires Defendants to "produce the 2,944 documents that declarant Brian DiGiacomo identified on December 12 as 'likely subject to Executive privilege' ECF 376-2 ¶ 12, unless they were identified on the December 21 log and the privilege was not overruled in this order." ECF 407 at 7. As detailed in the attached Declaration of Brian DiGiacomo, the Department of Commerce determined that a large number of these documents are not responsive to Plaintiffs' requests for production. Defendants ask the Court to set aside the MJ Privilege Order's requirement that they produce documents the Department of Commerce has concluded are not responsive to Plaintiffs' discovery demands.[1]

## BACKGROUND

As stated in the December 12, 2020 DiGiacomo Declaration, given the time constraints necessary to meet the Court's December 10, 2020 order requiring production by December 14 of four categories of documents, the Department of Commerce identified potentially responsive documents, including the 2,944 documents referenced in paragraph 12 of his declaration, solely by applying search terms to the documents it collected from the specified custodians. *See* ECF 376-2 at ¶ 6 ("On December 11, DOC therefore applied search terms from sixteen searches proposed by Plaintiffs and two searches proposed by Defendants to ensure that all necessary documents are available for compliance. This results in a total of about 88,765 documents."); *id.*

---

[1] Under Local Rule 72-2, Defendants do not understand that they are required to seek a stay of the MJ Privilege Order in order to file this objection and have it be adjudicated by the Court. To the extent this understanding is incorrect, Defendants ask the Court to issue a stay so they do not unintentionally violate the order. And, to the extent this objection is overruled, Defendants respectfully ask the Court to stay any adverse ruling for 48 hours to provide the Acting Solicitor General an opportunity to consider whether to seek emergency appellate relief. Defendants are otherwise prepared to promptly produce these documents.

DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGES (ECF 407)
Case No. 5:20-cv-05799-LHK

¶ 7 ("Using search terms, DOC has determined that within that approximately 88,765 documents, there are about 25,512 documents that are likely to contain material protected by the attorney-client, attorney-work-product, and Executive privileges."); *id.* ¶ 12 ("Finally, a significant number of documents—as many as 2,944—are likely subject to Executive privilege. These documents potentially include communications between federal agency personnel and presidential advisers or members of their staff in the Office of the President").

As explained in the motion for reconsideration accompanying the December 12, 2020 DiGiacomo declaration, Defendants understood the set of 88,765 documents (and the subset of 2,944 documents) to be overbroad and likely to include non-responsive documents, but—to ensure "full compliance" with the Court's December 10 Order and without sufficient time to conduct a manual review—Defendants needed to treat all of the documents collected at that point as "presumptively responsive." *See* ECF 376 at 2 ("In order to ensure full compliance with this Court's Order, Defendants would therefore need to treat all of the documents they have collected as presumptively responsive, in order to ensure that they do not omit any documents that would actually be responsive from their production.").

This Court subsequently clarified its Order and permitted Defendants to produce documents through December 21. ECF No. 380 at 10. With this extra time, the Department of Commerce undertook a prioritized review of documents among those previously identified as potentially implicating core privileges—including the 2,944 documents highlighted as potentially subject to Executive privilege—for responsiveness and, if found responsive, for privilege. After having conducted some of this review, Defendants advised Plaintiffs and the Court that they did not expect the December 21 privilege log to identify the same quantity of documents initially identified as potentially privileged. *See* ECF No. 398 at 4 ("Defendants do not believe that their December 21 privilege log will contain anything close to the 25,512 documents referenced by Mr. DiGiacomo as likely to contain privileged material. Rather, as explained below, after removing non-responsive documents, producing non-privileged documents, and scoping out from review

DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGES (ECF 407)
Case No. 5:20-cv-05799-LHK

2

core attorney-client litigation communications and attorney work product, Defendants estimate that only a fraction of the 25,512 documents will appear on the December 21 log.").

In short, while the 2,944 documents were by December 12 identified using targeted search terms, the Department of Commerce had not—at the time Mr. DiGiacomo signed his declaration—engaged in the kind of review of those documents that would have been necessary to reach a final conclusion that these (or other) documents yielded by the search terms were actually responsive to Plaintiffs' discovery requests.

