1  [Counsel identified on signature pages]

2

3

4

5

6

7

8

9

10

11

12                          UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                              SAN JOSE DIVISION

14  NATIONAL URBAN LEAGUE, et al.,          CASE NO.  5:20-cv-05799-LHK

15                          Plaintiffs,     **JOINT STATUS REPORT ON**
                                            **DEFENDANTS' MOTION FOR**
16              v.                          **PARTIAL RELIEF FROM NON-**
                                            **DISPOSITIVE PRETRIAL ORDER OF**
17  WILBUR L. ROSS, JR., et al.,            **MAGISTRATE JUDGES**

18                          Defendants.     Re: Dkt. Nos. 408, 409, 411

19

20                                          Date:   TBD
                                            Time:   TBD
21                                          Place:  Courtroom 8
                                            Judge: Hon. Lucy H. Koh
22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1    On December 26, 2020, Defendants filed a Motion for Relief from Nondispositive

2    Pretrial Order of Magistrate Judges ("Motion for Partial Relief") (Dkt. 408).  Pursuant to the

3    Court's subsequent Order Re: Response to Defendants' Motion for Partial Relief from Non-

4    Dispositive Pretrial Order of Magistrate Judges ("December 26 Order") (Dkt. 409), and Order

5    Continuing Case Management conference (Dkt. 411), the parties present the following Joint

6    States Report.

7    **I.      PLAINTIFFS' POSITION**

8         **A.      BACKGROUND**

9         On December 23, 2020, in accordance with the Magistrate Judge Panel's December 15,

10   2020 Order on Further Procedures For *In Camera* Review of Documents on Privilege Logs

11   ("Order on Privilege Procedures") (Dkt. 383), Plaintiffs and Defendants submitted simultaneous

12   briefing regarding Plaintiffs' objections to Defendants' assertions of privilege in their December

13   21 log.  *See* Dkt. 403, 404.  Plaintiffs' objections highlighted the fact that Defendants' December

14   21 privilege log contained a mere 135 documents (*see* Dkt. 404-1 (Ex. A)), notwithstanding

15   Defendants' December 12, 2020 representation to the Court that "a significant number of

16   documents—*as many as 2,944*—are likely subject to Executive privilege," as they "include

17   communications between federal agency personnel and presidential advisers or members of their

18   staff in the Office of the President."  December 12, 2020 Decl. of Brian DiGiacomo ("December

19   12 DiGiacomo Declaration") (Dkt. 376-2) at ¶ 12 (emphasis added).  Contrary to this prior

20   representation, Defendants' small December 21 privilege log did not include a single assertion of

21   Executive privilege.  *See* Dkt. 404 at 2-3.  Plaintiffs asked the Court to order Defendants to

22   immediately produce the 2,944 documents described in paragraph 12 of Mr. DiGiacomo's

23   declaration as being reviewed for White House privilege, except for any subset of documents for

24   which privilege was being claimed on Defendants' December 21 privilege log and which were

25   not challenged by Plaintiffs and resolved by the Court's Order.  *Id.*

26        On December 24, 2020, the Magistrate Judge Panel agreed and ordered Defendants to

27   "produce all of the 2,944 documents that declarant Brian DiGiacomo identified on December 12

28   as 'likely subject to Executive privilege' in ECF 376-2 ¶ 12, unless they were identified in the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1    December 21 log and the privilege was not overruled in this order."  Order After *In Camera*

2    Review of Disputed Documents Identified in Government's December 21 Privilege Log ("Order

3    on Defendants' December 21 Privilege Log") (Dkt. 407) (noting also that Plaintiffs have raised

4    "many concerning issues" regarding Defendants' discovery conduct).

