# Attachment A



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

---

| | | |
|---|---|---|
| Alexander V. Sverdlov | Telephone: | (202) 305-8550 |
| Trial Attorney | E-Mail: | alexander.v.sverdlov@usdoj.gov |

December 29, 2020

Sadik Huseny
Latham & Watkins LLP
505 Montgomery Street,
San Francisco, CA 94111
email: sadik.huseny@lw.com

     Re:    *Rule30(b)(6) Deposition Notice to the Department of Commerce*

Dear Sadik,

    I write with respect to the deposition notice you served pursuant to Rule 30(b)(6) on December 25, 2020. The notice seeks a deposition of the Department of Commerce on New Year's Eve and includes information on 13 topics for examination. We object to several of those topics for the reasons noted below. In addition, given the timing of the receipt of your notice, and the intervening holidays, we propose to make the witness available on January 5, 2021.

**General Objection 1**

    Many of the topics Plaintiffs have noticed are overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as they seek testimony concerning "[a]ll" deliberations, communications, and actions related to various issues. Preparing a witness to testify about *all* actions, communications, or deliberations concerning an issue in an agency as large as the Department of Commerce is implausible; merely collecting, reviewing, and producing the documents necessary to reasonably prepare a designee would functionally subsume a large amount of the document production tasks that Defendants are currently undertaking. The burden is compounded by the fact that Plaintiffs are seeking to conduct the deposition within 4 business days of serving their notice.

    Further, Defendants have already produced a vast number of documents related to the Replan and the census schedule generally, and are in the process of producing more. These

documents chart the Department of Commerce's decision-making process and already provide much of the information Plaintiffs are seeking, so testimony about "[a]ll" such documents would be unduly cumulative and disproportionate to the needs of the case and the current timeline for discovery.

Accordingly, for any topic where Plaintiffs have sought "[a]ll" communications, deliberations, or actions, Defendants will designate a witness to testify generally about the relevant deliberations, communications, and actions taken by the Department of Commerce. In doing so, Defendants do not waive any applicable privileges, such as the deliberative process privilege, that might apply to such testimony. Further, because work on the census is ongoing, such testimony will necessarily not cover communications, deliberations, or actions that have not yet occurred.

**General Objection 2**

Several topics Plaintiffs have noticed either explicitly or implicitly seek information that would be protected by privileges, including but not limited to the deliberative process privilege, attorney-client privilege, or the Presidential Communications privilege. To the extent those privileges have not been explicitly overruled with respect to particular materials in this litigation, we would plan to instruct our witnesses not to answer questions that solicit such information.

**Specific Objections**

**Topic 1** – "All deliberations, communications and actions taken by You to initiate, develop effectuate, implement and/or oversee the Replan, as well as the reasons and justifications underpinning the Replan and Your understanding of the potential or actual effects of the Replan on the accuracy and/or quality of the 2020 Census."

For the reasons articulated above, this topic is overboard and unduly burdensome insofar as it seeks information about *all* deliberations, communications, and actions related to the Replan. Defendants have already produced a vast number of documents related to the Replan and the census schedule generally and are in the process of producing more; these documents chart the Department of Commerce's decision-making process. Because these documents already provide the information Plaintiffs are seeking, Defendants will designate a witness to testify generally about the deliberations, communications, and actions taken by the Department of Commerce to develop and implement the Replan, along with the Department of Commerce's understanding of the effect, if any, that such implementation has on the quality of the 2020 Census.

**Topic 2** – "Your understanding of, and actions taken regarding, the potential or actual effects on the accuracy and/or quality of the 2020 Census of your actions and efforts to comply or not comply with the December 31, 2020 statutory reporting deadline for reporting the tabulation of total population by state to the President, including Your positions with respect to the impact of COVID-19."

This topic is vague and overbroad, such that it is unduly burdensome, and disproportionate to the needs of the case. The phrase "Your positions with respect to the impact of COVID-19" is vague and ambiguous, such that it would be impossible to adequately prepare a designee on the topic. Meanwhile, the phrase "to comply or not comply with the December 31, 2020 statutory reporting deadline" is self-cancelling, and therefore imposes no limitation on the scope of the topic. Because the Department of Commerce's efforts to meet the statutory deadline of 13 U.S.C. § 141 overlaps completely with Topic 1, Defendants will not designate a witness to testify separately about Topic 2.

**Topics 3 and 13**

**Topic 3 –** "Your understanding of, and actions taken regarding, whether and to what extent the December 31, 2020 statutory reporting deadline for reporting the tabulation of total population by state to the President trumps constitutional requirements regarding an actual and accurate enumeration and whether and to what extent an extension from Congress is necessary."

**Topic 13 –** "Your understanding of whether and how Your actions regarding the 2020 Census satisfy constitutional requirements."

