UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, et al., <br><br> Defendants. | Case No. 20-CV-05799-LHK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUESTS FOR RELIEF IN DECEMBER 29, 2020 JOINT STATUS REPORT** <br><br> Re: Dkt. Nos. 408, 414 |

Before the Court are (1) Plaintiffs' three requests for relief in the December 29, 2020 joint status report, ECF No. 414; and (2) Defendants' motion for partial relief from a non-dispositive pretrial order of the panel of Magistrate Judges (ECF No. 407). ECF No. 408 ("motion for partial relief"). Having reviewed the Magistrate Judge Panel's unanimous rulings, the parties' submissions, the relevant law, and the record in this case, the Court (1) GRANTS IN PART and DENIES IN PART Plaintiffs' requests for relief in the Report; and (2) holds in abeyance Defendants' motion for partial relief pending an *in camera* audit of a subset of assertedly non-responsive documents, as detailed in the Discussion below.

**I.     BACKGROUND**

On December 24, 2020, a Magistrate Judge Panel composed of Judges Nathanael M.

1

Case No. 20-CV-05799-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUESTS FOR RELIEF IN
DECEMBER 29, 2020 JOINT STATUS REPORT

Cousins, Susan Van Keulen, and Thomas S. Hixson issued an Order After *In Camera* Review of Disputed Documents Identified in Government's December 21 Privilege Log. ECF No. 407. As the Magistrate Judge Panel detailed in that Order (ECF No. 407), Defendants had averred on December 12, 2020 that 2,944 documents were "likely subject to Executive privilege." ECF No. 407 at 2–3. Yet by December 21, 2020, Defendants had not asserted Executive privilege as to any documents in Defendants' privilege log. *Id.* Thus, the Magistrate Judge Panel ordered Defendants to "produce all of the 2,944 documents that declarant Brian DiGiacomo identified on December 12 as 'likely subject to Executive privilege' in ECF 376-2 ¶ 12, unless they were identified on the December 21 log and the privilege was not overruled in this order." *Id.* at 7.

On December 26, 2020, Defendants filed the instant motion for partial relief from ECF No. 407. ECF No. 408. Defendants ask the Court to vacate ECF No. 407 to the extent it requires Defendants to produce a subset of 2,944 documents that the Department of Commerce has concluded are not responsive to Plaintiffs' discovery requests. ECF No. 408-2. In support, Defendants submit another declaration by DiGiacomo, who is the Assistant General Counsel for Employment, Litigation, and Information for the Office of the General Counsel at the U.S. Department of Commerce. ECF No. 408-1. DiGiacomo avers that after attorney review, only 63 of the 2,944 documents are both privileged and responsive. *Id.* ¶ 10. Moreover, only 497 of the documents are assertedly responsive, meaning that the 2,447 remaining documents would not be produced to Plaintiffs. *Id.*

Later on December 26, 2020, the Court ordered Plaintiffs to respond to Defendants' instant motion for partial relief by December 28, 2020 after meeting and conferring with Defendants. ECF No. 409. Plaintiffs timely filed their response. ECF No. 410. Plaintiffs' response noted that the parties had conferred for two hours, and would continue to confer "until such time as the parties agree to a resolution or have reached impasse." ECF No. 410 at 2. Moreover, based on Defendants' representations that Defendants would provide Plaintiffs with requested information, Plaintiffs stated that they "hope[d] to be able to provide the Court a further update at or before"

2

Case No. 20-CV-05799-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUESTS FOR RELIEF IN DECEMBER 29, 2020 JOINT STATUS REPORT

December 29, 2020 at 2 p.m. *Id.* The Court thus ordered the parties to file a joint status report on Defendant's instant motion for partial relief by December 29, 2020 at 2 p.m. ECF No. 411.

## II.   DISCUSSION

The December 29, 2020 joint status report states that the parties have reached impasse. ECF No. 414 ("Report"). Specifically, Plaintiffs assert that Defendants have failed to provide "Plaintiffs with <u>any</u> of the requested information" about the 2,944 documents at issue in the Magistrate Judge Panel's December 24, 2020 Order at ECF No. 407. *Id.* at 4 (emphasis in original). Plaintiffs correctly note that "[t]he Magistrate Judge Panel ruled on these documents nearly a week ago, and Defendants should have at the ready the basic information requested yesterday by Plaintiffs regarding production and logging." Report at 3. Plaintiffs thus request three forms of relief. The Court addresses each in turn.

### A.   Request #1: Order Defendants to produce—or provide the Bates numbers for—approximately 497 documents that were deemed responsive and not logged as privileged.

Plaintiffs first ask the Court to order Defendants to produce, by December 30, 2020 at 5 p.m., approximately 497 documents that were deemed responsive and not logged as privileged—or to provide the Bates numbers corresponding to the documents if they have been produced. Report at 4.

During the meet and confer, Defendants agreed to Plaintiffs' first request, but Defendants have failed to timely provide the requested information. Specifically, Defendants "agreed to provide Plaintiffs with the Bates numbers of all documents in the group of 2,944 documents in issue that were deemed responsive and not privileged." Report at 4.

