JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-9803

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

Defendants hereby answer Plaintiffs' Second Amended Complaint, ECF No. 352 ("SAC"). Responding to each paragraph of the SAC paragraph by paragraph, using the same paragraph numbering as Plaintiffs use in their SAC, Defendant states:

1.     This paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

2.     This paragraph contains Plaintiffs' characterization of the SAC, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

3.     The first two sentences of this paragraph contain Plaintiffs' characterization of the original Complaint and SAC, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  The allegations of the third and fourth sentences are denied.

4.     The allegations of this paragraph are denied.

5.     The allegations of this paragraph are admitted.

6.     Defendants admit that the COVID-19 pandemic disrupted census field operations, including the Nonresponse Followup ("NRFU") operation.  The remaining allegations of the first sentence are denied.  Defendants admit that the purpose of the NRFU operation is to determine housing unit status for nonresponding addresses that do not self-respond to the 2020 Census and to enumerate households that are determined to have a housing unit status of occupied.  The remaining allegations of the second sentence are denied.  Defendants admit the allegations in the third sentence.

7.     Defendants admit that the COVID-19 Plan, which included, conditional on congressional approval, changes to the timing of the 2020 Census, such as ending field operations in October 2020, was issued as a press release on April 13, 2020 in response to the COVID-19 pandemic (the "COVID-19 Plan").  The remaining allegations of this paragraph are denied.

8.     The first sentence of this paragraph is denied, except to admit that the COVID-19 Plan provided, conditional on congressional approval, additional time for data processing than did the 2020 Census Operational Plan.  The second sentence of this paragraph is denied, except to admit that the COVID-19 pandemic posed challenges to census operations.

9.     The first sentence is denied.  The second sentence is admitted.  The remainder of the paragraph quotes a news report; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.

10.     The first sentence is denied.  The second sentence is admitted.  The third sentence is denied, except to admit that the Census Bureau publicized the COVID-19 Plan to the public, as well as to partners to encourage public participation in the 2020 Census.

11.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first sentence.  The second sentence is denied.

12.     The first sentence is denied.  The second sentence is denied, except to admit that certain Census Bureau employees made statements during the alleged time period questioning the ability to complete the census by the end of 2020.  The third and fourth sentences are denied.

13.     The allegations of this paragraph are denied, except to admit that Secretary Ross and Director Dillingham announced the Replan, which was designed to allow the Census Bureau and Commerce Department to meet their obligations to deliver the census results by the end-of-year deadline set forth in 13 U.S.C. § 141, as a press release on August 3, 2020 (the "Replan").

14.     This paragraph contains Plaintiffs' characterization of the Replan; Defendants respectfully refer the Court to that document and other public documents describing the Replan for a full and accurate statement of the Replan's contents, and deny any allegations inconsistent with those documents.

15.     The allegations of this paragraph are denied.

16.     The allegations in this paragraph are denied.

17.     The first sentence purports to summarize a document; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.  The allegations in the second sentence are denied.

18.     The first sentence is admitted.  The second sentence is denied.  The third sentence is a legal conclusion to which no response is required; to the extent a response is deemed required, the third sentence is denied.  The allegations of the fourth sentence are denied, except to admit that the Census Bureau is aware of the statutory deadline in 13 U.S.C. § 141 to deliver census results.

The allegations of the fifth sentence are denied, except to admit that an honest debate arose among Census Bureau officials regarding whether differing circumstances and evolving developments would affect the Bureau's ability to complete the census by the end of 2020.

19. The first sentence is denied.  The second sentence is denied, except to admit that on July 21, 2020, President Trump issued a Presidential Memorandum entitled "Memorandum on Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census."  Defendants lack knowledge sufficient to form a belief about the allegations of the third sentence, and on that basis deny.

20. The allegations in this paragraph are denied.

21. The allegations in this paragraph is denied.

22. The first sentence is denied.  The second sentence references a document; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.

23. The allegations of this paragraph are denied.

24. The first full sentence is denied.  The remaining allegations of this paragraph are Plaintiffs' characterizations of a document; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.

25. The first full sentence is denied, except to admit that the Census Bureau had set September 11, 2020, as a date when census offices could enter the Closeout Phase of the NRFU operation.  The second sentence is admitted.  The third sentence is admitted.  The remaining allegations in this paragraph are denied.

26. The first full sentence is denied.  The remaining allegations of this paragraph are Plaintiffs' characterizations of a Census Bureau Enumeration Progress report; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.

27.     The first and second sentences are denied.  The third and fourth sentences are admitted to the extent the figures reflected are derived from the Census Bureau's website.  The fifth sentence is denied.

28.     The allegations of this paragraph are denied.

29.     The first sentence of this paragraph is Plaintiffs' characterization of a Census Bureau Office of Inspector General Report; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.  The remaining allegations of this paragraph are admitted.

30.     The first sentence of this paragraph is Plaintiffs' characterization of a Census Bureau report; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.  The second sentence is denied.

31.     Defendants deny the allegation that the NRFU operation was "squeezed" and that the number of enumerators increased as a result of the COVID-19 pandemic; the remaining allegations in this paragraph are admitted.

32.     The first sentence is denied, except to admit that the Census Bureau hired and trained over 330,000 enumerators.  The second and third sentences are denied, except to admit that average enumerator productivity was 1.92 cases per hour.

33.     The allegations of this paragraph are denied.

34.     The allegations of this paragraph are denied.

35.     The first and second sentences of this paragraph are denied.  The third sentence of this paragraph is Plaintiffs' characterization of unspecified internal spreadsheets; Defendants refer to those documents for their complete and accurate contents, and deny any allegations inconsistent with those documents.  The remaining allegations of this paragraph are denied.

36.     The first sentence of this paragraph is Plaintiffs' characterization of unspecified comments during a press briefing; Defendants refer to the transcript of that briefing for its complete and accurate contents, and deny any allegations inconsistent with that document.  The second and third sentences are denied.

37.     The allegations of this paragraph, including the allegations in the bullet points, are denied.

38.     The allegations of this paragraph are denied.

39.     The allegations of this paragraph are denied.

40.     The first sentence of this paragraph is Plaintiffs' characterization of an op-ed by Secretary Ross published on August 14, 2020; Defendants respectfully refer the Court to that document for its complete and accurate contents, and deny any allegations inconsistent with that document.  The remaining allegations of this paragraph are denied.

41.     The first sentence is denied.  The second and third sentences purport to characterize Defendants' various filings in this lawsuit; Defendants refer to those documents for their complete and accurate contents, and deny any allegations inconsistent with those documents.  The fourth sentence is admitted.

42.     The first sentence is denied.  The second sentence of this paragraph is Plaintiffs' characterization of unspecified statements by unspecified individuals, and Defendants respectfully refer the Court to those statements for a full and accurate statement of their contents; to the extent a response is deemed required, the second sentence is denied

43.     The first sentence is admitted.  The second sentence is denied, except to admit that compliance with 13 U.S.C. § 141's end-of-year deadline was a reason for following the Replan.

44.     The first sentence of this paragraph is Plaintiffs' characterization of unspecified statements, and Defendants respectfully refer the Court to those statements for a full and accurate statement of their contents; to the extent a response is deemed required, the first sentence is denied.  The second sentence is denied.  Defendants lack knowledge or information sufficient to form a belief about the allegations of the third sentence.  The fourth and fifth sentences are denied.

45.     The allegations of this paragraph are denied, except to admit that Plaintiffs represent themselves to be local governments and civil rights and civic organizations.

46.     The first and second sentence contain Plaintiffs' characterization of the relief sought in this lawsuit, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  The third sentence is denied.

47.     The allegations of this paragraph are denied.

48.     This paragraph is a legal conclusion to which no response is required; to the extent a response is deemed required, the paragraph is denied.

49.     This paragraph is a legal conclusion to which no response is required; to the extent a response is deemed required, the paragraph is denied, except to admit that Defendants are officers and agencies of the United States sued in their official capacities only.

50.     This paragraph is a legal conclusion to which no response is required; to the extent a response is deemed required, the paragraph is denied.

51.     This paragraph is a legal conclusion to which no response is required; to the extent a response is deemed required, the paragraph is denied.

52.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

53.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

54.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

55.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

56.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

57.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

58.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first, second, and third sentences of this paragraph, but the second and third sentences are admitted to the extent the figures reflected are derived from the Census Bureau's website.  The fourth and fifth sentences are admitted.  The sixth sentence is denied.

59.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

60.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first, second, fourth, and fifth sentences of this paragraph, but the second and third sentences are admitted to the extent the figures reflected are derived from the Census Bureau's website.  The third sentences is admitted.

61.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

62.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first, second, and third sentences of this paragraph, except to admit that Los Angeles County is recognized as a difficult county to count.  The fourth sentence is denied, except to admit that as of August 14, 2020, before the 2020 Census was completed, 53.8% of households in the City of Los Angeles had responded to the 2020 Census, and that in 2010 the City's final self-response rate was 68%.

63.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

64.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first and second sentences of this paragraph, but the second sentence is admitted to the extent the allegation is derived from the Census Bureau's website.  Defendants lack knowledge or information sufficient to form a belief about the third sentence, except to admit that as of August 14, 2020, before the 2020 Census was completed, 57.2% of households in the City of Salinas had responded to the 2020 Census.  The fourth sentence is admitted.

65.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

66.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first, second, third, fifth, sixth, and seventh sentences, but the second and third sentences are admitted to the extent the figures reflected are derived from the Census Bureau's website.  Defendants lack knowledge or information sufficient to form a belief about the fourth sentence, except to admit the allegation to the extent the figures reflected are derived from the Census Bureau's website.

67.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

68.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

69.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

70.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph, except to admit that as of August 28, 2020, before the 2020 Census was completed, the self-response rates in Detroit, Cleveland, and Newark were as alleged to the extent the figures reflected are derived from the Census Bureau's website.

71.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

72.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first, second, and third sentences, but the second and third sentences are admitted to the extent the figures reflected are derived from the Census Bureau's website.  The fourth and fifth sentences are admitted.   The sixth sentence is denied, except to admit that 58.1% is a lower percentage than 64.7%.

73.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

74.     Defendants lack knowledge or information sufficient to form a belief about the first, second, and third sentences.  The fourth and sixth sentences are admitted, but Defendants deny that 62.2% is well below 66.9% or 64.7%.  The fifth sentence is denied, except to admit that Los Angeles County is recognized as a difficult county to count.

75.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

76.     Defendants lack knowledge or information sufficient to form a belief about the allegations of the first, fifth, and sixth sentences, except to admit that most households in the Navajo Nation are enumerated through census field operations and to admit the stated figures to

the extent they are derived from the Census Bureau's website.  The second, third, and fourth sentences are admitted to the extent the figures reflected are derived from the Census Bureau's website.

77.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

78.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph, except to admit that as of August 28, 2020, before the 2020 Census was completed, 9.5% of households in the Gila River Indian Community had self-responded to the 2020 Census to the extent the figures reflected are derived from the Census Bureau's website.

79.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

80.     The first two sentences are admitted.   The third sentence is Plaintiffs' characterization of a federal statute, 13 U.S.C. § 141(a), and Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents; to the extent a response is deemed required, the third sentence is admitted.

81.     This paragraph is admitted.

82.     This paragraph is admitted.

83.     This paragraph is admitted.

84.     This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of a constitutional provision, U.S. Const., art. I, § 2; Defendants refer to that provision for a full and accurate statement of its contents, and deny any allegations inconsistent with that provision.

85.     This paragraph is admitted.

86.     This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of a judicial decision, *Wisconsin v. City of New York*, 517 U.S. 1 (1996); Defendants respectfully refer the Court to that decision for a full and accurate statement of its contents, and deny any allegations inconsistent with that decision.

87.     This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of a judicial decision, *Department of Commerce v. New York*, 139 S. C.t 2551 (2019); Defendants respectfully refer the Court to that decision for a full and accurate statement of its contents, and deny any allegations inconsistent with that decision.

88.     This paragraph is a legal conclusion to which no response is required.  To the extent a response is deemed required, this paragraph is denied.

89.     Defendants deny that the Census Bureau had a constitutional and statutory mandate to undertake all of the steps described in this paragraph; the allegations are otherwise admitted.

90.     Defendants deny that the Census Bureau had a constitutional and statutory mandate to undertake all of the steps described in this paragraph; Defendants admit that they created an operational plan to, among other things, collect data from census respondents and to process that data.

91.     The first sentence is admitted.  The second sentence is Plaintiffs' characterization of Version 4.0 of the 2020 Census Operational Plan ("Final Operational Plan"); Defendants admit that the quoted language appears in the document and respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

92.     This paragraph is a legal conclusion to which no response is required, and is 'Plaintiffs' characterization of a federal statute, the Paperwork Reduction Act, 44 U.S.C. § 3504(c), and Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants admit that OMB approves certain materials related to census operations.

93.     Defendants lack knowledge or information sufficient to form a belief about the allegation that the Office of Management and Budget formally reviewed all pre-COIVD-19 plans for the decennial census.  Defendants admit that the Office of Management and Budget issued certain approvals under the Paperwork Reduction Act related to the 2020 Census.

94.     This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

95.     This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

96.     This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

97.     This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

98.     This paragraph is admitted.

99.     This paragraph is admitted.

100.    This paragraph is Plaintiffs' characterization of unspecified detailed operational plans, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents; to the extent a response is deemed required, Defendants admit that the Census Bureau produced detailed operational plans to supplement the Final Operational Plan.

101.    This paragraph is Plaintiffs' characterization of unspecified detailed operational plans, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents; to the extent a response is deemed required, Defendants admit that the detailed operational plans are generally based in substantial part on the work of officials possessing relevant expertise.

102.    The first sentence of this paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  The second sentence is Plaintiffs' characterization of this lawsuit, to which no response is required; to the extent a response is deemed required, the allegation is denied.

103.    This paragraph is Plaintiffs' definition of "data-collection," to which no response is required; to the extent a response is deemed required, the allegation is denied.

104.    This paragraph is Plaintiffs' definition of "data-processing," to which no response is required; to the extent a response is deemed required, the allegation is denied.

105.    This paragraph is denied, except to admit that both data collection and data processing must occur in order to achieve the Census Bureau's stated goal alleged in this paragraph.

106.    This paragraph is admitted.

107.    The allegations of this paragraph consist of Plaintiffs' characterization of the 2020 Census Operational Plan and the supplemental detailed operational plans; Defendants refer to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

108.    This paragraph is admitted.

109.    This paragraph is admitted.

110.    Defendants deny that Update Leave is an enumeration method; the remaining allegations of this paragraph is admitted.

111.    This paragraph is denied.

112.    This paragraph is admitted.

113.    The fourth sentence is denied; the remaining allegations of this paragraph are admitted.

114.    The first sentence of this paragraph is Plaintiffs' characterization of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and deny any allegations inconsistent with that document.

115.     This paragraph consists of Plaintiffs' characterizations of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.   Defendants further aver that the 2020 Census Detailed

Operational Plan for Nonresponse Followup Operation states "a goal of reducing the number of contact attempts on each household."

116.     This paragraph is Plaintiffs' characterization of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

117.     This paragraph is Plaintiffs' characterization of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents; to the extent a response is deemed required, the allegations are admitted, except to deny that it has collected data from the nonexistent Department of Housing and Urban Renewal.

118.     This paragraph is Plaintiffs' characterization of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

119.     This paragraph is Plaintiffs' characterization of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

120.     The first, second, and fourth sentences are admitted.  The third sentence is denied.

121.     This paragraph is denied, except to admit that if the Census Bureau is unable to enumerate a household after six contact attempts, it will use other methods to do so.

122.     This paragraph is admitted.

123.     This paragraph is admitted.

124.     The allegations of this paragraph are denied.

125.     The first sentence is admitted.  The second sentence is denied, except to admit that the Nonresponse Followup operation involves both collecting information and attempting to

improve accuracy where possible.  The third sentence is denied; Defendants respectfully refer the Court to the Final Operational Plan for what is entailed to "get a fair and accurate account."

126.    This paragraph is Plaintiffs' characterization of the 2020 Census Detailed Operational Plan for Nonresponse Followup Operation; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

127.    This paragraph is admitted to the extent the figures reflected are derived from the Census Bureau's website.

128.    This paragraph is admitted.

129.    This paragraph is admitted.

130.    This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

131.    The allegations of this paragraph are denied, except to admit that hard-to-count populations have lower self-response rates than the general population and make up a larger proportional share of Nonresponse Followup contact attempts.

132.    This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

133.    This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

134.     This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

135.    The allegations of this paragraph are denied except to admit that census data has a variety of uses, including in congressional reapportionment, redistricting, civil-rights enforcement, and research.

136.    This paragraph is admitted.

137.    This paragraph is admitted.

138.    This paragraph is admitted.

139.    This paragraph is admitted.

140.    This paragraph is admitted.

141.    This paragraph is admitted.

142.    This paragraph is admitted.

143.    This paragraph is admitted.

144.    The first sentence is denied, except to admit that administrative records and imputation are used for population and demographic data on housing units not enumerated during field operations.  The second sentence is denied.

145.    The first and second sentences are denied.  The third sentence is denied, except to admit that the use of lower-quality data is likelier to result in inaccurate information than the use of higher-quality data.

146.    The first sentence is admitted.  The second sentence is denied, except to admit that imputation involves the use of data collected through methods other than imputation.  The third sentence is denied except to admit that the Census Bureau designed its imputation methodology to work together with its other forms of data gathering to produce a complete enumeration.

147.    This paragraph is admitted.

148.    This paragraph is admitted.

149.    This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

150.    This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

151. This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

152. This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

153. This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

154. This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

155. This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

156. This paragraph is admitted.

157. This paragraph is admitted; Defendants further state that the Census Bureau commenced a soft launch of its self-response website shortly before March 10, 2020.

158. Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph, but admit the COVID-19 pandemic resulted in limitations on ordinary activity in many parts of the nation.

159. This paragraph is Plaintiffs' characterization of a March 18, 2020 statement by Census Bureau Director Dillingham; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

160. This paragraph is Plaintiffs' characterization of a March 28, 2020 statement by the Census Bureau, and Defendants respectfully refer the Court to that document for a full and accurate

statement of its contents; to the extent a response is deemed required, Defendants admit that the Census Bureau suspended field operations on March 28, 2020, for two additional weeks.

161.    This paragraph is admitted.

162.    Defendants deny the allegations in the first sentence except to admit that the suspension of field operations announced on March 18, 2020 resulted in limitations on the hiring and training of enumerators for field operations.  Defendants deny the allegations in the second sentence except to admit that the suspension of field operations announced on March 18, 2020 resulted in limitations on background checks and fingerprinting for enumerators.

163.    This paragraph is denied.

164.    This paragraph is Plaintiffs' characterization of an April 13, 2020 statement by the Census Bureau; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

165.    The first sentence is a legal conclusion to which no response is required, and is Plaintiffs' characterization of a federal statute, the Paperwork Reduction Act, 44 U.S.C. § 3507(h)(3); Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents.  The second and third sentences are admitted.

166.    This paragraph is Plaintiffs' characterization of an April 27, 2020 statement by the Census Bureau; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

167.    This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

168.    This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

169.   This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

170.   This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

171.   This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

172.   This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

173.   This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

174.   This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

175.   This paragraph is admitted.

176.   This paragraph is Plaintiffs' characterization of an April 14, 2020 statement by former Census Bureau officials; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

177.    This paragraph is Plaintiffs' characterization of an April 14, 2020 statement by former Census Bureau officials; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

178.    This paragraph is Plaintiffs' characterization of an April 13, 2020 statement by Vanita Gupta; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

179.    This paragraph is Plaintiffs' characterization of an April 13, 2020 statement by Secretary Ross and Director Dillingham; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

180.    This paragraph contains a sentence fragment to which no response is required; to the extent a response is deemed required, the paragraph is denied.

181.    This paragraph is Plaintiffs' characterization of an April 13, 2020 news article quoting President Trump; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

182.    This paragraph is denied, except to admit that the Census Bureau began implementing the COVID-19 plan after the plan's announcement.

183.    This paragraph is denied, except to admit that the Census Bureau sought statutory deadline relief from Congress.

184.    This paragraph is denied.

185.    This paragraph is Plaintiffs' characterization of a May 26, 2020 YouTube video; Defendants respectfully refer the Court to that video for a full and accurate statement of its contents, and deny any allegations inconsistent with that video.

186.    This paragraph is Plaintiffs' characterization of a July 8, 2020 press briefing transcript; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

187.    This paragraph is admitted.

188.    This paragraph is denied, except to admit that Nonresponse Followup operations were more limited between May 13, 2020 and July 31, 2020 than originally anticipated.

189.    This paragraph is Plaintiffs' characterization of the COVID-19 Plan, which is available at ECF No. 37-2, Ex. 4; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

190.    This paragraph is denied.

191.    This paragraph is denied, except to admit that 161 stateside offices reopened on or around August 9, 2020.

192.    This paragraph is denied, except to admit that the Census Bureau for a certain period through on or about July 31, 2020 communicated that self-responses would be accepted until October 31, 2020.

193.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

194.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

195.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

196.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

197.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

198.    This paragraph is denied.

199.    This paragraph is denied.

200.    The first sentence is denied.  The remaining allegations of this paragraph are Plaintiffs' characterization of an August 3, 2020 Census Bureau press release, which is available at         https://www.census.gov/newsroom/press-releases/2020/delivering-complete-accurate-count.html  ("August 3 Press Release"); Defendants respectfully refer the Court to that document

for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

201.    The first statement is Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  Defendants deny the second sentence except to admit that the August 3 Press Release announcing updates to the Census Bureau's plan to complete the census by the statutory deadline of December 21, 2020 consisted of a statement by Director Dillingham, not Secretary Ross.

202.    The allegations of this paragraph are Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

203.    The allegations of this paragraph are Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

204.    The allegations of this paragraph are Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

205.    The allegations of this paragraph are Plaintiffs' characterization of the Final Operational Plan and the August 3 Press Release; Defendants refer to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

206.    The allegations of this paragraph are Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

207.    The allegations of this paragraph are Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

208.   The allegations of this paragraph are Plaintiffs' characterization of the August 3 Press Release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

209.   This paragraph is denied.

210.   This paragraph is denied, except to admit that certain Census Bureau employees made statements during the alleged time period questioning the ability to complete the census by the end of 2020.

211.   This paragraph is denied, except to admit that certain Census Bureau employees made statements during the alleged time period questioning the ability to complete the census by the end of 2020.

212.   The allegations of this paragraph are Plaintiffs' characterization of an excerpt from an unspecified statement by an unspecified individual; Defendants respectfully refer the Court to that statement for a full and accurate statement of its contents and deny any allegations inconsistent with that statement.

213.   The allegations of this paragraph are Plaintiffs' characterization of excerpts from unspecified statements by unspecified individuals; Defendants refer to those statements for a full and accurate statement of their contents, and deny any allegations inconsistent with those statements.

214.   The allegations of this paragraph are Plaintiffs' characterization of a document entitled "Elevator Speech"; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

215.   The allegations of this paragraph are Plaintiffs' characterization of an email by Tim Olson; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

216.   The allegations of this paragraph are Plaintiffs' characterization of a document entitled "Elevator Speech"; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

217.    The allegations of this paragraph are denied, except to admit that the Census Bureau website was modified on or about July 31, 2020 to omit references to Nonresponse Followup and self-response operations continuing through October 31, 2020.

218.    The allegations of this paragraph are Plaintiffs' characterization of an August 11, 2020 NPR news report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

219.    This paragraph is admitted.

220.    This paragraph is denied.

221.    The allegations of this paragraph are Plaintiffs' characterization of an August 4, 2020 press release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

222.    The allegations of this paragraph are Plaintiffs' characterization of an August 4, 2020 press release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

223.    The allegations of this paragraph are Plaintiffs' characterization of an August 5, 2020 letter; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

224.    The allegations of this paragraph are Plaintiffs' characterization of an August 5, 2020 letter; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

225.    The allegations of this paragraph are Plaintiffs' characterization of a July 31, 2020 press release; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

226.    The first sentence is denied.  The remaining allegations of this paragraph are Plaintiffs' characterization of an August 11, 2020 NPR news report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

227.     The first sentence is denied.    The remaining allegations are Plaintiffs' characterization of their later allegations, to which no response is required; to the extent a response is deemed required, the allegations are denied.

228.     This paragraph is denied.

229.     The allegations of this paragraph are denied, except to admit that the period for Nonresponse Followup in the Replan is not as lengthy as that in the Final Operational Plan.

230.     This paragraph is admitted.

231.     The allegations of this paragraph are denied, except to admit that Nonresponse Followup began in mid-July 2020 and on August 9, 2020 in New Mexico, South Carolina, Texas, and Georgia, and that the Census Bureau's determination of which Area Census Offices to open during the soft-launch phase was based on the state of the pandemic in a given area according to CDC data, as well as state and local restrictions.

232.     The first, second, third, and fifth sentences are denied.  Defendants admit that the self-response rate in Los Angeles on August 18, 2020, before the census was completed, was lower than the final self-response rate for Los Angeles in the 2010 Census.

233.     Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

234.     The allegations of this paragraph are Plaintiffs' characterization of an August 11, 2020 press release and the 2020 Census Final Operational Plan; Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

235.     This paragraph is denied.

236.     The first sentence is denied.  The remaining allegations of this paragraph are Plaintiffs' characterization of the Household Pulse Survey, a description and results of which are available       at       https://www.census.gov/data/experimental-data-products/household-pulse-survey.html; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

237.     This paragraph is denied.

238.    This paragraph is denied, except to admit that the Census Bureau encountered retention issues with enumerators.

239.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

240.    The allegations of this paragraph are Plaintiffs' characterization of a July 8, 2020 press briefing; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

241.    The allegations of this paragraph are Plaintiffs' characterization of an August 8, 2020 news report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

242.    The allegations of this paragraph are Plaintiffs' characterization of an August 8, 2020 news report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

243.    The allegations of this paragraph are Plaintiffs' characterization of an August 11, 2020 news report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

244.    The allegations of this paragraph are denied.

245.    The allegations of this paragraph are Plaintiffs' characterization of a June 2020 GAO report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

246.    The allegations of this paragraph are Plaintiffs' characterization of a June 2020 GAO report; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

247.    The first sentence is denied.  Defendants lack knowledge or information sufficient to form a belief about the allegations of the second sentence.

248.    This paragraph is denied.

249.    This paragraph is denied.

250.    This paragraph is denied.

251.   This paragraph is denied.

252.   This paragraph is denied.

253.   This paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

254.   This paragraph is denied.

255.   This paragraph is denied.

256.   This paragraph is Plaintiffs' characterization of the Final Operational Plan and the Replan; Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with that document.

257.   The first two sentences of this paragraph is Plaintiffs' characterization of the Final Operational Plan; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document. Defendants deny the allegations in the third and fourth sentences except to admit that, under the Replan, Non-Response Follow Up was scheduled to be completed by September 20, 2020.

258.   This paragraph is denied.

259.   This paragraph is denied.

260.   This paragraph is denied.

261.   This paragraph is Plaintiffs' characterization of the Final Operational Plan and the COVID-19 plan; Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

262.   This paragraph is denied.

263.   The first sentence is denied. The second sentence is Plaintiffs' characterization of a July 23 communication by Timothy Olson; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

264.    This paragraph is Plaintiffs' characterization of a communication by Kathleen Styles; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

265.    The first sentence is denied.  The second sentence is Plaintiffs' characterization of a communication by James Treat; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

266.    This paragraph is Plaintiffs' characterization of an unspecified document; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

267.    The first sentence is denied.   The remaining allegations are Plaintiffs' characterization of their later allegations, to which no response is required; to the extent a response is deemed required, the allegations are denied.

268.    This paragraph is Plaintiffs' characterization of the Final Operational Plan and the COVID-19 Plan; Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

269.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

270.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

271.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

272.    This paragraph is denied.

273.    This paragraph is denied, except to admit that the Census Bureau uses information from Internal Revenue Service administrative records.

274.    This paragraph is denied.

275.    The first sentence is denied.  The second sentence is Plaintiffs' characterization of an unspecified document; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

276.    This paragraph is Plaintiffs' characterization of the Court's preliminary injunction order and the documents quoted in that order; Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

277.    This paragraph is Plaintiffs' characterization of a report by the Commerce Department Office of Inspector General; Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

278.    This paragraph is denied.

279.    This paragraph is denied.

280.    This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of a federal statute, the Paperwork Reduction Act, 44 U.S.C. § 3504, and Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents.

281.    This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of a federal statute, the Consolidated Appropriations Act, FY 2001, Pub. L. No. 106-554, and Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents.

282.    This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of an OMB guideline, OMB, Standards and Guidelines for Statistical Surveys § 2 (2006), and Defendants respectfully refer the Court to that guideline for a full and accurate statement of its contents.

283.    This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of an OMB guideline, OMB, Standards and Guidelines for Statistical

Surveys § 2 (2006), and Defendants respectfully refer the Court to that guideline for a full and accurate statement of its contents.

284.   This paragraph is denied.

285.   This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of an OMB guideline, OMB, Standards and Guidelines for Statistical Surveys § 2 (2006), and Defendants respectfully refer the Court to that guideline for a full and accurate statement of its contents.

286.   The first sentence is denied.  The second sentence is Plaintiffs' characterization of the Final Operational Plan and of the COVID-19 Plan, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with those documents.  The third sentence is denied.

287.   This paragraph is a legal conclusion to which no response is required, and is Plaintiffs' characterization of an OMB guideline, OMB, Standards and Guidelines for Statistical Surveys § 2 (2006), and Defendants respectfully refer the Court to that guideline for a full and accurate statement of its contents.

288.   This paragraph is denied.

289.   This paragraph is denied.

290.   Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

291.   Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

292.   Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

293.   Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

294.   Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

295.   This paragraph is denied.

296.    This paragraph is denied.

297.    The first sentence is denied.  The second sentence is Plaintiffs' characterization of a 2010 GAO report, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

298.    This paragraph is denied.

299.    This paragraph is denied.

300.    The first sentence is Plaintiffs' characterization of the Final Operational Plan, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  The second and third sentences are denied.

301.    The first sentence is denied.  The second sentence is admitted insofar as it generally describes imputation and describes one possible use of an imputation method, and the allegation is otherwise denied.

302.    The first sentence is admitted.  The second sentence is denied.  Defendants lack knowledge or information sufficient to form a belief about the allegations of the third sentence. The fourth sentence is a hypothetical argument to which no response is required, and is otherwise denied.

303.    This paragraph is denied.

304.    The first sentence is denied.  The second sentence is Plaintiffs' characterization of a statement by Secretary Ross and Director Dillingham, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

305.    This paragraph is Plaintiffs' characterization of a statement by Director Dillingham, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

306.    This paragraph is denied.

307.    This paragraph is denied.

308.    The first sentence is admitted.  The second sentence is denied.

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
Case No. 5:20-cv-05799-LHK

309. This paragraph is admitted.

310. This paragraph is admitted.

311. This paragraph is denied.

312. This paragraph is denied.

313. Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

314. This paragraph is denied.

315. This paragraph is denied.

316. The first sentence is Plaintiffs' characterization of the Louis Declaration, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document. The second sentence is denied.

317. The first sentence is denied. The second and third sentences are Plaintiffs' characterization of the Thompson Declaration and the Louis Declaration, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

318. This paragraph is Plaintiffs' characterization of the Hillygus Declaration and the Louis Declaration, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

319. This paragraph is denied.

320. This paragraph is Plaintiffs' characterization of *Carey v. Klutznick*, 637 F. 2d 834, 837 (2d Cir. 1980), and Defendants respectfully refer the Court to that decision for a full and accurate statement of their contents, and deny any allegations inconsistent with that decision.

321. This paragraph is Plaintiffs' characterization of *Utah v. Evans*, 536 U.S. 452, 462 (2002), and Defendants respectfully refer the Court to that decision for a full and accurate statement of their contents, and deny any allegations inconsistent with that decision.

322. The first sentence is denied. The second sentence is admitted. The third sentence is denied, except Defendants admit that they sought an extension from Congress and closely

1  monitored congressional actions on the deadline extension request in order to decide whether to

2  adopt a new plan.

3          323.    This paragraph is denied.

4          324.    This paragraph is denied.

5          325.    This paragraph is denied.

6          326.    The first sentence is admitted.  The second sentence is denied.

7          327.    The first sentence is denied.  The second sentence is a hypothetical argument to

8  which no response is required, and is otherwise denied.  The third sentence is denied.

9          328.    This paragraph is denied.

10         329.    The allegations of this paragraph are denied, except to admit that two individuals

11  joined the Census Bureau in political (*i.e.*, non-career) positions in or around late June 2020.

12         330.    This paragraph is denied, except to admit that in or around mid-July 2020, the

13  Office of Management and Budget submitted a supplemental funding request of $1 billion for the

14  2020 Census for, among other things, timely delivery of quality data.

15         331.    The first sentence is denied.  The second sentence is admitted.

16         332.    This paragraph comprises hypothetical arguments about the future that incorporate

17  unstated assumptions, and to which no response is required.  To the extent that a response is

18  deemed required, Defendants lack knowledge or information sufficient to form a belief about any

19  allegations in this paragraph and therefore deny them.

20         333.    This paragraph is denied.

21         334.    This paragraph is denied.

22         335.    This paragraph is denied.

23         336.    The first and second sentences are admitted.  The third sentence is Plaintiffs'

24  characterization of *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019), and Defendants

25  respectfully refer the Court to that decision for a full and accurate statement of its contents, and

26  deny any allegations inconsistent with that decision.

27

28

337.    This paragraph is Plaintiffs' characterization of remarks by President Trump, and Defendants respectfully refer the Court to those remarks for a full and accurate statement of their contents, and deny any allegations inconsistent with those remarks.

338.    The first sentence is denied.    The remaining allegations are Plaintiffs' characterization of a study by Thomas Hofeller, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

339.    This paragraph is Plaintiffs' characterization of filings in litigation in the Southern District of New York, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

340.    This paragraph is Plaintiffs' characterization of Executive Order No. 13,880, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

341.    This paragraph is denied.

342.    This paragraph is denied.

343.    The first sentence is denied.    The remaining allegations are Plaintiffs' characterization of statements by Secretary Ross, and Defendants respectfully refer the Court to those statements for a full and accurate statement of their contents, and deny any allegations inconsistent with those statements.

344.    The first sentence is denied.    The remaining allegations are Plaintiffs' characterization of AR DOC_10275, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

345.    This paragraph is denied.

346.    This paragraph is denied.

347.    This paragraph is denied.

348.    This paragraph is denied.

349.   This paragraph is denied.

350.   This paragraph is denied.

351.   This paragraph is denied.

352.   This paragraph is Plaintiffs' characterization of an op-ed by Secretary Ross and Defendants' Opposition to Plaintiffs' request for a TRO, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

353.   This paragraph is admitted.

354.   This paragraph is denied.

355.   This paragraph is Plaintiffs' characterization of Al Fontenot's September 5, 2020 declaration, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

356.   This paragraph is denied.

357.   This paragraph is denied.

358.   The first sentence is Plaintiffs' characterization of an unspecified subject, and Defendants lack knowledge or information sufficient to form a belief about the allegation.  To the extent a response is deemed required, denied.   The second sentence is admitted.

359.   The first and second sentences are admitted.  The third sentence is denied.

360.   The first sentence is denied.   The remaining allegations are Plaintiffs' characterization of the Hillygus Declaration and the Thompson Declaration, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

361.   Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

362.   Defendants lack knowledge or information sufficient to form a belief about the allegations of the first sentence.  The second sentence is denied.

363.   This paragraph is denied.

364.   This paragraph is a hypothetical argument to which no response is required, and is otherwise denied.

365.   The first sentence is denied.  The second sentence is admitted.  The remaining allegations of this paragraph, including Plaintiffs' chart, are denied, except to the extent the figures reflected are derived from the Census Bureau's website.

366.   This paragraph is Plaintiffs' characterization of a 2010 Census Bureau chart, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

367.   This paragraph is denied.

368.   The first sentence is denied.  The second, third, fourth, fifth, sixth, and seventh sentences are Plaintiffs' characterization of unspecified internal Census Bureau documents, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.  The eight sentence is denied.

369.   This paragraph is denied.

370.   This paragraph is Plaintiffs' characterization of a 2010 OIG report and the Final Operational Plan, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

371.   This paragraph is Plaintiffs' characterization of a 2010 OIG report and the Final Operational Plan, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

372.   This paragraph is Plaintiffs' characterization of the Final Operational Plan, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

373.   The first sentence is Plaintiffs' characterization of declarations by Al Fontenot, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.  The second sentence is Plaintiffs' characterization of a 2018 Census Bureau statement, and Defendants respectfully

refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  The third sentence is denied.

374.    The first sentence is denied.  The second sentence is Plaintiffs' characterization of the 2020 Census Detailed Operation Plan for NRFU, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

375.    The first sentence is Plaintiffs' characterization of a declaration by Al Fontenot, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  The second sentence is denied.

376.    The first and second sentences are denied.  The third sentence is Plaintiffs' characterization of an August 2020 Census Bureau press statement, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  The fourth sentence is Plaintiffs' characterization of an August 2020 memorandum for Steven Dillingham, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.  The fifth and sixth sentences are Plaintiffs' characterization of an AR DOC_0007737, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

377.    The first sentence is denied.   The remaining allegations are Plaintiffs' characterization of a declaration by Al Fontenot, and Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

378.    This paragraph is denied.

379.    This paragraph is denied.

380.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

381.    This paragraph is denied.

382.    This paragraph is Plaintiffs' characterization of the cited documents filed on the docket in this case, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

383.    This paragraph is Plaintiffs' characterization of the cited documents filed on the docket in this case, and Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents, and deny any allegations inconsistent with those documents.

384.    Defendants lack knowledge or information sufficient to form a belief about the allegations of this paragraph.

385.    This paragraph is denied.

386.    This paragraph is denied.

387.    This paragraph is denied, except to admit the existence of reports describing allegations and complaints from enumerators about census field managers.

388.    This paragraph characterizes an email to the Court filed at ECF No. 222; Defendants respectfully refer the Court to that document for full and accurate statements of its contents.  Defendants filed a declaration addressing that document at ECF No. 244, and deny any allegations in this paragraph inconsistent with that declaration.

389.    This paragraph characterizes an anonymized email to the Court filed at ECF No. 238, and Defendants respectfully refer the Court to that anonymized email for a full and accurate statement of its contents, and deny any allegations inconsistent with that document.

390.    This paragraph is denied.  *See* ECF No. 326–1 ¶¶ 5–6.

391.    This paragraph characterizes an enumerator's supposed "report[s]," and Defendants respectfully refer the Court to those reports for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.

392.    This paragraph is denied.

393.    With regard to the first sentence in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence in this paragraph and therefore deny the allegations in that sentence.  The second sentence characterize "the relevant ACO's completion rate" and the completion rates of "the area," and Defendants

respectfully refer the Court to the ACO completion rates for a full and accurate statement of those completion rates, and deny any allegations inconsistent with that information.

394.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

395.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

396.    This paragraph is denied.

397.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

398.    This paragraph is denied.

399.    This paragraph is denied.

400.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

401.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

402.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

403.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

404.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

405.    Defendants filed a declaration addressing the allegations in this paragraph and ECF No. 244, and deny any allegations in this paragraph inconsistent with that declaration.

406.    This paragraph is denied.

407.    This paragraph is denied.

408.    Defendants admit that "[m]any people were displaced or relocated for various reasons during the 2020 Census."  Defendants deny the remaining allegations in this paragraph.

409.    Defendants admit that "many students who normally would have been at locations close to college and university campuses returned to their parents' homes in light of school closures due to the COVID-19 pandemic."  Defendants deny the remaining allegations in this paragraph.

410.    Defendants admit that "in New York City, many people left their city addresses and relocated."  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore deny them.

411.    This paragraph characterizes the contents of a certain report made by an enumerator in Northern California, and Defendants respectfully refer the Court to that report for a full and accurate statement of its contents, and deny any allegations inconsistent with those contents.

412.    Defendants admit that the completion rates in the 2020 Census was "better than previous censuses" and that there are certain "differences between the 2020 Census and previous censuses."  Defendants deny the remaining allegations in this paragraph.

413.    This paragraph is denied.

414.    The first sentence of this paragraph characterizes the contents of a certain October 21, 2020, media call, and Defendants respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents, and deny any allegations inconsistent with those contents.  The remaining allegations in this paragraph are denied.

415.    This paragraph is denied.

416.    Defendants deny the allegations in this paragraph, except to admit that a smattering of individuals, have communicated with the Court, and Defendants respectfully refer the Court to those communications for full and accurate statements of their contents.

417.    This paragraph characterizes certain representations made in the course of this litigation, and Defendants respectfully refer the Court to those representations for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.

418.    This paragraph characterizes certain representations made by Associate Director Fontenot and Defendants (through counsel), and Defendants respectfully refer the Court to those

representations for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.

419.     This paragraph characterizes certain representations made by Defendants (through counsel), Secretary Ross, and Deputy Director Jarmin, and Defendants respectfully refer the Court to those representations for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.

420.     Defendants deny the allegations in this paragraph, except to admit that data-processing operations did not begin on October 6, 2020.

421.     Defendants deny the allegations in this paragraph except to admit:  (i) that 13 U.S.C. § 141(b) contains a statutory deadline, and Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents; and (ii) Defendants relied on this statutory deadline as a reason for adopting the Replan.

422.     The first sentence of this paragraph characterizes certain statements made by Defendants, and Defendants respectfully refer the Court to those representations for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents. Defendants lack knowledge or information sufficient to form a belief as to what "Plaintiffs believe," and therefore deny the allegations in the third sentence of this paragraph.  Defendants deny the remaining allegations in this paragraph.

423.     This paragraph is denied.

424.     This paragraph characterizes census response rates of the City of Los Angeles and the State of California as of August 9, 2020, and Defendants respectfully refer the Court to the census response rates for those locations on that date for a full and accurate statement of their contents.  Defendants admit that a 53.1% rate is lower than a 64.5% rate.  Any remaining allegations in this paragraph are denied.

425.     This paragraph characterizes census response rates of various cities and states as of "the first day of Non-Response Follow Up," and Defendants respectfully refer the Court to the census response rates for those locations on the respective dates for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to

whether certain of the Plaintiffs have affiliates, constituents, and/or members, and, if so, where those affiliates, constituents, and/or members are located, and accordingly deny those allegations.  Any remaining allegations in this paragraph are denied.

426.   Defendants lack knowledge or information sufficient to form a belief as to where Plaintiffs Ellis and Garcia reside, and therefore deny the first sentence of this paragraph.  The second sentence of this paragraph characterizes census response rates of Houston and Texas "at the beginning of Non-Response Follow Up," and Defendants respectfully refer the Court to the census response rates for those locations on that date for a full and accurate statement of their contents.  Defendants admit that a 54% rate is lower than a 58.2% rate.  Any remaining allegations in this paragraph are denied.

427.   This paragraph is denied.

428.   This paragraph is denied.

429.   This paragraph is denied.

430.   This paragraph is denied.

431.   Defendants lack knowledge or information sufficient to form a belief as to the total number of programs and money allocated to states and localities on the basis of "census-derived information" (which programs and monies may not necessarily be federal in origin), and therefore deny the allegations in the first sentence of this paragraph.  The second sentence characterizes vague "funding to states for federal transportation planning purposes, education, and healthcare," and Defendants respectfully refer the Court to federal law and regulations regarding federal funding mechanisms for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.  Any remaining allegations in this paragraph are denied.

432.   This paragraph characterizes certain requirements of the Every Student Succeeds Act, and Defendants respectfully refer the Court to the Every Student Succeeds Act and its implementing regulations for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.  Defendants lack knowledge or information

sufficient to form a belief as to what they consider to be "important federal programs," and therefore deny the remaining allegations in this paragraph.

433.    This paragraph characterizes certain requirements of the Every Student Succeeds Act, and Defendants respectfully refer the Court to the Every Student Succeeds Act and its implementing regulations for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.  Any remaining allegations in this paragraph are denied.

434.    This paragraph is denied.

435.    This paragraph characterizes certain requirements of certain named and unnamed federal programs, and Defendants respectfully refer the Court to federal law and regulations regarding those named and unnamed federal programs for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.  Any remaining allegations in this paragraph are denied.

436.    Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff mean by the phrase "these programs" in the first sentence of this paragraph, and therefore deny the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph are denied.

437.    This paragraph characterizes certain requirements of certain named and unnamed federal programs, and Defendants respectfully refer the Court to federal law and regulations regarding those named and unnamed federal programs for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.  Any remaining allegations in this paragraph are denied.

438.    The first sentence of this paragraph characterizes responses rates of cities with over 500,000 people, and Defendants respectfully refer the Court to those response rates for a full and accurate statement of their contents, and deny any allegations inconsistent with those contents.  The allegations in the second sentence of this paragraph are denied.

439.    Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff non-profits have members, and, if so, where those members live, and

1    accordingly deny the allegations in the first sentence of this paragraph.  The allegations in the

2    second sentence of this paragraph are denied.

3         440.    This paragraph characterizes "the allocation of federal transportation," and

4    Defendants respectfully refer the Court to federal law and regulations regarding the "allocation

5    of federal transportation" for a full and accurate statement of their contents, and deny any

6    allegations inconsistent with those contents.  Any remaining allegations in this paragraph are

7    denied.

8         441.    Defendants lack knowledge or information sufficient to form a belief as to

9    whether Plaintiffs Ellis and Garcia regularly drive on highways and roads in Texas and therefore

10   deny the allegations in the first paragraph of this sentence.  The allegations in the second

11   sentence of this paragraph are denied.

12        442.    This paragraph is denied.

13        443.    Defendants lack knowledge or information sufficient to form a belief as to where

14   Plaintiffs Ellis and Garcia reside, and therefore deny the first sentence of this paragraph.  The

15   second and third sentences of this paragraph characterize self-response rates and the number of

16   Texas households in the Non-Response Follow Up universe, and Defendants respectfully refer

17   the Court to that data for a full and accurate statement of their contents, and deny any allegations

18   inconsistent with those contents.  Any remaining allegations in this paragraph are denied.

19        444.    This paragraph is denied.

20        445.    This paragraph is denied.

21        446.    Defendants lack knowledge or information sufficient to form a belief as to what

22   an unspecified study has predicted, and therefore denies the allegations in this paragraph.

23        447.    This paragraph is denied.

24        448.    This paragraph is denied.

25        449.    The allegations in the first sentence of this paragraph are denied.  Defendants lack

26   knowledge or information sufficient to form a belief as to the allegations in the second sentence

27   of this paragraph and therefore deny them.

28

450.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

451.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

452.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

453.    The allegations in the first sentence of this paragraph are denied.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore deny them.

454.    This paragraph is denied.

455.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

456.    Defendants deny the characterization of the Replan.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore deny them.

457.    This paragraph is denied.

458.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

459.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

460.    This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants incorporate by reference the responses set forth in the preceding paragraphs.

461.    This paragraph comprises legal conclusions that do not require a response.

462.    This paragraph is admitted.

463.    Defendants admit that the Census Bureau took certain actions in light of the COVID-19 pandemic that were necessary at the time, as outlined in the COVID-19 Plan, and Defendants respectfully refer the Court to that document for a full and accurate statement of its

1   contents, and deny any allegations inconsistent with that document.  Defendants deny the

2   remaining allegations in this paragraph.

3          464.    This paragraph is denied.

4          465.    This paragraph is denied.

5          466.    This paragraph is denied.

6          467.    This paragraph does not contain any allegations that require a response.  To the

7   extent that a response is required, Defendants incorporate by reference the responses set forth in

8   the preceding paragraphs.

9          468.    This first sentence of this paragraph comprises legal conclusions that do not

10  require a response.  The allegations in the second sentence of this paragraph are denied.

11         469.    This paragraph comprises legal conclusions that do not require a response.

12         470.    Defendants admit the allegations in the first sentence.  The remainder of the

13  paragraph is Plaintiffs' characterization of the Final Operational Plan for the 2020 Census;

14  Defendants respectfully refer the Court to that document for a full and accurate statement of its

15  contents, and deny any allegations inconsistent with that document.

16         471.    Defendants admit that the COVID-19 pandemic has impacted certain census

17  operations.  The remaining allegations in this paragraph characterize the COVID-19 Plan, and

18  Defendants respectfully refer the Court to the COVID-19 Plan for a full and accurate statement

19  of its contents, and deny any allegations inconsistent with those contents.  Any remaining

20  allegations in this paragraph are denied.

21         472.    Defendants admit that the COVID-19 pandemic has impacted certain census

22  operations.  The second sentence of this paragraph characterizes certain statements of Census

23  Bureau officials, and Defendants respectfully refer the Court to those statements for a full and

24  accurate statement of their contents, and deny any allegations inconsistent with those contents.

25  Any remaining allegations in this paragraph are denied.

26         473.    Defendants admit that the Census Bureau modified operations in light of the

27  COVID-19 pandemic.   All remaining allegations in this paragraph are denied.

28         474.    This paragraph is denied.

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
Case No. 5:20-cv-05799-LHK

475.    This paragraph is denied.

476.    This paragraph is denied.

477.    This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants incorporate by reference the responses set forth in the preceding paragraphs.

478.    This paragraph comprises legal conclusions that do not require a response.

479.    Defendants deny the allegations in this paragraph except to admit:  (i) that 13 U.S.C. § 141(b) contains a statutory deadline, and Defendants respectfully refer the Court to that statute for a full and accurate statement of its contents; and (ii) Defendants relied on this statutory deadline as a reason for adopting the Replan.

480.    This paragraph is denied.

481.    Defendants admit that they implemented the COVID-19 Plan for a period of time, and that the Census Bureau modified operations in light of the COVID-19 pandemic.  All remaining allegations in this paragraph are denied.

482.    This paragraph is denied.

483.    This paragraph is denied.

484.    This paragraph is denied.

485.    This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants deny any allegations in this paragraph, and deny that Plaintiffs are entitled to any relief.

486.    This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants deny any allegations in this paragraph, and deny that Plaintiffs are entitled to any relief.

487.    This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants deny any allegations in this paragraph, and deny that Plaintiffs are entitled to any relief.

488.     This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants deny any allegations in this paragraph, and deny that Plaintiffs are entitled to any relief.

489.     This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants deny any allegations in this paragraph, and deny that Plaintiffs are entitled to any relief.

490.     This paragraph does not contain any allegations that require a response.  To the extent that a response is required, Defendants deny any allegations in this paragraph, and deny that Plaintiffs are entitled to any relief.

The section headings and paragraph headings used in Plaintiffs' Second Amended Complaint are Plaintiffs' characterizations of their claims to which no response is required, but to the extent a response is deemed required, those headings are denied.

Defendants hereby deny all allegations in Plaintiffs' Second Amended Complaint not expressly answered or qualified herein, and respectfully request that Plaintiffs' Second Amended Complaint be dismissed.

### DEFENSES

1.     The Court lacks subject-matter jurisdiction over this action.

2.     Plaintiffs lack standing.

3.     Plaintiffs' claims are not ripe.

4.     Plaintiffs' claims comprise non-justiciable political questions.

5.     Plaintiffs' claims are moot.

6.     Plaintiffs do not challenge "final agency action" under the Administrative Procedure Act.

7.     The timing and conduct of the census is committed to agency discretion by law under the Administrative Procedure Act.

8.     Plaintiffs fail to state a claim upon which relief can be granted under the Enumeration Clause.

9.      Plaintiffs fail to state a claim upon which relief can be granted under the
Administrative Procedure Act.


DATED:  December 30, 2020                    Respectfully submitted,

                                            JEFFREY BOSSERT CLARK
                                            Acting Assistant Attorney General

                                            JOHN V. COGHLAN
                                            Deputy Assistant Attorney General

                                            AUGUST E. FLENTJE
                                            Special Counsel to the Assistant
                                              Attorney General

                                            ALEXANDER K. HAAS
                                            Branch Director

                                            DIANE KELLEHER
                                            BRAD P. ROSENBERG
                                            Assistant Branch Directors

                                            */s/ M. Andrew Zee*
                                            ELLIOTT M. DAVIS
                                            STEPHEN EHRLICH
                                            JOHN J. ROBINSON
                                            ALEXANDER V. SVERDLOV
                                            M. ANDREW ZEE (CA Bar. No. 272510)
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, D.C. 20005
                                            Telephone: (202) 305-9803

                                            *Attorneys for Defendants*