[Counsel identified on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., | CASE NO.  5:20-cv-05799-LHK |
| Plaintiffs, | **JOINT DISCOVERY STATUS REPORT** |
| v. | |
| WILBUR L. ROSS, JR., et al., | Place:  Courtroom 8 |
| Defendants. | Judge:  Hon. Lucy H. Koh |

1    Pursuant to the Court's December 28, 2020 Order Continuing Case Management

2  Conference (Dkt. 411), the parties to this action, by their respective counsel, respectfully submit

3  the following Joint Discovery Status Report.

4    The parties previously submitted a Joint Case Management Statement on December 18,

5  2020 (Dkt. 394), a Joint Discovery Status Report on December 22, 2020 (Dkt. 402), and a Joint

6  Discovery Status Report on December 30, 2020 (Dkt. 417), which described the parties'

7  numerous discovery disputes in detail.  Essentially all of those disputes remain ongoing.

8  Because there have been relatively few developments since the December 30, 2020 Status

9  Report, and in the interest of efficiency, the parties will not repeat here in detail the general

10  descriptions of the discovery disputes contained in that filing, but focus instead on relevant

11  updates and topics for the Court.

12  I.    **DOCUMENT PRODUCTIONS**

13    **Plaintiffs' Position**

14    As described in the December 30 Status Report, Plaintiffs continue to wait for a large but

15  tailored set of critical materials Defendants have never produced, despite agreement and Court

16  order.  Plaintiffs had hoped that a productive meet and confer call with Defendants' counsel on

17  Monday, December 28 would be a turning point, and that additional Court involvement would

18  not be necessary to force Defendants to finally produce these materials.  But in a follow-up meet

19  and confer just yesterday, Sunday, January 3, those hopes were dashed.  With respect to the key

20  summary data reports responsive to half of Plaintiffs' RFPs, Defendants produced nothing,

21  identified nothing already produced and instead told Plaintiffs to run their own searches, and

22  made clear that they have no intent to abide by their discovery obligations or this Court's orders.

23    Defendants bought themselves another week of time on December 28 by appearing to be

24  reasonable, but their playbook remains the same as since the inception of this case:  deny

25  information and the existence of documents; produce dribs and drabs only when ordered or

26  uncovered; attempt to hide as many documents as possible under exaggerated and improper

27  claims of privilege; and do everything to try and run out the clock.  To that they have added one

28  additional mainstay from a discovery resister's handbook: give yourself an out by dropping a

1    "truckload" of documents, burying whatever relevant information there is under thousands of

2    blank and irrelevant materials, and hope that the inflated document count from Trump campaign

3    emails, pizza and handbag advertisements, LinkedIn notifications and more will bury the fact

4    that key documents aren't part of the production.  Or at least eat up time until discovery closes.

5         Plaintiffs now have no choice but to seek formal relief from this Court.  They will do so

6    shortly via a motion for sanctions/contempt focused on the summary report data responsive to

7    Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues and

8    improprieties (RFP Nos. 2–4, 6–10, 15, 16, and 18).  Such a motion is necessary because

9    Defendants desperately do not want anyone (including Plaintiffs' experts) to test their various

10   "trust us" assertions about how terrific and complete the 2020 Census count was, and their empty

11   assurances about forthcoming materials have lost all promise.  But that is not the extent of

12   Defendants' discovery failings.  Should Defendants continue to refuse to produce the other

13   missing and withheld materials in full, Plaintiffs will be very shortly forced to file a third motion

14   for discovery relief.

15        Below is a brief, non-exclusive summary—taken from the December 28 meet-and-confer

16   agenda and the December 30 status report—of some of the most pressing open items:

17
18      **1.  Failure to produce critical, sufficient-to-show materials on Census metrics (including via CIG reports, despite claims), contrary to Court order and availability of data per 30(b)(6) deposition**

19
20        o  As set forth above, Defendants have not produced this material despite assurances and direct Court order.  Dkts. 372, 380.
21   Defendants have now said that they will <u>not</u> produce it—but that Plaintiffs should just be satisfied with interrogatory
22   responses that Defendants will shortly serve.  Plaintiffs intend to file a motion for sanctions/contempt shortly.

23      **2.  Failure to produce current plans/schedule, contrary to Court order**

24
25        o  The Court ordered this production via its December 13 Order.
     Dkt. 380.  The production was to occur between December 14 and
26   December 21.  On December 30, Defendants produced 84 documents related to this issue, current up to December 29.
27   Plaintiffs are reviewing for completeness and potential follow-up.

28

3. **Failure to produce any recent documents, but instead decide to make mid/late December *en masse* productions that had arbitrary cutoffs in November**

   o   As noted, some of the materials Defendants very recently produced for (2) above are current, but the vast bulk of materials produced between December 14-21, as compelled by the Court in its December 13 Order, had arbitrary cut-offs in November.  Defendants have said they are looking to update their productions, but have provided no date certain for completion as of yet.  They should produce updated materials immediately.

4. **Failure to produce any documents from key custodians (Olson, Lamas) contrary to discovery schedule and representations to Court**

   o   In a very recent December 31, 2020 production, Defendants finally starting producing materials from these custodians, after Plaintiffs raised the issue with the Court.  The production appears to contain 871 documents from Lamas and 172 from Olson.  Initial review of these materials indicates, yet again, a vast trove of largely irrelevant materials, such as mass marketing emails and news mailers.  Plaintiffs need these productions completed in full immediately.

5. **Failure to produce documents from known sources of key materials—i.e., EGG (Data Quality Executive Guidance (Governance) Group); OIG shared drive repository; enumerator complaint and communications emails/repositories**

   o   Defendants have produced nothing from these core sources, particularly from the EGG—a group that Albert Fontenot has previously claimed, to this Court, was formed precisely to "provide direction and approvals about quality assessments of changes to the operational plans and of the 2020 Census data during and after the data collection process." Dkt. 323-1 at 5.  There is no way Defendants did not know about the EGG, its email list, and its networked location—and their deliberate decision to not produce materials from it is highly troubling.  The materials should be produced immediately.

6. **Failure to produce any documents from 10 of the identified custodians, contrary to agreement**

   o   In an effort to reach a good-faith compromise on open items, Plaintiffs told Defendants that these materials could take a backseat to the far more pressing items referenced in numbers 1-5 above.  But in light of the fact that Defendants have

produced an extremely meager set of materials for #1-5 since December 21, (the last day of the productions under the Court's earlier order to compel), Plaintiffs are worried Defendants will never produce anything from this set.

**Defendants' Position**

Plaintiffs mischaracterize Defendants' document production efforts and the explanations that Defendants have provided Defendants throughout the discovery process.  There has been no violation of the Court's order, and Defendants will respond to whatever motion Plaintiffs file.

Briefly, while Defendants understand that Plaintiffs are dissatisfied with the manner in which discovery has proceeded, Plaintiffs have only their broad discovery requests to blame. Defendants have explained many times the manner in which they would be satisfying Plaintiffs' "sufficient to show" requests, and have, in fact, produced the documents they indicated they would provide.  Those documents, which include CIG briefings, EGG briefings, anomaly trackers, and other materials were produced to Plaintiffs on December 14, 2020, following the Court's Order to compel; at the time, the briefing materials were current as of the beginning of the December (a fact that Defendants pointed out to Plaintiffs in email).  Last week, following another updated collection, Defendants produced another set of materials which are dated as recently as *December 29, 2020*.  Plaintiffs' allegations that Defendants have not produced such material is thus completely unfounded.

Further, Defendants have been fully forthright about their discovery efforts.  Defendants' explanations about the ways they would satisfy Plaintiffs' requests appeared in their objections and responses to Plaintiffs' requests for production; Defendants have reiterated those explanations during multiple meet and confer conferences; and Defendants have detailed their position in at least the last two CMC statements.  Plaintiffs therefore should not be surprised by Defendants' position—which is that Defendants have sought to fulfill Plaintiffs' requests with the materials that are actually available.  Defendants do not believe the Federal Rules of Civil Procedure require Defendants to generate documents to satisfy sufficient-to-show requests, and even if such an obligation could be imposed on the Census Bureau, writing new code and then running queries would be unduly burdensome as the employees needed to search for this data are

the same employees who are trying to finish the census.

Further, as Defendants explained to Plaintiffs yesterday, Defendants intend to produce additional data and other information which appear to fit the description of what Plaintiffs are seeking in response to Plaintiffs' Interrogatories.  Defendants suggest that Plaintiffs consider this data and information before categorically characterizing it as insufficient.

Further, there are ongoing document productions, and Defendants are undertaking these additional productions in accordance with the custodians Plaintiffs have identified as priorities.  Defendants have produced documents for custodians Tim Olson and Enrique Lamas.  Defendants expect to finish these productions by the end of this week.

Plaintiffs have also asked about obtaining documents from centralized Census Bureau emails addresses.  Defendants will be producing emails sent to rumors@census.gov this week.  Defendants are not able to produce documents from the oig.doc.gov domain.  The Office of the Inspector General (OIG) is its own entity, and it is not a party to this litigation; while Defendants can and have produced documents that they were sent to the OIG (as they did earlier in this matter), they are not able to obtain and produce documents from OIG's own records and files.

## II.   PRIVILEGE LOGS AND RELATED DISPUTES

### A.   "Executive Privilege" Documents

**Plaintiffs' Position**

As set forth in the December 30 Status Report, the Magistrate Judge Panel ordered production of "the 2,944 documents that declarant Brian DiGiacomo identified on December 12 as 'likely subject to Executive privilege' in ECF 376-2 ¶ 12, unless they were identified on the December 21 log and the privilege was not overruled in this order." *Id.*  On January 3, Defendants provided 2,268 documents that Defendants have determined are not responsive to Plaintiffs' discovery requests for *in camera* review.

As explained in Plaintiffs' Status Update on Order Granting in Part and Denying in Part Plaintiffs' Requests for Relief, Defendants have not provided Plaintiffs the information requested regarding the remaining categories of documents described in Mr. DiGiacomo's Declaration –

1    the quantity that should have been produced because they are responsive and not privileged, the

2    privilege log entries that correspond to the documents that have purportedly been logged, or the

3    basis for "carving out" and failing to log large quantities of documents that include certain

4    attorneys or search terms.  As noted in the Notice filed by Defendants on January 3, 2021 (Dkt.

5    422), they still have not provided the requested information.  Thus, while Plaintiffs are mindful

6    of the Court's Order providing a motion deadline of January 4, 2021 (Dkt. 421) to address

7    Defendants' request for relief from the Magistrate Judge Panel's Order, Plaintiffs respectfully

8    request additional time to file such a motion after they have received the promised information

9    from Defendants.  Doing so will enable Plaintiffs to narrow the scope of any motion filed and

10   reduce the burden on the Court.

11          **Defendants' Position**

12          Defendants are still undertaking efforts to provide answers to questions Plaintiffs have

13   asked about a set of documents from Defendants' production involving "eop.gov" documents

14   (ECF 408).  Defendants provided partial information in response to those questions during the

15   parties' meet and confer on January 3, 2021, but were not able to provide more information due

16   to the holiday weekend and limited staffing at the contractor charged with managing Defendants'

17   document productions.  Because Defendants are continuing to provide additional information

18   about "eop.gov" documents, Defendants recognize that it is difficult for Plaintiffs to file a motion

19   seeking additional relief from the Magistrate Judge Panel by the court-ordered January 4, 2021

20   deadline.  *See* Defs.' Notice, ECF 422.  So, as Defendants explained in their recent Notice,

21   Defendants agree with Plaintiffs' request above that Plaintiffs be permitted to file any motion

22   after the current January 4 deadline so that the parties can further confer on this issue.  *Id.*

23          **B.      ~19,000 Documents Withheld and Not Logged**

24          **Plaintiffs' Position**

25          As discussed in the December 30 Joint Status Report, Plaintiffs' position is that

26   Defendants have failed to properly log a significant number of documents which do not include a

27   litigation attorney.   Those include a number of documents that do not include any attorney at all,

28   but instead hit on a term, such as "ACP" or "WP."  It is unheard of for parties to carve out

1    documents that simply contain such terms and *never even look at them or log them*, but pretend

2    they never existed.  As the Court will recall, Plaintiffs were extremely surprised when—out a

3    potentially privileged universe of over 25,000 document, Defendants produced a log of 163

4    entries alone.  Mass, improper carveouts like the above appear to be the reason.

5         During the parties' January 3, 2021 meet-and-confer, Plaintiffs renewed their request for

6    the information requested regarding the basis for these large swaths of documents not being

7    logged.  Defendants agreed to provide this information in the short-term, and Plaintiffs will then

8    address the specific categories of documents over which Defendants have failed to properly

9    claim privilege under the Federal Rules of Civil Procedure.

10        **Defendants' Position**

11        On their January 3, 2021 meet and confer, the parties further discussed Defendants'

12   efforts to ensure that litigation-related material involving DOJ and Commerce Department

13   counsel, or material generated by Commerce or Census personnel connected with the litigation,

14   not be included in productions to Plaintiffs.  Defendants understand Plaintiffs' concerns in this

15   regard and plan to provide Plaintiffs with additional information in response to their questions

16   this week.

17

18   **III.    DEPOSITIONS**

19        **A.    December 17, 2020 30(b)(6) Deposition**

20        **Plaintiffs' Position**

21        As discussed in the Joint Statement filed on December 18, Plaintiffs maintain that neither

22   witness was adequately prepared on various aspects of the noticed topics.  Plaintiffs have

23   provided Defendants a list of tailored questions which are critical to Plaintiffs' case and which

24   Defendants' deponents were unable to answer at the deposition.  On December 27, Plaintiffs sent

25   a letter including written questions for Defendants provide written answers in a declaration or

26   other document under penalty of perjury.  Defendants confirmed receipt but have otherwise not

27   yet responded.  Plaintiffs are hopeful that it will not need further Court involvement, but are

28

1  concerned that, in light of other discovery deficiencies noted herein, Defendants will not

2  promptly respond.

3         **Defendants' Position**

4         Defendants maintain that both witnesses were adequately prepared for the depositions.  In

5  the interest of resolving the dispute, however, Defendants are willing to provide Plaintiffs

6  answers to the questions they posed via declarations and plan to do so by January 4, 2020.

7  Defendants have also responded to various emails from Plaintiffs on matters related to these

8  follow-up questions.

9         **B.       Additional Depositions**

10        Plaintiffs served a 30(b)(6) notice on Defendants on December 24, 2020 for a deposition

11  from the Department of Commerce.  That deposition was supposed to occur on December 31,

12  2020, but Defendants asked to move it to January 5, 2020 in light of the holidays, and also sent a

13  letter stating that they will not make their witness available to testify as to certain topics.

14        Plaintiffs have agreed to the requested date change, subject to Defendants providing the

15  name of the witness(es) and confirming that Commerce is not sending any population,

16  Presidential Memo, or apportionment counts/numbers to the President prior to the January 5

17  deposition.  The parties met and conferred on January 3 regarding the topics and were able to

18  resolve Defendants' objections.  Defendants will prepare a witness on all noticed topics,

19  consistent with the parties' meet and confer.

20  **IV.     DISCOVERY SCHEDULE**

21        **Plaintiffs' Position**

22        For the reasons set forth above and in the December 30, 2020 Status Report, Plaintiffs

23  propose slightly amending the case schedule to allow 2 more weeks for Defendants to produce

24  critical discovery in this case.  Nothing else should move, including any deadlines specific to

25  Defendant.  The parties are in this position solely because of Defendants' actions, so the limited

26  extension should be such so as to provide enough time for Defendants to solve the problems they

27  have created, but without providing a boon to Defendants for their own improper conduct.  And

28

importantly, as the attached schedule shows (with additional inserts for clarity), the only

difference between the parties is as to the first two dates—the schedule then converges.

Plaintiffs propose the following schedule, subject of course to the to the Court's

availability:

| Scheduled Event | Current Dates (2021) | New Dates (2021) |
|---|---|---|
| Close of Fact Discovery | January 7 | January 7 (Defs) January 21 (Pls) |
| Opening Expert Reports | January 14 | January 14 (Defs) January 26 (Pls) |
| Rebuttal Expert Reports | January 21 | February 2 |
| Close of Expert Discovery | January 28 | February 9 |
| Cross-Motions for Summary Judgment (one per side in entire case) | February 4 | February 16 |
| Oppositions to Cross-Motions for Summary Judgment | February 11 | February 23 |
| Hearing on Motions for Summary Judgment | February 18, 1:30 p.m. | March 2, 1:30 p.m. |
| Motions in Limine (three per side, limited to three pages each) | March 5 | March 5 |
| Oppositions to Motions in Limine | March 8 | March 8 |
| Final Pretrial Conference | March 11, 1:30 p.m. | March 11, 1:30 p.m. |
| Bench Trial | March 19, 9:00 a.m. | March 19, 9:00 a.m. |
| Length of Trial | 5 days | 5 days |

In the December 30 Status Report, Defendants stated that pushing out these two deadlines

by two weeks "would undermine fundamental principles of fairness in adversarial proceedings."

Dkt. 417 at 19.  Plaintiffs saw Defendants' positions for the first time roughly 15 minutes before

that filing was due, and so did not have a chance to respond.  They briefly do so here.

First, Defendants' position is a remarkable and telling shift.  At the December 28 meet

and confer, when Plaintiffs discussed the idea of a 12-day discovery push as a way for the parties

to build in enough time for Defendants to produce the materials it had improperly held,

Defendants suggesting moving the March trial date—and thereby building even more time for

discovery.  Plaintiffs rejected that suggestion.  And to then see Defendants urge just a 1-week

1  extension, even where Defendants have *still* to produce so many key materials—seemed strategic

2  at best.

3        Second, Defendants' cry about "fundamental principles of fairness," in these

4  circumstances, undercuts rather than supports Defendants' position.  The Court has broad

5  inherent authority to manage its affairs and enforce compliance with its orders.  *See Goodyear*

6  *Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain

7  'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve

8  the orderly and expeditious disposition of cases.") (internal citations and quotation marks

9  omitted); *Fraihat v. U.S. Immigration & Customs Enf't*, 2020 WL 2758553, at *3 (C.D. Cal.

10  May 15, 2020) ("Courts have inherent authority to monitor and enforce their prior orders."

11  (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)).  In circumstances where it is

12  undeniable that one party and one party alone—here, Defendants—is to blame for a delay that

13  will prejudice another, it is unfair to *not* extend the time, and to allow the wrongdoer to gain a

14  boon (additional discovery time for themselves) for their misconduct.  Defendants *have all the*

15  *data they want,* and whoever their expert will be has had months to prepare her or his report.

16  Months, with full access to everything.  Plaintiffs have *zero* data, and Defendants are doing

17  everything in their power to prejudice Plaintiffs' experts—first by restricting access to that data,

18  and then by making sure they have as little time as possible (a few weeks to Defendants' months)

19  to do anything with it.  "Fundamental principles of fairness" condemn *Defendants'* conduct.

20  **Defendants' Position**

21        In the last CMC statement Defendants proposed a fair schedule extension that would

22  accommodate the needs of both sides in this action.  Since then, Plaintiffs appear to have

23  retreated into proposing disparate discovery deadlines as a punitive tool to leverage for strategic

24  advantage.  That is not the purpose of discovery, and offensive to notions of a fair adversarial

25  proceeding.  Defendants note that they have *already* been subject to much more burdensome

26  discovery than Plaintiffs—including having just half the time allotted to Plaintiffs to respond to

27  interrogatories and requests for admission.  Plaintiffs' attempt to press for even further advantage

28  by applying unequal rules should not be countenanced for at least two reasons.

1    First, contrary to Plaintiffs' erroneous contention above, Defendants would not oppose a

2  12-day extension of fact discovery, so long as both sides are treated equally.  Defendants' actual

3  proposal—which Plaintiffs have failed to grasp—was for all Defendants' document productions

4  to be completed this week so that all fact depositions could take place the week of January

5  11.  This staggering was meant to address *Plaintiffs'* ongoing complaints about the availability of

6  documents in advance of depositions.  But if Plaintiffs would prefer to simply extend fact

7  discovery by 12 days *for both parties*, then Defendants would be amenable to such an extension

8  as well.  What Defendants oppose is the creation of different discovery deadlines for Plaintiffs

9  and Defendants.

10    Second, Plaintiffs' contention that "Defendants have all the data they want" while

11  Plaintiffs "have zero data" is patently absurd.  As explained above, Defendants have produced

12  tens of thousands of documents, including data-related documents.  As for Plaintiffs, they have

13  just begun producing documents after unilaterally converting Defendants' document requests

14  into sufficient-to-show requests.  Ironically, their basis for doing so—after Defendants have

15  produced nearly 100,000 documents in response to the onerous discovery demands Plaintiffs

16  have foisted onto Defendants—is because Defendants' document requests are supposedly

17  "harassing in light of the expedited discovery schedule in this case, and that Defendants' requests

18  are not relevant to any defenses raised by Defendants."  That Plaintiffs raise this frivolous

19  objection late in an agreed-upon discovery schedule and then demand extra time for *their*

20  *discovery alone* merely highlights the unfairness of extending deadlines on a one-sided basis, for

21  Plaintiffs alone.

22

23

24

25

26

27

28

1    Dated: January 4, 2021                    LATHAM & WATKINS LLP

2                                              By: /s/ Sadik Huseny

3                                                  Sadik Huseny

4                                              Sadik Huseny (Bar No. 224659)
                                               sadik.huseny@lw.com
5                                              Steven M. Bauer (Bar No. 135067)
                                               steven.bauer@lw.com
6                                              Amit Makker (Bar No. 280747)
                                               amit.makker@lw.com
7                                              Shannon D. Lankenau (Bar. No. 294263)
                                               shannon.lankenau@lw.com
8                                              **LATHAM & WATKINS LLP**
                                               505 Montgomery Street, Suite 2000
9                                              San Francisco, CA 94111
                                               Telephone: 415.391.0600
10                                             Facsimile: 415.395.8095

11                                             Melissa Arbus Sherry (*pro hac vice*)
                                               melissa.sherry@lw.com
12                                             Richard P. Bress (*pro hac vice*)
                                               rick.bress@lw.com
13                                             Anne W. Robinson (*pro hac vice*)
                                               anne.robinson@lw.com
14                                             Tyce R. Walters (*pro hac vice*)
                                               tyce.walters@lw.com
15                                             Gemma Donofrio (*pro hac vice*)
                                               gemma.donofrio@lw.com
16                                             Christine C. Smith (*pro hac vice*)
                                               christine.smith@lw.com
17                                             **LATHAM & WATKINS LLP**
                                               555 Eleventh Street NW, Suite 1000
18                                             Washington, D.C. 20004
                                               Telephone: 202.637.2200
19                                             Facsimile: 202.637.2201

20                                             *Attorneys for Plaintiffs National Urban League;*
                                               *League of Women Voters; Black Alliance for*
21                                             *Just Immigration; Harris County, Texas; King*
                                               *County, Washington; City of San Jose,*
22                                             *California; Rodney Ellis; Adrian Garcia; and*
                                               *the NAACP*

23   Dated: January 4, 2021                    By: /s/ Jon M. Greenbaum

24                                             Kristen Clarke (*pro hac vice*)
                                               kclarke@lawyerscommittee.org
25                                             Jon M. Greenbaum (Bar No. 166733)
                                               jgreenbaum@lawyerscommittee.org
26                                             Ezra D. Rosenberg (*pro hac vice*)
                                               erosenberg@lawyerscommittee.org
27                                             Ajay Saini (*pro hac vice*)
                                               asaini@lawyerscommittee.org
28                                             Maryum Jordan (Bar No. 325447)

mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League;
City of San Jose, California; Harris County,
Texas; League of Women Voters; King County,
Washington; Black Alliance for Just
Immigration; Rodney Ellis; Adrian Garcia; the
NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

1     Doreen McPaul, Attorney General
      dmcpaul@nndoj.org
2     Jason Searle (*pro hac vice*)
      jasearle@nndoj.org
3     **NAVAJO NATION DEPARTMENT OF**
      **JUSTICE**
4     P.O. Box 2010
      Window Rock, AZ 86515
5     Telephone: (928) 871-6345

6     *Attorneys for Navajo Nation*

7
      Dated: January 4, 2021          By: /s/ Danielle Goldstein
8                                     Michael N. Feuer (Bar No. 111529)
                                      mike.feuer@lacity.org
9                                     Kathleen Kenealy (Bar No. 212289)
                                      kathleen.kenealy@lacity.org
10                                    Danielle Goldstein (Bar No. 257486)
                                      danielle.goldstein@lacity.org
11                                    Michael Dundas (Bar No. 226930)
                                      mike.dundas@lacity.org
12                                    **CITY ATTORNEY FOR THE CITY OF**
                                      **LOS ANGELES**
13                                    200 N. Main Street, 8th Floor
                                      Los Angeles, CA 90012
14                                    Telephone: 213.473.3231
                                      Facsimile: 213.978.8312
15
16                                    *Attorneys for Plaintiff City of Los Angeles*

17    Dated: January 4, 2021          By: /s/ Michael Mutalipassi
18                                    Christopher A. Callihan (Bar No. 203010)
                                      legalwebmail@ci.salinas.ca.us
19                                    Michael Mutalipassi (Bar No. 274858)
                                      michaelmu@ci.salinas.ca.us
20                                    **CITY OF SALINAS**
                                      200 Lincoln Avenue
21                                    Salinas, CA 93901
                                      Telephone: 831.758.7256
22                                    Facsimile: 831.758.7257

23                                    *Attorneys for Plaintiff City of Salinas*

24    Dated: January 4, 2021          By: /s/ Rafey S. Balabanian
25                                    Rafey S. Balabanian (Bar No. 315962)
                                      rbalabanian@edelson.com
26                                    Lily E. Hough (Bar No. 315277)
                                      lhough@edelson.com
27                                    **EDELSON P.C.**
                                      123 Townsend Street, Suite 100
28                                    San Francisco, CA 94107

Telephone: 415.212.9300
Facsimile: 415.373.9435

Rebecca Hirsch (*pro hac vice*)
rebecca.hirsch2@cityofchicago.org
**CORPORATION COUNSEL FOR THE**
**CITY OF CHICAGO**
Celia Mexa
Stephen J. Kane
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

Dated: January 4, 2021

By: /s/ Donald R. Pongrace
Donald R. Pongrace (*pro hac vice*)
dpongrace@akingump.com
Merrill C. Godfrey (Bar No. 200437)
mgodfrey@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
2001 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff Gila River Indian*
*Community*

Dated: January 4, 2021

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

DATED:  January 4, 2021

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

1

2          AUGUST E. FLENTJE
           Special Counsel to the Assistant
3            Attorney General

4          ALEXANDER K. HAAS
           Branch Director
5
           DIANE KELLEHER
6          BRAD P. ROSENBERG
           Assistant Branch Directors
7
8          /s/ Alexander V. Sverdlov
           ALEXANDER V. SVERDLOV
9            (New York Bar No. 4918793)
           STEPHEN EHRLICH
10         M. ANDREW ZEE
           Trial Attorneys
11         U.S. Department of Justice
           Civil Division - Federal Programs Branch
12         1100 L Street, NW
           Washington, D.C. 20005
13         Telephone: (202) 305-0550

14
15         *Attorneys for Defendants*

16

17

18                        **ATTESTATION**

19         I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this

20  document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred

21  in this filing.

22  Dated: January 4, 2021              **LATHAM & WATKINS** LLP

23                                      By:  /s/ Sadik Huseny
24                                           Sadik Huseny

25

26

27

28