UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>          Plaintiffs,<br><br>     v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>          Defendants. | Case No. 20-cv-05799 LHK<br><br>**ORDER AFTER AUDIT OF WITHHELD DOCUMENTS**<br><br>Re: ECF 407, 416, 417 |

This order follows our audit of a collection of documents withheld from production by Defendants. In our December 24 order on privilege disputes (ECF 407), we ordered Defendants to produce 2,944 documents that declarant Brian DiGiacomo identified on December 12 as "likely subject to Executive privilege" ECF 376-2 ¶ 12, unless they were identified on the December 21 privilege log and the privilege was not overruled in our December 24 order. Defendants objected to this part of our order under Fed. R. Civ. P. 72(a). ECF 408. (The dispute about these documents is also summarized in the December 30 joint status report, ECF 417). In their objection, Defendants argued that "a large number of these documents" are not responsive to Plaintiffs' document requests. ECF 408 at 2:11-12. District Court Judge Lucy H. Koh then ordered us to audit, in camera, a subset

of the withheld documents at issue. ECF 416. We accepted Defendants' procedural proposal as the more efficient of the two proposals to audit these documents. Specifically, in ECF 417, Defendants proposed "making available for in camera review all the non-responsive materials that formed the basis of the relief Defendants sought in their Rule 72 motion." ECF 417 at 16:25-26.

Defendants timely submitted documents to us for in camera review before noon on January 3. But instead of providing us 2,944 documents (the number identified by DiGiacomo on December 12 and ordered produced by us on December 24), or 2,477 documents (the number identified by DiGiacomo on December 26 in ECF 408-1), the Defendants provided 2,268 documents. A cover email (copied to Plaintiffs' counsel) from DOJ attorney M. Andrew Zee explained that the 2,268 documents are "derived from a universe of documents different from the 2,944 identified in Mr. DiGiacomo's December 12 Declaration, ECF 376-2, for several reasons."

We have audited the 2,268 documents submitted in camera by Defendants on January 3.[1] We find that this set of 2,268 documents is not responsive to the document requests from Plaintiffs. We therefore AMEND our December 24 order as to these 2,268 documents. Defendants do not need to produce them.

We also find Defendants must further explain what happened to the documents that were identified by Mr. DiGiacomo as withheld in his declarations on December 12 and 26 but were not included in the 2,268 documents provided for our in camera review. Were the remaining documents produced to plaintiffs? Identified on the December 21 privilege log? Withheld on some basis, and if so, what basis? Defendants must file a declaration answering these questions by January 6 at noon PST.

---

[1] Approximately 75 of the documents were blank, which we asked Defendants to explain. ECF 423, 425. We are satisfied with their response.

**IT IS SO ORDERED.**

Dated: January 4, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge

_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge

3