# EXHIBIT 2

| | |
|---|---|
| **From:** | Huseny, Sadik (Bay Area) |
| **Sent:** | Sunday, January 3, 2021 10:33 PM |
| **To:** | Sverdlov, Alexander V.; Robinson, Anne (DC); Kelleher, Diane (CIV) |
| **Cc:** | Bauer, Steve (Bay Area); Makker, Amit (Bay Area); Lankenau, Shannon (Bay Area); Donofrio, Gemma (DC); Rouse, Katherine (Bay Area); Rosenberg, Brad (CIV); Zee, M. Andrew (CIV); Ehrlich, Stephen (CIV); Robinson, John J. (CIV); Davis, Elliott M. (CIV); Avallone, Zachary A. (CIV) |
| **Subject:** | RE: NUL -- further information |

Thanks Aleks.

1. We disagree with your assertions and think the record and law are clear.  That is why, in the meet and confer this afternoon, your entire rationale for not having produced the summary report data was on the alleged Title 13 disclosure issues—not on this new argument about how you shouldn't have to produce materials that are clearly in the Census Bureau's system, and easily producible.  Taking a couple of days to appropriately query the Census Data Lake should have been done over a month ago, and is clearly required under the Federal Rules and interpretative case law.

2. Your claim that lawyer-drafted interrogatories can replace the actual data/summary reports sought by RFPs is simply made up; you still can cite to no authority for it.  I understand that Defendants very much want to only craft a prose answer on these issues that does not allow anyone else to test—with data—the veracity of Defendants' assertions.  But that is not the law.  We will very much expect to see a full answer to those Interrogatories.  In the meantime, you have forced us to pursue Defendants' improper conduct vis-à-vis our RFPs.

3. I asked you for a full description of the authority Defendants rely on for your claim, mentioned repeatedly during the meet and confer today, that Title 13 prevents Defendants from producing the data summary reports at the CFS and Census Tract levels; you admitted that Title 13 does not prevent that material at the ACO level.  I see nothing in your email on this issue, and nothing in the Abowd declaration on this either.  Without a single case to support your claim, it seems clear to us that Defendants are trying to twist Title 13 to protect their conduct from scrutiny.  We can't allow that.

4. I also asked you several times to provide us with a Bates-numbered list of the documents Defendants have allegedly already produced re: our 11 sufficient-to-show requests (since you said Defendants had done so).  Your answer during the meet and confer was for Plaintiffs to search your production ourselves.   I see that you still do not provide any Bates numbers below, and take that to mean Defendants will not identify a single such document.

On continuing the discussion, as you know, we have been pressing for these conversations for weeks in an effort to reach resolution.  But with no summary report data produced at all, and Defendants' shifting rationales, I have no basis to believe that Defendants have meant for this exercise to be anything other than delay.  Call me anytime you want.  But we can't let you delay resolution of this any longer.

Thanks –

Sadik

**From:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>
**Sent:** Sunday, January 3, 2021 7:22 PM
**To:** Robinson, Anne (DC) <Anne.Robinson@lw.com>; Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>; Huseny, Sadik (Bay Area) <Sadik.Huseny@lw.com>
**Cc:** Bauer, Steve (Bay Area) <steven.bauer@lw.com>; Makker, Amit (Bay Area) <Amit.Makker@lw.com>; Lankenau, Shannon (Bay Area) <Shannon.Lankenau@lw.com>; Donofrio, Gemma (DC) <Gemma.Donofrio@lw.com>; Rouse, Katherine (Bay Area) <Katherine.Rouse@lw.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew

(CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>; Davis, Elliott M. (CIV) <Elliott.M.Davis@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** RE: NUL -- further information

Sadik,

Following up on your request from the meet and confer this afternoon, I wanted to make several observations.

First, while I understand that Plaintiffs are dissatisfied with the manner in which discovery has proceeded, we have explained many times the manner in which we would be satisfying Plaintiffs' "sufficient to show" requests. Our explanations appeared in our objections and responses to Plaintiffs' requests for production; we have reiterated them during our meet and confer conferences; and we have detailed our position it at least the last two CMC statements. Plaintiffs therefore should not be surprised by our position—which is that Defendants have sought to fulfill Plaintiffs' requests with the materials that are actually available. We do not believe the Federal Rules of Civil Procedure require Defendants to generate documents to satisfy sufficient-to-show requests, and even if such an obligation could be imposed on the Census Bureau, writing new code and then running queries would be unduly burdensome as the employees needed to search for this data are the same employees who are trying to finish the census.

Second, as I mentioned on the call this afternoon, Defendants intend to produce additional data and other information which appear to fit the description of what you are seeking in response to Plaintiffs' Interrogatories. We suggest that you consider this data and information before categorically characterizing it as insufficient.

Third, the question about Title 13 disclosure avoidance is a legal question, and one in which it appears we are at an impasse. I will direct your attention to the John Abowd declaration we submitted earlier in this litigation, ECF 371-2, for a description of the nuances associated with Title 13 review and disclosure. I will note that, following our last meet and confer, we attempted to determine whether the provisions of Title 13 could allow Plaintiffs' expert to conduct an inspection, along the lines you had suggested. We determined that such an inspection would be inconsistent with the provisions of Title 13.

I would be happy to continue the conversation with you to the extent it would be productive.

Best,
Aleks

**Alexander Sverdlov**
Trial Attorney  |  Federal Programs Branch
Civil Division  |  U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone:  (202) 305-8550

---

**From:** Anne.Robinson@lw.com <Anne.Robinson@lw.com>
**Sent:** Saturday, January 02, 2021 11:43 PM
**To:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>
**Cc:** Sadik.Huseny@lw.com; steven.bauer@lw.com; Amit.Makker@lw.com; Shannon.Lankenau@lw.com; Gemma.Donofrio@lw.com; Katherine.Rouse@lw.com; Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich,

2

Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>; Davis, Elliott M. (CIV) <Elliott.M.Davis@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** FW: NUL -- further information

Diane,

We have just sent a call invite for 1 pm ET tomorrow.  We are hopeful that ahead of that time we will receive concrete answers on both issues discussed below.

Related to (2), the Magistrate Judge Panel ordered the production of the documents requests, responses, and relevant correspondence by 3 pm ET tomorrow (Sunday), along with the documents to be reviewed in camera.  We have attached here those documents and would ask that you produce them with the documents before that deadline.

We note that the Magistrate Judge Panel is expecting to review 2,477 based on Mr. DiGiacamo's declaration.  Our understanding, based on the Explanation you sent on Wednesday, is that this number has now changed – both increasing because of additional custodians and decreasing because of the large number of documents that were "carved out" because they hit on litigation terms.  Though as explained in my Thursday evening email, we cannot figure out how the 2,270 number is calculated and are hoping you can provide that clarity to us tomorrow morning.

Best,
Anne


**Anne W. Robinson**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2161

---

**From:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>
**Sent:** Thursday, December 31, 2020 3:38 PM
**To:** Huseny, Sadik (Bay Area) <Sadik.Huseny@lw.com>; Robinson, Anne (DC) <Anne.Robinson@lw.com>; Bauer, Steve (Bay Area) <steven.bauer@lw.com>; Makker, Amit (Bay Area) <Amit.Makker@lw.com>; Lankenau, Shannon (Bay Area) <Shannon.Lankenau@lw.com>; Donofrio, Gemma (DC) <Gemma.Donofrio@lw.com>; Rouse, Katherine (Bay Area) <Katherine.Rouse@lw.com>
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>; Davis, Elliott M. (CIV) <Elliott.M.Davis@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** RE: NUL -- further information

Sadik,

Thank you; much appreciated.  We will be in touch and understand the timeframes you note below.

Happy new year.

Best,
Diane

And PS just + Elliot Davis and Zach Avallone from our team; have been meaning to do that and kept forgetting to do so

---

**From:** Sadik.Huseny@lw.com <Sadik.Huseny@lw.com>
**Sent:** Thursday, December 31, 2020 3:21 PM
**To:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>; Anne.Robinson@lw.com; steven.bauer@lw.com; Amit.Makker@lw.com; Shannon.Lankenau@lw.com; Gemma.Donofrio@lw.com; Katherine.Rouse@lw.com
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** RE: NUL -- further information

Thanks Diane.

Ok, in the spirit of conciliation/trying to move forward, we will submit a short filing explaining that Defendants needs additional time to provide the information we have requested on the executive privilege documents and that we will brief this issue in the status report due Monday. We do this with the understanding that Defendants will provide answers to each of the questions in Anne's email from last night, so we have the necessary clarity on these issues.

Unfortunately, though, we cannot wait for Monday for additional information on these issues. The joint status report is due Monday at 9am, prior to our 2pm CMC, and we have to have that document locked down Sunday night for a timely filing.

Please provide the additional information on both (1) and (2) by Sunday at 1 pm Eastern. If you think we need to discuss that information, we propose a call at that time, and will send an invite to put it on our calendars. We are of course flexible.

We need to understand Defendants' positions on both issues by that call on Sunday. On (1) in particular, we just cannot understand the ongoing delay. You've had our RFPs on this since November 17, we've raised the issue numerous times, and the Court has issued orders regarding Defendant's production of reports that should have contained this information—but did not. We can wait no longer and are going to prepare a motion to compel/for sanctions on at least this issue on Sunday if we do not have productions from you, or crystal clear guarantees on this issue, by 1pm Sunday. I would rather do many other things on a Sunday afternoon than draft such a motion, but Defendants have forced us into that position.

Many thanks. As mentioned, we are available to get on a call today at any point.

Sadik

---

**From:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>
**Sent:** Thursday, December 31, 2020 11:13 AM
**To:** Huseny, Sadik (Bay Area) <Sadik.Huseny@lw.com>; Robinson, Anne (DC) <Anne.Robinson@lw.com>; Bauer, Steve (Bay Area) <steven.bauer@lw.com>; Makker, Amit (Bay Area) <Amit.Makker@lw.com>; Lankenau, Shannon (Bay Area) <Shannon.Lankenau@lw.com>; Donofrio, Gemma (DC) <Gemma.Donofrio@lw.com>; Rouse, Katherine (Bay Area) <Katherine.Rouse@lw.com>
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** RE: NUL -- further information

Sadik,

Thanks for your email.

4

On Item (2), we can definitely continue to engage with you on this issue today and Monday as we are able to confirm information and provide further explanations to you.  We would appreciate the chance to continue to do so as part of a meet and confer process and try to resolve or at least narrow any issues for court resolution.  With that in mind, we agree that a short filing would be appropriate at this juncture to minimize unnecessary disputes for the court.

On Item (1), we will further discuss with our client agencies and hope to have a final position for you by Monday.

We appreciate the outreach.

Best,
Diane

---

**From:** Sadik.Huseny@lw.com <Sadik.Huseny@lw.com>
**Sent:** Thursday, December 31, 2020 1:16 PM
**To:** Anne.Robinson@lw.com; Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>; steven.bauer@lw.com; Amit.Makker@lw.com; Shannon.Lankenau@lw.com; Gemma.Donofrio@lw.com; Katherine.Rouse@lw.com
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** RE: NUL -- further information

Hi Diane,

Following up on two important issues.  There are many more open items, of course, but these two seem particularly pressing right now:

1.  Data/reports on census metrics.  We really need to obtain the various data/metrics requests, which we need at the levels discussed, including ACO, CFS, and census tract.  We now know the reports can be run but that Defendants have not run them, and the notion that Title XIII is blocking production of these materials, two months in, is unpersuasive.  We made a point, in our submission yesterday, to say that there appears to be a new direction in Defendants' approach to the discovery disputes, and we have definitely seen that to some degree in the responses over the last few days.  But this is a very big item, and we need to discuss with you today where Defendants are with it.

2. "Executive privilege" documents and motion to compel.

As Anne says, we are in a bind here because we don't have enough information from Defendants on this—the response last night was confusing in multiple respects, and indicated some holes—but we have a Court-ordered deadline.

Do Defendants need more time to pull this information together?  We have a motion to compel largely ready to go, given the deadline currently in place, but if Defendants are working in good faith to get us this information and the data/reports mentioned above, we would be willing to submit a filing shortly that says Defendants have asked for more time and we will continue to try and resolve this one short of Court intervention.


Many thanks.  Both of these are important enough that we would have to seek Court relief very soon if we can't get to resolution, but we are loathe to bother the Court with more disputes unless we truly cannot reach agreement.

We are available today to get on a call to discuss.  Can we do 1:30 Eastern, 15 minutes from now, or 1:45 Eastern?   We don't have a ton of time prior to needing to file this motion, and I am sure many want to stop working at a reasonable hour today.

Sadik

---

**From:** Robinson, Anne (DC) <Anne.Robinson@lw.com>
**Sent:** Thursday, December 31, 2020 8:47 AM
**To:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>; Huseny, Sadik (Bay Area) <Sadik.Huseny@lw.com>; Bauer, Steve (Bay Area) <steven.bauer@lw.com>; Makker, Amit (Bay Area) <Amit.Makker@lw.com>; Lankenau, Shannon (Bay Area) <Shannon.Lankenau@lw.com>; Donofrio, Gemma (DC) <Gemma.Donofrio@lw.com>; Rouse, Katherine (Bay Area) <Katherine.Rouse@lw.com>
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** RE: NUL -- further information

Diane,
   Plaintiffs have no desire to short circuit any conferral process, which is why we sent the email below last night requesting the information below.  The information you provided yesterday simply does not add up, as we explained in detail in the email.  Do you plan on providing responses by 11:00 am PT?  If not you simply leave us with no choice but to ask the court for assistance.   As you know, Plaintiffs have a court-ordered-deadline for our motion in just a few hours.

Thanks,
Anne


**Anne W. Robinson**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2161

---

**From:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>
**Sent:** Thursday, December 31, 2020 11:44 AM
**To:** Robinson, Anne (DC) <Anne.Robinson@lw.com>; Huseny, Sadik (Bay Area) <Sadik.Huseny@lw.com>; Bauer, Steve (Bay Area) <steven.bauer@lw.com>; Makker, Amit (Bay Area) <Amit.Makker@lw.com>; Lankenau, Shannon (Bay Area) <Shannon.Lankenau@lw.com>; Donofrio, Gemma (DC) <Gemma.Donofrio@lw.com>; Rouse, Katherine (Bay Area) <Katherine.Rouse@lw.com>
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** RE: NUL -- further information

Anne,

We've received your email; Defendants continue to believe there is no need for a motion to compel and are prepared to continue conferring in good faith to try to narrow or resolve issues.  But if Plaintiffs again wish to short circuit that conferral process and file a motion to compel with the Court, then that is Plaintiffs' decision.

Best,
Diane

---

**From:** Anne.Robinson@lw.com <Anne.Robinson@lw.com>
**Sent:** Wednesday, December 30, 2020 11:50 PM
**To:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>; Sadik.Huseny@lw.com; steven.bauer@lw.com; Amit.Makker@lw.com; Shannon.Lankenau@lw.com; Gemma.Donofrio@lw.com; Katherine.Rouse@lw.com
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** RE: NUL -- further information

Diane,

Defendants' Explanation of the 2,944 documents at issue appears at odds with Defendants' prior representation, and several questions remain as to the status of these documents.

*First*, Defendants' Explanation states that the universe of 2,944 documents has increased to approximately 3,600 documents with the addition of three custodians. Defendants state that 1,332 documents were then pulled out because they hit on litigation search terms, and another 316 documents were produced and/or logged. That would leave 1,952 documents that were deemed non-responsive, but Defendants' Explanation instead states that approximately 2,270 documents were deemed non-responsive. Please explain this discrepancy. At any rate, Plaintiffs concur that Defendants should prepare this universe of documents (that were deemed non-responsive) for *in camera* responsiveness review by the Magistrate Judges.

*Second*, the December 26 DiGiacomo Declaration from just four days ago states that a total of 497 documents in this group were marked responsive, and 63 of those documents were claimed as privileged; this leaves 434 documents that were deemed responsive and purportedly produced (Dkt. 408-1 ¶ 10). However, in the Explanation provided tonight, Defendants represent that 316 documents were produced, and provide a spreadsheet of Bates numbers for only 316 documents. That leaves 118 documents that were deemed responsive but were not produced to Plaintiffs. Particularly because the universe of 2,944 documents has increased to 3,600, Plaintiffs are mystified as to why Defendants have only accounted for a small portion of the 434 responsive documents you were obligated to produce. **Please provide the 118 missing responsive documents, or an explanation as to why these responsive documents were not previously produced**.

*Third*, of the 63 privileged documents identified in the December 26 DiGiacomo Declaration (Dkt. 408-1 ¶ 10), Defendants' Explanation states that 23 of these documents were logged, and have provided a log of 11 documents. However, the vast majority of those do not have either "eop.gov" or "who.eop.gov" in the privilege entries. **Please explain why 8 documents in the log you provided do not have either email address.** Defendants also state that 7 of the "eop.gov" documents and 5 of the "who.eop.gov" documents had not yet had their privilege determinations changed after the Magistrate Judge Panel's December 24, 2020 Privilege Order. **Please identify these 12 documents on the December 21 log and, to the extent those entries do not include either "eop.gov," or "who.eop.gov," please explain why**.

Moreover, leaving aside the 11 logged documents and 12 additional logged documents for which privilege determinations were made in the December 24 Order, Defendants have provided no indication whatsoever for the basis for carving out the remaining 40 of the 63 documents. **Please provide an explanation as to whether any of these 40 include a DOJ attorney, and if not, the basis for not logging or producing them.**

**In sum, please provide an explanation regarding (1) the 118 missing responsive documents that were not produced to Plaintiffs, (2) the privilege log entries you have pointed to that do not include "eop.gov" or "who.eop.gov," and (3)**

the 40 privileged documents that were not logged, by 9:00 a.m. PT tomorrow. By 11:00 a.m. PT tomorrow, Plaintiffs plan to file a motion to compel production of the 118 missing responsive documents, and to waive privilege regarding the 40 documents over which Defendants claimed privilege but failed to log.

Best,
Anne


**Anne W. Robinson**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2161


**From:** Kelleher, Diane (CIV) <Diane.Kelleher@usdoj.gov>
**Sent:** Wednesday, December 30, 2020 7:59 PM
**To:** Huseny, Sadik (Bay Area) <Sadik.Huseny@lw.com>; Bauer, Steve (Bay Area) <steven.bauer@lw.com>; Robinson, Anne (DC) <Anne.Robinson@lw.com>; Makker, Amit (Bay Area) <Amit.Makker@lw.com>; Lankenau, Shannon (Bay Area) <Shannon.Lankenau@lw.com>; Donofrio, Gemma (DC) <Gemma.Donofrio@lw.com>; Rouse, Katherine (Bay Area) <Katherine.Rouse@lw.com>
**Cc:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Zee, M. Andrew (CIV) <M.Andrew.Zee@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>; Robinson, John J. (CIV) <John.J.Robinson@usdoj.gov>
**Subject:** NUL -- further information

Pursuant to the Court's December 29 Order (ECF 416) additional information related to the "2944 Set" is attached hereto.  Please let us know if you would like to discuss further.

Best,
Diane

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.