[Counsel identified on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., | CASE NO.  5:20-cv-05799-LHK |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| WILBUR L. ROSS, JR., et al., | Date:   January 11, 2021 |
| Defendants. | Time:  3 p.m. |
| | Place:  Courtroom 8 |
| | Judge:  Hon. Lucy H. Koh |

1    Pursuant to Civil Local Rule 16-10(d) and the Court's January 4, 2021 Case Management

2    Order (Dkt. 427), the parties to this action, by their respective counsel, respectfully submit the

3    following Joint Case Management Statement in anticipation of the Further Case Management

4    Conference scheduled for January 11, 2021 at 3 p.m.

5    **I.      DOCUMENT PRODUCTIONS**

6    **Plaintiffs' Position**

7    **A.      *Plaintiffs' Renewed Motion to Compel and for Sanctions Regarding Summary
             Data Reports/Defendants' Ongoing Failure to Produce Data Responsive to
8            Plaintiffs' Sufficient-to-Show Requests for Production***

9    In accordance with the briefing schedule set forth in the January 4 Case Management

10   Order (Dkt. 427), on January 5, 2021, Plaintiffs filed their Renewed Motion to Compel and for

11   Sanctions regarding Defendants' continual failure to provide summary data reports responsive to

12   Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues, and

13   improprieties. *See* Dkt. 433. Plaintiffs' motion is fully briefed and pending before the

14   Magistrate Judge Panel. Dkt. 440.

15   As of the time of this filing, Defendants have still not identified a single Bates number of

16   previously produced materials containing the Court-ordered data and have not otherwise cured

17   their failure to produce the requisite data in accordance with the Court's Order to Compel. Dkt.

18   372, 380.

19   **B.      *Missing Documents***

20   As described in the parties' December 30 and January 4 Joint Status Reports (Dkt. 417,

21   424), Plaintiffs are *still* waiting for a large but tailored set of critical materials Defendants have

22   never produced, despite agreement and Court order. Defendants' failures to date already caused

23   the Court to extend the fact discovery cut-off to January 21, 2021. They continue to stonewall.

24   The parties discussed these ongoing issues with the Court at the January 4, 2021 Case

25   Management Conference, where the Court underscored Defendants' "ongoing discovery

26   obligations," particularly as facts pertaining to newly discovered Census anomalies change. Jan.

27   4, 2021 Hr'g Tr. at 31:3-15. The Court emphasized that Defendants' "discovery obligation is

28   ongoing as facts on the ground change, that it can't just be the frozen snapshot" based on data

collection done earlier in December.  *Id.*  Defendants averred that they "of course underst[ood] that [their] discovery obligations are ongoing." *Id.* at 31:20-21.  Despite that clear representation, Defendants have not produced a single new document to Plaintiffs since December 31, 2020.  As a result, the pressing open items regarding Defendants' missing productions that Plaintiffs identified in the January 4 Joint Status Report remain outstanding.  Plaintiffs reiterate these open items below:

1. **Failure to produce recent documents, but instead decide to make mid/late December *en masse* productions that had arbitrary cutoffs in November**

   o The vast bulk of materials produced between December 14-21, as compelled by the Court in its December 13 Order, had arbitrary cut-offs in November.  Defendants have said they are looking to update their productions, but have provided no date certain for completion as of yet.  While, as described below, Defendants produced a small number of updated documents in late December, Plaintiffs have not received fully updated productions for any custodian.  Nor have Plaintiffs received any documents regarding the latest plans, including processing plans and new anomalies discovered, discussed at the January 4, 2021 conference.

2. **Failure to produce any documents from key custodians (Olson, Lamas) contrary to discovery schedule and representations to Court**

   o In their December 31, 2020 production, Defendants finally produced some materials from these important custodians, after Plaintiffs raised the issue with the Court.  But once again, the production is largely ethereal (i.e., only 172 documents from Tim Olson, the head of NRFU), and nowhere close to complete.  Moreover, initial review of these materials indicates, yet again, a vast trove of largely irrelevant materials, such as mass marketing emails and news mailers.  *Defendants have not produced any additional documents for Olson or Lamas since December 31, and Plaintiffs are still awaiting complete productions for these custodians.*

3. **Failure to produce documents from known sources of key materials—i.e., EGG (Data Quality Executive Guidance  Group networked source repository and email list; OIG shared drive repository; enumerator complaint and communications emails/repositories**

1
2
3
4
5
6

o   Defendants still have produced nothing from these core sources, particularly from the EGG networked source repository and email list—a group that Albert Fontenot has previously claimed, to this Court, was formed precisely to "provide direction and approvals about quality assessments of changes to the operational plans and of the 2020 Census data during and after the data collection process." Dkt. 323-1 at 5. There is no way Defendants did not know about the EGG, its email list, and its networked location—and their deliberate decision to not produce materials from it is highly troubling.

7
8

**4.   Failure to produce any documents from 10 of the identified custodians, contrary to agreement**

9
10
11
12

o   In an effort to reach a good-faith compromise on open items, Plaintiffs told Defendants that these materials could take a backseat to the far more pressing items referenced above. Given their intransigence on even the materials above, Plaintiffs believe that Defendants are planning to never produce anything from this set.

13
14

To put Defendants' ongoing approach into perspective, Defendants have produced ***only 1,241 new documents since December 21***, and nothing at all in all of January:

15
16

*December 23, 2020 Production*:  **50 Documents Total**

17
18
19
20

| Custodian | Number of Documents |
|---|---|
| Abowd, John Maron | 2 |
| Ahmad, Ali | 2 |
| Christy, James | 1 |
| Cogley, Nathaniel | 2 |
| Jones, Christa | 2 |
| Kelley, Karen Dunn | 1 |
| Risko, Daniel | 23 |
| Walsh, Michael | 17 |

21
22

*December 26, 2020 Production*:  **39 Documents Total**

23
24
25
26
27

| Custodian | Number of Documents |
|---|---|
| Ahmad, Ali | 9 |
| Cogley, Nathaniel | 4 |
| Kelley, Karen Dunn | 1 |
| Risko, Daniel | 8 |
| Ross (WLR) Wilbur L. | 1 |
| Sprung, Michael | 1 |
| Thieme, Michael | 1 |
| Walsh, Michael | 13 |
| Mayfield, Earl | 1 |

28

***December 30, 2020 Production***: **84 Documents Total**

| Custodian | Number of Documents |
|-----------|---------------------|
| "Census Bureau" | 84 |

***December 31, 2020 Production***: ***1068*** **Documents Total**

| Custodian | Number of Documents |
|-----------|---------------------|
| Lamas, Enrique | 871 |
| Olson, Tim | 172 |
| Census Bureau | 25 |

Plaintiffs waited weeks before filing their renewed motion to compel and for sanctions regarding Defendants' failure to produce the Court-ordered summary data reports.  Plaintiffs did so because Defendants had apparently finally begun to indicate they would comply, but that was not so, as Defendants' arguments in their opposition last week made clear (including the claim that Defendants apparently did not understand that actual data reports from their databases were ever going to be at issue in this case).  With respect to the remaining discovery deficiencies outlined above, Plaintiffs now believe Defendants are taking the same road:  delay, leading to prejudice.  The Court will recall that last week, Defendants themselves suggested a schedule where they would work to produce the remaining discovery materials owed and all document discovery would end by January 7.  That was 4 days ago.  Defendants have produced nothing in all of January

Accordingly, Plaintiffs have no choice but seek further relief from the Magistrate Judge Panel.  Pursuant to the Court's January 4, 2021 Case Management Order (Dkt. 427), Plaintiffs will be reaching out to the Magistrate Judge Panel regarding this briefing and, subject to the Panel's preferences, expect to file their motion to compel covering these issues this week.

**Defendants' Position**

As detailed in Defendants' response to Plaintiffs' "renewed" motion to compel, Defendants complied fully with the Court's December 13, 2020, Order to Compel.  That dispute is currently pending before the Magistrate Judge panel, such that Defendants do not see the need to repeat the substance of their response here.  In the meantime, Defendants are continuing to update their document collections, and expect to make additional productions as soon as

practically possible.  Defendants expect these productions to contain updated materials

concerning the anomalies that the Census Bureau has encountered in its data processing, as well

as other information concerning data quality for the 2020 census and the schedule for delivering

apportionment results.  Defendants continue to be willing to work in good faith with Plaintiffs to

resolve any disputes, and will respond in due course to any additional motions that Plaintiffs

choose to file.

## II.     PRIVILEGE LOGS AND RELATED DISPUTES

### Plaintiffs' Position

As discussed in the parties' December 22, December 30, and January 4 Joint Status

Reports, (Dkt. 402, 417, 424), it is now clear that Defendants intentionally failed to log (and

indeed apparently never even looked at) a significant number of documents which do not include

a litigation attorney.  Those include a number of documents that do not include any attorney at

all, but instead hit on a broad search term, such as "attorney client" or "work product," as well

as a number of documents that include DOC attorneys that do not serve as litigation counsel for this

lawsuit.  It is unheard of for parties to carve out documents that simply contain such terms or

non-litigation counsel and *never even look at or log them*, but pretend that they never existed.

As the Court will recall, Plaintiffs were extremely surprised when—out of a potentially

privileged universe of over 25,000 documents, Defendants produced a log of 135 entries alone.

Defendants represented then that their log was just small.  Mass, improper carve-outs as

described above appear to be the reason.

Additionally, as set forth in the parties' December 22, December 30, and January 4 Joint

Status Reports (Dkt. 402, 417, 424), Plaintiffs have for weeks sought information regarding a

subset of 2,944 documents that declarant Brian DiGiacomo identified on December 12 as "likely

subject to Executive privilege.  The parties' ongoing discussions have been frustrating and

characterized by Defendants' ever-changing numbers and information surrounding this universe

of documents.  In a January 8, 2021 letter to Plaintiffs, Defendants finally provided answers to

some, but not all, of Plaintiffs' inquiries.  Defendants admitted that numbers included in the

earlier DiGiacomo declarations to the Court were simply wrong.  At this point, Plaintiffs are not

certain whether further back-and-forth on the Executive privilege and carve-out universes of documents will be productive, in light of the significant other front-burner discovery items and Defendants' failure to produce.  But Defendants' incorrect representations to Plaintiffs and the Court regarding the Executive privilege document universe further underscore that Defendants have improperly withheld and failed to log large swaths of documents that are in fact not privileged.

For weeks, Plaintiffs have patiently sought information regarding Defendants' privilege assertions and thousands of withheld documents.  Plaintiffs have given Defendants numerous opportunities to provide the requested information, and have agreed to several compromises in an effort to avoid involving the Court.[1]  However, after months of delay and obfuscation, Defendants have not agreed to properly review and log the thousands of documents that they claim may be privileged (but have not even reviewed themselves).  Fact discovery concludes in this case on January 21, 2021.

Accordingly, as to this issue, too, Plaintiffs have no choice but seek further relief from the Magistrate Judge Panel.  Pursuant to the Court's January 4, 2021 Case Management Order (Dkt. 427), Plaintiffs will be reaching out to the Magistrate Judge Panel regarding motion briefing on this issue and plan to file their motion for waiver of privilege over all improperly carved-out documents later today or tomorrow.

**Defendants' Position**

Defendants have worked closely with Plaintiffs' counsel to provide them with the information they have requested, both with respect to documents involving the Executive office of the President, and with respect to Defendants' litigation carve-out.  Most recently, in a letter

---

[1] As the Court will recall, Plaintiffs have been ready to file a motion for further relief regarding these privilege issues for almost two weeks.  In a showing of good faith based on Defendants' repeated representations that they would promptly provide clarifying information regarding these documents, Plaintiffs successfully asked the Court several times to extend their deadline to move for relief.  *See* Dkt. 410, Dkt. 419; *see also* Dkt. 422 (Defendants' January 3 notice and request to extend Plaintiffs' motion deadline beyond January 4, 2021); Dkt. 427 (Case Management Order vacating January 4, 2021 deadline and directing parties to coordinate motion briefing schedule with Magistrate Judge Panel).

dated January 8, 2021, Defendants provided detailed information in response to Plaintiffs' latest set of questions.  While Plaintiffs in their questions indicated that they were seeking to avoid motion practice through continued conferral between the parties, they have apparently chosen to bypass that route, even after Defendants provided the requested information.  Defendants are open, and have continually been open, to a negotiated resolution of this dispute; should Plaintiffs choose to burden the Court with motion practice, Defendants will respond in due course.

III.    **DEPOSITIONS**

**Plaintiffs' Position**

Pursuant to the Court's Order to Compel (Dkt. 371, 380), Plaintiffs took the Rule 30(b)(6) depositions of Defendants Department of Commerce and Census Bureau on December 17, 2020.  As set forth in the Joint Statements filed on December 18, 2020 and December 22, 2020, Plaintiffs maintain that neither witness was adequately prepared on various aspects of the noticed topics.  In an effort to resolve these inadequacies, on December 27, 2020, Plaintiffs requested that Defendants answer under oath no later than December 30, 2020 a set of four tailored questions to address the topics that Defendants' witnesses were unable to answer at their depositions.  Defendants responded on January 4, 2021 with a declaration from Kathleen Styles on behalf of the Census Bureau only.  Plaintiffs responded with a letter on January 7, 2021, identifying numerous deficiencies that were unaddressed by Ms. Styles declaration, including that Defendant Department of Commerce failed to respond at all, and requesting that Defendants provide the requested information by close of business on January 8, 2020.  To date, Defendants have not responded to Plaintiffs' letter.

The Department of Commerce Rule 30(b)(6) deposition will take place tomorrow, on Tuesday, January 12, 2020, and the Rule 30(b)(6) deposition for Defendant Census Bureau is scheduled to take place on Thursday, January 14, 2020.  In light of the case schedule, Plaintiffs have to move forward with those depositions despite the fact that Defendants have failed to produce a critical responsive materials, and from key sources.  Because of Defendants' deliberate delay, however, Plaintiffs intend to keep the depositions open, should later produced materials or discovered information counsel for additional questioning.

1    Plaintiffs expect that, given Defendants' expansive and unjustified positon on the
2    "Deliberative Process Privilege" to date, Defendants may seek to improperly prevent questioning
3    on key topics or materials.  While Plaintiffs hope that any such issues can be worked through by
4    counsel, Plaintiffs will be reaching out to the Magistrate Judge Panel today for guidance on how
5    best to reach a Judge on the panel, as appropriate, should a real-time decision be needed.

6    Finally, Plaintiffs will be serving the remainder of their three fact witness deposition
7    notices this week.  However, because Defendants still have failed to produce documents for two
8    of Plaintiffs' priority custodians—Tim Olson and Enrique Lamas—and because Defendants have
9    failed to update document productions for any custodians whatsoever, Plaintiffs have been
10   unable to adequately assess which individuals they would like to depose.   Here, too, time is
11   simply running out, and Defendants' intransigence is forcing Plaintiffs to choose with
12   incomplete information.  As a result, Plaintiffs may need to reach out to the Court seeking
13   additional relief on this issue in the future.

14   **Defendants' Position**

15   As reflected in Defendants' prior filings, Defendants maintain that Defendants' prior
16   witnesses were adequately prepared for the depositions.  Indeed, the Census Bureau witness
17   testified for hours—in great detail—about the nature and functions of the Census Bureau's data
18   systems, and the capability of those systems (or lack thereof) to generate the type of detailed data
19   that Plaintiffs have requested.  Additionally, Defendants have continued to provide Plaintiffs
20   additional information following those depositions—and have provided a sworn declaration from
21   a Census Bureau official to answer additional questions.  Defendants will continue to work in
22   good faith with Plaintiffs on this issue and have told Plaintiffs that they are gathering information
23   to respond to additional inquiries; these efforts belie Plaintiffs' complaints.

24   Plaintiffs' pre-emptive complaints about depositions that have not yet taken place are
25   even more unfounded.  Indeed, Plaintiffs' preemptive promise to "hold open" depositions they
26   have neither noticed nor taken is bizarre.  And their complaint that they do not know who to
27   depose rings hollow in light of their representation that they clearly know who their "priority
28   custodians" are.  As with the other issues, Defendants will continue to work in good faith with
     Plaintiffs.  It should be noted, however, that the topics Plaintiffs have noticed for deposition are

1   extraordinarily broad and burdensome, and have made the preparations for depositions

2   unnecessarily difficult.  To the extent Plaintiffs wish to facilitate the expeditious conclusion of

3   discovery they should work in good faith with Defendants to narrow those topics to appropriate

4   and manageable parameters.

5

6

7

8   Dated: January 11, 2021                    LATHAM & WATKINS LLP

9                                              By: /s/ Sadik Huseny
                                                   Sadik Huseny
10

11                                             Sadik Huseny (Bar No. 224659)
                                               sadik.huseny@lw.com
12                                             Steven M. Bauer (Bar No. 135067)
                                               steven.bauer@lw.com
13                                             Amit Makker (Bar No. 280747)
                                               amit.makker@lw.com
14                                             Shannon D. Lankenau (Bar. No. 294263)
                                               shannon.lankenau@lw.com
15                                             **LATHAM & WATKINS** LLP
                                               505 Montgomery Street, Suite 2000
16                                             San Francisco, CA 94111
                                               Telephone:  415.391.0600
17                                             Facsimile:  415.395.8095

18                                             Melissa Arbus Sherry (*pro hac vice*)
                                               melissa.sherry@lw.com
19                                             Richard P. Bress (*pro hac vice*)
                                               rick.bress@lw.com
20                                             Anne W. Robinson (*pro hac vice*)
                                               anne.robinson@lw.com
21                                             Tyce R. Walters (*pro hac vice*)
                                               tyce.walters@lw.com
22                                             Gemma Donofrio (*pro hac vice*)
                                               gemma.donofrio@lw.com
23                                             Christine C. Smith (*pro hac vice*)
                                               christine.smith@lw.com
24                                             **LATHAM & WATKINS** LLP
                                               555 Eleventh Street NW, Suite 1000
25                                             Washington, D.C. 20004
                                               Telephone:  202.637.2200
26                                             Facsimile:  202.637.2201

27                                             *Attorneys for Plaintiffs National Urban League;*
                                               *League of Women Voters; Black Alliance for*
28                                             *Just Immigration; Harris County, Texas; King*
                                               *County, Washington; City of San Jose,*

<div style="line-height:1">

1                                                  *California; Rodney Ellis; Adrian Garcia; and the NAACP*

</div>

Dated: January 11, 2021

By: */s/ Jon M. Greenbaum*
Kristen Clarke (*pro hac vice*)
kclarke@lawyerscommittee.org
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (*pro hac vice*)
erosenberg@lawyerscommittee.org
Ajay Saini (*pro hac vice*)
asaini@lawyerscommitee.org
Maryum Jordan (Bar No. 325447)
mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)
weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org

1

2

3

**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

4

*Attorneys for Plaintiff City of San Jose*

5

6

7

8

9

10

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

11

*Attorneys for Navajo Nation*

12

13

14

15

16

17

18

19

20

Dated: January 11, 2021

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012
Telephone: 213.473.3231
Facsimile: 213.978.8312

21

*Attorneys for Plaintiff City of Los Angeles*

22

23

24

25

26

27

Dated: January 11, 2021

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

28

*Attorneys for Plaintiff City of Salinas*

| | |
|---|---|
| 1 | Dated: January 11, 2021 |

1  Dated: January 11, 2021    By: /s/ Rafey S. Balabanian
2                              Rafey S. Balabanian (Bar No. 315962)
                               rbalabanian@edelson.com
3                              Lily E. Hough (Bar No. 315277)
                               lhough@edelson.com
4                              **EDELSON P.C.**
                               123 Townsend Street, Suite 100
5                              San Francisco, CA 94107
                               Telephone: 415.212.9300
6                              Facsimile: 415.373.9435

7                              Rebecca Hirsch (*pro hac vice*)
                               rebecca.hirsch2@cityofchicago.org
8                              **CORPORATION COUNSEL FOR THE**
                               **CITY OF CHICAGO**
9                              Celia Mexa
                               Stephen J. Kane
10                             121 N. LaSalle Street, Room 600
                               Chicago, IL 60602
11                             Telephone: (312) 744-8143
                               Facsimile: (312) 744-5185
12

13                             *Attorneys for Plaintiff City of Chicago*

14  Dated: January 11, 2021    By: /s/ Donald R. Pongrace
                               Donald R. Pongrace (*pro hac vice*)
15                             dpongrace@akingump.com
                               Merrill C. Godfrey (Bar No. 200437)
16                             mgodfrey@akingump.com
                               **AKIN GUMP STRAUSS HAUER & FELD**
17                             **LLP**
                               2001 K St., N.W.
18                             Washington, D.C. 20006
                               Telephone: (202) 887-4000
19                             Facsimile: 202-887-4288
20

21                             *Attorneys for Plaintiff Gila River Indian*
                               *Community*

22  Dated: January 11, 2021    By: /s/ David I. Holtzman
                               David I. Holtzman (Bar No. 299287)
23                             David.Holtzman@hklaw.com
                               **HOLLAND & KNIGHT LLP**
24                             Daniel P. Kappes
                               Jacqueline N. Harvey
25                             50 California Street, 28th Floor
                               San Francisco, CA 94111
26                             Telephone: (415) 743-6970
                               Fax: (415) 743-6910
27

28                             *Attorneys for Plaintiff County of Los Angeles*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

CASE NO. 5:20-CV-05799-LHK
JOINT CASE MANAGEMENT STATEMENT

1   DATED:  January 11, 2021                    JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General
2

3                                               JOHN V. COGHLAN
                                                Deputy Assistant Attorney General
4

5                                               AUGUST E. FLENTJE
                                                Special Counsel to the Assistant
6                                                 Attorney General

7                                               ALEXANDER K. HAAS
                                                Branch Director
8

9                                               DIANE KELLEHER
                                                BRAD P. ROSENBERG
10                                              Assistant Branch Directors

11                                              */s/ Alexander V. Sverdlov*
                                                ALEXANDER V. SVERDLOV
12                                                (New York Bar No. 4918793)
                                                STEPHEN EHRLICH
13                                              M. ANDREW ZEE
                                                Trial Attorneys
14                                              U.S. Department of Justice
                                                Civil Division - Federal Programs Branch
15                                              1100 L Street, NW
                                                Washington, D.C. 20005
16                                              Telephone: (202) 305-0550
17
                                                *Attorneys for Defendants*
18

19

20                              **ATTESTATION**
21
        I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this
22
   document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred
23
   in this filing.
24

25   Dated: January 11, 2021                    **LATHAM & WATKINS** LLP

26                                              By: */s/ Sadik Huseny*
                                                    Sadik Huseny
27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO