JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 514-3374

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., et al., <br><br> Defendants. | CASE NO. 5:20-cv-05799-LHK <br><br> **DECLARATION OF BRAD P. ROSENBERG IN SUPPORT OF PARTIES' STIPULATION AND [PROPOSED] ORDER REGARDING CENSUS AND POPULATION COUNTS AND 21-DAY STAY OF PROCEEDINGS** |

I, Brad P. Rosenberg, declare as follows:

1. I am an Assistant Branch Director of the Federal Programs Branch, an office within the Civil Division of the United States Department of Justice. I joined the Department of Justice in 2008 as a Federal Programs Branch trial attorney. Previously, I worked for approximately eight years at the law firm of Mayer Brown LLP, and before that I served as a law clerk for a federal district court judge in the Western District of Virginia. In 2018, I was promoted to Assistant Branch Director, a career civil-service position, within the Federal Programs Branch. My direct supervisor is one of the three Federal Programs Branch Directors, John R. Griffiths, though on this particular case my supervisor is Federal Programs Branch Director Alexander K. Haas. Both Mr. Griffiths and Mr. Haas are career federal civil servants. I am an active member of the bar of the District of Columbia.

2. The principal responsibility of the Federal Programs Branch is to defend civil actions in federal district court in which the legality of Federal Government programs, policies, and decisions is challenged. The Branch represents the Government in the above-captioned case. I am one of two Assistant Branch Directors who supervise the Branch attorneys working on this matter.

3. I make this Declaration on behalf of the Defendants in the above-captioned matter based on my personal knowledge and information provided to me in the course of my official duties. This Declaration is being submitted in support of the parties' Joint Stipulation Regarding 21-Day Stay.

4. As described in the parties' Joint Case Management Statement filed today (Dkt. 452) and as discussed with the Court at today's Case Management Conference, in light of the current depositions, motions, and discovery deadlines on calendar and the pending transition to a new Administration, Defendants have requested a 21-day stay of the case in order to provide for an orderly transition and to let the new Administration assess the case. I understand that Plaintiffs have agreed to the 21-day stay pursuant to Defendants' express representations set forth in the accompanying stipulation, which ensure that various counts and data will not be pushed out until after the new Administration is in place (and only upon advance notice to

Plaintiffs if prior to the end of the proposed stay) and otherwise ensure that Plaintiffs will not be prejudiced in any way.

5. With respect to Civil L.R. 6-2(a)(2), I am aware of the following time modifications that have occurred in this case:

- The Court entered the parties' joint stipulation regarding the briefing and hearing schedule for Plaintiffs' Preliminary Injunction Motion (Dkt. 43);
- In light of the Court's Order to Produce the Administrative Record, the Court extended the deadline for Plaintiffs to file their reply in support of their Preliminary Injunction Motion to September 15, 2020 (Dkt. 96);
- The Court stayed its Order to Produce the Administrative Record and continued the hearing on the Preliminary Injunction Motion from September 17, 2020 to September 22, 2020 (Dkt. 137);
- The Court extended the temporary restraining order in order for Defendants to produce the OIG production and a privilege log (Dkt. 142);
- The Court continued the time for the September 22, 2020 Preliminary Injunction Hearing from 10:00 a.m. to 2:00 p.m. (Dkt. 173);
- The Court allowed Defendants to comply with the Court's Order to Produce the Administrative Record (Dkt. 96) by October 4, 2020;
- The Court continued the October 16, 2020 case management conference to October 27, 2020 (Dkt. 339);
- The Court granted the States of Louisiana and Mississippi's Motion to Shorten Time and to Expedite on October 26, 2020 (Dkt. 348);
- The Court granted Plaintiffs' Motion to Shorten Time and Expedite in connection with Plaintiffs Motion to Compel (Dkt. 370);
- The Court continued the December 11, 2020 case management conference to December 18, 2020 (Dkt. 373);
- The Court ordered a shortened response period in connection with Defendants' Emergency Motion for Reconsideration (Dkt. 377);

- The Court ordered a shortened response period in connection with Defendants' Emergency Motion for Protective Order (Dkt. 385);
- The Court continued the December 18, 2020 case management conference to December 29, 2020 (Dkt. 396);
- The Court continued the December 29, 2020 case management conference to January 4, 2021 (Dkt. 411);
- The Court adjusted the schedule for discovery and summary judgment proceedings in a January 4, 2021 case management order (Dkt. 427);
- The Court extended the period for fact discovery by one day in a January 11, 2021 case management order (Dkt. 444).

6. With respect to Civil L.R. 6-2(a)(3), the parties' stipulation would shift the Court's current schedule, as set forth in Dkt. 444, by at least the 21 days of the stay. As the parties discussed with the Court at today's case management conference, the parties understand the Court will set a further case management conference for February 5, 2021, the day the proposed stay would lift if entered today.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 15, 2021

_____
Brad P. Rosenberg