UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, and others,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILBUR L. ROSS, JR., and others,<br><br>        Defendants. | Case No. 20-cv-05799 LHK<br><br>**ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO COMPEL; DEFERRING RULING ON SANCTIONS**<br><br>Re: ECF 433 |

This case is temporarily stayed for 21 days upon the joint request of the parties. ECF 456. Expressly carved out of the stay, however, is Plaintiffs' renewed motion to compel production of summary data about Defendants' data collection processes, ECF 433. Plaintiffs ask the Court to rule on the motion to compel but to defer ruling on the requested sanctions. ECF 456. Presiding U.S. District Court Judge Lucy H. Koh referred the motion to compel to our Magistrate Judge Panel. ECF 440. This order thus addresses only the renewed motion to compel, ECF 433. We defer ruling on discovery sanctions against Defendants.

In the renewed motion to compel, Plaintiffs ask the Court to order production within 2 days "of all summary report data responsive to Plaintiffs' sufficient-to-show requests

regarding data collection processes, metrics, issues and improprieties (RFP Nos. 2-4, 6-10, 15, 16 and 18)." Plaintiffs also seek a "declaration from the Census Bureau employee(s) responsible for producing these materials, providing detailed explanations of the reports being delivered and how they were compiled, and unequivocally confirming compliance with the Court's order and production of the summary status reports responsive to Plaintiffs' 11 sufficient-to-show RFPs." ECF 433 at pp. 22-23; *see also* ECF 438 (Reply), 439 (Declaration and Depo. Transcript).

Defendants oppose the motion. ECF 437. Their first argument is that they have "fully complied" with the Court's prior order compelling production. ECF 437 at p. 7:15. And they secondarily argue that a further production would be burdensome, would violate Title 13 privacy protections, and is premature. ECF 437. We address each of these arguments in turn.

To assess whether Defendants have "fully complied" with the prior order compelling production requires a short docket visit back to December 2020. On December 9, at ECF 368, Plaintiffs moved to compel timely production of various categories of documents. As relevant here, the third paragraph of their motion asked for production by December 14 of the documents responsive to Requests For Production ("RFP") Nos. 2-4, 6-10, 15, 16, and 18. ECF 368 at p. 2. Defendants opposed. ECF 371. Judge Koh granted the motion to compel on December 10, finding that the discovery requests were both relevant and proportional to the needs of the case. ECF 372. She ordered production of documents responsive to RFP 2-4, 6-10, 15, 16, and 18, by December 14. ECF 372.

Defendants then on December 12 moved for emergency reconsideration of parts of the December 10 order. ECF 376. But in their reconsideration request, Defendants stated: "To be clear, Defendants are not requesting that the Court reconsider all portions of its Order. Defendants are prepared to produce other materials that Plaintiffs requested and the Court identified for production Monday—including numerous 'summary report data responsive to Plaintiffs' sufficient-to-show requests regarding data collection processes,

2

1  metrics, issues and improprieties (RFP Nos. 2–4, 6–10, 15, 16, and 18)' and '[a]ppropriate
2  metadata' for prior productions." ECF 376-1 p. 5.
3        Judge Koh addressed the motion for reconsideration and issued a clarifying order on
4  December 13. ECF 380. On page 10 of her December 13 order, Judge Koh reiterated that
5  Defendants had conceded that they would produce documents responsive to RFP Nos. 2–4,
6  6–10, 15, 16, and 18 and she again ordered those documents produced by December 14.
7  ECF 380 at p.10.
8        We finally return to the renewed motion to compel presented to us. Plaintiffs were
9  forced to file a renewed motion to compel because, they say, by January 5, Defendants had
10 not produced a single summary data report in response to the Court's orders. ECF 433 at p.
11 5:16.
12       Defendants do not provide a shred of evidence to support their argument that they
13 "fully complied" with Judge Koh's December 10 and 13 orders granting Plaintiffs' motion
14 to compel. ECF 437 at p. 7:15. The declarations of Census Bureau employees John
15 Abowd and Deborah Stempowski attached to their brief say no such thing. ECF 437. It is
16 as if the Defendants attached a photo of a red light and represented to the Court: "the light
17 was green." We are not blind to reality.
18       Defendants' arguments about burden, privacy protection under Title 13, and timing
19 fare little better. These are arguments that Defendants could have raised with Judge Koh
20 in opposing the original motion to compel or in seeking reconsideration. There is no right
21 to a third bite at the apple. Defendants do not satisfy any of the requirements for a motion
22 for reconsideration under Civil Local Rule 7-9(b). At bottom, we see no reason to disturb
23 Judge Koh's orders compelling Defendants' production of documents responsive to RFP
24 Nos. 2–4, 6–10, 15, 16, and 18.
25       We therefore GRANT the Plaintiffs' renewed motion to compel, ECF 433. As to
26 timing, the urgency of this order has diminished because of the agreed stay and the
27 transition in Administrations. Defendants are therefore ordered to produce the following
28

by February 1, 2021, at 9:00 a.m. Pacific Time:

- All summary report data responsive to Plaintiffs' sufficient-to-show requests regarding data collection processes, metrics, issues, and improprieties (RFP Nos. 2-4, 6-10, 15, 16 and 18).
- A declaration under penalty of perjury from the Census Bureau employee(s) responsible for producing these materials, providing detailed explanations of the reports being delivered and how they were compiled, and confirming compliance with the Court's orders and production of the summary status reports responsive to Plaintiffs' 11 sufficient-to-show RFPs.

We defer the question of sanctions. If Plaintiffs pursue sanctions in connection with this order, they must file a renewed motion and proposed order within 7 days after the stay is lifted. Defendants will have 7 days from the date a renewed motion is filed to file a further opposition brief.

Any objection to this discovery order must be filed in accordance with Civil Local Rule 72-2. That objection must be filed within 48 hours of this order or a different deadline, if set by Judge Koh.

**IT IS SO ORDERED.**

Dated: January 28, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge


_____/S/_____
SUSAN VAN KEULEN
United States Magistrate Judge


_____/S/_____
THOMAS S. HIXSON
United States Magistrate Judge