1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

11

12 NATIONAL URBAN LEAGUE, et al.,       CASE NO.  5:20-cv-05799-LHK

13                  Plaintiffs,      **STIPULATED ORDER REGARDING**

14    v.                                            **DISMISSAL**

15 GINA RAIMONDO et al.,

16                  Defendants.

17

18 **1.      PREAMBLE**

19      Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just

20 Immigration; Harris County, Texas; King County, Washington; City of Los Angeles, California;

21 City of Salinas, California; City of San Jose, California; Rodney Ellis; Adrian Garcia; the National

22 Association for the Advancement of Colored People; City of Chicago, Illinois; County of Los

23 Angeles, California; Navajo Nation; and Gila River Indian Community, and Defendants Gina

24 Raimondo, in her official capacity as Secretary of Commerce; United States Department of

25 Commerce; Dr. Ron Jarmin, in his official capacity as Acting Director of the United States Census

26 Bureau; and the United States Census Bureau (collectively, "Parties") hereby stipulate and agree

27 to, and request the Court order, dismissal without prejudice of the above-captioned action pursuant

28 to Federal Rule of Civil Procedure 41(a)(2), as follows.

**2.**     **PREMISES**

WHEREAS, Plaintiffs filed their Complaint on August 18, 2020, ECF No. 1, their Amended Complaint on September 1, 2020, ECF No. 61, and their Second Amended Complaint on October 27, 2020, ECF No. 352 ("SAC");

WHEREAS, Plaintiffs allege that Defendants' conduct related to the 2020 decennial census violated the Enumeration Clause of the United States Constitution and the Fourteenth Amendment to the United States Constitution, and the Administrative Procedure Act, SAC ¶¶ 460–84;

WHEREAS, Defendants deny that their actions related to the 2020 decennial census were unconstitutional or unlawful, Answer to SAC, ECF No. 418, ¶¶ 460–84;

WHEREAS, on August 25, 2020, Plaintiffs moved for a preliminary injunction, ECF No. 36, and on September 3, 2020, Plaintiffs moved for a Temporary Restraining Order, ECF No. 66;

WHEREAS, on September 5, 2020, the Court granted Plaintiffs' request for a Temporary Restraining Order, enjoining Defendants from implementing the Replan until the Court's September 17, 2020 hearing on Plaintiffs' motion for preliminary injunction, ECF No. 84;

WHEREAS, on September 17, 2020, the Court extended the Temporary Restraining Order until September 24, 2020, ECF No. 142;

WHEREAS, the District Court issued a preliminary injunction on September 24, 2020, enjoining Defendants from implementing the Replan's September 30, 2020 deadline for the completion of data collection and December 31, 2020 deadline for reporting the tabulation of the total population to the President, holding that the Replan was promulgated in violation of the Administrative Procedure Act, ECF No. 208;

WHEREAS, the District Court later clarified that the Preliminary Injunction required Defendants to continue data collection operations through October 31, 2020, ECF No. 288;

WHEREAS, Defendants appealed to the United States Court of Appeals for the Ninth Circuit on September 25, 2020, ECF No. 210;

WHEREAS, the District Court denied Defendants' request to stay the preliminary injunction, and the Court of Appeals denied it in part and granted it in part, ECF Nos. 212 & 277;

1    WHEREAS, the Supreme Court granted Defendants' request to stay the preliminary

2    injunction on October 13, 2020, *Ross v. National Urban League*, 141 S. Ct. 18 (2020);

3    WHEREAS, Defendants generally concluded field operations on October 15, 2020;

4    WHEREAS, Defendants moved to dismiss the SAC on November 10, 2020, ECF No. 354,

5    which the Court denied on December 22, 2020, ECF No. 401;

6    WHEREAS, additional details regarding the claims in this case and the procedural history,

7    including the Parties' disputes regarding Defendants' conduct as to production of the

8    Administrative Record and other documents in this case and Defendants' conduct as to compliance

9    with the Court's orders, are set forth in the Court's Order Extending Temporary Restraining Order

10   for Defendants' Partial Production of the Administrative Record (ECF No. 142), Order Granting

11   Plaintiffs' Motion for Stay and Preliminary Injunction (ECF No. 208), Order Re: Clarification of

12   Stay and Preliminary Injunction (ECF No. 288), Order Granting Motion to Compel (ECF No. 372),

13   Amended Order Denying Motion for Reconsideration and Clarifying Order to Compel (ECF No.

14   380), and Order Granting Plaintiffs' Renewed Motion to Compel; Deferring Ruling on Sanctions

15   (ECF No. 462), among others;[1]

16   WHEREAS, the Court's various rulings regarding the merits of Plaintiffs' claims can be

17   found in, among other orders, the Court's Order Granting Motion for Temporary Restraining Order

18   (ECF No. 84), Order Granting Plaintiffs' Motion for Stay and Preliminary Injunction (ECF No.

19   208), Case Management Order (ECF No. 357), and Order Denying Defendants' Motion to Dismiss

20   and Motion for Stay of Proceedings (ECF No. 401);

21   WHEREAS, pursuant to the expedited trial date and compressed discovery period in the

22   case, up to January 15, 2021 the parties were engaged in deep fact and expert discovery, with

23   _____

24   [1] *See, e.g.*, ECF No. 174 (Order After In Camera Review as to Attorney-Client Privilege
Asserted by Defendants); ECF No. 179 (First Order After In Camera Review as to Deliberative

25   Process Privilege Asserted by Defendants); ECF No. 182 (Second Order After In Camera
Review as to Deliberative Process Privilege Asserted by Defendants); ECF No. 184 (Third Order

26   After In Camera Review as to Deliberative Process Privilege Asserted by Defendants); ECF No.
306 (Order After In Camera Review of Documents Identified on Defendants' October 4

27   Privilege Log); ECF No. 407 (Order After In Camera Review of Disputed Documents Identified
in Government's December 21 Privilege Log); ECF No. 416 (Order Granting In Part and

28   Denying In Part Plaintiffs' Requests for Relief in December 29, 2020 Joint Status Report); ECF
No. 428 (Order After Audit of Withheld Documents).

numerous upcoming depositions noticed for various senior officials at the Census Bureau, including Director Steve Dillingham;

WHEREAS, rather than continue with discovery, the scheduled depositions, and Plaintiffs' request for sanctions against Defendants, and pursuant to Defendants' request for a stay amid assurances that all efforts to deliver truncated, flawed and constitutionally impermissible state population counts to the Trump administration prior to the January 20, 2021 transition of administrations would halt, on January 15, 2021, the Parties filed with the Court a stipulation seeking a 21-day stay in proceedings.  In that filing, Defendants stipulated that the Census Bureau would not (i) finalize or provide apportionment data or (ii) provide reports, estimates, or data relating to the July 21, 2020 Presidential Memorandum on Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census or Executive Order 13880, entitled Collecting Information About Citizenship Status in Connection with the Decennial Census (July 11, 2019), until many weeks into the new administration, ECF No. 455;

WHEREAS, the Court granted the 21-day stay, ECF No. 456;

WHEREAS, on February 3, 2021 the Parties stipulated to a further 21-day stay of proceedings, pursuant to Defendants agreeing to certain stipulations resolving a number of Plaintiffs' concerns in this case and providing for the relief Plaintiffs sought, including: (1) that the tabulation of total population by States based on 2020 Census data and described by 13 U.S.C. § 141(b), and the P.L. 94-171 Redistricting Summary Data File based on 2020 Census data and described by 13 U.S.C. § 141(c), would not include or otherwise incorporate any information on citizenship or immigration status, nor would such counts or data products be affected by any information on citizenship or immigration status, and (2) that the Census Bureau would continue data processing for an appropriate period of time and would not, under any circumstances, report the results of the 2020 Census to the Secretary of the Department of Commerce, the President, and Congress, before April 16, 2021—a schedule equivalent to the COVID-19 plan timeline for data processing sought by Plaintiffs' complaint.  That order ensured, in Plaintiffs' view, that the Bureau would no longer artificially accelerate the count and instead allow its experts to conduct the remaining census processes in accordance with appropriate statistical practices, and provided

4

sufficient rationale to stay the litigation and upcoming trial while the parties worked to resolve any remaining issues;

WHEREAS, the Court granted the 21-day stay, ECF No. 467, and later extended it further at the Parties' requests, ECF Nos. 471 and 475; and

WHEREAS, the parties have continued to engage in discussions, including as to Plaintiffs' concerns about Defendants' conduct during the data collections/field operations period and Defendants' concerns regarding the production of Census Bureau data that raise privacy and confidentiality concerns regarding Title XIII and may lead to extensive additional litigation in this case, and have reached resolution on the appropriate terms and conditions regarding Plaintiffs' dismissal of their claims without prejudice, as set forth below.

**3.      STIPULATED ORDER REGARDING DISMISSAL**

NOW, THEREFORE, THE PARTIES JOINTLY STIPULATE AND REQUEST THE COURT ORDER DISMISSAL WITHOUT PREJUDICE AS FOLLOWS:

1.      Plaintiffs' SAC shall be dismissed pursuant to Federal Rule of Civil Procedure 41(a) without prejudice and Defendants shall dismiss all pending appeals pursuant to Federal Rule of Appellate Procedure 42(b).

2.      The tabulation of total population by States based on 2020 Census data and described by 13 U.S.C. § 141(b), and the P.L. 94-171 Redistricting Summary Data File based on 2020 Census data and described by 13 U.S.C. § 141(c), will not include or otherwise incorporate any information on citizenship or immigration status, nor will such counts or data products be affected by any information on citizenship or immigration status.  The Census Bureau recognizes that the citizenship and immigration status data collected in accord with the "Memorandum Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census" (Presidential Memorandum) and Exec. Order No. 13,880, § 1, 84 Fed. Reg. 33,821, 33,821 (July 16, 2019), are incomplete and that the data products that the Bureau was assembling in accord thereto are statistically unfit for use for apportionment or redistricting purposes.

3.      The Census Bureau will continue its data processing under an appropriate timeline, whereby the apportionment data from the 2020 Census are scheduled to be released by April 30,

2021 and Defendants will not under any circumstances report the results of the 2020 Census to the Secretary of Commerce, the President, and Congress, before April 26, 2021.

4.     With respect to Plaintiffs' concerns regarding Defendants' conduct during the data collections/field operations period, given that (i) the data-processing timeline for the 2020 Census was extended, (ii) the data collected pursuant to the Presidential Memorandum and Exec. Order 13,880 will no longer be used, (iii) the Census Bureau believes that it is premature to assess the quality of the data collections process or the data received from that process until additional reports, assessments and surveys are run, (iv) the Census Bureau has assured Plaintiffs that it has been and is currently actively engaged in compiling various data quality metrics that will provide insight into the quality of data collected and processed during the 2020 Decennial Census, including with the involvement of numerous third parties such as the JASON group and the American Statistical Association, (v) the Census Bureau has provided various information to Plaintiffs consistent with these representations of ongoing diligence, in addition to engaging in numerous detailed conversations (including directly between Census Bureau senior officials and Plaintiffs' experts) in an effort to assure Plaintiffs that the Census Bureau is now operating under appropriate direction, (vi) the Census Bureau is continuing to conduct its Post-Enumeration Survey, which will provide a significant amount of additional information regarding the quality of the data collection process in the months and years to come, and (vii) the likelihood that reengaging the instant litigation will lead to significant disputes and satellite appellate litigation regarding whether and to what extent Title XIII protections prevent disclosure of various data that Plaintiffs are currently entitled to receive, under the orders of this Court, and may ultimately lead to delay in the publication of state population counts and redistricting numbers that may have residual effects, the parties agree that rather than continuing to dispute whether a violation of the Enumeration Clause or Census Act has occurred with respect to Defendants' truncated data collections/field operations period, the parties will instead proceed in the following manner:  The Census Bureau will continue to carry out data-quality review for the U.S. total, each of the 50 states, District of Columbia, and Puerto Rico, as well as at sub-state levels, including county and census-tract levels.

a.      The Census Bureau has already released some data quality metrics, which are available here.  This data includes:

- Self-response rates down to the tract level

- Total completion rates at the state level

- NRFU workload completion rates for the area census offices

b.      At or around the release of the apportionment data, the Census Bureau will produce quality metrics for the United States, each of the 50 states, the District of Columbia, and Puerto Rico, as described here. The Census Bureau will produce operational metrics for the United States, each of the 50 states, the District of Columbia and Puerto Rico, including the metrics identified in Exhibit 1.

c.      Around May 2021, the Census Bureau will release additional information for the 50 states, the District of Columbia, and Puerto Rico, including operational quality metrics identified in Exhibit 2.

d.      Around the date when the Census Bureau releases redistricting products, the Bureau will provide summary level information for sub-state levels, including county and census tract levels (for example, "XX% of tracts had proxy rates greater than 50%").

e.      The Census Bureau will continue to conduct its own internal subject matter expert reviews as well as having external experts, like the American Statistical Association, conduct reviews of the processing files for the 2020 Census for both the apportionment numbers and the redistricting data.  The Census Bureau will also continue all activities necessary for the Data Quality Executive Guidance Group to review 2020 Census results for accuracy prior to publication.  These reviews will include reviewing and assessing issues identified in Plaintiffs Complaint, including:

- The use of administrative records and quality of enumerations using those records

- The use of proxies and quality of enumerations using proxy responses

- The use of "pop-count only" enumerations and other enumerations

containing less characteristics and demographic data than a full enumeration

f.     The Census Bureau agrees to hold video briefings for Plaintiffs every two months to allow an opportunity for questions and answers regarding status of forthcoming data-quality metrics and assessment of released data quality metrics, with one final briefing occurring after the release of the final results from the Post-Enumeration Survey.  The briefings will be open to Plaintiffs and their attorneys and will also be open to the public.  No less than 48 hours prior to those briefings, the Census Bureau will provide Plaintiffs with the materials it plans on discussing during the briefings, which may include detailed synopses of current data, findings, assessments and data quality metrics at an appropriate level of geographic granularity.

5.     This Court shall retain jurisdiction over this matter.  Should any Plaintiff intend to (1) file a motion to enforce this order, or (2) file a complaint involving the claims currently raised in this litigation, or substantially similar claims, regarding Defendants' conduct regarding the 2020 decennial census data collection period, they shall first meet and confer in good faith with Defendants in an attempt to resolve any dispute.  No such meet and confer obligation shall be required for any new claims that Plaintiffs may bring, in any court, related to the ultimate counts resulting from the 2020 decennial census.  After sixty days following the Census's final briefing described in ¶ 4(f) of this Agreement after the release of the final results from the Post-Enumeration Survey, Plaintiffs (a) forever waive and release Defendants from any liability or claim arising from Defendants' data collection or data processing during the 2020 Census not asserted by that date and (b) may not file or re-file any complaint in any court involving the claims currently raised in this litigation or substantially similar claims.  The date identified in the foregoing sentence shall in no event precede June 1, 2022, and does not affect any action filed by any Plaintiff involving a challenge to the ultimate counts resulting from the 2020 decennial census under the Census Bureau's Count Question Resolution program.

6.     In light of Defendants previously stipulating to grant Plaintiffs the relief they sought in this action regarding the processing period of the 2020 decennial census (*see* ECF 466),

1  Plaintiffs hereby waive and release Defendants from any liability or claim that rely exclusively on

2  information known to them as of the date this Stipulated Order Regarding Dismissal is entered and

3  which liability or claim is based solely on Defendants' seeking to shorten the data processing

4  period of the 2020 decennial census pursuant to the Census Bureau's Replan.   However, if

5  Plaintiffs learn of or reasonably believe that new information forms the basis of a new or renewed

6  claim based on data processing, Plaintiffs may re-file a complaint involving the claims currently

7  raised in this litigation or substantially similar claims so long they first meet and confer with

8  Defendants.

9          7.      Nothing in this Stipulated Order Regarding Dismissal shall constitute or be

10 construed to constitute an admission of any wrongdoing or liability by Defendants, an admission

11 by Defendants of the truth of any allegations or the validity of any claim asserted in this Action, a

12 concession or admission by Defendants of any fault or omission of any act or failure to act, or a

13 finding that Defendants acted in bad faith.

14         8.      The Parties waive and release any request for sanctions arising from this case,

15 including but not limited to any request for sanctions related to discovery or discovery obligations

16 in this case.

17         9.      The Defendants will pay Plaintiffs $1,500,000 in total for Plaintiffs' reasonable

18 attorneys' fees and the United States will pay $150,000 in costs incurred in this matter to date.

19 Dated: April 22, 2021                         LATHAM & WATKINS LLP

20

21                                              By: /s/ Sadik Huseny
                                                    Sadik Huseny

22                                              Sadik Huseny (Bar No. 224659)
                                                sadik.huseny@lw.com
23                                              Steven M. Bauer (Bar No. 135067)
                                                steven.bauer@lw.com
24                                              Amit Makker (Bar No. 280747)
                                                amit.makker@lw.com
25                                              Shannon D. Lankenau (Bar. No. 294263)
                                                shannon.lankenau@lw.com
26                                              **LATHAM & WATKINS LLP**
                                                505 Montgomery Street, Suite 2000
27                                              San Francisco, CA 94111
                                                Telephone:  415.391.0600
28

Facsimile:  415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
Christine C. Smith (*pro hac vice*)
christine.smith@lw.com
**LATHAM & WATKINS** LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201

*Attorneys for Plaintiffs National Urban League;*
*League of Women Voters; Black Alliance for*
*Just Immigration; Harris County, Texas; King*
*County, Washington; City of San Jose,*
*California; Rodney Ellis; Adrian Garcia; and*
*the NAACP*

Dated: April 22, 2021

By: /s/ Jon M. Greenbaum
Jon M. Greenbaum (Bar No. 166733)
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg (*pro hac vice*)
erosenberg@lawyerscommittee.org
Ajay Saini (*pro hac vice*)
asaini@lawyerscommitee.org
Maryum Jordan (Bar No. 325447)
mjordan@lawyerscommittee.org
Pooja Chaudhuri (Bar No. 314847)
pchaudhuri@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL**
**RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone:  202.662.8600
Facsimile:  202.783.0857

*Attorneys for Plaintiffs National Urban League;*
*City of San Jose, California; Harris County,*
*Texas; League of Women Voters; King County,*
*Washington; Black Alliance for Just*
*Immigration; Rodney Ellis; Adrian Garcia; the*
*NAACP; and Navajo Nation*

Wendy R. Weiser (*pro hac vice*)

10

weiserw@brennan.law.nyu.edu
Thomas P. Wolf (*pro hac vice*)
wolft@brennan.law.nyu.edu
Kelly M. Percival (*pro hac vice*)
percivalk@brennan.law.nyu.edu
**BRENNAN CENTER FOR JUSTICE**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
Facsimile: 212.463.7308

*Attorneys for Plaintiffs National Urban League;*
*City of San Jose, California; Harris County,*
*Texas; League of Women Voters; King County,*
*Washington; Black Alliance for Just*
*Immigration; Rodney Ellis; Adrian Garcia; the*
*NAACP; and Navajo Nation*

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone:  213.385.2977
Facsimile:  213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF**
**JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: April 22, 2021

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF**
**LOS ANGELES**

11

200 N. Main Street, 8th Floor
Los Angeles, CA 90012
Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: April 22, 2021

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**
200 Lincoln Avenue
Salinas, CA 93901
Telephone: 831.758.7256
Facsimile: 831.758.7257

*Attorneys for Plaintiff City of Salinas*

Dated: April 22, 2021

By: /s/ Rafey S. Balabanian
Rafey S. Balabanian (Bar No. 315962)
rbalabanian@edelson.com
Lily E. Hough (Bar No. 315277)
lhough@edelson.com
**EDELSON P.C.**
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Facsimile: 415.373.9435

Celia Meza
Acting Corporation Counsel
Rebecca Hirsch *(pro hac vice)*
rebecca.hirsch2@cityofchicago.org
Stephen J. Kane
stephen.kane@cityofchicago.org
**CITY OF CHICAGO DEPARTMENT OF LAW**
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Telephone: (312) 744-8143
Facsimile: (312) 744-5185

*Attorneys for Plaintiff City of Chicago*

Dated: April 22, 2021

By: /s/ Donald R. Pongrace
Donald R. Pongrace (pro hac vice)
dpongrace@akingump.com
Merrill C. Godfrey (Bar No. 200437)
mgodfrey@akingump.com

12

**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K St., N.W.
Washington, D.C. 20006

Telephone: (202) 887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff Gila River Indian Community*

Dated: April 22, 2021

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

Dated:  April 22, 2021

 BRIAN M. BOYNTON
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant
 Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Assistant Branch Director

/s/ Zachary A. Avallone
ZACHARY A. AVALLONE
KERI L. BERMAN
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN ROBINSON
JORDAN VON BOKERN
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (202) 514-2705

*Attorneys for Defendants*

1

**IT IS SO ORDERED.**  The Clerk shall close the file.

2

3

DATED: April 22, 2021

_Lucy H. Koh_

4

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION**

2      I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this

3 document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred

4 in this filing.

5 Dated: April 22, 2021                    **LATHAM & WATKINS** LLP

6                                By:  _/s/ Sadik Huseny_
                                             Sadik Huseny
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**2020 Census Data Quality Operational Metrics: Release 1**

**Total Addresses (Count)**

**Final Status of Addresses**
**Percent Resolved as:**
    Self-Response Occupied
    Self-Response Vacant/Delete (applies to 2020 Census only)
    Nonresponse Followup Occupied
    Nonresponse Followup Vacant
    Nonresponse Followup Delete
    Group Quarters Occupied
    Group Quarters Vacant/Delete
    Other Occupied (2020:  UE, RA, SRQA, and Cov Imp; 2010:  UE, RUE, RA, and CFU)[2]
    Other Vacant (2020:  UE, RA, SRQA, and Cov Imp; 2010:  UE, RUE, RA, and CFU)
    Other Delete (2020:  UE, RA, SRQA, and Cov Imp; 2010:  UE, RUE, RA, and CFU)
    Unresolved (went to Count Imputation)
        Unresolved, data collection
        Unresolved, person unduplication (applies to 2020 Census only)

**Resolution of Housing Unit Enumeration**
**Percent Housing Units (including Deletes) Resolved as:**
    **Self-Response**
        Internet (applies to 2020 Census only)
        Paper
        Telephone
    **All NRFU and Other (2020:  UE, RA, SRQA, and Cov Imp; 2010:  UE, RUE, RA, and CFU)**
**Enumeration Activities**
        Household Interview
        Proxy
          Occupied
          Vacant
          Delete
        Unknown Respondent Type (applies to 2010 Census only)
        Administrative Records (applies to 2020 Census only)
          Occupied (applies to 2020 Census only)

---

[2] Acronyms defined: NRFU: Nonresponse Followup; UE: Update Enumerate; RUE: Remote Update Enumerate; RA: Remote Alaska; SRQA: Self-Response Quality Assurance; Cov Imp: Coverage Improvement;  CFU: Coverage Follow-up

Vacant (applies to 2020 Census only)
Delete (applies to 2020 Census only)
**Unresolved Housing Units (went to Count Imputation)**
Unresolved, data collection
Unresolved, person unduplication (applies to 2020 Census only)

**Resolution of Housing Unit Enumeration**
**Percent Housing Units (including Deletes) Resolved as:**
   **Within Self-Response**
      Internet (applies to 2020 Census only)
      Paper
      Telephone
   **Within NRFU and Other (2020:  UE, RA, SRQA, and Cov Imp; 2010:  UE, RUE, RA, and CFU)**
**Enumeration Activities**
      Household Interview
      Proxy
        Occupied
        Vacant
        Delete
      Unknown Respondent Type (applies to 2010 Census only)
      Administrative Records (applies to 2020 Census only)
        Occupied (applies to 2020 Census  only)
        Vacant (applies to 2020 Census only)
        Delete (applies to 2020 Census only)

**All Nonresponse Followup Occupied**
**Percent Resolved by:**
  Household Interview
   Proxy
  Unknown Respondent Type (applies to 2010 Census only)
  Administrative Records (applies to 2020 Census only)

**All Nonresponse Followup Vacant**
**Percent Resolved by:**
   Proxy
  Administrative Records (applies to 2020 Census only)

**All Nonresponse Followup Deletes**
**Percent Resolved by:**
   Proxy
  Administrative Records (applies to 2020 Census only)

**Within Nonresponse Followup, Pop Count Only  (NRFU Occupied from Household Interviews and Proxy Interviews)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Percent Resolved by:**
> Household Interview
> Proxy Interview
> Unknown Respondent Type (applies to 2010 Census only)

3

# EXHIBIT 2

## 2020 Census Data Quality Operational Metrics: Release 2

**Average Housing Unit Size:**
  Of Self-Response Occupied Housing Units
  Of Nonresponse Followup (NRFU) Occupied Housing Units
      Of NRFU Household Interviews
      Of NRFU Proxy Interviews
      Of NRFU Administrative Records Enumerations (applies to 2020 Census only)
  Of Other Occupied Housing Units (2020: UE, RA, SRQA, ETL, and Cov Imp; 2010:  UE, RUE, RA, ETL, and CFU)
  Of Results from Count Imputation

**Percent Single-Person Housing Units:**
  Of Self-Response Occupied Housing Units
  Of Nonresponse Followup (NRFU) Occupied Housing Units
      Of NRFU Household Interviews
      Of NRFU Proxy Interviews
      Of NRFU Administrative Records Enumerations (applies to 2020 Census only)
  Of Other Occupied Housing Units (2020: UE, RA, SRQA, ETL, and Cov Imp; 2010:  UE, RUE, RA, ETL, and CFU)
  Of Results from Count Imputation

**Percent Two-Person Housing Units:**
  Of Self-Response Occupied Housing Units
  Of Nonresponse Followup (NRFU) Occupied Housing Units
      Of NRFU Household Interviews
      Of NRFU Proxy Interviews
      Of NRFU Administrative Records Enumerations (applies to 2020 Census only)
  Of Other Occupied Housing Units (2020: UE, RA, SRQA, ETL, and Cov Imp; 2010:  UE, RUE, RA, ETL, and CFU)
  Of Results from Count Imputation

**Percent Housing Units Enumerated by:**
  Self-Response
      ID Processing
      Non-ID Processing
  Nonresponse Followup
      Household Interview
      Proxy Interview
      Adminstrative Records
  Other  (2020: UE, RA, SRQA, ETL, and Cov Imp; 2010:  UE, RUE, RA, ETL, and CFU)
  By Count Imputation

**Percent Housing Units Enumerated as:**
  Occupied
      Self-Response
      Nonresponse Followup Household and Proxy Enumerations
      Administrative Records Enumerations (applies to 2020 Census only)
      Other Enumerations (2020: UE, RA, SRQA, ETL, and Cov Imp; 2010:  UE, RUE, RA, ETL, and CFU)
      By Count Imputation
  Vacant
      Self-Responses

1  Nonresponse Followup Household and Proxy Enumerations
   Administrative Records Enumerations (applies to 2020 Census only)
2  Other Enumerations (2020: UE, RA, SRQA, ETL, and Cov Imp; 2010:  UE, RUE, RA,
   ETL, and CFU)
3  By Count Imputation

2