## ARGUMENT

As described in the attached declaration, between December 12, when Mr. DiGiacomo signed his declaration, and the date of the MJ Privilege Order, the Department of Commerce completed its review of these 2,944 documents and concluded that only a portion of the documents were actually responsive. Documents that the Department of Commerce deemed responsive and over which privilege has been claimed were logged with Defendants' December 21 privilege log. *See* Declaration of Brian DiGiacomo, ¶¶ 13, dated December 26, 2020, attached hereto. In addition, the attached declaration describes the nature of the Department of Commerce's review of the 2,944 documents and the manner by which the Department of Commerce made its responsiveness determinations. *Id.* ¶¶ 6-12. This Declaration explains the Department of Commerce's review process; explains how the Department of Commerce applied that process to this subset of 2,944 documents; and notes that, upon actual review, the Department of Commerce determined that slightly less than 2,500 of the 2,944 documents are, in fact, not responsive to Plaintiffs' requests for production. *Id.* ¶¶ 2-12. Because the Department of Commerce determined these documents to be non-responsive, they were neither produced to Plaintiffs nor listed on a privilege log. *Id.* ¶ 12.

Defendants do not understand Plaintiffs to be seeking non-responsive documents. In fact, Plaintiffs have complained of "wholly irrelevant or junk email materials" contained in Defendants' productions. *See* ECF No. 402 at 9. In their Objections to Defendants' Privilege Log, Plaintiffs expressed their concern that Defendants had failed to include responsive documents from the set

DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGES (ECF 407)
Case No. 5:20-cv-05799-LHK

3

of 2,944 in their privilege log. *See* ECF 404 at 4 ("In addition . . . Defendants may well have failed to properly log additional documents that are ***responsive*** to Plaintiffs' document requests. For example, the nearly 3,000 documents involving the White House that Defendants previewed logging under the Executive privilege are noticeably missing in their entirety from the log.") (emphasis added); *see also* MJ Privilege Order at 3.  Contemporaneously with this filing, Defendants have reached out to Plaintiffs' counsel to attempt to clear up any misunderstanding and hope to resolve the issue amicably.

The MJ Privilege Order quotes Mr. DiGiacomo as stating that all 2,944 documents were "likely subject to Executive privilege." ECF 407 at 7 (citing ECF 376-2 at ¶ 12). As a result, the MJ Privilege Order requires production by December 26 of all 2,944 documents regardless of whether or not they are responsive to Plaintiffs' requests. But Mr. DiGiacomo's declaration stated that, as of December 12, the Department of Commerce had not had an opportunity to review the 2,944 documents. *See* ECF 376-2 at ¶¶ 5-8, 12. Now, with the benefit of that review and a conclusion that some of the 2,944 documents are not responsive, Defendants respectfully request that the Court set aside, or otherwise limit, this portion of the MJ Privilege Order and confirm that Defendants are not obliged to produce or log such non-responsive documents identified in their review of the 2,944 documents.

## CONCLUSION

The Court should set aside the MJ Privilege Order's requirement that Defendants produce documents the Department of Commerce has concluded are not responsive to Plaintiffs' discovery demands.

DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGES (ECF 407)
Case No. 5:20-cv-05799-LHK

4

| | |
|---|---|
| DATED: December 26, 2020 | Respectfully submitted, |
| | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General |
| | JOHN V. COGHLAN<br>Deputy Assistant Attorney General |
| | AUGUST E. FLENTJE<br>Special Counsel to the Assistant Attorney General |
| | ALEXANDER K. HAAS<br>Branch Director |
| | */s/ Brad P. Rosenberg*<br>DIANE KELLEHER<br>BRAD P. ROSENBERG<br>Assistant Branch Directors<br>ELLIOTT M. DAVIS<br>STEPHEN EHRLICH<br>JOHN J. ROBINSON<br>ALEXANDER V. SVERDLOV<br>M. ANDREW ZEE<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Telephone: (202) 514-3374 |
| | *Attorneys for Defendants* |

DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGES (ECF 407)
Case No. 5:20-cv-05799-LHK

5