5            On December 26, 2020, Defendants filed a Motion for Partial Relief, asking the Court to

6    reverse the Magistrate Judge Panel's order to produce these documents because these documents

7    are ostensibly not relevant.  Dkt. 408.  Defendants claimed that, of the 2,944 documents at issue,

8    approximately 400 documents were deemed responsive and were produced; approximately 60

9    documents were deemed privileged; and the remaining more than 2,000 documents were deemed

10   unresponsive, and were not produced or logged. Declaration of Brian DiGiacomo (Dkt. 408-1)

11   ("December 26 DiGiacomo Declaration") at 4.  Defendants acknowledged that none of the

12   documents withheld as privileged were withheld under the Presidential Communication or other

13   Executive privileges.  *Id.*

14           In accordance with the Court's December 26 Order, the parties met and conferred for

15   approximately two hours on December 28, 2020, discussing these documents and other

16   discovery-related issues.  During that meet and confer, Plaintiffs requested that Defendants (1)

17   either produce the approximately 400 documents deemed responsive and not privileged, or

18   provide their Bates numbers if they had already been produced; (2) confirm whether Defendants

19   had logged the 63 documents that were withheld as privileged by providing their corresponding

20   privilege log entry numbers; and (3) agree to a compromise solution regarding the 2,447

21   documents claimed to be non-responsive, in which Plaintiffs would conduct a limited, attorneys'-

22   eyes-only review of those documents and meet and confer with Defendants on next steps

23   involving judicial review, as necessary, to the extent any of the documents appeared responsive

24   to Plaintiffs' document requests; confidentiality would have been maintained throughout.

25           Defendants agreed to provide the requested information promptly regarding the 400

26   documents that should have been produced and the 63 documents that should have been logged

27   as privileged.  Defendants additionally agreed to consider the attorneys'-eyes-only review

28   proposal.  In a showing of good faith based on Defendants' representations, on December 28,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1  2020 Plaintiffs requested that the Court temporarily hold in abeyance the Magistrate Judge

2  Panel's Order on Defendants' December 21 Privilege Log, to the extent it required Defendants'

3  to produce the 2,944 documents in issue.  Dkt. 410.  Based on Defendants' representations that

4  the requested information would be promptly provided, Plaintiffs stated that they "hope to be

5  able to provide the Court a further update at or before the case management conference

6  scheduled for tomorrow, December 29, 2020."  *Id.*

7      The Court ordered the parties to file a joint status report on Defendants' Motion for

8  Partial Relief by December 29, 2020 at 2:00 p.m. PT.  Order Continuing Case Management

9  Conference (Dkt. 411).  Despite Defendants' representations to Plaintiffs, as of 20 minutes

10  before this filing was due, Defendants have not provided Plaintiffs with <u>any</u> of the requested

11  information.  The Magistrate Judge Panel ruled on these documents nearly a week ago, and

12  Defendants should have at the ready the basic information requested yesterday by Plaintiffs

13  regarding production and logging.  Yet Defendants have continued what can only be described,

14  at this point, as a pattern of delay and obfuscation—despite Plaintiffs working stridently to reach

15  good faith resolution of issued without requiring Court involvement.

16      **B.**    **Requested Relief**

17      This Court has broad discretion in how best to shape discovery and, when appropriate, to

18  issue sanctions. *See* 1 Sanc. Fed. Law of Lit. Abuse § 28 (2019) ("The court is vested with broad

19  discretion to fashion an appropriate inherent power sanction to redress abusive litigation

20  practices."); *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995)

21  ("[I]nherent power sanctions available to courts include fines, awards of attorneys' fees and

22  expenses, contempt citations, disqualifications or suspensions of counsel, and drawing adverse

23  evidentiary inferences or precluding the admission of evidence.").

24      As outlined below, Plaintiffs request that (1) Defendants should immediately produce or

25  identify by Bates number the approximately 400 documents Defendants have deemed responsive

26  and not privileged; (2) Defendants should immediately identify the privilege log entries

27  corresponding to the 63 documents claimed as privilege, and be deemed to have waived any

28  privilege if unable to do so; and (3) because Defendants have not provided any assurances

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1   regarding the 2,447 documents they have concluded are not responsive, they should immediately

2   produce those to Plaintiffs for an initial attorneys'-eyes-only review, after which the parties can

3   meet and confer and, if necessary, raise with the Magistrate Jude Panel any disputes regarding

4   responsiveness.

5          **1.     Defendants Should Immediately Produce or Identify the Bates
               Numbers of the Approximately 400 Documents That Were Deemed
6              Responsive and Have Not Been Logged As Privileged**

7          The December 26 DiGiacomo Declaration states that over 400 of the 2,944 documents

8   "likely subject to Executive privilege" were deemed responsive and not privileged.  December

9   26 DiGiacomo Decl. at ¶ 10.  During the parties' December 28 meet and confer, Defendants

10  represented that these documents had been produced, and that they would provide the Bates

11  numbers associated with them.  To permit Plaintiffs to ascertain Defendants' compliance with

12  the Court's ordered discovery schedule, Defendants agreed to provide Plaintiffs with the Bates

13  numbers of all documents in the group of 2,944 documents in issue that were deemed responsive

14  and not privileged.  However, as of this filing, Defendants have failed to provide Plaintiffs with

15  the Bates numbers for *any* of these responsive documents that were allegedly produced.  There is

16  no excuse for this.  Accordingly, Plaintiffs ask the Court to order Defendants, by December 30 at

17  5 p.m. PT, to produce the documents or to provide the Bates numbers corresponding to the

18  documents if they have been produced.

19         **2.     Defendants Should Identify the Privilege Log Entries that Correspond
               to Each of the 63 Allegedly Privileged Documents, or Should be
20             Found to Have Waived All Privileges As To These Documents**

21         The December 26 DiGiacomo Declaration states that, of the 2,944 documents originally

22  deemed "likely subject to Executive privilege," a mere 63 documents involving the White House

23  were deemed responsive and "still claimed as privileged."  December 26 DiGiacomo Decl. at

24  ¶ 10.  Defendants agreed to confirm that those documents have been logged and to provide the

25  corresponding log entries.  However, they have not done so. Plaintiffs ask the Court to order that

26  by December 30 at 5 p.m. PT, Defendants provide a list of the privilege log entries that

27  correspond to each of the 63 allegedly privileged documents in issue.  If Defendants have not in

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1    fact logged these documents, Plaintiffs respectfully request that the Court find that Defendants

2    have waived privilege as to this subset of documents and order their immediate production.[1]

3            **3.    Defendants Should Produce the Remaining Documents to Plaintiffs
              for an Initial Attorneys'-Eyes-Only-Review, After Which the Parties
4             Can Meet and Confer Regarding any Responsiveness Disagreements**

5            In their Motion for Partial Relief, Defendants assert for the first time that the Department

6    of Commerce determined that "a large number of" the 2,944 documents earlier deemed "likely

7    subject to Executive privilege" were actually not responsive to Plaintiffs' Requests for

8    Production.  Dkt. 408 at 1.  Defendants' Motion provides details as to their search methodology,

9    but notably provides no explanation as to why ***83 percent*** of the documents Defendants

10   previously believed to be responsive were determined not responsive when reviewed.  Without

11   any such explanation, Plaintiffs and the Court are left without adequate assurances that

12   Defendants have correctly determined the responsiveness of these documents.  Any and all

13   documents related to the census, apportionment, or the Presidential Memorandum are responsive

14   to Plaintiffs' Request for Production and should be produced; without any information from

15   Defendants, Plaintiffs are unable to determine whether potentially key documents are being

16   withheld as "not responsive" by Defendants.

17           Plaintiffs seek an efficient resolution of production with respect to the more than 2,000

18   documents at issue.  Plaintiffs request that the Court order Defendants to produce these

19   documents to Plaintiffs for a limited, attorney's-eyes-only-review of these documents by outside

20   litigation counsel.  *See, e.g.*, *Nachurs Alpine Sols., Corp. v. Banks*, No. 15-CV-4015-LTS, 2017

21   WL 2918979, at *3-5 (N.D. Iowa July 7, 2017) (ordering defendants to produce documents

22   deemed nonresponsive for plaintiff's attorney's eyes only responsiveness review, and

23   emphasizing that the court's confidence in defendants' responsiveness designations was

24   "colored" by the "conclusion that defendants ha[d] previously not complied with discovery

25   obligations").  During this initial review, only outside litigation counsel would have access to the

26

27

28           [1] Plaintiffs' December 18, 2020 Response to Court's Ruling Ordering Defendants to
     Show Cause (Dkt. 400) is incorporated herein by reference.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1   documents in question, and they would not be reviewed by any named Plaintiffs or other

2   counsel.

3         Following an attorney's-eyes-only review, Plaintiffs will raise with Defendants any

4   documents which Plaintiffs view as responsive.  The parties can then ask the Magistrate Judge

5   Panel to rule on any responsiveness disputes the parties are not able to resolve.

6         Plaintiffs' request is informed by Defendants' past defiance of the Court's discovery

7   orders, and their prior productions, which have included large volumes of non-responsive

8   documents.  Defendants cannot now, with any credibility, point to the risk of producing a non-

9   responsive document to Plaintiffs to attempt to avoid producing these potentially key documents.

10  An attorney's eyes only responsiveness review is both appropriate and necessary, and is more

11  efficient than asking the Magistrate Judge Panel to themselves review 2,447 documents.

12        Plaintiffs respectfully request that the Court order Defendants to produce all 2,447

13  documents deemed non-responsive to Plaintiffs' litigation counsel at Latham & Watkins by

14  December 30, 2020 at 5 p.m. PT.

15  **C.      Conclusion**

16        Plaintiffs respectfully request that the Court order that Defendants: (1) provide Bates

17  numbers for the over 400 of 2,944 documents now deemed responsive and not privileged and/or

18  produce all of these documents that have not yet been produced; (2) provide the privilege log entry

19  numbers for the 63 of 2,944 documents "still claimed as privileged" that involve the White House,

20  or produce any documents that have not been logged because the privilege has now been waived;

21  and (iii) produce to litigation counsel at Latham & Watkins all 2,447 of 2,944 documents now

22  deemed non-responsive to Plaintiffs' Requests for Production, to allow for an attorney's-eyes-only

23  responsiveness review.  Plaintiffs ask the Court to order Defendants' compliance with these items

24  by December 30, 2020 at 5 p.m. PT.

25  **II.     DEFENDANTS' POSITION**

26        Defendants filed an objection with the Court (ECF 408) related to a subset of material

27  implicated by one aspect of the December 24, 2020 Order by the Magistrate Judges to the extent

28  the Order requires production of documents the Department of Commerce has concluded are not

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1   responsive to Plaintiffs' document requests. See ECF 407 Order After In Camera Review of

2   Disputed Documents Identified in Government's December 21 Privilege Log (herein after "MJ

3   Privilege Order"). Specifically, a portion of the MJ Privilege Order requires Defendants to

4   "produce the 2,944 documents that declarant Brian DiGiacomo identified on December 12 as

5   'likely subject to Executive privilege' ECF 376-2 ¶ 12, unless they were identified on the

6   December 21 log and the privilege was not overruled in this order." ECF 407 at 7. With their

7   objection, Defendants submitted an additional declaration of Mr. DiGiacomo, which described

8   the nature of the Department of Commerce's review of the 2,944 documents and the manner by

9   which the Department of Commerce made its responsiveness determinations. ECF 408-1 at ¶¶

10  2-12.

11          In accordance with this Court's Order of December 26, 2020, the parties met and

12  conferred about these documents on Monday, December 27, 2020 by phone. Plaintiffs asked for

13  additional information about the documents, in particular, Bates Ranges for any documents

14  produced out of the 2944 set, as well as Privilege Log entry information for documents deemed

15  responsive but privileged from this same 2944 set. Defendants provided information they were

16  able to gather on December 29, 2020, and will provide Plaintiffs further information if necessary.

17  Defendants regret that they were not able to provide the information to Plaintiffs sooner.

18          During the meet and confer, Plaintiffs also suggested that all non-responsive items from the

19  2944 set be provided to them under an attorneys-eyes arrangement. Defendants do not believe this

20  suggestion is appropriate. First, there is no basis to think that Defendants have made an effort to

21  minimize the production of responsive information from the 2944 set; Mr. DiGiacomo's additional

22  declaration indicates that reviewers were told to conclude documents were responsive if they

23  related to the "decennial census." ECF 408-1 at ¶¶ 8-11. Defendants submit that this showing

24  should address any concern about skewed responsiveness determinations. In addition, providing

25  materials to Plaintiffs' counsel under an attorney's-eyes only protective order, when such materials

26  are non-responsive and potentially privileged would undermine the adversarial nature of this case.

27  It is not appropriate to allow such access by an opposing party. Defendants believe their objection

28  to be well-supported and ask the Court to set aside this portion of the MJ Privilege Order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1

2      Dated: December 29, 2020                 LATHAM & WATKINS LLP

3                                               By: /s/ Sadik Huseny
                                                    Sadik Huseny
4

5                                               Sadik Huseny (Bar No. 224659)
                                                sadik.huseny@lw.com
6                                               Steven M. Bauer (Bar No. 135067)
                                                steven.bauer@lw.com
7                                               Amit Makker (Bar No. 280747)
                                                amit.makker@lw.com
8                                               Shannon D. Lankenau (Bar. No. 294263)
                                                shannon.lankenau@lw.com
9                                               LATHAM & WATKINS LLP
                                                505 Montgomery Street, Suite 2000
10                                              San Francisco, CA 94111
                                                Telephone:  415.391.0600
11                                              Facsimile:  415.395.8095

12                                              Melissa Arbus Sherry (*pro hac vice*)
                                                melissa.sherry@lw.com
13                                              Richard P. Bress (*pro hac vice*)
                                                rick.bress@lw.com
14                                              Anne W. Robinson (*pro hac vice*)
                                                anne.robinson@lw.com
15                                              Tyce R. Walters (*pro hac vice*)
                                                tyce.walters@lw.com
16                                              Gemma Donofrio (*pro hac vice*)
                                                gemma.donofrio@lw.com
17                                              Christine C. Smith (*pro hac vice*)
                                                christine.smith@lw.com
18                                              LATHAM & WATKINS LLP
                                                555 Eleventh Street NW, Suite 1000
19                                              Washington, D.C. 20004
                                                Telephone:  202.637.2200
20                                              Facsimile:  202.637.2201

21                                              *Attorneys for Plaintiffs National Urban League;*
                                                *League of Women Voters; Black Alliance for*
22                                              *Just Immigration; Harris County, Texas; King*
                                                *County, Washington; City of San Jose,*
23                                              *California; Rodney Ellis; Adrian Garcia; and*
                                                *the NAACP*

24     Dated: December 29, 2020                 By: /s/ Jon M. Greenbaum

25                                              Kristen Clarke (*pro hac vice*)
                                                kclarke@lawyerscommittee.org
26                                              Jon M. Greenbaum (Bar No. 166733)
                                                jgreenbaum@lawyerscommittee.org
27                                              Ezra D. Rosenberg (*pro hac vice*)
                                                erosenberg@lawyerscommittee.org
28                                              Ajay Saini (*pro hac vice*)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

asaini@lawyerscommittee.org
Maryum Jordan (Bar No. 325447)
mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: December 29, 2020

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012
Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: December 29, 2020

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

Dated: December 29, 2020

By: /s/ Rafey S. Balabanian
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE**
**CITY OF CHICAGO**
Mark A. Flessner
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

Dated: December 29, 2020      By: /s/ Donald R. Pongrace
                              Donald R. Pongrace (*pro hac vice*)
                              dpongrace@akingump.com
                              Merrill C. Godfrey (Bar No. 200437)
                              mgodfrey@akingump.com
                              **AKIN GUMP STRAUSS HAUER & FELD**
                              **LLP**
                              2001 K St., N.W.
                              Washington, D.C. 20006
                              Telephone: (202) 887-4000
                              Facsimile: 202-887-4288

                              *Attorneys for Plaintiff Gila River Indian*
                              *Community*

Dated: December 29, 2020      By: /s/ David I. Holtzman
                              David I. Holtzman (Bar No. 299287)
                              David.Holtzman@hklaw.com
                              **HOLLAND & KNIGHT LLP**
                              Daniel P. Kappes
                              Jacqueline N. Harvey
                              50 California Street, 28th Floor
                              San Francisco, CA 94111
                              Telephone: (415) 743-6970
                              Fax: (415) 743-6910

                              *Attorneys for Plaintiff County of Los Angeles*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CASE NO. 5:20-CV-05799-LHK
JOINT STATUS REPORT ON DEFS.'
MOTION FOR PARTIAL RELIEF

1

2   DATED:  December 29, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant
  Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
  (New York Bar No. 4918793)
STEPHEN EHRLICH
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

**ATTESTATION**

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 29, 2020          **LATHAM & WATKINS** LLP

By:   /s/  Sadik Huseny
            Sadik Huseny