Topics 3 and 13 seek information that is inseparable from legal advice and legal conclusions, which are not proper subjects for a deposition. Defendants' views on these matters have already been presented to the Court via multiple rounds of briefing, and is likely to be presented to the Court again. There is no underlying basis of fact that is separable from the legal conclusions articulated in those filling, such that any facts requested would collectively amount to legal conclusions about what these constitutional standards require. *See, e.g., Mitchell v. Atkins*, No. 3:19-CV-5106-RBL, 2019 WL 6251044, at *2 (W.D. Wash. Nov. 22, 2019). Defendants will not designate a witness to testify about these topics.

**Topic 5** – "All deliberations, communications, and actions taken or planned by You with regard to the tabulation of total population by state delivered or to be delivered by the Census Bureau, including the date on which the tabulation was or will be delivered by the Census Bureau to You and the date on which the tabulation and any other related census count information was or will be delivered by You to the President."

This topic is overbroad, unduly burdensome, and disproportionate to the needs of the case. First, the topic contains no date limitation, such that it could sweep in materials from years ago that have no relevance to Plaintiffs' claims in this matter. Second, the topic is vague insofar as "deliberations, communications, and actions taken or planned . . . with regard to the tabulation of total population by state" encompasses everything related to the Department of Commerce's oversight of the decennial census.

Accordingly, Defendants will designate a witness to testify generally about the Department of Commerce's understanding about the timeline for the 2020 census results.

**Topic 6** – "All deliberations, communications, and actions taken or planned by You with regard to information related to the effectuation of the Presidential Memorandum delivered or to be delivered by the Census Bureau, including the date(s) on which any information related to the effectuation of the Presidential Memorandum has been or will be delivered by the Census Bureau to You and the date(s) on which any information related to the effectuation of the Presidential Memorandum was or will be delivered by You to the President."

This topic is overbroad, unduly burdensome, and disproportionate to the needs of the case. To the extent the topic seeks information regarding the actual mechanics by which the Presidential Memorandum would be implemented, that information is irrelevant to the issues in this case—and would, in any event, be protected by the deliberative process privilege, and potentially other privileges as well.

Accordingly, Defendants will designate a witness to testify generally about the Department of Commerce's understanding about the timeline for implementing the Presidential Memorandum.

**Topic 7** – "All actions taken by You to effectuate and implement the Presidential Memorandum after July 21, 2020 and Your understanding of the potential or actual effects on the accuracy and/or quality of the 2020 Census of effectuating and implementing the Presidential Memorandum."

This topic is overbroad and unduly burdensome because it seeks information that is irrelevant to the Plaintiffs' claims in this case. Unlike in the cases challenging the Presidential Memorandum, Plaintiffs here have made no claims that would implicate the methods or procedures by which Defendants are seeking to effectuate the Presidential Memorandum. Nor have Plaintiffs here made any claims that those methods are themselves injurious. Furthermore, for the reasons explained above, the information would be protected by the deliberative process privilege, and potentially other privileges as well. Accordingly, Defendants will not designate a witness to testify of this topic.

**Topic 10** – "The substance and scope of all inquiries directed to You by OIG, the Government Accountability Office, or the United States Congress regarding the Replan, the Presidential Memorandum, and/or any other actions or operations affecting the 2020 Census and the substance and scope of Your responses thereto."

This topic is overbroad, unduly burdensome, and disproportionate to the needs of the case. First, the topic contains no date limitation, such that it could sweep in materials from years ago that have no relevance to current Census Bureau operations. Second, the topic bears no relevance to the substance of the claims that Plaintiffs have made in this case. Plaintiffs have, at most, placed the existence of other inquiries into the census at issue as bearing upon Defendants' document collection efforts. But those efforts have already been thoroughly explored through hearings, declarations, and depositions, such that additional inquiry on this topic would serve only to harass.

Accordingly, Defendants decline to designate a witness to testify on this topic. Instead, Defendants refer Plaintiffs to the following public websites for a list of all inquiries to date by the relevant organizations:

For Office of the Inspector General: https://www.oig.doc.gov/Pages/Census-Reading-Room.aspx?YearStart=01/01/2020&YearEnd=12/31/2020

For Government Accountability Office: https://www.gao.gov/reports-testimonies/by-agency/Department%20of%20Commerce,%20Executive/Bureau%20of%20the%20Census,%20Department%20of%20Commerce,%20Executive

For House Oversight Committee: https://oversight.house.gov/investigations/census

**Topic 12** – "Your public statements about the 2020 Census, the bases for the statements and assertions made therein, and the accuracy of the statements and assertions made therein."

This topic is overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as the topic contains no date limitation, such that it could sweep in materials from years ago that have no relevance to current Census Bureau operations. Accordingly, Defendants will designate a witness to testify generally about the Department of Commerce's public statements about the census in 2020.

As always, we are happy to discuss the substance of these objections with you during a meet and confer. Please let us know if you would like to do so.

Very truly yours,

/s/ Alexander V. Sverdlov

Alexander V. Sverdlov