"However, as of th[e] filing [of the Report], Defendants failed to provide Plaintiffs with the Bates numbers for any of these responsive documents that were allegedly produced." *Id.* Moreover, Defendants represent in the Report that they (1) "regret that they were not able to provide the information [that Plaintiffs requested] to Plaintiffs sooner"; and (2) they "will provide Plaintiffs further information if necessary." *Id.* at 7.

3

Case No. 20-CV-05799-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUESTS FOR RELIEF IN DECEMBER 29, 2020 JOINT STATUS REPORT

After the filing of the Report, Plaintiffs filed an addendum. ECF No. 415. Plaintiffs' addendum shows that Defendants have since provided Plaintiffs with some—but not all—of the requested information about the approximately 497 documents. *Id.* at 1. Plaintiffs still lack information to which they are entitled.

Accordingly, the Court grants Plaintiffs' first request. By December 30, 2020 at 5 p.m., Defendants shall either (1) produce the approximately 497 documents deemed responsive and not privileged; or (2) provide the Bates numbers corresponding to the documents if they have been produced.

**B.  Request #2: Order Defendants to provide privilege log entries for 63 documents that are both assertedly privileged and responsive; and find that Defendants have waived privilege as to any of the 63 documents that are unlogged.**

Second, Plaintiffs ask the Court to order Defendants to provide a list of the privilege log entries that correspond to each of the 63 documents that are both privileged and responsive. Plaintiffs further request that "[i]f Defendants have not in fact logged these documents, . . . the Court [should] find that Defendants have waived privilege as to this subset of documents and order their immediate production." Report at 4–5.

Here too, during the meet and confer, Defendants substantially agreed to Plaintiffs' request. Specifically, Defendants agreed to (1) confirm that the 63 documents that are both assertedly privileged and responsive have been logged; and (2) provide the corresponding log entries. Report at 4.

However, as of the filing of the Report, Defendants had done neither. *Id.* Moreover, in the Report, Defendants represent that they (1) "regret that they were not able to provide the information [that Plaintiffs requested] to Plaintiffs sooner"; and that (2) they "will provide Plaintiffs further information if necessary." Report at 7.

Following the filing of the Report, Plaintiffs filed an addendum. ECF No. 415. Plaintiffs' addendum shows that Defendants have since provided Plaintiffs with inadequate information about the documents at issue. ECF No. 415 at 2.

Accordingly, by December 30, 2020 at 5 p.m., Defendants shall provide a list of the privilege log entries that correspond to each of the 63 documents at issue. If Defendants have not in fact logged these documents, the parties may move the Magistrate Judge Panel for further relief—including a finding that Defendants have waived privilege—by December 31, 2020 at 5 p.m. The Magistrate Judge Panel has explained that it has "defer[red] deciding privilege waiver until [the Panel] can assess more information about Defendants' overall discovery conduct." ECF No. 407 at 2.

**C. Request #3: Order Defendants to produce the 2,447 assertedly non-responsive documents to Plaintiffs for attorneys'-eyes-only review.**

Third, Plaintiffs ask the Court to order Defendants to produce all 2,447 documents deemed non-responsive to Plaintiffs' litigation counsel at Latham & Watkins for attorneys'-eyes-only review. Plaintiffs' counsel would then review the assertedly non-responsive documents for responsiveness. Plaintiffs then propose that "[t]he parties can then ask the Magistrate Judge Panel to rule on any responsiveness disputes the parties are not able to resolve." *Id.* at 6.

Defendants oppose Plaintiffs' third request. In Defendants' view, allowing Plaintiffs to review "non-responsive and potentially privileged [documents] would undermine the adversarial nature of this case." *Id.*

The Court agrees with Defendants. The Court thus denies Plaintiffs' request for attorneys'-eyes-only review of Defendants' assertedly non-responsive and potentially privileged documents. The Court instead orders the parties to meet and confer on procedures for the Magistrate Judge Panel to audit, *in camera*, a subset of the documents at issue. The parties shall jointly propose audit procedures in the joint discovery status report due December 30, 2020 at 3 p.m. The Magistrate Judge Panel shall, as it deems appropriate, adopt procedures and issue non-dispositive pretrial orders on the documents at issue.

Lastly, the Court holds in abeyance Defendants' motion for partial relief pending the Magistrate Judge Panel's *in camera* audit. To the extent the Magistrate Judge Panel orders Defendants to produce any assertedly non-responsive documents, the Defendants shall have 48

5
Case No. 20-CV-05799-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUESTS FOR RELIEF IN DECEMBER 29, 2020 JOINT STATUS REPORT

hours to either (1) withdraw the motion for partial relief and produce the documents at issue; or (2) renew the motion for partial relief with the Court. *See* ECF No. 382 (discussing parties' agreement to 48-hour timeline for objections).

**IT IS SO ORDERED.**

Dated: December 29, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge